**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.
_____

**THE WALT DISNEY COMPANY'S MOTION TO DISMISS PURSUANT TO
RULES 12(b)(2) AND 12(b)(6)**

_____

Defendant The Walt Disney Company ("TWDC") respectfully moves under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) to dismiss this Complaint with prejudice.

**INTRODUCTION AND STATEMENT OF CONFERRAL**

This Complaint – a wholly improper attempt to revive a claim already rejected three times – is flawed beyond cure. Plaintiff has sued Marvel Entertainment and others, claiming the same alleged copyright rights in various Marvel Comics characters as are asserted here, in six cases in two federal courts, all of them dismissed. As *res judicata* and statutes of limitations bar Plaintiff from suing Marvel again, Plaintiff has instead sued TWDC, which acquired Marvel in 2009. A stock acquisition does not make TWDC Marvel's "successor in interest"; TWDC is a holding company and as such does not conduct business in Colorado or anywhere else. There is no conceivable basis on which Plaintiff can state a viable copyright claim against TWDC in this Court, or for that matter, any other.

In accordance with Section III (D)(1) of WJM's Revised Practice Standards, TWDC sent Plaintiff's counsel a letter dated November 19, 2012, explaining that this Court has no personal jurisdiction over TWDC, the Complaint contains no factual basis for asserting a copyright infringement claim against TWDC, and Plaintiff's claim is time-barred and collaterally estopped. The letter asked Plaintiff to withdraw its Complaint and to confer about expeditious dismissal in the hope of avoiding filing this motion. In a telephone call on November 26, Plaintiff's counsel responded that, notwithstanding the myriad deficiencies set forth in the letter, Plaintiff believed it had a valid claim against TWDC. Without providing or even referencing any additional facts that might address these incurable flaws, Plaintiff's counsel declined to withdraw its Complaint.

## FACTUAL ALLEGATIONS

On a motion to dismiss, well-pled allegations are accepted as true, but conclusory statements need not be so accepted. *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009); *In re Level 3 Commc'ns, Inc. Sec. Litig.*, 667 F.3d 1331, 1333 (10th Cir. 2012). The facts below are drawn from the Complaint, documents incorporated by reference, and documents as to which judicial notice may be taken. *Pompa v. Am. Family Mut. Ins. Co.*, 520 F.3d 1139, 1149 (10th Cir. 2008) ("courts may consider matters of which they can take judicial notice even if not mentioned in the complaint"); *Cohon v. N.M. Dep't of Health*, 646 F.3d 717, 724 (10th Cir. 2011) (court may consider "documents referred to in the complaint if the documents are central to the plaintiff's claim").[1] These materials may be considered on a motion to dismiss, so the Court need not convert this motion to one for summary judgment.

---

[1] All judicially noticeable documents are submitted herewith as exhibits to the accompanying Declaration of Randi W. Singer ("Singer Decl.").

For more than 40 years until 1998, Stan Lee was a full-time employee of Marvel and its predecessors, during which time Marvel created some of "the best known comic book characters of all time," including Spider-Man, Iron Man, The Incredible Hulk, Thor, The X-Men, The Fantastic Four and The Avengers.  *See* Complaint ("Compl.") ¶ 1.  Stan Lee Entertainment, Inc. ("SL Entertainment") was formed after Lee's full-time employment with Marvel ended.  *See* Compl. ¶ 4 & Ex. A; *Lee v. Marvel Enters., Inc.*, No. 02 Civ. 8945, 2011 WL 382986, at *2 (S.D.N.Y. Feb. 4, 2011).  (Plaintiff Stan Lee Media, Inc. is the alleged corporate successor of SL Entertainment.  *See* Compl. ¶ 4.)  In October 1998, Lee entered into an agreement with SL Entertainment (the "1998 Agreement").  Compl. ¶ 4 & Ex. A.  Plaintiff contends that, based upon this agreement, it owns rights in unspecified "comic book characters (the 'Characters') that [Lee] had previously created or would create in the future," which it apparently contends included a conveyance of rights in Iron Man, Thor, The X-Men, The Avengers and Spider-Man. *Id.* ¶¶ 1, 4, 27.  Even assuming such allegations are true (and they are not), Lee nevertheless retained the right to reclaim any intellectual property so conveyed in the event of a material breach, *id.* Ex. A at ¶¶ 4(b) & (c),[2] and in fact, by letter dated January 30, 2001, terminated the 1998 Agreement on that basis.  Singer Decl. Ex. A.

Beginning some nine years after execution of the 1998 Agreement, and six years after its termination by Lee, Plaintiff and various others acting in its name commenced a series of lawsuits against Marvel and Lee, asserting purported copyright rights in Marvel characters flowing out of the 1998 Agreement.  Three actions were lodged against Marvel Entertainment

---

[2] The 1998 Agreement explicitly referenced a separate agreement between Lee and Marvel that Plaintiff alleges also included a conveyance of certain intellectual property rights and acknowledged Lee's commitment to continue to work for Marvel.  Compl. Ex. A at ¶ 2; *see also* Compl. ¶ 8 & Ex. C at ¶ 5(a).  SL Entertainment was thus aware of that agreement and its terms when it signed the 1998 Agreement.

3

Inc. (the Marvel parent company at that time) in the Southern District of New York, while the others were filed against Lee, his production company and business associates and were consolidated into a single action in the Central District of California. *See* Compl. ¶¶ 17-19, 22.

Repeatedly and uniformly, the reviewing courts rejected those claims. *See id.* ¶¶ 12, 17-20, 22. The first substantive disposition came in a shareholders' derivative action filed in 2009 in federal district court for the Southern District of New York. *See Abadin v. Marvel Entm't, Inc.*, No. 09 Civ. 0715(PAC), 2010 WL 1257519, at *7 (S.D.N.Y. Mar. 31, 2010) ("*Abadin I*").[3] In March 2010, the court dismissed the complaint with prejudice, finding the copyright claim barred by the statute of limitations and the doctrines of laches and estoppel because: (i) California law limits personal service contracts to seven years and Lee's obligations pursuant to the 1998 Agreement (including any alleged assignments therein) were, accordingly, statutorily terminated in 2005; and (ii) a challenge to Lee's January 2001 termination notice was governed by a four-year statute of limitations, which had run as of 2005. *Id.* at *6.

Plaintiff asserted the same claim of copyright ownership, grounded in precisely the same allegations, in several more actions in New York and California. These claims were rejected on *res judicata* grounds following the *Abadin I* decision. *See Lee*, 2011 WL 382986, at *13, *aff'd*, 471 F. App'x 14, 17 (2d Cir. 2012); *Stan Lee Media Inc. v. Lee*, No. 2:07-cv-00225-SVW-SSx, 2012 WL 4048871, at *7 (C.D. Cal. Aug. 23, 2012) (finding, in a decision on several consolidated cases, "a compelling public interest in bringing this matter to a close").

The instant suit is just Plaintiff's latest attempt to assert the same rights allegedly stemming from the 1998 Agreement. Apparently accepting that its claims against Marvel are

---

[3] Abadin filed a duplicative derivative suit in California, Singer Decl. Ex. B, where all related proceedings were subsequently stayed pending resolution of *Abadin I*. *Id.* Ex. C.

barred, though, Plaintiff has instead sued TWDC. But the sole predicate for suing TWDC is that, since December 2009, it has been Marvel's ultimate corporate parent and allegedly has "exploited" certain of the Characters since that time. In reality, TWDC is but a corporate holding company that simply does not conduct any other business activities. *See* Declaration of Marsha Reed In Support Of The Walt Disney Company's Motion To Dismiss ("Reed Decl.") ¶ 2. It owns stock directly or indirectly in numerous corporations operating in various fields including entertainment, recreation and consumer products. *Id.* One of these is Marvel Entertainment. *Id.* ¶ 6. TWDC does not itself produce, market or distribute motion pictures or other productions featuring any Marvel character.[4] *Id.* ¶¶ 8-12.

Moreover, TWDC has no connections with the State of Colorado that make it amenable to suit here. *Id.* ¶¶ 3-4. TWDC is incorporated in Delaware and its principal place of business is in California; it is qualified to do business in California and New York, but is not qualified to and does not conduct business in Colorado and has no presence here. *Id.* ¶¶ 2-4. TWDC has neither incurred nor paid taxes in Colorado; has no office, place of business or employees in Colorado; owns no real estate, bank accounts or other assets in Colorado; and has not appointed an agent for the service of process in Colorado.[5] *Id.* ¶ 4.

In sum, against the backdrop of Plaintiff's six prior unsuccessful litigations on this topic, express judicial displeasure with Plaintiff clogging the courts with a repeated invocation of rights it does not possess, and the fact that TWDC conducts no business activities other than those of a holding company, this lawsuit is completely frivolous and should be dismissed.

---

[4] The films and Broadway production referenced in the Complaint were produced by a variety of other entities, from many-times-removed indirect Marvel subsidiaries to licensed third-parties. Compl. ¶ 27; Reed Decl. ¶¶ 8-12.

[5] Plaintiff served the Complaint on TWDC through its designated agent in Delaware. *Id.* ¶ 5.

## ARGUMENT

I. **THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(2) BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER TWDC**

This case should be dismissed pursuant to Rule 12(b)(2) as TWDC is not subject to personal jurisdiction in Colorado. Plaintiff bears the burden of establishing personal jurisdiction, *Intercon, Inc. v. Bell Atl. Internet Sol., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000); it cannot sustain that burden. This Circuit's personal jurisdiction analysis considers whether: (1) any applicable statute authorizes service of process and (2) the exercise of such statutory jurisdiction comports with constitutional due process. *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). Here, the analysis collapses into a single inquiry because the Copyright Act does not provide for nationwide service and Colorado's long-arm statute is coextensive with the Due Process Clause. *See* Fed. R. Civ. P. 4(k)(1)(A); *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004). Before the Court can exercise jurisdiction consistent with due process, Plaintiff must show TWDC has "minimum contacts" with Colorado such that defending a lawsuit here would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). It cannot.

TWDC has not "purposefully avail[ed] itself of the privilege of conducting activities" in Colorado and thus does not have the requisite "minimum contacts" that give rise to personal jurisdiction. *Benton*, 375 F.3d at 1076. Minimum contacts may be analyzed in terms of specific jurisdiction (where the claim arises from the defendant's contacts in the forum) or general jurisdiction (where a defendant has such "continuous and systematic" contacts with the forum that it is subject to jurisdiction there on any claim). *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

6

Here, neither form of jurisdiction is proper as TWDC does not have *any* contacts with Colorado. TWDC has no "continuous and systematic" contacts that might subject it to general jurisdiction in Colorado because it has never conducted business or paid taxes, had an office or employees, owned real estate, bank accounts or other assets, or appointed an agent for the service of process in Colorado. *See* Reed Decl. ¶ 4. This Court likewise lacks specific jurisdiction because there are no allegations of any conduct by TWDC in Colorado that purportedly gave rise to Plaintiff's copyright infringement claim – nor could there be, as TWDC is a holding company and conducts no business apart from holding stock in various subsidiaries.[6] *See, e.g.*, *SGI Air Holdings II LLC v. Novartis Int'l, AG*, 192 F. Supp. 2d 1195, 1199 (D. Colo. 2002) (dismissing action for lack of personal jurisdiction over holding company whose business "is not to direct the day to day activities of its subsidiaries, but instead to hold the stock of companies"); *CIVIX-DDI, LLC v. Microsoft Corp.*, No. 99-B-172, 1999 U.S. Dist. LEXIS 15230 (D. Colo. Oct. 1, 1999) (dismissing action against holding company that had no contacts with Colorado). Plaintiff has failed to demonstrate any basis for this Court to exercise personal jurisdiction over TWDC.[7]

---

[6] Numerous courts have granted motions to dismiss filed by TWDC, finding that the parent holding corporation itself had no contacts in the forum state sufficient to support personal jurisdiction. *See, e.g.*, *Rosato v. Walt Disney Co.*, No. 11-7320 (ES)(CLW), 2012 U.S. Dist. LEXIS 137126 (D.N.J. Aug. 27, 2012); *Lahera v. Walt Disney Co.*, No. 08-11677, 2008 U.S. Dist. LEXIS 64726 (E.D. Mich. Aug. 22, 2008), *aff'd*, Order (6th Cir. July 28, 2009) (attached as Singer Decl. Ex. D); *Triune Star, Inc. v. Walt Disney Co.*, Case No. 07-1256, 2008 U.S. Dist. LEXIS 62305 (C.D. Ill. Aug. 14, 2008); *Rapp v. Walt Disney Co.*, 1998 U.S. Dist. LEXIS 13793 (E.D. Pa. Sept. 3, 1998); *Walt Disney Co. v. Nelson*, 677 So.2d 400 ( Fla. Dist. Ct. App. 1996); *cf. Clark v. Walt Disney Co.*, 748 F. Supp. 2d 792, 795-96 (S.D. Ohio 2010) (noting that plaintiff voluntarily dismissed all claims against TWDC where it learned TWDC was "simply a holding company with no operations in Ohio, that it hosted no websites, and that it had never sold any products whatsoever").

[7] The "mere fortuity" that Plaintiff is incorporated in Colorado, Compl. ¶ 2, is "patently insufficient to permit the assumption of personal jurisdiction" over TWDC in this forum. *Allison v. Wise*, 621 F. Supp. 2d 1114, 1121 (D. Colo. 2007) (dismissing copyright complaint for lack of personal jurisdiction where only contact with forum was plaintiff's alleged injury); *see Shell v. Am. Family Rights Ass'n*, No. 09-cv-00309-MSK-KMT, 2012 WL 4476641, at *9 (D. Colo. Sept. 28, 2012) ("[N]one of the activities

In the absence of any contacts, the Court need not reach the second prong of the due process analysis, but in any event, it is clear that exercising personal jurisdiction over TWDC would be demonstrably unreasonable. *See Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113 (1987) (setting forth "fairness" factors to be considered on due process inquiry); *Trujillo*, 465 F.3d at 1221. "[T]he weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Trujillo*, 465 F.3d at 1221. The law does not require TWDC to undertake the burden of defending a suit in a forum where it has no contacts; the Court need not give weight to Plaintiff's countervailing interest in convenient relief in Colorado, as it has by its own prior conduct acknowledged its preparedness to litigate the issues presented here in other jurisdictions. Colorado has no interest in resolving the dispute, as none of the alleged events giving rise to the Complaint occurred here. Thus, notions of fair play and substantial justice dictate that TWDC is not subject to suit in Colorado and this lawsuit should be dismissed on that ground alone.

## II. ALTERNATIVELY, PLAINTIFF'S SOLE CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)

Even were TWDC subject to jurisdiction in this forum, Plaintiff's Complaint would warrant dismissal under Rule 12(b)(6) because it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678); *see Syrus v. Bennett*, 455 F. App'x 806, 808 (10th Cir. 2011) (affirming dismissal of copyright infringement claim where plaintiff failed to allege plausible ownership claim). Plaintiff's "obligation to

---

purportedly giving rise to the harm alleged here was directed at Colorado, and the mere fortuity that [plaintiff] resides in Colorado (and thus suffers harm here) is insufficient to create personal jurisdiction.").

provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, the allegations have not "nudged [the] claims across the line from conceivable to plausible." *Id.* at 570. As these deficiencies cannot be remedied through an amended pleading, the Complaint should be dismissed with prejudice.

### A. The Complaint Fails To State A Cause Of Action Against TWDC

Plaintiff's sole cause of action warrants dismissal because it fails to plead a plausible copyright infringement claim. A properly pled copyright infringement claim must "specify each and every act of infringement" forming the basis of a claim, including the specific works alleged to have been infringed and "exactly how, when, and by whom . . . the alleged infringement occurred." *Shell*, 2012 WL 4476641, at *13; *see also Shephard's McGraw-Hill Inc. v. LegalSoft Corp.*, 769 F. Supp. 1161, 1166-67 (D. Colo. 1991) (complaint failed adequately to identify copyrights infringed or allegedly infringing works); *Am. Plastic Equip., Inc. v. ToyTrackerz, LLC*, No. 07-2253-DJW, 2008 WL 917507, at *2 (D. Kan. Mar. 31, 2008).

The Complaint here fails in all respects to do so. Plaintiff fails to specify the works for which it claims to own copyrights, referring vaguely instead to "comic book characters . . . that [Lee] had previously created or would create." *See* Compl. ¶ 4. A general averment as to hundreds of works to which Lee contributed is patently insufficient to support an infringement claim, and naming a handful of "the best known comic book characters," *id.* ¶ 1, does not cure this deficiency. *See Cole v. John Wiley & Sons, Inc.*, No. 11 Civ. 2090 (DF), 2012 U.S. Dist. LEXIS 108612, at *36-37 (S.D.N.Y. Aug. 1, 2012) ("Courts have repeatedly rejected the use of the type of conclusory and vague allegations pleaded by Plaintiff as a substitute for allegations

9

that specify the original works that are the subject of a copyright claim."). This is particularly so since at least one court has already found that Marvel owns the copyright rights in these very same "best known comic book characters" as works made for hire. *See Marvel Worldwide, Inc. v. Kirby*, 777 F. Supp. 2d 720 (S.D.N.Y. 2011). Plaintiff also fails to allege that it has registered any copyrights in any of the works, a precondition to filing a copyright infringement claim. *See Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1247 (2010).

The Complaint also alleges no facts that, if proven, are capable of constituting infringing conduct by TWDC. Vague and conclusory allegations of "independently actionable conduct," Compl. ¶ 25, such as "us[ing] the Characters in motion pictures" and "exploit[ing] [them] in other media and merchandising," *id.* ¶ 27, are patently insufficient to demonstrate violations of the exclusive rights conferred on copyright owners under Section 106 of the Copyright Act of 1976, 17 U.S.C. § 106. *See Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000) ("plaintiff [must] plead with specificity the acts by which a defendant has committed copyright infringement"). This failure on Plaintiff's part to cite to specific, actionable conduct on the part of TWDC is of course understandable, as TWDC does not actually engage in *any* business, so by definition cannot have engaged in specific acts of copyright infringement. There accordingly can be no cognizable copyright infringement claim against TWDC.

### B. The Complaint Should Be Dismissed Because Plaintiff Is Collaterally Estopped From Relitigating The Issue Of Its Purported Copyright Ownership Claims

Even were TWDC amenable to suit, and even had the Complaint stated with sufficient specificity cognizable claims of infringement against TWDC, dismissal would nevertheless be warranted on the basis of collateral estoppel. As the Complaint itself acknowledges, at least

three previous courts have rejected Plaintiff's claim of copyright ownership in certain Marvel characters based on Lee's alleged transfer of rights. Collateral estoppel precludes relitigation of an issue where, as here: (1) the issue previously decided is identical to that presented in the action in question; (2) the prior action was finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party (or in privity with a party) to the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *B-S Steel of Kan., Inc. v. Tex. Indus., Inc.*, 439 F.3d 653, 662 (10th Cir. 2006). The purpose of collateral estoppel is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication" – in other words, to prevent needless relitigation and bring finality to litigation. *See SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir. 1990); *Sierra Club v. Two Elk Generation P'ners, L.P.*, 646 F.3d 1258 (10th Cir. 2011) (affirming grant of motion to dismiss on collateral estoppel grounds).

As applied to Plaintiff's Complaint, the first and second elements of collateral estoppel are met here because: (i) the gravamen of the claim – seeking yet again a determination that the 1998 Agreement conveyed copyright ownership rights to Plaintiff – is precisely that which underlay all of Plaintiff's previously dismissed actions, and (ii) *Abadin I*'s dismissal of those earlier claims with prejudice based, *inter alia*, on the statute of limitations and a failure to state a claim was on the merits. *See Fed. Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 & n.3 (1981) ("[D]ismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"); *Nwosun v. Gen. Mills Rest., Inc.*, 124 F.3d 1255, 1257 (10th Cir.

1997) ("judgment for failure to comply with the statute of limitations is a judgment on the merits").[8]

The third element is also satisfied. Collateral estoppel requires only that "the party *against whom* [it] is invoked be a party, or in privity with a party, to the prior adjudication," and thus the doctrine "can be invoked *by* any third party." *Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agr.*, 378 F.3d 1132, 1138 (10th Cir. 2004) (emphasis in original).[9] It is thus immaterial that TWDC was not a party to any of the prior cases, Compl. ¶ 24, because, as two courts already have determined, Plaintiff – the party *against which* collateral estoppel is asserted – was in privity with the *Abadin I* plaintiffs.[10] *See Lee*, 2011 WL 382986, at *13 (parties are identical where "subsequent actions [are] brought by the corporation or other shareholders, including those who were not parties to the prior litigation, so long as the parties' interests were adequately represented in the prior action"); *Stan Lee Media*, 2012 WL 4048871, at *4 (privity found between *Abadin I* plaintiffs and Plaintiff due to parties' "overlapping economic interests").

The fourth element, which "centers on the fundamental fairness of preventing the party from relitigating an issue [it] lost in a prior proceeding," *SIL-FLO, Inc.*, 917 F.2d at 1521, is also met as there were no procedural limitations in *Abadin I* and plaintiff had the opportunity and

---

[8] The motion to dismiss was decided on a number of alternative grounds and "is an effective adjudication as to [each] and is collaterally conclusive as to [each]." *B-S Steel of Kan., Inc. v. Texas Indus., Inc.*, 327 F. Supp. 2d 1252, 1262 (D. Kan. 2004), *aff'd*, 439 F.3d 653 (10th Cir. 2006); *see also Woods v. Interstate Realty Co.*, 337 U.S. 535, 537 (1949) ("[W]here a decision rests on two or more grounds, none can be relegated to the category of obiter dictum.").

[9] "To decide otherwise would be to permit repeated litigation of the same issue as long as the supply of unrelated defendants holds out, a practice that would reflect either the aura of the gaming table or a lack of discipline and of disinterestedness on the part of the lower courts." *Id.*

[10] Privity requires "at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same." *Lowell Staats Mining Co. v. Phila. Elec. Co.*, 878 F.2d 1271, 1275 (10th Cir. 1989).

incentive to litigate the issue fully and indeed did so. *See id.*; *Nwosun*, 124 F.3d at 1257-58. The *Abadin I* plaintiffs, having brought a derivative suit, plainly "were aware that they were representing the interests of the corporation, SLMI." *Stan Lee Media*, 2012 WL 4048871, at *5. Further, Plaintiff's rights and interests were adequately represented in *Abadin I* by shareholders whose economic interests were aligned with Plaintiff. In sum, collateral estoppel bars Plaintiff from relitigating identical issues whose fundamental underpinnings have been rejected time and again; naming TWDC as defendant does not alter this conclusion, as the core issue – interpreting what rights, if any, were conveyed by the 1998 Agreement – remains unchanged.

### C.      Plaintiff's Copyright Claim Is Long Since Time-Barred

While collateral estoppel relieves the Court from having to address the timeliness of Plaintiff's claim, even were the Court inclined to decide the issue anew, it is clear that the Copyright Act's three-year statute of limitations is yet another independent ground for dismissing it. *See* 17 U.S.C. § 507(b). "[F]or purposes of the Copyright Act a claim 'accrues' when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Home Design Servs., Inc. v. B & B Custom Homes, LLC*, 509 F. Supp. 2d 968, 972 (D. Colo. 2007). Although labeled an infringement claim, the Complaint itself makes clear that Plaintiff's claim is one of copyright ownership. *E.g.*, Compl. ¶ 1 ("[Plaintiff] owns the copyrights to Stan Lee's creations."); ¶¶ 28-29 (Plaintiff "secured the exclusive rights and privileges in and to the copyrights of the Characters" and "[TWDC's] exploitation and use . . . without [Plaintiff]'s consent violates the exclusive rights belonging to Plaintiff"). Ownership is the threshold issue because if Plaintiff does not own the copyrights, no infringement claim lies.

*See La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009) (essential element of copyright infringement claim is "ownership of a valid copyright").

The three-year statute of limitations applies to copyright ownership claims as well as to infringement claims. *See Kwan v. Schlein,* 634 F.3d 224, 230 (2d Cir. 2011). Thus, Plaintiff's allegations of infringement occurring within the last three years are irrelevant to the question of whether the Complaint is time-barred: "[W]here the gravamen of a plaintiff's copyright claim is ownership, and not infringement, the infringement claims are barred if the ownership claim is time-barred, even if the infringing acts occurred within the last three years." *Tolliver v. McCants*, No. 05 Civ. 10840, 2009 U.S. Dist. LEXIS 25233, at *26 (S.D.N.Y. Mar. 25, 2009).

Here, Plaintiff's purported ownership claim accrued upon execution of the 1998 Agreement, which explicitly referenced Lee's employment agreement with Marvel and put Plaintiff on notice that there existed an adverse claim of ownership to the comic book characters. *See* Compl. ¶ 4 & Ex. A. Moreover, beginning long before 1998, Marvel has made continuous open and notorious use of its intellectual property, including the comic book characters that appear to be the subject of Plaintiff's current claim, which provided further notice to Plaintiff of its purported claim. *See Abadin*, 2010 WL 1257519, at *6 n.5 (plaintiffs had knowledge of their claim where Marvel's conduct "was neither secret nor clandestine; but rather open and notorious"); *see also DeCarlo v. Archie Comic Publ'ns, Inc.*, 127 F. Supp. 2d 497, 507-508 (S.D.N.Y. 2001), *aff'd*, 11 F. App'x 26 (2d Cir. 2001) (copyright ownership claim time-barred where plaintiff knew defendant claimed ownership of comic book characters and did nothing). At the latest, Plaintiff was on notice of an adverse claim of ownership when Lee terminated the 1998 Agreement in 2001 and expressly reclaimed any rights conferred in that agreement. *See*

Singer Decl. Ex. A.[11] Thus, Plaintiff's ownership claim expired no later than 2004 and should be dismissed as time-barred if the Court reaches this issue.

## **CONCLUSION**

For all these reasons, the Complaint should be dismissed in its entirety with prejudice.

DATED this 30th day of November, 2012.

>Respectfully submitted,
>
>/s/ *James W. Quinn*
>
>James W. Quinn
>R. Bruce Rich
>Randi W. Singer
>WEIL, GOTSHAL & MANGES LLP
>767 Fifth Avenue
>New York, NY 10153
>Tel: (212) 310-8000
>james.quinn@weil.com
>bruce.rich@weil.com
>randi.singer@weil.com
>
>Frederick J. Baumann
>Holly C. Ludwig
>ROTHGERBER JOHNSON & LYONS LLP
>One Tabor Center, Suite 3000
>1200 17th Street
>Denver, CO 80202-5855
>Tel: (303) 623-9000
>Fax: (303) 623-9222
>fbaumann@rothgerber.com
>hludwig@rothgerber.com
>
>*Counsel for The Walt Disney Company*

---

[11] The *Abadin I* court also determined that under California law, which provides that "a contract to render personal service . . . may not be enforced against the employee beyond seven years from the commencement of service under it," Cal. Labor Code § 2855(a), Lee's obligations under the 1998 Agreement were statutorily terminated no later than October 2005. "There can be no attempt to enforce this contract beyond the statutory term." *Abadin I*, 2010 WL 1257519, at *6.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of November, 2012, I filed electronically the foregoing **THE WALT DISNEY COMPANY'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(2) AND 12(b)(6)** with the Clerk of Court, using the CM/ECF system, which caused automatic electronic notification of such filing upon the following:

John V. McDermott
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 223-1100
E-mail: jmcdermott@bhfs.com

Robert S. Chapman
Jon-Jamison Hill
EISNER, KAHAN & GORRY
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California 90212
Telephone: (310) 855-3200
Email: rchapman@eisnerlaw.com
        jhill@eisnerlaw.com

                          *s/   Holly C. Ludwig*