# EXHIBIT B



LAW OFFICES OF JACK G. CAIRL, APC
JACK G. CAIRL (State Bar No. 105335)
550 South Hope Street, Suite 1000
Los Angeles, CA 90071
Telephone: (213) 347-0290
Fax: (213) 489-4515

Attorneys for Plaintiff
JOSE ABADIN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV09-2340 SVW (PJW)

| | |
|---|---|
| JOSE ABADIN, derivatively on behalf of STAN LEE MEDIA, INC., a Colorado Corporation,<br><br>Plaintiff,<br><br>v.<br><br>STAN LEE, an individual,<br><br>Defendant. | CASE NO.<br><br>**SHAREHOLDER'S DERIVATIVE COMPLAINT FOR: DECLARATORY RELIEF; INJUNCTIVE RELIEF; MISAPPROPRIATION OF CORPORATE OPPORTUNITY; AND BREACH OF FIDUCIARY DUTY**<br><br>**DEMAND FOR JURY TRIAL** |

1      Plaintiff Jose Abadin, in his derivative capacity as a shareholder of Stan Lee

2  Media, Inc., a Colorado corporation (collectively "SLMI"), avers as follows:

3  **JURISDICTION AND VENUE**

4      1.    SLMI brings this complaint as a derivative action within the meaning

5  of Rule 23.1 of the Federal Rules of Civil Procedure (the "Federal Rules") on

6  behalf of itself and all other shareholders of SLMI that are similarly situated.

7      2.    SLMI seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201

8  and 2202.

9      3.    At all times material hereto, the defendant Stan Lee knew that his

10  wrongful actions would cause the damages claimed herein within the Central

11  District of California and abroad, such that it would not offend principles of

12  fairness for this court to exercise jurisdiction over the named defendant.

13      4.    This Court has jurisdiction over the copyright infringement claims

14  pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*., the Lanham Act

15  claims by virtue of 15 U.S.C. §1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a),

16  and all other claims by virtue of 28 U.S.C. § 1338(b) and pendent jurisdiction.

17      5.    Venue in this District is proper under 28 U.S.C. §§ 1391(a) and (c)

18  because a substantial part of the activities and events occurred within this district

19  and the defendant is conducting business, having principal office locations and/or

20  is a resident within this district.

21  **PARTIES**

22      6.    Plaintiff Jose Abadin ("Plaintiff") is a resident of the State of

23  California, County of Los Angeles. Plaintiff was a SLMI shareholder at the time

24  of the defendant's wrongful acts and transactions averred below, and currently is a

25  SLMI shareholder.

26      7.    The instant action is not collusive to confer jurisdiction that this Court

27  would otherwise lack.

28

1

**SHAREHOLDERS DERIVATIVE COMPLAINT**

Case No. 1:12-cv-02663-WJM-KMT    Document 21-3    filed 11/30/12    USDC Colorado
Case 2:09-cv-02340-SVW -PJW   Document 1   filed 04/03/09   Page 3 of 29   Page ID #:3
Page 4 of 30

8.      Stan Lee Media, Inc. is a corporation organized and existing under the laws of the State of Colorado, which is the successor in interest to Stan Lee Media, Inc., a Delaware corporation, which was the successor in interest to Stan Lee Entertainment, Inc., a Delaware corporation.

9.      Defendant Stan Lee is a resident of the State of California.

## NATURE OF ACTION

10.     In this action, SLMI seeks, *inter alia*,  (a) declaratory relief brought by against Stan Lee regarding certain assets, properties, claims, trademark claims and rights, and other intellectual property rights and interests that rightfully belong to SLMI which Stan Lee claims belong to him; and (b) to obtain injunctive relief against any attempt by Stan Lee to continue to use what was wrongfully taken from SLMI.

## FACTS COMMON TO ALL CAUSES OF ACTION

11.     Stan Lee Entertainment, Inc., a Delaware corporation, was established on or about October 13, 1998.

12.     Stan Lee Entertainment, Inc., a Delaware corporation, is the ultimate predecessor in interest to SLMI.

13.     On or about October 15, 1998, Stan Lee executed an agreement with SLMI concerning both his employment and his assignment of all his rights, properties and assets (the "October 15, 1998 Assignment").  A true and correct copy of this document is attached hereto as Exhibit "A."

14.     Pursuant to the October 15, 1998 Assignment, defendant Stan Lee conveyed to SLMI the following:

> I [Stan Lee] assign, convey and grant to [Stan Lee Entertainment, Inc.] forever, all right, title and interest I may have or control, now or in the future, in the following: Any and all ideas, names, titles, characters, symbols, logos, designs, likenesses, visual

SHAREHOLDERS DERIVATIVE COMPLAINT

representations, artwork, stories, plots, scripts, episodes,
literary property, and the conceptual universe related
thereto, including my name and likeness (the 'Property')
which will or have been in whole or part disclosed in
writing to, published, merchandised, advertised, and/or
licensed by [Stan Lee Entertainment, Inc.], its affiliates
and successors in interest and licensees (which by
agreement inures to [Stan Lee Entertainment, Inc.'s]
benefit) or any of them and any copyrights, trademarks,
statutory rights, common law, goodwill, moral rights and
any other rights whatsoever in the Property in any and all
media and/or fields, including all rights to renewal or
extensions of copyright and make applications or institute
suits therefore (the "Rights")

15.    The October 15, 1998 Assignment provided, among other things, that Stan Lee would serve as Chairman and Creative Director of SLMI, and required that Stan Lee's services be exclusive to SLMI with only one stated exception: those part-time services provided under a non-exclusive agreement with Marvel Enterprises, Inc., which services could require no more than an average of ten to fifteen hours per week.

16.    The October 15, 1998 Assignment provided that SLMI was entitled to the benefits and proceeds of all other services performed and intellectual property created by defendant Stan Lee both directly for SLMI and for any other entity.

17.    The October 15, 1998 Assignment further required that Stan Lee obtain the written consent of the SLMI prior to performing any services of any kind for any other entity.  Despite this requirement, at no point in time has SLMI ever provided Stan Lee with any written consent for him to perform any services of any kind for any other entity.

Case No. 1:12-cv-02663-WJM-KMT    Document 21-3    filed 11/30/12    USDC Colorado
Case 2:09-cv-02340-SVW -PJW   Document 1    Filed 04/03/09   Page 5 of 29   Page ID #:5
pg 6 of 30

18.    On information and belief, in return for Stan Lee's assignment of all of his rights of any kind to his creative universe as of October 15, 1998 and into the future, SLMI and its successors in interest conveyed to Stan Lee shares in the companies, agreed to pay and did, in fact, pay to Stan Lee approximately $250,000.00 per year in salary, bonuses, stock options, expenses, fringe benefits, insurance and other consideration, including over 3.5 million shares in SLMI's stock, which had a market value of over $100 million in February of 2000, in addition to more than $750,000 in additional compensation paid on behalf of the company by other shareholders.

19.    Upon information and belief, Stan Lee continues to own and retain all of the shares that were issued to him and has never tendered them back to SLMI.

20.    At the time the October 15, 1998 Assignment was executed, Stan Lee had full authority and right to convey all of his rights and claims to Stan Lee Entertainment, Inc.

21.    SLMI is currently the rightful owner and holder of all properties, rights, claims and assets set forth in the October 15, 1998 Assignment.

22.    The October 15, 1998 Assignment was ratified by Stan Lee over a year later, on or about October 19, 1999, in an Amendment to the Assignment Agreement.  The Amendment contained express representations by Stan Lee that the Amendment was being signed after consultation with his financial consultants and legal counsel.  A copy of the Amendment is attached hereto as Exhibit "B."

23.    At all times material hereto, SLMI and its predecessors in interest fully complied with the terms of the October 15, 1998 Assignment and did all things required of it under the agreement in order to retain exclusive ownership and right to all of the assigned assets, properties and copyrights.

24.    On January 30, 2001, mere days before SLMI went into bankruptcy on February 12, 2001, Stan Lee sent SLMI a letter purporting to terminate the October 15, 1998 Assignment.  Stan Lee did not return to SLMI any of the

Case No. 1:12-cv-02663-WJM-KMT    Document 21-3    filed 11/30/12    USDC Colorado
Case 2:09-cv-02340-SVW -PJW    Document 1    Filed 04/03/09    Page 6 of 29    Page ID #:6
Page 7 of 30

1    consideration he received under the October 15, 1998 Assignment.  A copy of the

2    letter is attached hereto as Exhibit "C".

3        25.    That termination letter was void and unlawful, for a variety of

4    reasons, including that it was a preferential transfer made during a Chapter 11

5    proceeding.  Furthermore, the termination letter did not effect any return of the

6    properties and property rights that Stan Lee transferred to SLMI under the October

7    15, 1998 Assignment.

8        26.    On or about February 16, 2001, SLMI filed for bankruptcy protection

9    pursuant to Chapter 11 in the Central District of California, Case No. SV-01-

10   11329-KL, and which was jointly administered with Case No. SV-01-11331-KL

11   (the "Bankruptcy Case").

12       27.    On April 11, 2002, in what the Bankruptcy Court, the Trustee, the

13   Creditors and Stan Lee Media, Inc.'s shareholders all reasonably believed was a

14   legitimate settlement of the creditors' claims in the Bankruptcy Case, the

15   Bankruptcy Court entered an Order pursuant to a motion brought by Stan Lee in

16   his capacity as Debtor in Possession.  The Order confirmed a certain Asset

17   Purchase Agreement (the "APA") under which SLMI would transfer certain

18   properties that SLMI acquired under the October 15, 1998 Assignment would to an

19   independent company for the benefit of SLMI's creditors and shareholders.

20       28.    Unbeknownst to all but defendant Stan Lee and his agents, the APA

21   was a sham fraud because "independent" company that was to receive the

22   Properties under the APA did not exist.  Rather, Stan Lee never formed the

23   independent company, and instead secretly created another company that he owned

24   and controlled to receive the properties, and then caused the properties to be

25   transferred to that company (the "Surreptitious Transfer").  Thus, through direct

26   and intentional misrepresentation to the Bankruptcy Court and the other parties to

27   the Bankruptcy Case, Stan Lee misappropriated the properties for his own benefit.

28   Because of the efforts of Stan Lee and his agents to conceal Stan Lee's wrongful

SHAREHOLDERS DERIVATIVE COMPLAINT

1    conduct, the above-described wrongful actions could not reasonably be discovered
2    until the late Fall of 2006.

3        29.    On December 6, 2006, SLMI's bankruptcy action was dismissed, but
4    SLMI remained an existing entity.

5        30.    On January 20, 2009, in a case pending in the United States District
6    Court, Central District of California (Case No. CV 07-00225), the Hon. Stephen V.
7    Wilson ruled that Stan Lee and his entities did not acquire the rights to the
8    properties by way of the Surreptitious Transfer. Thus, the properties rightfully
9    remain with SLMI. Nevertheless, Stan Lee and his agents continue to contend
10   that the properties no longer belong to SLMI based upon the invalid termination
11   letter of January 30, 2001.

12       31.    Contrary to SLMI's ownership rights to the assets, properties and
13   copyrights, Stan Lee has used, marketed, licensed, merchandised, promoted,
14   advertised and otherwise exploited the assets, copyrights and properties for his
15   own financial benefit, and without the participation, authority and consent of
16   SLMI.

17       32.    Contrary to SLMI's ownership rights to the assets, properties and
18   copyrights, Stan Lee has not paid to SLMI the income, proceeds and profits from
19   Stan Lee's unauthorized use, marketing, licensing, merchandising, promotion,
20   advertising and exploitation of the assets, properties and copyrights.

21       33.    As Stan Lee has received income, proceeds and profits from the use,
22   marketing, licensing, merchandising, promotion, advertising and exploitation of
23   the assets, properties and copyrights, as well as from third parties for services
24   rendered, Stan Lee has a duty to account to and pay to SLMI.

25       34.    Stan Lee has wrongfully utilized and wrongfully received income
26   from the use of Stan Lee's name, likeness, persona, and signature slogans, which
27   he cannot utilize for any purpose because he had assigned them to SLMI.

28

**SHAREHOLDERS DERIVATIVE COMPLAINT**

35.    Plaintiff has not sought to obtain the desired action from the SLMI directors and has made no demand on SLMI to commence the instant action because such a demand would have been futile.  SLMI currently has no board of directors or officers, and Stan Lee has acted to delay and block the election of such board to prevent his wrongdoing and self-dealing from being scrutinized and remedied.  Specifically, Stan Lee has initiated litigation in the State of Colorado (*In re Application of P.F.P. Family Holdings, L.P. and Concerning Stan Lee Media, Inc.*, Docket No. 2008 CV 8584), and through that litigation has attempted (a) to block a quorum of a meeting of SLMI's shareholders; (b) to block the formation of a board of directors of SLMI; and (c) to stop SLMI from recovering its assets, copyrights and properties.  As of the present, no SLMI board has been elected, although efforts to counteract Stan Lee's stalling and delaying actions are continuing.

36.    Accordingly, the only present available method for SLMI to enforce its rights and prevent further looting of its assets is by a shareholder's derivative action.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF

37.    SLMI repeats and re-avers each and every allegation contained in paragraphs 1 through 36 above as if fully set forth herein.

38.    SLMI seeks a declaratory judgment that SLMI is the owner of the assets, properties and copyrights transferred in the October 15, 1998 Assignment, and other injunctive relief as set forth herein.

39.    SLMI seeks a declaratory judgment that (a) SLMI is the rightful and legal owner of all the assets, properties and copyrights conveyed in the October 15, 1998 Assignment; (b) Stan Lee is not the rightful and legal owner of all those assets, properties and copyrights; and (c) Stan Lee is barred from so contending.

**SHAREHOLDERS DERIVATIVE COMPLAINT**

40.    Stan Lee has asserted an actual, present, adverse and antagonistic interest to SLMI's claims.

41.    As a direct and proximate result of the actions of Stan Lee as described herein, SLMI has also suffered damages.

42.    With regard to those equitable aspects of this claim for relief, SLMI has no adequate remedy at law.

43.    Based upon the foregoing, there is a bona fide, actual, present and practical need for a declaratory judgment from this Court, and the declaratory judgment(s) that SLMI seeks arise from a present, ascertained, or ascertainable state of facts and/or a present controversy as to such facts.

44.    Based on the foregoing, SLMI seeks to end uncertainty and insecurity with respect to its rights, status and other equitable and legal relations regarding the October 15, 1998 Assignment, by the issuance of declaratory relief.

45.    Based upon the foregoing, SLMI seeks declaratory and injunctive relief against Stan Lee to prohibit him from using the assets of SLMI or claiming to have an ownership interest in such assets.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF

46.    SLMI repeats and re-avers each and every allegation contained in paragraphs 1 through 36 above as if fully set forth herein.

47.    SLMI seeks a declaratory judgment that SLMI has the right to use the name, likeness, symbols, logos, designs, and visual representations of Stan Lee.

48.    SLMI seeks a declaratory judgment from this Court that Stan Lee is not the rightful and legal owner of Stan Lee's Name and Likeness, and that defendant Stan Lee is barred from so contending.

49.    SLMI is the rightful and legal owner of Stan Lee's Name and Likeness.

SHAREHOLDERS DERIVATIVE COMPLAINT

50.    Stan Lee has asserted an actual, present, adverse and antagonistic interest to SLMI's ownership of Stan Lee's Name and Likeness.

51.    As a direct and proximate result of the actions of defendant Stan Lee, as described herein, SLMI has also suffered damages.

52.    With regard to those equitable aspects of this cause, SLMI has no adequate remedy at law.

53.    Based upon the foregoing, there is a bona fide, actual, present and practical need for a declaratory judgment from this Court.

54.    Based upon the foregoing, the declaratory judgment sought deals with a present, ascertained, or ascertainable state of facts and/or a present controversy as to the state of facts.

55.    Based upon the foregoing, SLMI is insecure and uncertain with respect to its rights, status and other equitable and legal relations regarding the October 15, 1998 Assignment, and requires a declaratory judgment from this Court establishing certainty and security.

56.    Based upon the foregoing, SLMI seeks declaratory and injunctive relief against Stan Lee to prohibit him from using these assets of SLMI or claiming to have an ownership interest in such assets.

## THIRD CAUSE OF ACTION FOR MISAPPROPRIATION OF CORPORATE OPPORTUNITY

57.    SLMI repeats and re-avers each and every allegation contained in paragraphs 1 through 36 above as if fully set forth herein.

58.    At all times material to this claim for relief, defendant Stan Lee was a director and officer of SLMI.    As a result, Stan Lee owed a fiduciary duty to SLMI, which is the highest standard of duty implied by law, and includes a duty to act in the best interests of SLMI and to subordinate his personal interests to those of SLMI.

59.     While Stan Lee was acting as a director and officer of SLMI, he intentionally failed to perform his duties as director and officer, so that the assets, properties and copyrights of SLMI were mismanaged, wasted, and diverted, and SLMI's copyright interests were infringed.

60.     SLMI has thereby suffered great loss, the value of SLMI's stock and dividends has suffered great loss, and SLMI's other shareholders have been similarly damaged.

61.     Defendant Stan Lee further intentionally permitted SLMI's property, property rights, and contractual rights to be diverted for Stan Lee's personal benefit.  Stan Lee has been unjustly enriched as the result of his intentional failure to perform his duties as director and officer of SLMI.

62.     In committing the above acts and omission, Stan Lee performed willful and wanton conduct, acted with malice by carrying on despicable conduct with a willful and conscious disregard of his duties and the rights of SLMI, and acted with fraud, intentional misrepresentation, deceit or concealment.

63.     As a result, SLMI is entitled to compensatory and punitive damages.

**FOURTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY**

64.     SLMI repeats and re-avers each and every allegation contained in paragraphs 1 through 36 above as if fully set forth herein.

65.     SLMI brings this action against the defendant Stan Lee, who has violated his obligation of duty.

66.     At all times material to this cause of action, defendant Stan Lee was a director and officer of SLMI.

67.     At all times material to this cause of action, defendant Stan Lee owed a duty to SLMI to act in the best interest of SLMI, while subordinating his own personal interests to those of SLMI.

68.     While defendant Stan Lee was purportedly acting in his fiduciary capacity as a director and officer of SLMI, he failed to perform his fiduciary duties

**SHAREHOLDERS DERIVATIVE COMPLAINT**

as director and officer so that the assets, properties and copyrights of SLMI were mismanaged, wasted, and diverted.

69.    In committing the above acts and omission, Stan Lee performed willful and wanton conduct, acted with malice by carrying on despicable conduct with a willful and conscious disregard of his duties and the rights of SLMI, and acted with fraud, intentional misrepresentation, deceit or concealment.

70.    As a result, SLMI is entitled to compensatory and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, SLMI prays for relief as follows:

1. On the First Claim for Relief– For declaratory and injunctive relief against Stan Lee, and attorneys fees and costs;

2. On the Second Claim for Relief – For declaratory and injunctive relief against Stan Lee, and attorneys fees and costs;

3. On the Third Claim for Relief – For compensatory and punitive damages and attorneys' fees and costs in an amount to be determined by the Court;

4. On the Fourth Claim for Relief – For damages in an amount to be determined at trial and attorneys fees and costs; and

5. On all Claims for Relief – For such other legal and equitable remedies that this Court may deem just and proper.

DATED: April 2, 2009

LAW OFFICES OF JACK G. CAIRL, APC


_____
Jack G. Cairl
Counsel for Plaintiff JOSE ABADIN

SHAREHOLDERS DERIVATIVE COMPLAINT

1

2          ## DEMAND FOR JURY TRIAL

3          Plaintiff hereby demands a jury trial on any and all issues so triable.

4

5      DATED:  April 2, 2009

6                              LAW OFFICES OF JACK G. CAIRL, APC

7

8

9          _____
                              Jack G. Cairl
10                 Counsel for Plaintiff JOSE ABADIN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

I, Jose Abadin, am a shareholder of Stan Lee Media, Inc., and I have brought the above-entitled action this action in my derivative capacity as such a shareholder. I have read the foregoing Shareholder's Derivative Complaint and know the averments in the Complaint. The averments are either true based on my knowledge, or allege facts of which I am informed and believe to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at Los Angeles, California on March 31, 2009.

Jose Abadin

Verification to Shareholder's Derivative Complaint

# EXHIBIT A

Stan Lee Entertainment Inc.
15821 Ventura Blvd., Suite 675
Encino, CA 91436

October 15, 1998

Mr. Stan Lee
9143 Oriole Way
Los Angeles, CA 90068

Re: Employment Agreement/Rights Assignment

Dear Stan:

Confirming our discussions, this letter, when accepted and agreed by you,
shall constitute an agreement between you and Stan Lee Entertainment Inc.
(the "Company") relating to the terms of your employment with the Company
as set forth below:

1.    Stan Lee will serve as Chairman and Chief Creative Officer of
      Company, based in Los Angeles, for a term commencing as of the date
      hereof and terminating on the death of Stan Lee.

2.    Stan Lee's services shall be exclusive with the exception of those
      services provided under a lifetime agreement with Marvel Enterprises,
      Inc., which shall require no more than an average of 10 - 15 hours per
      week on its behalf. All other services performed and intellectual
      property created for the Company, or for any other entity, which
      entity shall be approved in writing by the Company, shall inure to the
      benefit of the Company to the entire extent your participation
      provides. Your services to Company shall include, but not be limited to,
      the following:

      (a)   Serve, and be listed in all directories and publications, as
            Chairman, Publisher and Chief Creative Officer of the Company,
            including attending corporate meetings, developing and

EXHIBIT _A_ PAGE 14

Page 2. Employment Agreement/ Stan Lee

> supervising development and production of intellectual property in any and all media, directing and guiding the creative staff or staffs of the Company, all subsidiaries and affiliates as reasonably requested by the company.

(b)    Act as Executive Producer or Co-Executive Producer for all media productions and receive customary fees accordingly;

(c)    Apply your good faith, best efforts to enhance the brand and good will of the company, support and stimulate strategic alliances, joint ventures, sponsors, production partners and all direct and ancillary business of the company,

(d)    Serve as spokesman for the company to all media and assemblies as reasonably requested by the company.

(e)    Take all actions and contribute all creative talents within your reasonable capability, pursuant to your good faith determination of your schedule, as may reasonably be required to advance the interests of the company.

3.    As compensation to you for all rights and services contributed by you, to the Company hereunder, notwithstanding any disability, the Company agrees to provide the following compensation for your life:

a) Base Salary – You shall receive a base salary of $250,000 (Two Hundred Fifty Thousand Dollars) per annum payable in equal monthly installments commencing February 1, 1999, payable to you or any company you so designate in lieu of making payments to you individually.

Page 3. Employment Agreement/ Stan Lee

b)   Bonuses – You shall receive bonuses on those projects you
personally initiate and/or accomplish with approved entities
from your participation as assigned to the company. You shall
also receive ten per cent of all net profits after taxes reported
by the Company on its Federal Tax Return. The Company will
compute, account and pay to you your participation due, if any,
on account of said profits, for the annual period ending each
January 31 during your life, on an annual basis within a
reasonable time after the end of each such period.

c)   Stock Options – The Company agrees to issue to you, in
accordance with the Company's Stock Option Plan, as and when
it may be adopted, the highest number of options offered to
Company executives.

d)   Expenses/Fringe Benefits – You are to receive prompt
reimbursement for all ordinary and necessary business
expenses incurred by you in connection with your activities on
behalf of the Company upon presentation of appropriate
documentation, and you shall be permitted your customary style
of business travel, which shall be first class with sedan
limousine and stay in deluxe hotels.

e)   Insurance – The company shall no later than December 31, 1998,
secure a term life insurance policy in the minimum principal sum
of two million dollars, providing your designated heir as co-
beneficiary with the company on the event of your death.

EXHIBIT _A_ PAGE _16_

Page 4. Employment Agreement/ Stan Lee

4.    In express consideration for the performance of the foregoing obligations of the Company, you agree as follows:

a)    I assign, convey and grant to the Company forever, all right, title and interest I may have or control, now or in the future, in the following:    Any and all ideas, names, titles, characters, symbols, logos, designs, likenesses, visual representations, artwork, stories, plots, scripts, episodes, literary property, and the conceptual universe related thereto, including my name and likeness (the "Property") which will or have been in whole or part disclosed in writing to, published, merchandised, advertised, and/or licensed by Company, its affiliates and successors in interest and licensees (which by agreement inures to Company's benefit) or any of them and any copyrights, trademarks, statutory rights, common law, goodwill, moral rights and any other rights whatsoever in the Property in any and all media and/or fields, including all rights to renewal or extensions of copyright and make applications or institute suits therefor (the "Rights").

b)    Subject to a material breach of this agreement, I hereby agree to execute upon request from Company any documents it deems reasonably necessary to effect the purposes of this agreement,

c)    Subject to a material breach of this agreement, I will never file with the U.S. Copyright or Patent and Trademark Office or any governmental or public agency, and will never assert or assist others in asserting on my behalf or in claiming rights through me, any claim to ownership of the Rights in the Property, or in making any objection to Company's complete and unrestricted right to use and exploit said Property or Rights in any form, manner or medium Company may desire.

EXHIBIT _A_ PAGE _17_

Page 5. Employment Agreement / Stan Lee

5.    This Agreement, including the assignment set forth herein, shall be
      binding upon the parties hereto, their affiliates and subsidiaries, legal
      representatives, successors and predecessors in·interest, heirs and
      assigns.

6.    The invalidity of any provision or part hereof or obligation hereunder,
      or the contravention thereby of any law, rule or regulation of any
      State, the Federal Government or any agency, shall not relieve any
      party from its obligation under, nor deprive any party of advantages
      of any other provision of this Agreement.

7.    This Agreement will constitute the entire understanding between the
      parties in connection with Stan Lee's relationship with the Company
      from the date hereof and may not be amended or modified except by
      a writing signed by the party charged. This agreement shall be
      governed by and construed under the laws of the State of California.

Signed at Los Angeles, California this 21st day of October, 1998.


Stan Lee Entertainment Inc.


By: _____
Président


Stan Lee

Case No. 1:12-cv-02663-WJM-KMT    Document 21-3    filed 11/30/12    USDC Colorado
Case 2:09-cv-02340-SVW -PJW   Document 22  Filed 04/03/09   Page 21 of 29   Page ID #:21
pg 22 of 30

# EXHIBIT B

STAN LEE
9143 Oriole Way
Los Angeles, CA 90068
As of October 8, 1999

Board of Directors of
Stan Lee Media, Inc.
15821 Ventura Boulevard, Suite 675
Encino, CA  91436

Re:   Amendment to Employment Agreement/Rights Agreement

Ladies and Gentlemen:

Reference is made to that certain Employment Agreement/Rights Agreement dated as of October 15, 1998 (the "Agreement"), with Stan Lee Media, Inc., as successor-in-interest to Stan Lee Entertainment, Inc. (the "Company").

I have been represented by financial advisors and independent counsel of my own choice throughout all negotiations which have preceded the execution of this letter agreement, and have executed this letter agreement with the consent and upon the advice of such independent advisors, or have knowingly, voluntarily and willingly waived the right to such independent advisors. I represent and warrant to the Company that no person, or any agent or attorney of any person, has made any promise, representation or warranty whatsoever, express or implied, not contained in this letter agreement concerning the subject matter hereof to induce the execution of this letter agreement and acknowledge execution of this letter agreement was not in reliance upon any promise, representation or warranty not contained in this letter agreement. I hereby relinquish all right, title and interest to receive ten percent (10%) of all net profits after taxes reported by the Company on its Federal Tax Return as provided for in Section 3(b) of the Agreement. Except as otherwise amended hereby, the Agreement shall remain in full force and effect.

If you have any questions regarding the foregoing, please feel free to contact the undersigned.

EXCELSIOR!

/s/ Stan Lee
STAN LEE

**EXHIBIT  B  PAGE  19**

ACCEPTED AND APPROVED:
Stan Lee Media, Inc.

By: /s/ Gill Champion
-----------------------------
      Gill Champion,
      Chief Operating Officer
Dated:  October 22, 1999.

EXHIBIT __B__ PAGE _20_

# EXHIBIT C

# LIEBERMAN & NOWAK, LLP

ATTORNEYS AT LAW

350 FIFTH AVENUE
NEW YORK, NEW YORK 10118
TELEPHONE: (212) 947-0500
TELEFAX: (212) 947-0417
E-MAIL: jp@lieberman-nowak.com

January 30, 2001

Via Facsimile: 818-461-1760

Ken Williams
Chief Executive Officer
Stan Lee Media
15821 Ventura Blvd., Suite 675
Encino, CA 91436

Dear Ken:

I have been authorized by Stan Lee to inform you that he considers his agreement dated October 15th, 1998 with the company to be terminated for Material Breaches. Included are: failure of the company to pay salary and expenses pursuant to Agreement; failure of the company to maintain insurance in the principle sum of $2,000,000 to his designated heir as co-beneficiary; failure of the company to protect his position as Chief Creative Officer; failure of the company to permit him to serve as spokesman of the company; failure of the company to provide him with first class sedan limousine services; and failure of the company to protect his name from constant forgery.

In the agreement, such material breaches expressly permit Stan to claim rights and ownership in the Properties such as defined in the agreement, which I hereby do on his behalf, including the trademarks, copyrights, and unfiled Intellectual Property of the company.

Notwithstanding such material breaches, he will continue to perform services to the company to assure the equitable distribution of assets to creditors and stockholders alike and to that end waive as much of his claim to rights in this Property as is reasonable under the circumstances as the facts continue to emerge.

Very truly yours,

Arthur M. Lieberman

AML:hc

cc:    Stan Lee

THE EMPIRE STATE BUILDING
74th FLOOR

EXHIBIT ___C___ PAGE __21__

Case No. 1:12-cv-02663-WJM-KMT    Document 21-3    filed 11/30/12    USDC Colorado
pg 27 of 30
Case 2:09-cv-02340-SVW -PJW   Document 7   Filed 04/03/09   Page 26 of 29   Page ID #:26

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV09- 2340 SVW (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]** **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ]** **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ]** **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ABADIN,    derivatively    on behalf of Stan Lee Media, Inc. , a *Colorado Corporation*, <br> **PLAINTIFF(S)** <br><br> v. <br><br><br> STAN LEE, an individual, <br><br> **DEFENDANT(S).** | **CASE NUMBER** <br><br> CV09-2340 *SVW (PJWx)* <br><br><br><br> **SUMMONS** |

TO:    DEFENDANT(S):  __STAN LEE__

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  __Law Offices of Jack G. Cairl, APC__  , whose address is __550 S. Hope Street, Ste. 1000__ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.


Clerk, U.S. District Court

Dated: __4/3/09__

By: _____

Deputy Clerk

*(Seal of the Court)*


*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Case No. 1:12-cv-02663-WJM-KMT    Document 21-3    filed 11/30/12    USDC Colorado
pg 29 of 30
Case 2:09-cv-02340-SVW -PJW    Document 9    Filed 04/03/09    Page 28 of 29    Page ID #:28

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JOSE ABADIN, derivatively on behalf of STAN LEE MEDIA, INC., a Colorado Corporation. | STAN LEE, an individual |

| (b) Attorneys (Firm Name, Address and Telephone Number If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Law Offices of Jack G. Cairl, APC<br>550 S. Hope Street, Ste. 1000<br>Los Angeles, CA 90057 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT:** $ injunction, dec relief, damages

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Shareholder Derivative action for declaratory relief, injunctive relief, and damages according to proof re ownership and misappropriation of intellectual property rights

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV09-2340

**FOR OFFICE USE ONLY:** Case Number _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

Case No. 1:12-cv-02663-WJM-KMT   Document 21-3   filed 11/30/12   USDC Colorado
pg 30 of 30
Case 2:09-cv-02340-SVW -PJW   Document 1   Filed 04/03/09   Page 29 of 29   Page ID #:29

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑Yes
If yes, list case number(s): CV 07-00225 SVW; CV 07; CV 07- 4438 SVW

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☑A. Arise from the same or closely related transactions, happenings, or events; or
    ☑B. Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐C. For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☑D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

***** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date April 2, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended, plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |