## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

      Plaintiff,

v.

THE WALT DISNEY COMPANY,

      Defendant.

_____

### THE WALT DISNEY COMPANY'S MOTION TO STAY DISCOVERY
### AND FURTHER PRETRIAL PROCEEDINGS PENDING RESOLUTION
### OF PENDING MOTION TO DISMISS

_____

Defendant The Walt Disney Company ("TWDC") hereby moves to stay discovery and further pretrial proceedings pending the resolution of the case-dispositive threshold issues raised by its Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(6) (Docket No. 21) (the "Motion to Dismiss").

### <u>ARGUMENT</u>

This Court has broad discretion to stay discovery pending the resolution of TWDC's Motion to Dismiss, which sets forth several independent grounds for dismissing Plaintiff's copyright infringement complaint in its entirety.[1]  TWDC respectfully requests that the Court exercise that discretion to relieve TWDC of the burden of having to go forward with discovery while the Motion to Dismiss is pending.

---

[1] *E.g.*, *Namoko v. Milgard Mfg., Inc.*, 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 7, 2007) (citing *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990)); *Babb v. Northrop Grumman Corp.*, No. 06-cv-00581-EWN-MJW, 2007 WL 2705530, at *1 (D. Colo. Sept. 13, 2007); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Requiring a plaintiff to plead a plausible cause of action protects litigants from escalating discovery costs in response to meritless litigation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) ("[I]t is only by taking care to require allegations that reach the level suggesting [a cause of action] that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence to support a . . . claim.").

Thus, courts have considered whether a claim lacks merit in granting motions to stay discovery. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997) (finding it abuse of discretion to allow discovery to proceed without analyzing merit of "dubious" claim because allowing pretrial proceedings to go forward in such cases "does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system"); *Namoko*, 2007 WL 1063564, at *2 (noting some courts considering motion to stay discovery address whether pending motion is "clearly meritorious and truly case dispositive").

Considering the incurable flaws in the Complaint described in TWDC's Motion to Dismiss (including being barred by the statute of limitations, the doctrine of collateral estoppel, a failure to state a claim and a lack of personal jurisdiction over TWDC), together with all other factors discussed herein, a stay of discovery is clearly warranted. *See* Fed. R. Civ. P. 26(c) (order staying discovery is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

2

Indeed, good cause to issue a stay has been found where "resolution of a preliminary motion may dispose of the entire action." *Namoko*, 2007 WL 1063564, at *1 (granting stay of discovery where defendant had filed motion to dismiss claims as time-barred); *see LaFleur v. Teen Help*, 342 F.3d 1145, 1152-53 (10th Cir. 2003) (affirming grant of discovery stay pending ruling on motion to dismiss because "if the motion to dismiss were granted, the [discovery] would be unnecessary"). Moreover, a stay of discovery pending resolution of a motion to dismiss is especially appropriate where, as here, a case is "still in the early stages of litigation . . . [and] no scheduling conference has been held." *Meek v. Clements*, No. 11-cv-2840-MSK-MEH, 2012 WL 688409, at *1 (D. Colo. Mar. 2, 2012); *see* 3-16 Moore's Federal Practice – Civil § 16.12(3)(b) ("It makes little sense to try to fix schedules for future events in a case if a real prospect exists that an early motion would result in dismissal[.]").

Courts evaluate several factors when considering whether to issue a stay of discovery pending the outcome of a motion to dismiss: (1) plaintiff's interest in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the court of staying discovery; (4) the interests of non-parties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *Blixseth v. Cushman & Wakefield of Colo.*, No. 12-cv-00393-PAB-KLM, 2012 WL 3962800, at *2 (D. Colo. Sept. 11, 2012).

Here, all factors weigh in favor of granting a stay. Plaintiff can have no real interest in proceeding expeditiously with discovery in a damages case where the Complaint's material allegations are fourteen years old, nor will Plaintiff be prejudiced if discovery were stayed pending the outcome of TWDC's Motion to Dismiss, particularly as Plaintiff has already filed

the same claims against numerous previous defendants and lost.  In contrast, it would be a substantial burden to compel TWDC to incur the significant expenses and burdens required to conduct discovery on a claim that is so overly broad that Plaintiff did not even specify the characters in issue or the specific infringements it seeks to redress – all in a forum where it is not subject to personal jurisdiction relating to a claim that lacks merit.[2]  A stay will thus ensure that substantial resources are not expended prematurely or unnecessarily by the parties, and will do so without prejudicing Plaintiff in any way.  A stay also would serve the interests of this Court and the public in "[a]voiding wasteful efforts" to further "efficient and just resolution" of this and other actions.  *See Blixseth*, 2012 WL 3962800, at *3; *see also Chavous v. Dist. of Columbia Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.").

## CONCLUSION

For all these reasons, the Court should exercise its broad discretion to control the scope and timing of discovery pursuant to Rule 26(c) by staying all discovery and pretrial proceedings, including the scheduling conference currently calendared for January 10, 2013, until TWDC's Motion to Dismiss has been decided.

---

[2] Such discovery burdens include technical and legal fees in connection with the collection, review and production of documents; expert fees; and legal fees incurred in preparation for, taking and defending depositions, and preparing and responding to interrogatories.  All of this assumes that there is no discovery-related motion practice, which would compound the already-substantial burden TWDC would face if discovery were to proceed in this case.

4

## D.C.COLO.LCivR 7.1(A) CERTIFICATION

Undersigned counsel for Defendant The Walt Disney Company certify that they

conferred by email with counsel for Plaintiff Stan Lee Media, Inc. in an effort to resolve the

dispute raised by this motion, and that counsel for Plaintiff advised that they would not consent

to the relief requested herein.

DATED this 5th day of December, 2012.

<div style="margin-left: 40%;">

Respectfully submitted,

*s/ James W. Quinn*
James W. Quinn
R. Bruce Rich
Randi W. Singer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
james.quinn@weil.com
bruce.rich@weil.com
randi.singer@weil.com

Frederick J. Baumann
Holly C. Ludwig
ROTHGERBER JOHNSON & LYONS LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202-5855
Tel: (303) 623-9000
Fax: (303) 623-9222
fbaumann@rothgerber.com
hludwig@rothgerber.com

*Counsel for The Walt Disney Company*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of December, 2012, I filed electronically the foregoing **THE WALT DISNEY COMPANY'S MOTION TO STAY DISCOVERY AND FURTHER PRETRIAL PROCEEDINGS PENDING RESOLUTION OF PENDING MOTION TO DISMISS** with the Clerk of Court, using the CM/ECF system, which caused automatic electronic notification of such filing upon the following:

John V. McDermott
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 223-1100
E-mail: jmcdermott@bhfs.com

Robert S. Chapman
Jon-Jamison Hill
EISNER, KAHAN & GORRY
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California 90212
Telephone: (310) 855-3200
Email: rchapman@eisnerlaw.com
        jhill@eisnerlaw.com

_s/ Holly C. Ludwig_
Holly C. Ludwig