IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

       Plaintiff,

v.

THE WALT DISNEY COMPANY,

       Defendant.

**STAN LEE MEDIA, INC.'S OPPOSITION TO
THE WALT DISNEY COMPANY'S MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF MOTION TO DISMISS**

### INTRODUCTION

After Defendant The Walt Disney Company ("Disney") filed a Motion to Dismiss, it then filed another motion entitled Motion To Stay Discovery Pending Resolution Of Motion To Dismiss (the "Motion To Stay Discovery"). The Motion To Stay Discovery is premised solely on Disney's motion to dismiss the original Complaint. However, Plaintiff Stan Lee Media, Inc. ("SLMI") has since filed an Amended Complaint. As a matter of law, the Amended Complaint moots Disney's motion to dismiss and this removes the basis for the Motion To Stay Discovery. Disney's Motion To Stay Discovery is therefore moot, and it should be denied for that reason.

To the extent the Court nonetheless wishes to consider the merits, the Motion To Stay Discovery should still be denied. Disney's moving papers fail to establish any of the five factors the Court is required to consider and find in Disney's favor before it can issue a broad stay of all discovery and an indefinite continuance of all pretrial proceedings. Disney's Motion To Stay Discovery:

 (1) ignores the prejudice that the requested discovery stay would have on SLMI, which includes preventing SLMI from deposing elderly witnesses and barring SLMI from taking jurisdictional discovery if Disney continues to raise jurisdictional issues;

 (2) grossly overstates the alleged burden on Disney, given the size and global reach of the company;

 (3) misinterprets the effect a stay would have on the Court, including the long term impact that staying all pretrial proceedings will have on the Court's management of this case and its docket in general;

 (4) fails to address the impact the proposed stay may have on nonparty witnesses; and

 (5) ignores the strong public interest of prompt and efficient handling of all litigation.

As explained below, each of the five factors favors denying Disney's Motion To Stay, and for this reason, SLMI respectfully asks the Court to deny the motion in its entirety.

## BACKGROUND

Disney has been infringing on SLMI's copyrights over the past three years by using a number of famous SLMI-owned characters in blockbuster films (*e.g.* "Iron Man 2," "The Avengers"), in printed materials and in merchandise. [See generally Am. Compl. For Copyright Infringement ("Amended Complaint"), Dkt. No. 25]. SLMI filed this copyright infringement action against Disney on October 9, 2012. After securing a 30 day extension of time to respond to the Complaint, Disney responded by filing a Motion To Dismiss Pursuant To Rules 12(b)(2) And 12(b)(6) (the "Motion To Dismiss") on November 30, 2012. [See generally Unopposed Mot. For Extension Of Time To Respond To Compl., Dkt. No. 16, and Motion To Dismiss, Dkt.

2

No. 21]. A few days later, Disney filed its Motion To Stay Discovery. [See generally Mot. To Stay Disc., Dkt. No. 22].

Disney's Motion To Stay Discovery is predicated solely on the fact that there was a pending Motion To Dismiss. [Mot. To Stay Disc., Dkt. No. 22, at 1 and 4]. The Motion To Stay Discovery seeks a blanket prohibition against conducting any discovery until the Court rules on the Motion To Dismiss. [Mot. To Stay Disc., Dkt. No. 22, at 4]. The Motion To Stay Discovery also seeks to postpone pending pre-trial matters, such as the scheduling conference set for January 10, 2013, until after the Motion To Dismiss is decided. [Id.]

On December 26, 2012, SLMI filed an Amended Complaint For Copyright Infringement, which, as a matter of law, superseded SLMI's original Complaint and mooted Disney's Motion To Dismiss. Despite there no longer being a pending Motion To Dismiss, Disney has not withdrawn its Motion To Stay Discovery, and the Court has not yet removed the Motion To Stay Discovery from its calendar as moot, forcing SLMI to file this Opposition.

## LEGAL ARGUMENT

### I.  DISNEY'S MOTION TO STAY IS MOOT

The underlying basis for relief, *i.e.* the Motion To Dismiss, no longer exists. On December 26, 2012, SLMI filed an Amended Complaint which superseded the original Complaint and mooted Disney's Motion To Dismiss. See Harper v. Receivables Performance Mgmt., LLC, 12-cv-02443-PAB-KMT, 2012 WL 5936544, at *1 (D. Colo. Nov. 20, 2012) (denying motion to dismiss as moot upon filing of amended complaint); Rafferty v. Healing Homes for Children, 10-cv-02331-REB-CBS, 2010 WL 4873745, *1 (D. Colo. Nov. 23, 2010) ("the filing of an amended complaint moots a motion to dismiss directed at the superseded complaint.").

3

Without the Motion To Dismiss pending, Disney has no proper grounds upon which to base its Motion To Stay Discovery.  See R.E. Monks Constr. Co., LLC v. Telluride Reg'l Airport Auth., 11-cv-01658-WJM-MEH, 2012 WL 1537924, at *7 (D. Colo. May 2, 2012) (denying motion to stay because the motion to dismiss was denied); McShares, Inc. v. Midland Fumigant, Inc., 92-4289-SAC, 1993 WL 192834 (D. Kan. May 26, 1993) (same).  Disney's Motion To Stay Discovery is therefore moot, and should be denied on that basis.  However, if the Court reviews the merits of Disney's motion, it will still find ample reason to deny Disney's request to stay all discovery in this matter.

## II.     DISNEY'S MOTION TO STAY SHOULD BE DENIED ON THE MERITS

The Federal Rules of Civil Procedure do not expressly provide for a stay of discovery proceedings.  While courts may issue orders to protect a party from oppression, or undue burden or expense under Fed. R. Civ. P. 26(a), stays of all discovery are strongly disfavored.  See String Cheese Incident, LLC v. Stylus Shows, Inc., 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006); see also Bustos v. United States, 257 F.R.D. 617, 623 (D. Colo. 2009).  Disney, as the moving party, must make a strong showing of necessity of the discovery stay and/or other pretrial proceedings for the Court to entertain the request.  See Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d 1477, 1484 (10th Cir. 1983) ("Where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others.").

The following factors are relevant when determining whether to implement a stay of discovery:  (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice of a delay; (2) the burden on the defendants; (3) the convenience to the court;

4

(4) the interests of persons not parties to the civil litigation; and (5) the public interest.  See String Cheese Incident, LLC, 2006 WL 894955, at *2.  While Disney pays lip service to the enumerated factors in its Motion To Stay Discovery, Disney offers the Court no concrete facts to demonstrate that it meets even one of these factors.  As discussed below, Disney in fact does not meet any of the factors necessary to support its request for a blanket stay of discovery and continuance of all pretrial proceedings.

### A.   SLMI Will Be Prejudiced By The Broad Discovery Stay Disney Seeks.

Disney claims that a discovery stay will not prejudice SLMI, because the "Complaint's material allegations are fourteen years old" and there is no need for an expedient resolution of those claims.  [See Mot. To Stay Disc., Dkt. No. 22, at 3].  Disney totally mischaracterizes SLMI's copyright infringement claim.  SLMI expressly limits its monetary relief requests to Disney's conduct over the past three years, and seeks equitable relief to prevent further infringement.  [See Am. Compl., Dkt. No. 25, at 10-12, ¶¶36-45].  Disney continues its infringing activities, making expedient resolution of these claims of paramount importance.  Also, SLMI has a strong interest in proceeding expeditiously with discovery for other reasons.

#### 1.   There Are Age And Health Concerns For At Least One Witness.

Depending on the types of substantive defenses Disney raises to SLMI's claims, Stan Lee, the creator of the various characters at issue in this litigation will be a primary witness.  Mr. Lee is now 90 years old.  Also, SLMI is informed that Mr. Lee has health concerns.  For example, in a news release and public statement, Mr. Lee acknowledged that he had a pacemaker

5

implanted in September 2012.¹  An indefinite, blanket stay on discovery could prevent SLMI from deposing Mr. Lee while he is in a condition to give testimony.

### 2. If Disney Challenges Jurisdiction, SLMI Is Entitled To Conduct Jurisdictional Discovery.

Disney previously raised a jurisdictional challenge.  If Disney challenges SLMI's Amended Complaint on a jurisdictional basis, SLMI is entitled to conduct jurisdictional discovery.²  "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."  Sizova v. Nat'l Inst. Of Standards & Tech, 282 F.3d 1320, 1326 (10th Cir. 2002).  SLMI is entitled to jurisdictional discovery if Disney argues that SLMI's allegations in its Amended Complaint are insufficient to demonstrate this Court's jurisdiction over Disney or that these allegations are incorrect.  "A refusal to grant discovery constitutes an abuse of discretion if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary."  Health Grades, Inc. v. Decatur Memorial Hosp., 190 Fed. Appx. 586, 589 (10th Cir. 2006) (overturning as abuse of discretion the trial court's denial of jurisdictional discovery); see also Sivoza, 282 F. 3d at 1326.  Disney's broad demand that *all* discovery be barred would foreclose SLMI's right to conduct jurisdictional discovery to address a jurisdictional challenge Disney may raise.  For that reason, the Motion To Stay Discovery would severely prejudice SLMI and should be denied.

---

¹ Mr. Lee's September 28, 2012 news release and statement can be found on his internet website at:  http://www.powentertainment.com/stanleemessage.html.

² SLMI's Amended Complaint demonstrates that this Court has personal jurisdiction over Disney.

### B. Disney Has Not Demonstrated A Clear Case Of Hardship Or Burden On Disney That Would Merit A Blanket Discovery Stay.

Disney has a high hurdle to demonstrate that it will be unfairly burdened if forced to engage in discovery at this time. "When applying for a stay, a party must demonstrate 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party." Ben Ezra Weinstein & Co. v. America Online Inc., 206 F.3d 980, 987 (10th Cir. 2000) (citations omitted). To meet its burden, Disney must demonstrate that it will suffer "undue burden in proceeding with the case, other than the ordinary burdens associated with defending a case." Sanaah v. Howell, 08-cv-02117-REB-KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009) (denying a similar motion to stay discovery). Disney must do so by offering specific details about the harm it claims it will suffer. See e.g. Christou v. Beatport, LLC, 10-cv-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011) (a movant's discovery stay burden is not sustained "by offering conclusory statements" and "the party moving for a protective order must make a particular and specific demonstration of fact in support of its request"). Disney totally failed to meet this burden.

Disney complains that it would be unfair to subject it to discovery in this matter, due to the "significant expenses and burdens" associated with discovery proceedings. [See Mot. To Stay Disc., Dkt. No. 22, at 4]. Disney makes no effort to quantify those "significant expenses" or "burdens." Indeed, given the size and global reach of Disney, it is no wonder that Disney did not even attempt to show that early discovery efforts would have any real impact on the company. Because Disney has not and cannot demonstrate any clear case of hardship or significant burden, Disney's Motion To Stay Discovery should be denied. See e.g. Harper, 2012 WL 5936544, at *1 ("Defendant relies only on its motion to dismiss in arguing that it would be

7

prejudiced by proceeding with discovery. However, because the motion to dismiss has been denied as moot, Defendant's argument fails.").

### C. Disney Has Not Demonstrated, And Cannot Show, That A Stay Will Promote Judicial Efficiency.

Disney argues that a stay will promote judicial efficiency, because it will avoid "wasteful efforts" and an unnecessary expenditure of resources until the Court can resolve Disney's now-moot Motion To Dismiss. This type of argument has typically been rejected. Courts recognize that stays may have long term effects on the ultimate resolution of a lawsuit by "caus[ing] significant delay of the resolution of [a] matter, which in turn makes the court's docket less predictable and less manageable." Pandaw America, Inc. v. Pandaw India Cruises Pvt. Ltd., 10-cv-02593-WJM-KLM, 2012 WL 14255, at *2 (D. Colo. Jan. 4, 2012). Moreover, the judicial officer handling this lawsuit, the Honorable William J. Martinez, expressly discourages conduct that results in delay, including the filing of motions for extensions of time, motions for continuances of hearings, and dispositive motions generally. See WJM Revised Practice Standards, §§II.D, III.D, and III.E (Dec. 1, 2012). The broad discovery stay and continuance of pretrial proceedings Disney requests do not promote judicial efficiency; they unnecessarily delay the litigation. For that reason, this factor supports a denial of Disney's Motion To Stay Discovery.

### D. A Discovery Stay And Continuance Of Pretrial Proceedings Is Not In The Interest Of Nonparty Witnesses.

Disney's moving papers do not argue that a discovery stay is in the interest of nonparty witnesses. Indeed, it is not. One court commented, when denying a similar motion to stay discovery, "the Court has generally found that with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or

8

documents may become lost or inadvertently destroyed." Sanaah, 2009 WL 980383, at *1. As discussed above, the age and health of at least one potential witness is of paramount concern. Fading memories and loss of documents and information is a general concern for all witnesses. For these reasons, this factor merits denial of Disney's Motion To Stay Discovery.

### E. A Discovery Stay And Continuance Of Pretrial Proceedings Is Not In The Public Interest.

Disney opines, without any factual support, that a discovery stay would serve the interests of the public, because the stay would promote an "efficient and just resolution." [See Mot. To Stay Disc., Dkt. No. 22, at 4]. This position is antithetical to the public's interest in prompt resolution of lawsuits. As one court recently recognized, there is "a strong interest held by the public in general regarding the prompt and efficient handling of all litigation." Sanaah, 2009 WL 980383, at *1. This general principle applies here, as Disney seeks nothing more than to delay the discovery faced by every party litigant. The public interest factor therefore weighs in favor of denying the blanket discovery stay and continuance of pretrial proceedings Disney demands.

### CONCLUSION

Disney's Motion To Stay Discovery is moot, and on this ground alone the Court should deny the motion. However, even if the Court reviews the merits of the motion, Disney's Motion To Stay Discovery fails to demonstrate that there is a proper basis for implementing a broad stay of all discovery and indefinite continuance of all pretrial proceedings. Accordingly, the Motion To Stay Discovery should be denied in its entirety.

Dated this 2nd day of January, 2013.

          _s/John V. McDermott_
John V. McDermott, #5384
Mark T. Barnes, #23091
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado  80202
Phone:  303.223.1100
Email: jmcdermott@bhfs.com

Robert S. Chapman
Jon-Jamison Hill
EISNER, KAHAN & GORRY, P.C.
9601 Wilshire Boulevard , Suite 700
Beverly Hills, California  90212
Phone:  310.855.3200
Email: rchapman@eisnerlaw.com

Attorneys for Plaintiff Stan Lee Media, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of January, 2013, I electronically filed the foregoing **STAN LEE MEDIA, INC.'S OPPOSITION TO THE WALT DISNEY COMPANY'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS** with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Frederick J. Baumann | James W. Quinn |
| Holly C. Ludwig | R. Bruce Rich |
| ROTHGERBER JOHNSON & LYONS LLP | Randi W. Singer |
| One Tabor Center, Suite 3000 | WEIL, GOTSHAL & MANGES LLP |
| 1200 17th Street | 767 Fifth Avenue |
| Denver, CO 80202-5855 | New York, NY 10153 |
| Tel: (303) 623-9000 | Tel: (212) 310-8000 |
| Fax: (303) 623-9222 | james.quinn@weil.com |
| fbaumann@rothgerber.com | bruce.rich@weil.com |
| hludwig@rothgerber.com | randi.singer@weil.com |

*s/Penny G. Lalonde*
Penny G. Lalonde, Paralegal

016226\0001\1781404.1