IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.
_____

**THE WALT DISNEY COMPANY'S REPLY IN SUPPORT OF ITS
MOTION TO STAY DISCOVERY AND FURTHER PRETRIAL PROCEEDINGS**
_____

Defendant The Walt Disney Company ("TWDC") hereby submits its reply in support of its motion to stay discovery and further pretrial proceedings, including an adjournment of the Rule 16(b) Scheduling and Planning Conference scheduled for January 10, 2013.

## ARGUMENT

### I.  TWDC'S MOTION TO STAY DISCOVERY IS NOT MOOT

Plaintiff confirmed that its initial complaint was flawed beyond cure and that its single count for copyright infringement warranted dismissal for a number of individually sufficient reasons when it filed an Amended Complaint after TWDC filed its motion to dismiss. Indeed, now even more than in our previous filings has it been demonstrated that requiring the parties to engage in prolonged and expensive discovery in the face of a case-dispositive motion would unfairly prejudice TWDC and waste judicial resources.

Plaintiff argues that its amended pleading supersedes this motion and justifies moving forward with pretrial discovery. But the fact is that the Amended Complaint fails to cure the multiple legal deficiencies of its predecessor; TWDC has already advised Plaintiff's counsel that

it plans to file a motion to dismiss the Amended Complaint in its entirety,[1] and it would be even more inefficient to begin discovery now than it was when TWDC first filed its motion to stay.

TWDC's motion to dismiss the Amended Complaint is due to be filed on or before January 14, 2013, which, as a result of Plaintiff's maneuvering, falls after the scheduled January 10, 2013 Rule 16(b) conference. Accordingly, TWDC respectfully requests that the Court stay discovery and postpone the Rule 16(b) conference until after its renewed motion to dismiss has been resolved.[2]

## II.   A STAY OF DISCOVERY AND PRETRIAL PROCEEDINGS IS WARRANTED

### A.   The Palpably Frivolous Nature Of This Case Weighs In Favor Of A Stay

The propriety of a stay is especially compelling in this case, where – as even the Amended Complaint acknowledges – Plaintiff's claims of copyright ownership have been asserted in numerous previous litigations and have been consistently and soundly rejected on both substantive and *res judicata* grounds. *See* Amended Complaint (Dkt. No. 25) ¶¶ 27-34. The prior reviewing courts have spoken clearly as to the need to "bring this matter to a close." *Abadin v. Marvel Entm't, Inc.*, No. 09 Civ. 0715(PAC), 2010 WL 1257519, at *6 n.5 (S.D.N.Y. Mar. 31, 2010). As Judge Crotty wrote in 2010:

> Here, allowing leave to replead would work a manifest injustice. The transaction [underlying SLMI's claims] is now more than a decade old. Plaintiffs have been attempting to initiate the proceeding in this Court now for more than three years; in Colorado Supreme Court for more than half a decade; for three years in the U.S. District Court for the Central District of

---

[1] Indeed, all of the same arguments that underlay the Motion to Dismiss continue to obtain with respect to the Amended Complaint, which fails entirely to address either the collateral-estoppel or statute-of-limitations issues raised in the Motion to Dismiss, and persists in failing to adequately plead a copyright cause of action or make out a *prima facie* case of personal jurisdiction over TWDC in Colorado.

[2] In addition to eliminating the need for TWDC to file a renewed motion to stay discovery after its motion to dismiss the Amended Complaint is filed, a stay and adjournment will relieve the Court of the need to address the issues set forth in the Proposed Scheduling Order filed January 3, 2013 (Dkt. No. 31).

> California; and in a bankruptcy proceeding involving SLMI, which began in February, 2001 and continued to December, 2006. There has also been class action litigation in the Central District of California involving these same parties, as well as a settlement thereof. Moreover, one of the princip[al] instigators of litigation involving SLMI is a convicted felon who manipulated SLMI's stock. Finally, the proposed amended pleading is the fourth such pleading dealing with SLMI's allegations against Marvel and Lee here in the Southern District [of New York]. . . . Given the pleading history . . . , it is now time to call a halt.

*Id.* at *4; *see Lee v. Marvel Enters., Inc.*, No. 02 Civ. 8945, 2011 WL 382986, at *13 (S.D.N.Y. Feb. 4, 2011); *Stan Lee Media Inc. v. Lee*, No. 2:07-cv-00225-SVW-SSx, 2012 WL 4048871, at *7 (C.D. Cal. Aug. 23, 2012) (concluding "the public interest in *res judicata* is at its zenith in this case" and there was "a compelling public interest in bringing this matter to a close").

Plaintiff cannot end-run this repeated and emphatic judicial rejection of its claim by reasserting it yet again, this time against TWDC. Plaintiff's gamesmanship in lodging its meritless complaint against TWDC in a forum lacking jurisdiction, and then insisting that discovery proceed apace when it is well aware of the numerous infirmities of its position, should not be countenanced. The extraordinary history of Plaintiff's claim alone counsels strongly in favor of a stay of discovery pending disposition of TWDC's motion to dismiss.

    **B.**   **All Relevant Factors Weigh In Favor Of A Stay Pending Resolution Of TWDC's Motion To Dismiss**

TWDC has demonstrably satisfied the five factors to be considered in granting a stay of discovery. *See Blixseth v. Cushman & Wakefield of Colo., Inc.*, No. 12-cv-00393-PAB-KLM, 2012 WL 3962800 at *2 (D. Colo. Sept. 11, 2012). Plaintiff cannot credibly claim that it will suffer prejudice if it is not instantly able to proceed with discovery on claims relating to an alleged conveyance in 1998 that have already been determined to be frivolous and expressly undeserving of repeat litigation. Having previously demonstrated no urgency in its frivolous

claims – indeed, having waited even to sue TWDC until some three years following the Marvel acquisition – Plaintiff's assertion that "expedient resolution of these claims [is] of paramount importance" rings hollow.  Dkt. No. 27 at 5.

Plaintiff's arguments regarding the supposed prejudice it would encounter from fading witness memories and hypothetical lost documents should also be disregarded, as that would be entirely of Plaintiff's own making and hardly exacerbated by a short abeyance permitting the Court time to decide a timely motion to dismiss.  Moreover, if there even is prejudice, it is far outweighed by the prejudice to TWDC and this Court should discovery proceed in the face of an incurably defective complaint.

It is axiomatic that a plaintiff must first state a legally cognizable cause of action and make a *prima facie* showing of personal jurisdiction; then and only then is it entitled to discovery.[3]  Here, Plaintiff has failed to do either, and TWDC has asserted (and will reiterate in response to the equally-defective Amended Complaint) numerous legal grounds for dismissal, each of which is an independent basis for terminating this lawsuit.  Moreover, with respect to its supposed need for jurisdictional discovery, Plaintiff likewise has not nearly made the "clearest showing" that a lack of such discovery would "result[] in actual and substantial prejudice" – particularly where the numerous other fatal infirmities in the Amended Complaint establish that "there is a very low probability that the lack of [jurisdictional] discovery [will] affect[] the outcome of this case."  *Grynberg v. Ivanhoe Energy, Inc.*, No. 10-1361, 2012 U.S. App. LEXIS

---

[3] *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) ("it is only by taking care to require allegations that reach the level suggesting [a cause of action] that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence to support . . . a claim").

14254, at *45-47 (10th Cir. July 12, 2012) (quoting, *inter alia*, *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975) and *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004)).

That TWDC is the holding company of a large or successful corporation should play no part in the Court's analysis. This Court has previously acknowledged that discovery imposes a particular hardship and burden on a defendant as well as the courts when a motion to dismiss will likely dispose of the entire lawsuit and where the Court's jurisdiction over the defendant is likely improper. *E.g.*, *Orrick v. Midland Credit Mgmt., Inc.*, No. 11-cv-03133-PAB-KMT, 2012 U.S. Dist. LEXIS 108040, at *4 (D. Colo. Aug. 2, 2012) (Tafoya, J.) (granting discovery stay where defendants' motion to dismiss "may be dispositive of the entire case, [and] it would be overly burdensome to require it to participate in discovery until the Motion to Dismiss is decided"); *E.I. Du Pont de Nemours & Co. v. Teflon Blood Inc.*, No. 09-cv-02717-WDM-KMT, 2010 U.S. Dist. LEXIS 56508, at *5 (D. Colo. May 13, 2010) (Tafoya, J.) ("Plaintiff's general interest in having its case proceed expeditiously is outweighed by the burden on Defendant of going forward with discovery in a potentially improper jurisdiction"); *Ajjarapu v. AE Biofuels, Inc.*, No. 09-cv-01013-CMA-KMT, 2010 U.S. Dist. LEXIS 47089, at *3-7 (D. Colo. Apr. 15, 2010) (Tafoya, J.) (granting motion to stay discovery where defendant had pending motion to dismiss for lack of personal jurisdiction and failure to state a claim); *Maynard v. Colo. Sup. Ct. Office of Attorney Regulation Counsel*, No. 09-cv-02052-WYD-KMT, 2010 U.S. Dist. LEXIS 7236, at *7 (D. Colo. Jan. 13, 2010) (Tafoya, J.) (granting discovery stay pending resolution of dispositive motion because it "furthers the ends of economy and efficiency, since if the motion is granted, there will be no need for discovery"); *McCarter v. Potter*, No. 09-cv-01674-MSK-KMT, 2010

U.S. Dist. LEXIS 8272, at *6 (D. Colo. Jan. 12, 2010) (Tafoya, J.) (granting discovery stay because neither Court's nor parties' time is well served by engaging in discovery when "a dispositive motion involving a threshold time limitation defense is pending"); *Adams v. Wiley*, No. 09-cv-00612-MSK-KMT, 2009 U.S. Dist. LEXIS 120185, at *4 (D. Colo. Dec. 2, 2009) (Tafoya, J.) (granting discovery stay where resolution of motions to dismiss "concerning the passage of the statute of limitations and this court's personal jurisdiction over the defendants may be dispositive of the entire case").

Moreover, contrary to Plaintiff's arguments, TWDC's Motion to Stay specifically delineated the hardship to TWDC, including technical and legal fees for collection, review and production of documents; expert fees; and legal fees for preparing for, taking and defending depositions and responding to interrogatories or requests for admissions. *See* Motion to Stay at 4 n.2.[4]  None of Plaintiff's cited cases – all of which are clearly distinguishable from this case because the pending motions to dismiss therein were not likely to dispose of the entire case – requires a different result.[5]  Regardless of its profits or size, TWDC should not be put to such

---

[4] This prejudice would only be amplified in this case where third-party discovery would almost certainly be required, as TWDC does not even produce or distribute the allegedly infringing works. *See* Declaration of Marsha L. Reed, dated November 30, 2012 ("Reed Decl.") ¶ 8.

[5] *See, e.g.*, *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (granting limited stay of discovery in view of prejudice to defendant when case might be dismissed for lack of personal jurisdiction; denying broader stay based solely on existence of additional defendants not party to motion to dismiss and inconvenience of proceeding with discovery with respect to various defendants in "piecemeal fashion"); *Sanaah v. Howell*, No. 08-cv-02117-REB-KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009) (denying discovery stay where defense to complaint was "not particularly well developed or compelling on its face"); *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009) (denying motion for order delaying discovery on certain claims but not others because to do so would result in duplicative proceedings and application of legal doctrine to bar other claims was premature); *Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at *2-3 (D. Colo. Feb. 10, 2011) (denying discovery stay in light of concrete allegations of prejudice to plaintiff in conjunction with existence of numerous defendants and pending

expense and effort any more than anyone else in defending a meritless copyright complaint while the Court can dispose of it altogether.

## CONCLUSION

For all these reasons, the Court should exercise its broad discretion to control the scope and timing of discovery pursuant to Rule 26(c) by staying all discovery and pretrial proceedings, including the scheduling conference currently calendared for January 10, 2013, until TWDC's forthcoming motion to dismiss has been decided.

DATED this 4th day of January, 2013.

Respectfully submitted,

 /s/ James W. Quinn
James W. Quinn
R. Bruce Rich
Randi W. Singer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
james.quinn@weil.com
bruce.rich@weil.com
randi.singer@weil.com

Frederick J. Baumann
Holly C. Ludwig
ROTHGERBER JOHNSON & LYONS LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202-5855
Tel: (303) 623-9000
Fax: (303) 623-9222
fbaumann@rothgerber.com
hludwig@rothgerber.com

*Counsel for The Walt Disney Company*

---

motions to dismiss numerous claims; noting that if some but not all defendants or claims were dismissed, the Court and parties would be inconvenienced by piecemeal litigation).

# CERTIFICATE OF SERVICE

   I hereby certify that on the 4th day of January, 2013, I filed electronically the foregoing **THE WALT DISNEY COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY AND FURTHER PRETRIAL PROCEEDINGS** with the Clerk of Court, using the CM/ECF system, which caused automatic electronic notification of such filing upon the following:

John V. McDermott
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 223-1100
E-mail: jmcdermott@bhfs.com

Robert S. Chapman
Jon-Jamison Hill
EISNER, KAHAN & GORRY
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California 90212
Telephone: (310) 855-3200
Email: rchapman@eisnerlaw.com
   jhill@eisnerlaw.com

               *s/ Holly C. Ludwig*
               Holly C. Ludwig