IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Court held a scheduling conference on January 10, 2013. The parties appeared through counsel as follows:

For Plaintiff Stan Lee Media, Inc.:

    Robert S. Chapman
    Jon-Jamison Hill
    EISNER, KAHAN & GORRY, P.C.
    9601 Wilshire Boulevard , Suite 700
    Beverly Hills, California  90212
    Phone:  (310) 855-3200
    Email: rchapman@eisnerlaw.com
        jhill@eisnerlaw.com

    John V. McDermott
    Mark T. Barnes
    BROWNSTEIN HYATT FARBER SCHRECK, LLP
    410 Seventeenth Street, Suite 2200
    Denver, Colorado  80202
    Phone:  (303) 223-1100
    Email: jmcdermott@bhfs.com
        mbarnes@bhfs.com

For Defendant The Walt Disney Company:

>James W. Quinn
>Randi W. Singer
>WEIL, GOTSHAL & MANGES LLP
>767 Fifth Avenue
>New York, NY  10153
>Phone:  (212) 310-8000
>Email: james.quinn@weil.com
>           randi.singer@weil.com
>
>Frederick J. Baumann
>Holly C. Ludwig
>ROTHGERBER JOHNSON & LYONS LLP
>One Tabor Center, Suite 3000
>1200 17th Street
>Denver, CO 80202-5855
>Phone: (303) 623-9000
>e-mail: fbaumann@rothgerber.com
>           hludwig@rothgerber.com

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Laws of the United States, 17 U.S.C. §101 et seq.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1338 (a) jurisdiction over copyright actions).

Defendant The Walt Disney Company ("TWDC") denies that this Court has personal jurisdiction over it because it does not conduct business in, and does not have the requisite minimum contacts with this forum.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.  <u>Plaintiff Stan Lee Media, Inc.'s Claims</u>:  Stan Lee Media, Inc. ("SLMI") acquired copyrights to some of the most famous comic book characters in the world (*e.g.* Spider Man, the Incredible Hulk, Iron Man) though an assignment by SLMI's co-founder, Stan Lee, in October

2

1998.  SLMI later registered that assignment with the U.S. Copyright Office, recorded in Volume 3544, as Document No. 426, on November 28, 2006, and SLMI remains the owner of copyrights to these characters to this day.  The characters specifically referenced in the registration include Spiderman, The Incredible Hulk, The X-Men, The Fantastic Four, Iron Man, Daredevil, Silver Surfer and Dr. Strange.

TWDC began using the copyrighted characters when TWDC purchased Marvel Entertainment, Inc. ("Marvel") in 2009.  Within the three years immediately preceding SLMI's filing of this lawsuit, TWDC, and Marvel before it, exploited the characters though several big-budget movies, comic books, merchandising, licensing and other ventures.  Since the filing of the lawsuit, TWDC continues to illegally exploit the copyrighted characters, and TWDC will exploit the characters in the future (*e.g.* TWDC announced development of a sequel to its recent blockbuster movie, "The Avengers," which utilizes several Stan Lee created characters).

Through this lawsuit, SLMI brings a claim for copyright infringement against TWDC, seeking declaratory relief, an injunction, monetary damages and other relief.

      b.      <u>Defendant The Walt Disney Company's Defenses</u>:  TWDC's defenses to the copyright infringement cause of action stated in the Complaint include the following: TWDC is not subject to personal jurisdiction in this action; the Complaint is barred by the doctrines of collateral estoppel and res judicata because three previous federal litigations have already adjudicated and rejected the precise claim that Plaintiff seeks to litigate here – finding that Plaintiff cannot assert any copyright rights based upon a 1998 agreement between Plaintiff's predecessor Stan Lee Entertainment, Inc. and Stan Lee; Plaintiff's copyright infringement cause of action is barred by the Copyright Act's three-year statute of limitations because it is an ownership claim that accrued more than three years prior to the filing of this lawsuit; Plaintiff's

3

copyright infringement cause of action is barred by the equitable defenses of laches, equitable estoppel and unclean hands; the Complaint fails to state a cause of action because, among other things, Plaintiff has not and cannot plead that it owns any copyrights; the copyright ownership rights in the Characters (as defined in the Complaint) are not and never were owned by Plaintiff because, *inter alia*, they were created as works made for hire for Marvel; the copyright ownership rights in the Characters (as defined in the Complaint) were not the subject of nor transferred by the 1998 Agreement; the 1998 Agreement was terminated by Stan Lee in 2001; the 1998 Agreement terminated as a matter of law in 2005; any alleged assignment in the 1998 Agreement is null and void; the claims in the Complaint are subject to dismissal based upon documentary evidence; Plaintiff is not entitled to the relief sought because, even if it suffered any damages as a result of Defendant's conduct, Plaintiff should have mitigated any such damages.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Stan Lee and Stan Lee Entertainment, Inc. entered into an "Employment Agreement/Rights Assignment" dated October 15, 1998 (the "1998 Agreement"), which includes the following provisions:

> a) I [Stan Lee] assign, convey and grant to the Company [Stan Lee Entertainment, Inc.] forever, all right, title and interest I may have or control, now or in the future, in the following: Any and all ideas, names, titles, characters; symbols, logos, designs, likenesses, visual representations, artwork, stories, plots, scripts, episodes, literary property, and the conceptual universe related thereto, including my name and likeness (the "Property") which will or have been in whole or part disclosed in writing to, published, merchandised, advertised, and/or licensed by Company, its affiliates and successors in interest and licenses (which by agreement inures to Company's benefit) or any of them and any copyrights, trademarks, statutory rights, common law, goodwill, moral rights and any other rights whatsoever in the Property in any and all media and/or fields, including all

4

rights to renewal or extensions of copyright and make application or institute suits therefor (the "Rights").

b)   Stan Lee's services shall be exclusive with the exception of those services provided under a lifetime agreement with Marvel Enterprises, Inc., which shall require no more than an average of 10-15 hours per week on its behalf.

2. Lee entered into an agreement dated November 1, 1998 with Marvel Entertainment, Inc. and Marvel Characters, Inc. (the "Marvel Agreement").

3. In January 2009, SLMI shareholders Jose Abadin, Nelson Thall, John Petrovitz and Christopher Belland filed a shareholder derivative action purportedly on SLMI's behalf against Marvel Entertainment, Inc., Marvel Enterprises, Inc., Marvel Characters B.V., Stan Lee and others in the U.S. District Court for the Southern District of New York before the Honorable Paul A. Crotty ("Abadin I").

4. In April 2009, an amended complaint was filed in Abadin I by plaintiffs Abadin and Belland derivatively and purportedly on behalf of SLMI against Marvel Entertainment, Inc., Marvel Enterprises, Inc., Stan Lee and Arthur M. Lieberman.

5. TWDC acquired Marvel Entertainment, LLC, the ultimate Marvel parent, effective December 31, 2009.

### 5.  COMPUTATION OF DAMAGES

<u>Plaintiff</u>:   SLMI expects to calculate its monetary damages based on the gross profits TWDC generated through its infringing uses of the copyrighted materials.  At this time, SLMI does not have the information necessary to compute its damages, because information about the revenue and profits TWDC derived from the copyrighted characters is solely within the possession and control of TWDC, its subsidiaries and/or its agents.  SLMI will need to acquire

5

that information through discovery. SLMI reserves the right to elect to recover statutory damages pursuant to 17 U.S.C. §504.

SLMI also seeks costs, attorneys' fees pursuant to 17 U.S.C. §505, and prejudgment interest.

<u>Defendant:</u>    TWDC does not believe that SLMI is entitled to damages.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a.    The parties held their Rule 26(f) meeting on December 10, 2012.

b.    The following people participated in the Rule 26(f) meeting:

(1) Robert S. Chapman, Jon-Jamison Hill and John V. McDermott, for Plaintiff Stan Lee Media, Inc.; and

(2) Randi W. Singer, Frederick J. Baumann and Sabrina A. Perelman, for Defendant The Walt Disney Company.

c.    The parties served their Rule 26(a)(1) disclosures on January 3, 2013.

d.    Changes in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1) are made as follows:

Initial disclosures will be made by January 3, 2013.

e.    There are no agreements to conduct informal discovery.

f.    Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree to use a unified exhibit numbering system. The parties agree to cooperate in exchanging voluminous documents electronically.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

SLMI does not have extensive electronically stored information. TWDC does not have relevant electronically-stored information because the events giving rise to this lawsuit occurred in 1998. The parties did not make proposals or agreements regarding electronic discovery made at the Rule 26(f) conference.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:

At the outset of the lawsuit, SLMI asked TWDC to informally discuss settlement, but TWDC declined. After the lawsuit was filed, TWDC sent SLMI a letter explaining that the lawsuit was frivolous and asking SLMI to withdraw its complaint, but SLMI declined to do so. Based on discussions during the Rule 26(f) conference, there is no possibility of settling the lawsuit at this time.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

The parties are expected to engage in pretrial discovery in a responsible manner consistent with the spirit and purposes of Fed. R. Civ. P. 1 and 26 through 37.

  a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:  None. 10 depositions per side, excluding experts, and 25 interrogatories per side.

  b. There are no limitations on the length of depositions different from those set by Fed. R. Civ. P. 30.

  c. Although it did not raise the issue at the Rule 26(f) conference, TWDC proposes a limit of twenty-five (25) requests for production of documents and twenty-five (25) requests for admission.  SLMI believes the proposed limits are inappropriate, as there are no such limits in the Fed. R. Civ. P. and TWDC has not offered any basis for setting the limits it now proposes. The parties will be prepared to support their proposals at the scheduling conference.

  d. Other Planning or Discovery Orders:  If discovery proceeds, TWDC will seek entry of a protective order.  SLMI has agreed to work with TWDC to minimize or eliminate disputes over the language of any proposed protective order ultimately submitted to the Court.

### 9. CASE PLAN AND SCHEDULE

Plaintiff's Proposed Schedule:

  a. Deadline for Joinder of Parties and Amendment of Pleadings:  **February 22, 2013**

  b. Fact Discovery Cut-off:  **August 2, 2013**

   Expert Discovery Cut-off:  **October 11, 2013**

  c. Dispositive Motion Deadline:  **November 22, 2013**

  d. Expert Witness Disclosure:

   1. The parties may use expert testimony in the following fields or subjects: copyright infringement and computation of damages.

8

2. The number of expert witnesses will be limited to five (5) per party.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **August 16, 2013**. This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **September 20, 2013**. This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the Court. In addition to the requirements set forth in Rule 26(a)(2)(B)(i)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

e. Plaintiff's Identification of Persons to Be Deposed:

| Deponent | Date | Time | Expected Length |
|---|---|---|---|
| Stan Lee | TBD | TBD | 7 Hours |
| TWDC 30(b)(6) Designee | TBD | TBD | Unknown |
| Marvel Entertainment, LLC 30(b)(6) Designee | TBD | TBD | Unknown |
| Robert Iger | TBD | TBD | 1 Day |
| Isaac Perlmutter | TBD | TBD | 1 Day |

9

This is a partial list of deponents based on the parties' discovery and disclosures to date. More persons may be identified and deposed as discovery proceeds.

Defendant states that it will oppose any attempt to depose Robert Iger, the Chairman and Chief Executive Officer of The Walt Disney Company, or Isaac Perlmutter, the Chief Executive Officer of Marvel Entertainment, LLC, as overly burdensome and not reasonably calculated to lead to admissible evidence.

f. Deadline for Interrogatories: The parties shall serve interrogatories no later than 33 days prior to the discovery cut-off.

g. Deadline for Requests for Production of Documents and/or Admissions: The parties shall serve requests for production of documents and/or requests for admission no later than 33 days prior to the discovery cut-off.

Defendant's Proposed Schedule:

TWDC filed a motion to dismiss on November 30, 2012 (Dkt No. 21) and filed a motion to stay discovery on December 5, 2012 (Dkt. No. 22). On December 26, 2012, SLMI filed an Amended Complaint. TWDC intends to seek dismissal of this Amended Complaint and respectfully requests that discovery be stayed until after the motion to dismiss has been decided. In the event that its motion to dismiss is denied, TWDC intends to move to bifurcate this case into a liability phase and a damages phase. SLMI will oppose this motion.

Without prejudice to any of these motions, in the event that Defendant's motion to dismiss is not granted, Defendant proposes the following schedule:

a. Deadline for Joinder of Parties and Amendment of Pleadings: **30 days after the issuance of any Order denying Defendant's Motion to Dismiss**

10

      b.    Fact Discovery Cut-off With Respect to Liability Issues: **120 days after the issuance of any Order denying Defendant's Motion to Dismiss**

      Expert Discovery Cut-off With Respect to Liability Issues: **180 days after the issuance of any Order denying Defendant's Motion to Dismiss**

    (1) Deadline for submission of Expert Reports With Respect to Liability Issues, if any: **125 days after the issuance of any Order denying Defendant's Motion to Dismiss**

    (2) Deadline for deposition of Experts With Respect to Liability Issues, if any: **145 days after the issuance of any Order denying Defendant's Motion to Dismiss**

    (3) Deadline for submission of Rebuttal Expert Reports With Respect to Liability Issues, if any: **160 days after the issuance of any Order denying Defendant's Motion to Dismiss**

    (4) Deadline for deposition of Rebuttal Experts With Respect to Liability Issues, if any: **180 days after the issuance of any Order denying Defendant's Motion to Dismiss**

      c.    Dispositive Motion Deadline With Respect to Liability Issues: **210 days after the issuance of any Order denying Defendant's Motion to Dismiss**

      d.    Expert Witness Disclosure:

    1.    The parties may seek to introduce expert testimony on copyright infringement, but reserve all rights to object to the introduction of such testimony pursuant to the Federal Rules of Evidence. If and only if it is determined that Defendant is liable for copyright infringement in this matter, then Defendant agrees that the parties may seek to introduce expert

11

testimony on computation of damages, but reserves all rights to object to the introduction of such testimony pursuant to the Federal Rules of Evidence.

        2.        The total number of expert witnesses will be limited to five (5) per party.

        3.        The parties shall designate all experts with respect to liability issues and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **125 days after the issuance of any Order denying Defendant's Motion to Dismiss**. This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

        4.        The parties shall designate all rebuttal experts with respect to liability issues and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **160 days after the issuance of any Order denying Defendant's Motion to Dismiss**. This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the Court. In addition to the requirements set forth in Rule 26(a)(2)(B)(i)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

    e.        Defendant will identify its deponents as discovery proceeds, including without limitation, 30(b)(6) designee(s).

f.	Deadline for Interrogatories:  The parties shall serve interrogatories no later than 33 days prior to the discovery cut-off.

g.	Deadline for Requests for Production of Documents and/or Admissions:  The parties shall serve requests for production of documents and/or requests for admission no later than 33 days prior to the discovery cut-off.

h.	Deadlines for Discovery With Respect to Damages:  If this Court determines that Defendant is liable for copyright infringement in this matter, it will issue an Order setting forth deadlines for additional discovery on the issue of damages.

### 10. DATES FOR FURTHER CONFERENCES

a.	Status conferences will be held in this case at the following dates and times: _____ .

b.	A final pretrial conference will be held in this case on January 23, 2014 at 9:30 a.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11. OTHER SCHEDULING MATTERS

a.	Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:

1.	On December 26, 2012, SLMI filed an Amended Complaint.  TWDC intends to seek dismissal of this Amended Complaint and believes discovery should be stayed pending the Court's determination of jurisdictional issues and other issues TWDC raised in its initial motion to dismiss SLMI's Complaint, which will be renewed in its motion to dismiss

13

SLMI's Amended Complaint.  TWDC filed a motion seeking this relief on December 5, 2012.  SLMI opposes TWDC's position and believes discovery should proceed normally.

    2.    In the event that its Motion to Dismiss is denied, TWDC believes that the purposes of judicial economy would be best served by bifurcating the liability and damages phases of this case.

    3.    SLMI wants to immediately proceed with the deposition of non-party Stan Lee, due to concerns about Mr. Lee's age and health.  TWDC will object to any motion to take any deposition before its Motion to Dismiss is decided.

    4.    SLMI believes it is entitled, at a minimum, to conduct jurisdictional discovery, based on the arguments TWDC raised in its motion to dismiss SLMI's Complaint.  TWDC will object to jurisdictional discovery, because TWDC contends that SLMI has not pled a prima facie case for jurisdiction.

b.    The parties agree that the maximum anticipated length of trial is 10 days.  Plaintiff has demanded a jury trial.  TWDC contends that SLMI has no right to a jury trial on its copyright claims.

c.    The parties do not believe that pretrial proceedings would more efficiently or economically conducted in the District Court's other facilities.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C. Colo. L. Civ. R. 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C. Colo. L. Civ. R. 7.1A. In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 10th day of January, 2013.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| *s/John V. McDermott* | *s/Randi W. Singer* |
| John V. McDermott, #5384 | James W. Quinn |
| Mark T. Barnes, #23091 | R. Bruce Rich |
| BROWNSTEIN HYATT FARBER SCHRECK, LLP | Randi W. Singer |
| | WEIL, GOTSHAL & MANGES LLP |
| 410 Seventeenth Street, Suite 2200 | 767 Fifth Avenue |
| Denver, Colorado  80202 | New York, NY  10153 |
| Phone:  (303) 223-1100 | Phone:  (212) 310-8000 |
| Email:  jmcdermott@bhfs.com | Email: james.quinn@weil.com |
| | randi.singer@weil.com |
| Robert S. Chapman | |
| Jon-Jamison Hill | Frederick J. Baumann |
| EISNER, KAHAN & GORRY, P.C. | Holly C. Ludwig |
| 9601 Wilshire Boulevard , Suite 700 | ROTHGERBER JOHNSON & LYONS LLP |
| Beverly Hills, California  90212 | One Tabor Center, Suite 3000 |
| Phone:  (310) 855-3200 | 1200 17th Street |
| Email:  rchapman@eisnerlaw.com | Denver, CO 80202-5855 |
| jhill@eisnerlaw.com | Phone: (303) 623-9000 |
| | e-mail: fbaumann@rothgerber.com |
| Attorneys for Plaintiff Stan Lee Media, Inc. | hludwig@rothgerber.com |
| | Attorneys for Defendant The Walt Disney Company |

16