# EXHIBIT C

COPY

LAW OFFICES OF JACK G. CAIRL, APC
JACK G. CAIRL (State Bar No. 105335)
550 South Hope Street, Suite 1000
Los Angeles, CA 90071
Telephone: (213) 347-0290
Fax: (213) 489-4515

Attorneys for Plaintiff
JOSE ABADIN

FILED

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CV09-2340 SVW (PJW)

| | |
|---|---|
| JOSE ABADIN, derivatively on behalf of STAN LEE MEDIA, INC., a Colorado Corporation,<br><br>Plaintiff,<br><br>v.<br><br>STAN LEE, an individual,<br><br>Defendant. | CASE NO.<br><br>**SHAREHOLDER'S DERIVATIVE COMPLAINT FOR: DECLARATORY RELIEF; INJUNCTIVE RELIEF; MISAPPROPRIATION OF CORPORATE OPPORTUNITY; AND BREACH OF FIDUCIARY DUTY**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jose Abadin, in his derivative capacity as a shareholder of Stan Lee Media, Inc., a Colorado corporation (collectively "SLMI"), avers as follows:

## JURISDICTION AND VENUE

1. SLMI brings this complaint as a derivative action within the meaning of Rule 23.1 of the Federal Rules of Civil Procedure (the "Federal Rules") on behalf of itself and all other shareholders of SLMI that are similarly situated.

2. SLMI seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202.

3. At all times material hereto, the defendant Stan Lee knew that his wrongful actions would cause the damages claimed herein within the Central District of California and abroad, such that it would not offend principles of fairness for this court to exercise jurisdiction over the named defendant.

4. This Court has jurisdiction over the copyright infringement claims pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, the Lanham Act claims by virtue of 15 U.S.C. §1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), and all other claims by virtue of 28 U.S.C. § 1338(b) and pendent jurisdiction.

5. Venue in this District is proper under 28 U.S.C. §§ 1391(a) and (c) because a substantial part of the activities and events occurred within this district and the defendant is conducting business, having principal office locations and/or is a resident within this district.

## PARTIES

6. Plaintiff Jose Abadin ("Plaintiff") is a resident of the State of California, County of Los Angeles. Plaintiff was a SLMI shareholder at the time of the defendant's wrongful acts and transactions averred below, and currently is a SLMI shareholder.

7. The instant action is not collusive to confer jurisdiction that this Court would otherwise lack.

8. Stan Lee Media, Inc. is a corporation organized and existing under the laws of the State of Colorado, which is the successor in interest to Stan Lee Media, Inc., a Delaware corporation, which was the successor in interest to Stan Lee Entertainment, Inc., a Delaware corporation.

9. Defendant Stan Lee is a resident of the State of California.

## NATURE OF ACTION

10. In this action, SLMI seeks, *inter alia*, (a) declaratory relief brought by against Stan Lee regarding certain assets, properties, claims, trademark claims and rights, and other intellectual property rights and interests that rightfully belong to SLMI which Stan Lee claims belong to him; and (b) to obtain injunctive relief against any attempt by Stan Lee to continue to use what was wrongfully taken from SLMI.

## FACTS COMMON TO ALL CAUSES OF ACTION

11. Stan Lee Entertainment, Inc., a Delaware corporation, was established on or about October 13, 1998.

12. Stan Lee Entertainment, Inc., a Delaware corporation, is the ultimate predecessor in interest to SLMI.

13. On or about October 15, 1998, Stan Lee executed an agreement with SLMI concerning both his employment and his assignment of all his rights, properties and assets (the "October 15, 1998 Assignment"). A true and correct copy of this document is attached hereto as Exhibit "A."

14. Pursuant to the October 15, 1998 Assignment, defendant Stan Lee conveyed to SLMI the following:

> I [Stan Lee] assign, convey and grant to [Stan Lee Entertainment, Inc.] forever, all right, title and interest I may have or control, now or in the future, in the following: Any and all ideas, names, titles, characters, symbols, logos, designs, likenesses, visual

representations, artwork, stories, plots, scripts, episodes, literary property, and the conceptual universe related thereto, including my name and likeness (the 'Property') which will or have been in whole or part disclosed in writing to, published, merchandised, advertised, and/or licensed by [Stan Lee Entertainment, Inc.], its affiliates and successors in interest and licensees (which by agreement inures to [Stan Lee Entertainment, Inc.'s] benefit) or any of them and any copyrights, trademarks, statutory rights, common law, goodwill, moral rights and any other rights whatsoever in the Property in any and all media and/or fields, including all rights to renewal or extensions of copyright and make applications or institute suits therefore (the "Rights")

15. The October 15, 1998 Assignment provided, among other things, that Stan Lee would serve as Chairman and Creative Director of SLMI, and required that Stan Lee's services be exclusive to SLMI with only one stated exception: those part-time services provided under a non-exclusive agreement with Marvel Enterprises, Inc., which services could require no more than an average of ten to fifteen hours per week.

16. The October 15, 1998 Assignment provided that SLMI was entitled to the benefits and proceeds of all other services performed and intellectual property created by defendant Stan Lee both directly for SLMI and for <u>any other entity</u>.

17. The October 15, 1998 Assignment further required that Stan Lee obtain the written consent of the SLMI prior to performing any services of any kind for any other entity. Despite this requirement, at no point in time has SLMI ever provided Stan Lee with any written consent for him to perform any services of any kind for any other entity.

18. On information and belief, in return for Stan Lee's assignment of all of his rights of any kind to his creative universe as of October 15, 1998 and into the future, SLMI and its successors in interest conveyed to Stan Lee shares in the companies, agreed to pay and did, in fact, pay to Stan Lee approximately $250,000.00 per year in salary, bonuses, stock options, expenses, fringe benefits, insurance and other consideration, including over 3.5 million shares in SLMI's stock, which had a market value of over $100 million in February of 2000, in addition to more than $750,000 in additional compensation paid on behalf of the company by other shareholders.

19. Upon information and belief, Stan Lee continues to own and retain all of the shares that were issued to him and has never tendered them back to SLMI.

20. At the time the October 15, 1998 Assignment was executed, Stan Lee had full authority and right to convey all of his rights and claims to Stan Lee Entertainment, Inc.

21. SLMI is currently the rightful owner and holder of all properties, rights, claims and assets set forth in the October 15, 1998 Assignment.

22. The October 15, 1998 Assignment was ratified by Stan Lee over a year later, on or about October 19, 1999, in an Amendment to the Assignment Agreement. The Amendment contained express representations by Stan Lee that the Amendment was being signed after consultation with his financial consultants and legal counsel. A copy of the Amendment is attached hereto as Exhibit "B."

23. At all times material hereto, SLMI and its predecessors in interest fully complied with the terms of the October 15, 1998 Assignment and did all things required of it under the agreement in order to retain exclusive ownership and right to all of the assigned assets, properties and copyrights.

24. On January 30, 2001, mere days before SLMI went into bankruptcy on February 12, 2001, Stan Lee sent SLMI a letter purporting to terminate the October 15, 1998 Assignment. Stan Lee did not return to SLMI any of the

consideration he received under the October 15, 1998 Assignment. A copy of the letter is attached hereto as Exhibit "C".

25. That termination letter was void and unlawful, for a variety of reasons, including that it was a preferential transfer made during a Chapter 11 proceeding. Furthermore, the termination letter did not effect any return of the properties and property rights that Stan Lee transferred to SLMI under the October 15, 1998 Assignment.

26. On or about February 16, 2001, SLMI filed for bankruptcy protection pursuant to Chapter 11 in the Central District of California, Case No. SV-01-11329-KL, and which was jointly administered with Case No. SV-01-11331-KL (the "Bankruptcy Case").

27. On April 11, 2002, in what the Bankruptcy Court, the Trustee, the Creditors and Stan Lee Media, Inc.'s shareholders all reasonably believed was a legitimate settlement of the creditors' claims in the Bankruptcy Case, the Bankruptcy Court entered an Order pursuant to a motion brought by Stan Lee in his capacity as Debtor in Possession. The Order confirmed a certain Asset Purchase Agreement (the "APA") under which SLMI would transfer certain properties that SLMI acquired under the October 15, 1998 Assignment would to an independent company for the benefit of SLMI's creditors and shareholders.

28. Unbeknownst to all but defendant Stan Lee and his agents, the APA was a sham fraud because "independent" company that was to receive the Properties under the APA did not exist. Rather, Stan Lee never formed the independent company, and instead secretly created another company that he owned and controlled to receive the properties, and then caused the properties to be transferred to that company (the "Surreptitious Transfer"). Thus, through direct and intentional misrepresentation to the Bankruptcy Court and the other parties to the Bankruptcy Case, Stan Lee misappropriated the properties for his own benefit. Because of the efforts of Stan Lee and his agents to conceal Stan Lee's wrongful

conduct, the above-described wrongful actions could not reasonably be discovered until the late Fall of 2006.

29. On December 6, 2006, SLMI's bankruptcy action was dismissed, but SLMI remained an existing entity.

30. On January 20, 2009, in a case pending in the United States District Court, Central District of California (Case No. CV 07-00225), the Hon. Stephen V. Wilson ruled that Stan Lee and his entities did not acquire the rights to the properties by way of the Surreptitious Transfer. Thus, the properties rightfully remain with SLMI. Nevertheless, Stan Lee and his agents continue to contend that the properties no longer belong to SLMI based upon the invalid termination letter of January 30, 2001.

31. Contrary to SLMI's ownership rights to the assets, properties and copyrights, Stan Lee has used, marketed, licensed, merchandised, promoted, advertised and otherwise exploited the assets, copyrights and properties for his own financial benefit, and without the participation, authority and consent of SLMI.

32. Contrary to SLMI's ownership rights to the assets, properties and copyrights, Stan Lee has not paid to SLMI the income, proceeds and profits from Stan Lee's unauthorized use, marketing, licensing, merchandising, promotion, advertising and exploitation of the assets, properties and copyrights.

33. As Stan Lee has received income, proceeds and profits from the use, marketing, licensing, merchandising, promotion, advertising and exploitation of the assets, properties and copyrights, as well as from third parties for services rendered, Stan Lee has a duty to account to and pay to SLMI.

34. Stan Lee has wrongfully utilized and wrongfully received income from the use of Stan Lee's name, likeness, persona, and signature slogans, which he cannot utilize for any purpose because he had assigned them to SLMI.

35. Plaintiff has not sought to obtain the desired action from the SLMI directors and has made no demand on SLMI to commence the instant action because such a demand would have been futile. SLMI currently has no board of directors or officers, and Stan Lee has acted to delay and block the election of such board to prevent his wrongdoing and self-dealing from being scrutinized and remedied. Specifically, Stan Lee has initiated litigation in the State of Colorado (*In re Application of P.F.P. Family Holdings, L.P. and Concerning Stan Lee Media, Inc.*, Docket No. 2008 CV 8584), and through that litigation has attempted (a) to block a quorum of a meeting of SLMI's shareholders; (b) to block the formation of a board of directors of SLMI; and (c) to stop SLMI from recovering its assets, copyrights and properties. As of the present, no SLMI board has been elected, although efforts to counteract Stan Lee's stalling and delaying actions are continuing.

36. Accordingly, the only present available method for SLMI to enforce its rights and prevent further looting of its assets is by a shareholder's derivative action.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF

37. SLMI repeats and re-avers each and every allegation contained in paragraphs 1 through 36 above as if fully set forth herein.

38. SLMI seeks a declaratory judgment that SLMI is the owner of the assets, properties and copyrights transferred in the October 15, 1998 Assignment, and other injunctive relief as set forth herein.

39. SLMI seeks a declaratory judgment that (a) SLMI is the rightful and legal owner of all the assets, properties and copyrights conveyed in the October 15, 1998 Assignment; (b) Stan Lee is not the rightful and legal owner of all those assets, properties and copyrights; and (c) Stan Lee is barred from so contending.

40. Stan Lee has asserted an actual, present, adverse and antagonistic interest to SLMI's claims.

41. As a direct and proximate result of the actions of Stan Lee as described herein, SLMI has also suffered damages.

42. With regard to those equitable aspects of this claim for relief, SLMI has no adequate remedy at law.

43. Based upon the foregoing, there is a bona fide, actual, present and practical need for a declaratory judgment from this Court, and the declaratory judgment(s) that SLMI seeks arise from a present, ascertained, or ascertainable state of facts and/or a present controversy as to such facts.

44. Based on the foregoing, SLMI seeks to end uncertainty and insecurity with respect to its rights, status and other equitable and legal relations regarding the October 15, 1998 Assignment, by the issuance of declaratory relief.

45. Based upon the foregoing, SLMI seeks declaratory and injunctive relief against Stan Lee to prohibit him from using the assets of SLMI or claiming to have an ownership interest in such assets.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF

46. SLMI repeats and re-avers each and every allegation contained in paragraphs 1 through 36 above as if fully set forth herein.

47. SLMI seeks a declaratory judgment that SLMI has the right to use the name, likeness, symbols, logos, designs, and visual representations of Stan Lee.

48. SLMI seeks a declaratory judgment from this Court that Stan Lee is not the rightful and legal owner of Stan Lee's Name and Likeness, and that defendant Stan Lee is barred from so contending.

49. SLMI is the rightful and legal owner of Stan Lee's Name and Likeness.

50. Stan Lee has asserted an actual, present, adverse and antagonistic interest to SLMI's ownership of Stan Lee's Name and Likeness.

51. As a direct and proximate result of the actions of defendant Stan Lee, as described herein, SLMI has also suffered damages.

52. With regard to those equitable aspects of this cause, SLMI has no adequate remedy at law.

53. Based upon the foregoing, there is a bona fide, actual, present and practical need for a declaratory judgment from this Court.

54. Based upon the foregoing, the declaratory judgment sought deals with a present, ascertained, or ascertainable state of facts and/or a present controversy as to the state of facts.

55. Based upon the foregoing, SLMI is insecure and uncertain with respect to its rights, status and other equitable and legal relations regarding the October 15, 1998 Assignment, and requires a declaratory judgment from this Court establishing certainty and security.

56. Based upon the foregoing, SLMI seeks declaratory and injunctive relief against Stan Lee to prohibit him from using these assets of SLMI or claiming to have an ownership interest in such assets.

## THIRD CAUSE OF ACTION FOR MISAPPROPRIATION OF CORPORATE OPPORTUNITY

57. SLMI repeats and re-avers each and every allegation contained in paragraphs 1 through 36 above as if fully set forth herein.

58. At all times material to this claim for relief, defendant Stan Lee was a director and officer of SLMI. As a result, Stan Lee owed a fiduciary duty to SLMI, which is the highest standard of duty implied by law, and includes a duty to act in the best interests of SLMI and to subordinate his personal interests to those of SLMI.

59. While Stan Lee was acting as a director and officer of SLMI, he intentionally failed to perform his duties as director and officer, so that the assets, properties and copyrights of SLMI were mismanaged, wasted, and diverted, and SLMI's copyright interests were infringed.

60. SLMI has thereby suffered great loss, the value of SLMI's stock and dividends has suffered great loss, and SLMI's other shareholders have been similarly damaged.

61. Defendant Stan Lee further intentionally permitted SLMI's property, property rights, and contractual rights to be diverted for Stan Lee's personal benefit. Stan Lee has been unjustly enriched as the result of his intentional failure to perform his duties as director and officer of SLMI.

62. In committing the above acts and omission, Stan Lee performed willful and wanton conduct, acted with malice by carrying on despicable conduct with a willful and conscious disregard of his duties and the rights of SLMI, and acted with fraud, intentional misrepresentation, deceit or concealment.

63. As a result, SLMI is entitled to compensatory and punitive damages.

**FOURTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY**

64. SLMI repeats and re-avers each and every allegation contained in paragraphs 1 through 36 above as if fully set forth herein.

65. SLMI brings this action against the defendant Stan Lee, who has violated his obligation of duty.

66. At all times material to this cause of action, defendant Stan Lee was a director and officer of SLMI.

67. At all times material to this cause of action, defendant Stan Lee owed a duty to SLMI to act in the best interest of SLMI, while subordinating his own personal interests to those of SLMI.

68. While defendant Stan Lee was purportedly acting in his fiduciary capacity as a director and officer of SLMI, he failed to perform his fiduciary duties

1  as director and officer so that the assets, properties and copyrights of SLMI were
2  mismanaged, wasted, and diverted.

3      69.   In committing the above acts and omission, Stan Lee performed
4  willful and wanton conduct, acted with malice by carrying on despicable conduct
5  with a willful and conscious disregard of his duties and the rights of SLMI, and
6  acted with fraud, intentional misrepresentation, deceit or concealment.

7      70.   As a result, SLMI is entitled to compensatory and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, SLMI prays for relief as follows:

1. On the First Claim for Relief– For declaratory and injunctive relief against Stan Lee, and attorneys fees and costs;
2. On the Second Claim for Relief – For declaratory and injunctive relief against Stan Lee, and attorneys fees and costs;
3. On the Third Claim for Relief – For compensatory and punitive damages and attorneys' fees and costs in an amount to be determined by the Court;
4. On the Fourth Claim for Relief – For damages in an amount to be determined at trial and attorneys fees and costs; and
5. On all Claims for Relief – For such other legal and equitable remedies that this Court may deem just and proper.

DATED: April 2, 2009

LAW OFFICES OF JACK G. CAIRL, APC

*Jack G. Cairl* (signature)

Jack G. Cairl
Counsel for Plaintiff JOSE ABADIN

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on any and all issues so triable.

DATED: April 2, 2009

                                                LAW OFFICES OF JACK G. CAIRL, APC

                                                */s/ Jack G. Cairl*
                                                Jack G. Cairl
                                                Counsel for Plaintiff JOSE ABADIN

## VERIFICATION

I, Jose Abadin, am a shareholder of Stan Lee Media, Inc., and I have brought the above-entitled action this action in my derivative capacity as such a shareholder. I have read the foregoing Shareholder's Derivative Complaint and know the averments in the Complaint. The averments are either true based on my knowledge, or allege facts of which I am informed and believe to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at Los Angeles, California on March 31, 2009.

_____
Jose Abadin

-13-

Verification to Shareholder's Derivative Complaint