# EXHIBIT E

Case No. 1:12-cv-02663-WJM-KMT   Document 37-8   filed 01/14/13   USDC Colorado
Case 2:07-cv-00225-SVW-SS   Document 182   Filed 05/04/11   Page 1 of 3   Page ID #:3079
pg 2 of 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 07-0225 SVW (SSx) | Date | May 4, 2011 |
| Title | Stan Lee Media, Inc. v. Stan Lee et al. | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER re STAY OF CASE

I.   **Prior Litigation in the Southern District of New York**
   A.   **Abadin I**
   On January 26, 2009, a derivative suit was filed on behalf of SLMI before Judge Crotty in the Southern District of New York against several of the present Defendants. Jose Abadin v. Marvel Entertainment, Inc., CV 09-0715 (PAC) (S.D.N.Y.) [hereinafter, "Abadin I"]. The shareholders included José Abadin, who is currently SLMI's President, Chairman, and Chairman of the Special Litigation Committee. The Abadin I complaint alleged essentially the same claims that are before this Court. On March 31, 2010, Abadin I was dismissed with prejudice.
   Abadin I was dismissed on the ground that the plaintiffs failed the contemporaneous-ownership standing requirement under Fed. R. Civ. P. 23.1 and thus lacked standing. Abadin I alternatively held that the plaintiffs' claims failed on the relevant statutes of limitations, laches, estoppel, and California labor law. The plaintiffs filed a notice of appeal to the Second Circuit; however, that appeal was dismissed as a result of the plaintiffs' failure to pursue the appeal.
   B.   **Marvel**
   Following the dismissal of Abadin I, SLMI filed a motion to intervene in Lee v. Marvel, CV 02-8945 (RWS) (S.D.N.Y. 2005) [hereinafter, "Marvel"]. SLMI also moved to vacate the order dismissing Marvel and filed a proposed amended complaint against Lee and other defendants asserting substantially the same claims as the case before this Court. On February 4, 2011, the motion to intervene and to vacate the 2005 judgment was denied. With regard to SLMI's proposed amended complaint, Judge Sweet held that all of SLMI's claims were barred by *res judicata* as a result of the judgment in Abadin I. As required before applying *res judicata* from a previous derivative suit, Judge Sweet affirmatively determined that the lead plaintiffs in Abadin I adequately represented the company.[1] SLMI's appeal of Judge Sweet's

---

[1] In order to apply *res judicata* from a previous derivative suit, the subsequent court must determine that the plaintiffs in that previous suit adequately represented the company. Amalgamated

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 07-0225 SVW (SSx) | Date | May 4, 2011 |
| Title | Stan Lee Media, Inc. v. Stan Lee et al. | | |

opinion is pending before the Second Circuit.

II.   Whether the Issues in Marvel have *Collateral Estoppel* Effect in this Case

Defendants contend that the determination of the *res judicata* (claim preclusion) effect of Abadin I in Marvel precludes this Court from reconsidering that issue here by virtue of *collateral estoppel* (issue preclusion). A court's determination as to the *res judicata* implications of a prior judgment must itself be given preclusive effect. Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 525 (1986); Johnson v. Eli Lilly and Co., 689 F.Supp. 170, 175 (W.D.N.Y. 1988).

The Court refrains from deciding whether *collateral estoppel* and/or *res judicata* apply at this time because the appeal before the Second Circuit in Marvel may have ramifications in this case. While Judge Sweet determined that Abadin I has *res judicata* effect, he also denied the motions on alternative grounds, each of which provided adequate and independent bases for a final judgment. See In re Westgate-California Corp., 642 F.2d 1174, 1176-77 (9th Cir. 1981) ("Even though the court rests its judgment alternatively upon two or more grounds, the judgment concludes each adjudicated issue that is necessary to support any of the grounds upon which the judgment is rested") (citation omitted); Gelb, 798 F.2d at 45 ("The general rule in this Circuit is that if a court decides a case on two grounds, each is a good estoppel.") (quotation omitted). Should the Second Circuit affirm Marvel on *res judicata* grounds, this Court may be estopped from relitigating that issue. Should the Second Circuit reverse Marvel or affirm it without addressing the *res judicata* determination, Judge Sweet's opinion will have no *collateral estoppel* effect. See Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, 18 Federal Practice & Procedure § 4421 at 570 (2d ed. 2002) ("The federal decisions agree with the Restatement view that once an appellate court has affirmed on one ground and passed over another, preclusion does not attach to the ground omitted from its decision.") (citing cases).

SLMI contends that this Court should not stay this action pending the appeal of Marvel on two grounds. First, SLMI contends that Judge Sweet should not have found *res judicata* because the burden of proof as to the adequacy of representation issue was different in Abadin I than in Marvel. This argument is misleading, as the relative burdens applied in Abadin I and Marvel are irrelevant to this Court. Judge Sweet made an independent finding that the lead plaintiffs in Abadin I adequately represented the company, which was a prerequisite to his finding of *res judicata*. To the degree SLMI contends that Judge Sweet incorrectly decided that the lead plaintiffs in Abadin I were adequate representatives, this Court is precluded from relitigating the issue. Ellentuck v. Klein, 570 F.2d 414, 425 (2d Cir. 1978); United States v. ITT Rayonier, Inc., 627 F.2d 996, 1004 (9th Cir. 1980).[2]

---

Sugar Co., LLC v. NL Indus., Inc., 825 F.2d 634, 640 (2d Cir. 1987).

[2] SLMI's argument is also factually misleading in that it is grounded on the fact that "Judge Sweet's statement contradicts Judge Crotty on this critical [adequacy of representation] point." (Opp. at 21). Judge Crotty never ruled on the adequacy of the lead plaintiffs' representation in Abadin I. Rather,

| | : |
|---|---|
| Initials of Preparer | PMC |

Case No. 1:12-cv-02663-WJM-KMT   Document 37-8   filed 01/14/13   USDC Colorado
Case 2:07-cv-00225-SVW-SS   Document 182   Filed 05/04/11   Page 3 of 3   Page ID #:3081
pg 4 of 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-0225 SVW (SSx) | Date | May 4, 2011 |
|---|---|---|---|
| Title | Stan Lee Media, Inc. v. Stan Lee et al. | | |

Second, SLMI contends that the burden of proof as to *res judicata* in this Court is different than the burden of proof as to *res judicata* in Marvel. It is true that courts may not apply *collateral estoppel* if the burden of proof on the party being *collateral estopped* (SLMI) was more demanding in the previous action, see Clark v. Bear Stearns & Co., 966 F.2d 1318, 1322 (9th Cir. 1992); accord Cobb v. Pozzi, 363 F.3d 89, 113 (2d Cir. 2004), but that is not the case here. Judge Sweet applied a heightened burden of proof as to SLMI only to the portion of his opinion addressing vacatur. See Marvel, at 13-14. That burden of proof was **not** applicable to Judge Sweet's alternate holding as to *res judicata*, which is an affirmative defense. The burden of proof as to the *res judicata* issue was presumptively on the parties opposing SLMI's motion, as the burden is always on the party asserting *res judicata*. Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, 18 Federal Practice & Procedure § 4405 at 110 (2d ed. 2002) ("Whatever the method by which [*res judicata*] is raised, the burden of establishing preclusion is placed on the party claiming it."). Furthermore, Judge Sweet relied on authorities citing the appropriate *res judicata* standards.

### III. Conclusion
The case is STAYED pending a ruling by the Second Circuit in Marvel.

---

Judge Crotty merely stated in a footnote that it was "**doubtful** whether the two named Plaintiffs can be said to 'fairly and adequately represent the interests of' absent shareholders, as required by Fed. R. Civ. P. 23.1(a)." Abadin I, at 10 n.4 (emphasis added).

| | : |
|---|---|
| Initials of Preparer | PMC |