# EXHIBIT F

Case No. 1:12-cv-02663-WJM-KMT    Document 37-9    filed 01/14/13    USDC Colorado    pg 1 of 8

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 08-2139

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 28, 2009
LEONARD GREEN, Clerk

JUAN LAHERA, )
 )
   Plaintiff-Appellant, )
 )
v. )
 )
 ) ON APPEAL FROM THE UNITED
THE WALT DISNEY COMPANY; ) STATES DISTRICT COURT FOR
AMERICAN BROADCASTING ) THE EASTERN DISTRICT OF
COMPANIES, INC.; USA TODAY; DETROIT ) MICHIGAN
FREE PRESS, INC.; DETROIT NEWS; TV )
GUIDE MAGAZINE GROUP, INC.; and )
GLOBE AMERICAN MEDIA, INC., )
 )
   Defendants-Appellees. )
 )

O R D E R

Before: GUY, MCKEAGUE, and GRIFFIN, Circuit Judges.

     Juan Lahera, a pro se federal prisoner, appeals a district court order dismissing his civil action alleging a copyright infringement, 17 U.S.C. § 106, and a violation of the Lanham Act, 15 U.S.C. § 1125. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

     Seeking over six billion dollars in damages, along with injunctive relief, Lahera sued the Walt Disney Company ("Disney"); USA Today; Detroit Free Press, Inc.; Detroit News; TV Guide; and Globe American Media, Inc. Lahera wrote two songs, one entitled "Dancing with the Stars" and

Case No. 1:12-cv-02663-WJM-KMT   Document 37-9   filed 01/14/13   USDC Colorado
pg 3 of 8
Case: 08-2139   Document: 006115622405   Filed: 07/28/2009   Page: 2   (2 of 7)

No. 08-2139
- 2 -

the second entitled "Rosana." The song "Rosana" contained the phrase "dancin' with the stars." On April 18, 2005, Lahera registered "Rosana" with the United States Copyright Office. Lahera did not register "Dancing with the Stars." The television show "Dancing with the Stars" premiered in June of 2005. Lahera notified the defendants of his copyright and proceeded to sue the defendants on April 24, 2008. The district court dismissed the complaint against Disney for lack of personal jurisdiction and the remaining defendants for failure to state a claim.

In his timely appeal, Lahera argues that the district court erred in dismissing his copyright action; in denying his motion for reconsideration; in allowing the introduction of evidence showing that the defendants did not have access to the copyrighted work; in dismissing Disney as a defendant; in misconstruing the copyright laws; and in denying him "all the rights granted by the Library of Congress."

The district court dismissed Lahera's allegations against Disney for lack of jurisdiction. A dismissal for lack of personal jurisdiction is reviewed de novo. *Intera Corp. v. Henderson*, 428 F.3d 605, 614 (6th Cir. 2005); *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887-88 (6th Cir. 2002). The burden to prove that the court has jurisdiction is on Lahera. *Neogen Corp.*, 282 F.3d at 887.

When faced with a motion for dismissal based on personal jurisdiction, the district court has discretion to "decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Where the district court did not conduct an evidentiary hearing, as in the instant case, we review the pleadings and affidavits in the light most favorable to Lahera, we do not weigh contradictory evidence, *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000), and Lahera need only make a prima facie showing of personal jurisdiction. *Theunissen*, 935 F.2d at 1458. However, "in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.*

The district court correctly concluded that it lacked personal jurisdiction over Disney. In order to prove that jurisdiction is proper: "(1) the plaintiff's claims must be based on federal law; (2) no state court could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction must be consistent with the laws of the United States; and (4) the exercise of jurisdiction must be consistent with the Constitution." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000). The district court held that Disney lacked the minimum contacts necessary for the court to exercise jurisdiction over the company.

In deciding that Disney did not purposefully avail itself of Michigan's jurisdiction, the district court found that the company had insufficient contacts with the state. The Due Process Clause requires Disney to have significant minimum contacts with the forum state in order for the assertion of jurisdiction over the company not to offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Three criteria must be met in order to determine whether personal jurisdiction may be exercised over a defendant:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Intera Corp.*, 428 F.3d at 615 (citation and internal quotation marks omitted).

In analyzing Disney's contacts with Michigan, the district court noted that the company does not have an office in Michigan; it is a Delaware Corporation; it has offices in California and New York; it is registered to do business in Delaware, New York, and California; it does not have employees in Michigan; it does not have an agent for service of process in Michigan; it does not maintain a telephone listing in Michigan; and it does not maintain a bank account in Michigan. Lahera has not rebutted the district court's findings that Disney lacked sufficient contacts with Michigan to avail itself of the privilege of acting in the state. Therefore, Lahera has failed to meet his burden of proving jurisdiction. *Neogen Corp.*, 282 F.3d at 887. Because Lahera failed to satisfy

No. 08-2139
- 4 -

the first prong of the personal jurisdiction test, the analysis of the second and third prongs is unnecessary. *See LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303 (6th Cir. 1989). Accordingly, the district court properly dismissed Lahera's complaint against Disney for lack of jurisdiction.

The remaining defendants moved to dismiss Lahera's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). However, in the joint motion to dismiss filed by USA Today; TV Guide; Detroit Free Press, Inc.; Detroit News; and Globe American Media, these defendants attached a letter from the United States Copyright Office stating that the office could not locate Lahera's alleged song entitled "Rosana." The district court relied, in part, on this letter in reaching its decision. Because the district court considered the letter from the copyright office, the district court's judgment must be construed as one granting summary judgment to the remaining defendants. *See Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 603-04 (6th Cir. 2005). Therefore, the district court's judgment is reviewed de novo. *Valentine-Johnson v. Roche*, 386 F.3d 800, 807 (6th Cir. 2004).

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In applying the summary judgment standard, the court must review all materials supplied, including all pleadings, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the evidence is merely colorable or is not significantly probative, then summary judgment may be granted. *Anderson*, 477 U.S. at 249-50.

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific

facts to demonstrate that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. The nonmoving party must do more than show that there is a metaphysical doubt as to the material issue. *See Matsushita*, 475 U.S. at 586. The nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion. *See Anderson*, 477 U.S. at 249-50.

The district court properly dismissed Lahera's copyright infringement allegation. To establish a copyright infringement action, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Hi-Tech Video Prods., Inc. v. Capital Cities/ABC, Inc.*, 58 F.3d 1093, 1095 (6th Cir. 1995). Because direct evidence of copying is rare, a plaintiff may attempt to establish an inference of copying by showing: 1) access to the allegedly-infringed work by the defendant; and 2) a substantial similarity between the two works at issue. *See Robert R. Jones Assocs., Inc. v. Nino Homes*, 858 F.2d 274, 276-77 (6th Cir. 1988); *Wickham v. Knoxville Int'l Energy Exposition, Inc.*, 739 F.2d 1094, 1097 (6th Cir. 1984).

Lahera's allegations fail on both counts. There is no evidence that the defendants heard the song "Rosana" or had a reasonable opportunity to hear the song given that Lahera was incarcerated in a federal prison when he wrote the song and that there is no evidence that the song was publicly released. Further, evidence from the United States Copyright Office establishes that the office was unable to locate the song. Therefore, the defendants could not have discovered the work by searching the records of the copyright office.

In addition, the taking of a single word or phrase from a copyrighted work generally does not violate the rights of the owner of the copyrighted work. *Bird v. Parsons*, 289 F.3d 865, 881 (6th Cir. 2002). Finally, there is no similarity between the two works in question. "Dancing with the Stars" is a television show while "Rosana" is a musical composition. Thus, Lahera has failed to establish a copyright violation. *Robert R. Jones Assocs., Inc.*, 858 F.2d at 276-77; *Wickham*, 739 F.2d at 1097.

No. 08-2139
- 6 -

Lahera's Lanham Act claim also fails. The "Act was intended to make 'actionable the deceptive and misleading use of [trade]marks' and 'to protect persons engaged in . . . commerce against unfair competition.'" *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28 (2003) (quoting 15 U.S.C. § 1127). A musical composition cannot be protected as its own trademark under the Lanham Act. *EMI Catalogue P'ship v. Hill, Holliday, Connors, Cosmopulos, Inc.*, 228 F.3d 56, 64 (2d Cir. 2000). Therefore, Lahera failed to establish a cause of action under the Lanham Act.

Finally, Lahera argues that the district court erred in denying his motion for reconsideration regarding his request for a default judgment against TV Guide. Under Fed. R. Civ. P. 55, a default judgment is available when a party fails to plead or defend against an action. A district court's decision to grant or deny a default judgment is reviewed for an abuse of discretion. *See Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974).

The record shows that the district court granted TV Guide's request for an extension of time to file an answer to Lahera's complaint. Despite the extension, Lahera moved for a default judgment against TV Guide. The motion was denied. Lahera then filed a motion for reconsideration alleging that TV Guide committed perjury and violated Fed. R. Civ. P. 4(c)(2). The court found both allegations to be baseless. Given that Lahera's arguments were without merit, the district court did not err in denying the motion for reconsideration.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

Leonard Green
Clerk

## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Leonard Green<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: July 28, 2009

Mr. Juan Lahera
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505

Re: Case No. 08-2139, *Juan Lahera v. Walt Disney Company, et al*
Originating Case No. : 08-11677

Dear Sir,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Sue Burlage
Case Manager
Direct Dial No. 513-564-7012
Hours: 7:00 a.m. to 1:00 p.m.

cc: Ms. Atleen Kaur
    Mr. Timothy J. Lowe
    Mr. James D. Nguyen
    Mr. A. Michael Palizzi
    Ms. Deborah J. Swedlow
    Mr. David J. Weaver

Enclosure

Mandate to issue