IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.

_____

**THE WALT DISNEY COMPANY'S MOTION TO STAY DISCOVERY
AND FURTHER PRETRIAL PROCEEDINGS PENDING RESOLUTION OF
MOTION TO DISMISS THE AMENDED COMPLAINT OR,
IN THE ALTERNATIVE, FOR SEQUENCED DISCOVERY**
_____

Defendant The Walt Disney Company ("TWDC") hereby moves to stay discovery and further pretrial proceedings pending the resolution of the case-dispositive threshold issues raised by its Motion to Dismiss the Amended Complaint Pursuant to Rules 12(b)(2) and 12(b)(6) (Docket No. 37) (the "Motion to Dismiss") or, in the alternative, for entry of an order establishing three phases of discovery for personal jurisdiction, liability and damages.

## INTRODUCTION

As TWDC explains in its Motion to Dismiss, Plaintiff's claim is barred by the doctrine of collateral estoppel and the Copyright Act's three-year statute of limitations, a failure to plead a viable copyright infringement claim, and a lack of jurisdiction over TWDC in this forum.[1]

---

[1] TWDC moved to dismiss the initial complaint in this action on similar grounds, *see* Docket No. 21, and similarly sought a stay of discovery pending the resolution of that motion. *See* Docket No. 22. In response, Plaintiff filed its Amended Complaint, purporting to cure the defects detailed in the dismissal motion. *See* Docket No. 25. As explained in the Motion to Dismiss, *see* Docket No. 37, it failed to do so. Procedurally, however, Plaintiff's refiling has necessitated both a new motion to dismiss and the instant motion for a stay of discovery. Familiarity with TWDC's previous motions, however, is neither required

Indeed, three separate courts have passed on Plaintiff's allegations and found them wanting, stating variously that allowing Plaintiff to replead its claim "would work a manifest injustice," and that there was a "compelling public interest" in bringing litigation concerning the nearly 15 year old transaction at the heart of Plaintiff's Amended Complaint to a close.  Allowing discovery to proceed in the unique circumstances presented here would needlessly impose costs and burdens on TWDC and third parties.  Accordingly, we respectfully submit that this Court exercise its sound discretion and stay all discovery pending disposition of the Motion to Dismiss.  If the Court is not inclined to do so, TWDC respectfully submits that discovery be divided into three separate phases:  (1) personal jurisdiction (if the Court determines Plaintiff is entitled to such discovery, although it is not); and thereafter, if necessary, (2) copyright ownership; and (3) damages.

**FACTUAL BACKGROUND**

Plaintiff's sole cause of action is premised on the allegation that Stan Lee, former editor and publisher of Marvel Entertainment ("Marvel") and its predecessors, entered into an agreement with Plaintiff's alleged corporate predecessor Stan Lee Entertainment, Inc. (the "1998 Agreement") that Plaintiff alleges conveyed copyright ownership rights in "comic book characters (the 'Characters') that [Lee] had previously created or would create in the future." Amended Complaint ("Am. Compl.") ¶ 4.  Plaintiff's claim appears to encompass rights in such iconic Marvel characters as Iron Man, The X-Men, The Avengers and Spider-Man, all of which were created decades earlier while Lee was a full-time Marvel employee.  *Id.* ¶¶ 1, 4, 9.  If this case proceeds on the merits, TWDC will establish that the 1998 Agreement did not convey the

---

nor presumed in connection with the instant motion or the Motion to Dismiss, which sets forth all salient facts and legal authority necessary to dispose of this action.

2

supposed rights Plaintiff asserts – most prominently because, even if the 1998 Agreement could be construed as implicating the rights to any Marvel character (and it did not), all of them were owned by Marvel, not by Lee, as works made for hire under the governing provisions of copyright law. *See Marvel Worldwide, Inc. v. Kirby*, 777 F. Supp. 2d 720 (S.D.N.Y. 2011) (holding copyrights in The Fantastic Four, The Incredible Hulk, Spider-Man, Iron Man, The X-Men, The Avengers, among other Marvel comic book works, are owned by Marvel as works made for hire). Simply stated, Lee had no rights in Marvel characters of the sort claimed by Plaintiff to convey in the first instance (nor would the record show that Lee purported to do so). Even were it otherwise, under the 1998 Agreement, Lee had the right to terminate and reclaim any copyright conveyances actually made in the event of a material breach. In fact, by letter dated January 30, 2001, he did so. *See* Am. Compl. Ex. A ¶¶ 4(b) & (c); Declaration of Randi W. Singer, dated January 14, 2013 ("Singer Decl.") Ex. B.

Beginning some nine years following execution of the 1998 Agreement (and six years after Lee's revocation of any grants made by him thereby), and continuing over more than five years, Plaintiff and others acting in its name commenced numerous actions, in multiple jurisdictions, seeking to establish its copyright ownership rights in various "Characters" arising out of the 1998 Agreement. Named as defendants in these actions were Marvel Enterprises, LLC, Marvel Entertainment, Inc. and Mr. Lee, among others. As fully recounted both in the Amended Complaint and in TWDC's Motion to Dismiss, *every* reviewing court has rejected this effort; three of these courts went to lengths to criticize Plaintiff and those acting on its behalf for clogging the courts with repeated frivolous claims. Am. Compl. ¶¶ 27-34; *Abadin v. Marvel Entm't, Inc.*, 2010 WL 1257519, at *7 (S.D.N.Y. Mar. 31, 2010) ("*Abadin I*"); *Lee v. Marvel*

3

*Enters.*, 2011 WL 382986, at *2 (S.D.N.Y. Feb. 4, 2011), *aff'd,* 471 F. App'x 14, 17 (2d Cir. 2012); *Stan Lee Media Inc. v. Lee*, 2012 WL 4048871, at *7 (C.D. Cal. Aug. 23, 2012).

Disregarding all of these judicial admonitions, which make plain that its claim against the alleged licensor of rights (Mr. Lee) and the actual owner of them (Marvel) are forever foreclosed, Plaintiff has sought to revive them by suing TWDC because it became Marvel's ultimate parent corporation three years ago. But this unremarkable corporate relationship does not bear on the dispositive issue of whether Plaintiff acquired the rights it contends it owns by reason of the 1998 Agreement. All else aside, TWDC cannot have infringed upon rights that Plaintiff does not own. And that dispositive issue has been definitively addressed and decided against Plaintiff in prior court rulings which collaterally estop Plaintiff from relitigating it here. A further, independent reason that this case warrants dismissal now is that the Court lacks jurisdiction over TWDC – a corporate holding company with no connections with Colorado. *See* Declaration of Marsha L. Reed In Support Of The Walt Disney Company's Motion To Dismiss, dated January 14, 2013 ("Reed Decl.") ¶¶ 2-4; Motion to Dismiss the Amended Complaint at 5-9.

## ARGUMENT

### I. THE COURT SHOULD GRANT A STAY OF DISCOVERY PENDING THE OUTCOME OF TWDC'S MOTION TO DISMISS THE AMENDED COMPLAINT

This Court has broad discretion to stay discovery pending the resolution of TWDC's Motion to Dismiss, which sets forth several independent grounds for dismissing Plaintiff's amended copyright infringement complaint in its entirety. *See, e.g., Namoko v. Milgard Mfg., Inc.*, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007) (citing *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990)); *Babb v. Northrop Grumman Corp.*, 2007 WL 2705530, at *1 (D. Colo. Sept.

4

13, 2007); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). As TWDC lacks sufficient contacts with Colorado to subject it to personal jurisdiction there, and as this action otherwise is patently frivolous in light of the multiple rejections of the precise claims of ownership that Plaintiff is asserting here, TWDC respectfully requests that the Court exercise that discretion to relieve TWDC of the burden of having to go forward with discovery while the Motion to Dismiss is pending.

    A. **The Palpably Frivolous Nature Of This Case Weighs In Favor Of A Stay**

The propriety of a stay is especially compelling in this case, where – as even the Amended Complaint acknowledges – Plaintiff's claims of copyright ownership have been asserted in numerous previous litigations and have been consistently and soundly rejected on both substantive and *res judicata* grounds. *See* Am. Compl. ¶¶ 27-34. The prior reviewing courts have spoken clearly as to the need to "bring this matter to a close." *Abadin I*, 2010 WL 1257519, at *6 n.5. As Judge Crotty wrote in 2010:

> Here, allowing leave to replead would work a manifest injustice. The transaction [underlying SLMI's claims] is now more than a decade old. Plaintiffs have been attempting to initiate the proceeding in this Court now for more than three years; in Colorado Supreme Court for more than half a decade; for three years in the U.S. District Court for the Central District of California; and in a bankruptcy proceeding involving SLMI, which began in February, 2001 and continued to December, 2006. There has also been class action litigation in the Central District of California involving these same parties, as well as a settlement thereof. Moreover, one of the princip[al] instigators of litigation involving SLMI is a convicted felon who manipulated SLMI's stock. Finally, the proposed amended pleading is the fourth such pleading dealing with SLMI's allegations against Marvel and Lee here in the Southern District [of New York]. . . . Given the pleading history . . . , it is now time to call a halt.

*Id.* at *4; *see Lee v. Marvel Enters.*, 2011 WL 382986, at *13; *Stan Lee Media Inc. v. Lee*, 2012 WL 4048871, at *7 (concluding "the public interest in *res judicata* is at its zenith in this case" and there was "a compelling public interest in bringing this matter to a close").

Plaintiff cannot end-run this repeated and emphatic judicial rejection of its claim by the simple expedient of reasserting it against a new defendant – let alone one that is not amenable to suit in this forum. In these circumstances, Plaintiff's insistence that discovery proceed apace while the Court considers the pending Motion to Dismiss is not objectively supportable by any expectation that its case is meritorious; it can be seen instead simply as the latest example of Plaintiff's determination to litigate the same claim over and over again, without regard for its lack of merit, against an entity it regards as a deep pocket. This stratagem should not be rewarded; against the history of Plaintiff's litigation tactics and baseless claims, it is far more appropriate that a stay of discovery be ordered pending disposition of the Motion to Dismiss.

**B. All Relevant Factors Weigh In Favor Of A Stay Pending Resolution Of TWDC's Motion To Dismiss**

When considering whether to issue a stay of discovery pending the resolution of a motion to dismiss, courts evaluate several factors: (1) plaintiff's interest in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the court of staying discovery; (4) the interests of non-parties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *Blixseth v. Cushman & Wakefield of Colo.*, 2012 WL 3962800, at *2 (D. Colo. Sept. 11, 2012). Here, all factors weigh in favor of granting a stay.

6

First, Plaintiff cannot credibly argue that it will suffer prejudice if it is not instantly able to proceed with discovery on a claim arising from an alleged conveyance in 1998 that multiple courts have ruled meritless and undeserving of repeat litigation. Moreover, having demonstrated no urgency in pursuing this claim – indeed, having waited to sue TWDC until some three years following the Marvel acquisition – Plaintiff's claimed need for expeditious discovery rings hollow. Any prejudice to Plaintiff would be entirely of its own making and would not, in any event, be meaningfully increased in the brief time needed for the Court to decide the Motion to Dismiss.

Further, any prejudice to the Plaintiff would be outweighed by the prejudice to TWDC should discovery proceed in the face of an incurably defective complaint. As a threshold matter, TWDC would be severely prejudiced if it were compelled to participate in extensive and costly discovery in a forum where it is not subject to personal jurisdiction. Moreover, as TWDC explains in its Motion to Dismiss the Amended Complaint, Plaintiff has failed even to plead a viable claim against TWDC. *See* Motion to Dismiss at 14-15. It is axiomatic that a plaintiff must first state a legally cognizable cause of action and make a *prima facie* showing of personal jurisdiction; then and only then is it entitled to discovery; as the U.S. Supreme Court has recognized, requiring a plaintiff to plead a plausible cause of action protects litigants from escalating discovery costs in response to meritless litigation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) ("[I]t is only by taking care to require allegations that reach the level suggesting [a cause of action] that

7

we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence to support a . . . claim.").[2]

This Court has previously acknowledged that discovery imposes a particular hardship and burden on a defendant as well as the courts when a motion to dismiss will likely dispose of the entire lawsuit and where the Court's jurisdiction over the defendant is likely improper.  *E.g.*, *Orrick v. Midland Credit Mgmt., Inc.*, 2012 U.S. Dist. LEXIS 108040, at *4 (D. Colo. Aug. 2, 2012) (Tafoya, J.) (granting discovery stay where defendants' motion to dismiss "may be dispositive of the entire case, [and] it would be overly burdensome to require it to participate in discovery until the Motion to Dismiss is decided"); *E.I. Du Pont de Nemours & Co. v. Teflon Blood Inc.*, 2010 U.S. Dist. LEXIS 56508, at *5 (D. Colo. May 13, 2010) (Tafoya, J.) ("Plaintiff's general interest in having its case proceed expeditiously is outweighed by the burden on Defendant of going forward with discovery in a potentially improper jurisdiction"); *Ajjarapu v. AE Biofuels, Inc.*, 2010 U.S. Dist. LEXIS 47089, at *3-7 (D. Colo. Apr. 15, 2010) (Tafoya, J.) (granting motion to stay discovery where defendant had pending motion to dismiss for lack of personal jurisdiction and failure to state a claim); *Maynard v. Colo. Sup. Ct. Office of Attorney Regulation Counsel*, 2010 U.S. Dist. LEXIS 7236, at *7 (D. Colo. Jan. 13, 2010) (Tafoya, J.) (granting discovery stay pending resolution of dispositive motion because it "furthers the ends of economy and efficiency, since if the motion is granted, there will be no need for discovery");

---

[2] Thus, courts have considered whether a claim lacks merit in granting motions to stay discovery.  *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997) (finding it abuse of discretion to allow discovery to proceed without analyzing merit of "dubious" claim because allowing pretrial proceedings to go forward in such cases "does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system"); *Namoko*, 2007 WL 1063564, at *2 (noting some courts considering motion to stay discovery address whether pending motion is "clearly meritorious and truly case dispositive").

*McCarter v. Potter*, 2010 U.S. Dist. LEXIS 8272, at *6 (D. Colo. Jan. 12, 2010) (Tafoya, J.) (granting discovery stay because neither Court's nor parties' time is well served by engaging in discovery when "a dispositive motion involving a threshold time limitation defense is pending"); *Adams v. Wiley*, 2009 U.S. Dist. LEXIS 120185, at *4 (D. Colo. Dec. 2, 2009) (Tafoya, J.) (granting discovery stay where resolution of motions to dismiss "concerning the passage of the statute of limitations and this court's personal jurisdiction over the defendants may be dispositive of the entire case"); *see also LaFleur v. Teen Help*, 342 F.3d 1145, 1152-53 (10th Cir. 2003) (affirming grant of discovery stay pending ruling on motion to dismiss because "if the motion to dismiss were granted, the [discovery] would be unnecessary"); Fed. R. Civ. P. 26(c) (order staying discovery is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

TWDC would incur significant expenses and burdens were it required to conduct discovery at this juncture of the case. Such burdens would include technical and legal fees in connection with the collection, review and production of documents; expert fees; and legal fees incurred in preparation for, taking and defending depositions, and preparing and responding to interrogatories, not to mention the possibility of discovery-related motion practice.[3]  This prejudice would only be amplified in this case, where third-party discovery would almost certainly be required, particularly since the 1998 Agreement was executed between third parties and TWDC itself had no part in any of the conduct Plaintiff now alleges to be infringing.  *See* Reed Decl. ¶¶ 9-13.  A stay will thus ensure that substantial resources are not expended

---

[3] TWDC's proposed alternative of phased discovery plan, discussed in Point II *infra* – wherein discovery on dispositive issues of jurisdiction and copyright ownership would proceed before complex and expensive discovery on damages would go forward – might serve to mitigate some of these expenses, but would not eliminate them in their entirety.

9

prematurely or unnecessarily by the parties or third parties, and will do so without prejudicing Plaintiff in any way.  A stay also would serve the interests of this Court and the public in "[a]voiding wasteful efforts" to further "efficient and just resolution" of this and other actions.  *See Blixseth*, 2012 WL 3962800, at *3; *see also Chavous v. Dist. of Columbia Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.").

Accordingly, this Court should exercise its broad discretion to issue a stay of discovery pending the resolution of TWDC's Motion to Dismiss.

## II. IN THE ALTERNATIVE, DISCOVERY IN THIS ACTION SHOULD BE DIVIDED INTO THREE PHASES SO THAT DISPOSITIVE ISSUES OF JURISDICTION AND COPYRIGHT OWNERSHIP MAY BE DETERMINED

If the Court is not inclined to grant a stay of discovery in its entirety, it should enter an order establishing three separate phases of discovery to permit the resolution of certain case-dispositive issues without imposing more intrusive and burdensome discovery that may prove unwarranted.  TWDC thus respectfully requests that, if discovery is to go forward at this time, it be limited initially to the question of whether TWDC is subject to personal jurisdiction in this forum.  Although TWDC maintains that no jurisdictional discovery is necessary or warranted here,[4] completing it in advance of merits discovery would be a far more efficient use of the Court's and the parties' resources given the dispositive nature of the jurisdiction issue should TWDC prevail on it.  If the Court should determine that TWDC is subject to personal

---

[4] Indeed, in light of the numerous other fatal infirmities in the Amended Complaint, there would be no harm in denying jurisdictional discovery because "there is a very low probability that the lack of [jurisdictional] discovery [will] affect[] the outcome of this case."  *Grynberg v. Ivanhoe Energy, Inc.*, No. 10-1361, 2012 U.S. App. LEXIS 14254, at *45-47 (10th Cir. July 12, 2012) (quoting *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1299 (10th Cir. 2004)).

10

jurisdiction in this forum (and that all other bases for TWDC's Motion to Dismiss are insufficient to warrant dismissal of the Amended Complaint), TWDC proposes that then and only then should discovery proceed on the merits of Plaintiff's claim and TWDC's substantive defenses. Finally, if and only if liability is found should a third and final phase of discovery commence relating to Plaintiff's asserted damages arising from such claimed infringement.

This Court has "discretion to tailor discovery to the circumstance of the case at hand." *Sloan v. Amerstar Casinos, Inc.*, 2012 WL 4668237, at *2 (D. Colo. Oct. 3, 2012) (Tafoya, J.). Separate phases of discovery are warranted when it is "appropriate in the interest of economy and to expedite the trial." *Ecrix Corp. v. Exabyte Corp.*, 191 F.R.D. 611, 614 (D. Colo. 2000).[5] Here, there are compelling reasons for the dispositive issues of personal jurisdiction and liability (including the core issue of whether Plaintiff in fact owns any of the copyright rights alleged in the Amended Complaint) to be resolved before any discovery is held on damages. Resolving either in TWDC's favor would end the litigation without need for further discovery, including, in relation to damages, the need to engage in protracted and expensive discovery regarding TWDC's alleged profits as the result of the allegedly infringing works, which would likely involve experts for both parties. Separate discovery phases relating to jurisdiction, followed by liability and then damages, if necessary, would therefore be the most efficient use of resources in this case, and would result in no prejudice whatsoever to the Plaintiff.

---

[5] *See also* Fed. R. Civ. P. 42(b) (permitting separate trials in the interest of "convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims"); *D.R. Horton, Inc. v. Travelers Indem. Co. of Am.*, 2012 WL 5363370, at *19 (D. Colo. Oct. 31, 2012) (Martinez, J.) (finding "sound justification exists" for separate trials where second phase of trial against third-party defendants would only occur if defendants were found liable to plaintiffs in first phase); *Cartinelle v. Napolitano*, 2011 WL 1135010, at *1 (D. Colo. Mar. 29, 2011) (Martinez, J.) (granting motion for separate trials where the claims are "clearly separable").

## CONCLUSION

For all these reasons, the Court should exercise its broad discretion to control the scope and timing of discovery pursuant to Rule 26(c) by staying all discovery and pretrial proceedings until TWDC's Motion to Dismiss the Amended Complaint has been decided, or in the alternative, to enter an order establishing three phases of discovery as proposed.

### D.C.COLO.LCivR 7.1(A) CERTIFICATION

Undersigned counsel for Defendant The Walt Disney Company certify that they conferred by email with counsel for Plaintiff Stan Lee Media, Inc. in an effort to resolve the dispute raised by this motion, and that counsel for Plaintiff advised that they would not consent to the relief requested herein.

DATED this 16th day of January, 2013.   Respectfully submitted,

/s/ James W. Quinn

James W. Quinn
R. Bruce Rich
Randi W. Singer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
james.quinn@weil.com
bruce.rich@weil.com
randi.singer@weil.com

Frederick J. Baumann
Holly C. Ludwig
ROTHGERBER JOHNSON & LYONS LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202-5855
Tel: (303) 623-9000
fbaumann@rothgerber.com
hludwig@rothgerber.com

*Counsel for The Walt Disney Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2013, I filed electronically the foregoing **THE WALT DISNEY COMPANY'S MOTION TO STAY DISCOVERY AND FURTHER PRETRIAL PROCEEDINGS PENDING RESOLUTION OF MOTION TO DISMISS THE AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR SEQUENCED DISCOVERY** with the Clerk of Court, using the CM/ECF system, which caused automatic electronic notification of such filing upon the following:

John V. McDermott
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 223-1100
E-mail: jmcdermott@bhfs.com

Robert S. Chapman
Jon-Jamison Hill
EISNER, KAHAN & GORRY
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California 90212
Telephone: (310) 855-3200
Email: rchapman@eisnerlaw.com
       jhill@eisnerlaw.com


                                               */s/  Holly C. Ludwig*