IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.

---

**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND EXHIBITS SUBMITTED BY DISNEY IN SUPPORT OF DISNEY'S MOTION TO DISMISS**

---

    Plaintiff Stan Lee Media, Inc. ("SLMI") hereby objects to the Declaration of Marsha L. Reed (the "Reed Declaration"), the Declaration of Randi W. Singer (the "Singer Declaration") and Exhibits A through F thereto submitted by The Walt Disney Company ("Disney") in support of Disney's Motion to Dismiss the Amended Complaint. SLMI requests that the Court rule on its objections, strike the inadmissible portions of the Reed Declaration, strike the Singer Declaration in its entirety, and disregard Exhibits A through F.

### OBJECTIONS TO REED DECLARATION

**Objection No. 1**

**Paragraph 2, lines 5-6:** "[Disney] conducts no business activities other than those of a public holding company."

**Grounds for Objection No. 1:** **Lacks Foundation** (FRE 701); **Irrelevant** (FRE 402); **Improper Legal Conclusion; Speculation.**

1

The above statement by Ms. Reed is a conclusory assertion of ultimate fact. "Such statements, although presented in the form of factual declarations, are in substance legal conclusions." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1215 (11th Cir. 1999); *see also Easy Street Corp. v. Parmigiani Fleurier SA,* 2007 WL 781565, *4 (D.Colo. Mar 13, 2007). Ms. Reed's conclusory assertion has no probative value and is insufficient to shift the burden of producing evidence supporting jurisdiction. *Posner,* 178 F.3d at 1215.

**Objection No. 2**

**Paragraph 4, lines 1-3:** "[Disney] has no presence in, and no connections with, Colorado. [Disney] has not conducted, and does not currently conduct, any business in Colorado…[and] has no…agents in Colorado."

**Grounds for Objection No. 2:  Lacks Foundation** (FRE 701); **Irrelevant** (FRE 402); **Improper Legal Conclusion; Speculation.**

The above statements by Ms. Reed are conclusory assertions of ultimate fact. "Such statements, although presented in the form of factual declarations, are in substance legal conclusions." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1215 (11th Cir. 1999); *see also Easy Street Corp. v. Parmigiani Fleurier SA,* 2007 WL 781565, *4 (D.Colo. Mar 13, 2007). Ms. Reed's conclusory assertion has no probative value and is insufficient to shift the burden of producing evidence supporting jurisdiction. *Posner,* 178 F.3d at 1215.

2

**Objection No. 3**

**Paragraph 7, lines 6-7:** "None of these companies…act as an agent for [Disney]."

**Grounds for Objection No. 3: Lacks Foundation** (FRE 701); **Irrelevant** (FRE 402); **Improper Legal Conclusion; Speculation.**

The above statement by Ms. Reed is a conclusory assertion of ultimate fact. "Such statements, although presented in the form of factual declarations, are in substance legal conclusions." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1215 (11th Cir. 1999); *see also Easy Street Corp. v. Parmigiani Fleurier SA,* 2007 WL 781565, *4 (D.Colo. Mar 13, 2007). Ms. Reed's conclusory assertion has no probative value and is insufficient to shift the burden of producing evidence supporting jurisdiction. *Posner,* 178 F.3d at 1215.

**Objection No. 4**

**Paragraph 8, lines 7-8:** "None of these companies…act as an agent for [Disney]."

**Grounds for Objection No. 4: Lacks Foundation** (FRE 701); **Irrelevant** (FRE 402); **Improper Legal Conclusion; Speculation.**

The above statement by Ms. Reed is a conclusory assertion of ultimate fact. "Such statements, although presented in the form of factual declarations, are in substance legal conclusions." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1215 (11th Cir. 1999); *see also Easy Street Corp. v. Parmigiani Fleurier SA,* 2007 WL 781565, *4 (D.Colo. Mar 13, 2007). Ms. Reed's conclusory assertion has no probative value and is insufficient to shift the burden of producing evidence supporting jurisdiction. *Posner,* 178 F.3d at 1215.

**Objection No. 5**

**Paragraph 9, lines 1-2:** "[Disney] does not…distribute any motion pictures or other productions featuring any Marvel character or property in Colorado or elsewhere."

**Grounds for Objection No. 5: No Personal Knowledge/Lacks Foundation** (FRE 602, FRE 701); **Speculation.**

Ms. Reed does not have personal knowledge regarding Disney's distribution or licensing operations concerning the infringing motion pictures in this case featuring Marvel characters and/or property. In paragraphs 11 and 12 of her Declaration, Ms. Reed admits that she (a) lacks personal knowledge of which entity distributes movies featuring Marvel characters and (b) lacks personal knowledge of which entity licenses those movies. She says she <u>believes</u> some entity related to Fox or Sony is involved and <u>believes</u> that Marvel is involved. Reed Decl., ¶¶ 11-12; Evid. Objs., Nos. 6-7, *infra*. Marvel is a wholly-owned subsidiary of Disney. *See* Reed Decl., ¶ 6. Ms. Reed's testimony demonstrates that she does not have personal knowledge regarding Disney's motion picture licensing and distribution operations or the licensing and distribution operations of its subsidiaries. Furthermore, Ms. Reed's conclusory statement lacks foundation.

**Objection No. 6**

**Paragraph 11, in its entirety.**

**Grounds for Objection No. 6: No Personal Knowledge/Lacks Foundation** (FRE 602, FRE 701); **Speculation.**

4

Ms. Reed does not claim to have personal knowledge regarding the matters testified to in paragraph 11, but rather avers these facts "upon information and belief."  Furthermore, the entirety of paragraph 11 lacks foundation.

**Objection No. 7**

**Paragraph 12, in its entirety.**

**Grounds for Objection No. 7:  No Personal Knowledge/Lacks Foundation** (FRE 602, FRE 701); **Speculation.**

Ms. Reed does not claim to have personal knowledge regarding the matters testified to in paragraph 12, but rather avers these facts "upon information and belief."  Furthermore, the entirety of paragraph 12 lacks foundation.

**Objection No. 8**

**Paragraph 13, in its entirety.**

**Grounds for Objection No. 8:  No Personal Knowledge/Lacks Foundation** (FRE 602, FRE 701); **Speculation.**

Ms. Reed does not claim to have personal knowledge regarding the matters testified to in paragraph 13, but rather avers these facts "upon information and belief."  Furthermore, the entirety of paragraph 13 lacks foundation.

## OBJECTION TO SINGER DECLARATION

**Objection No. 9**

**The Singer Declaration, in its entirety.**

**Grounds for Objection No. 9:**  **No Personal Knowledge/Lacks Foundation** (FRE 602, FRE 701).

Ms. Singer does not claim to have personal knowledge regarding any of the matters testified to in her Declaration.  Furthermore, the Singer Declaration lacks foundation because Ms. Singer was not (and does not claim to have been) a party to, or involved with, any of the transactions described therein.

## OBJECTIONS TO EXHIBITS A-F TO SINGER DECLARATION

**Objection No. 10**

**Exhibit A, in its entirety.**

**Grounds for Objection No. 10:**  **Unauthenticated Writing** (FRE 901); **No Personal Knowledge/Lacks Foundation** (FRE 602, FRE 701); **Irrelevant** (FRE 402); **Hearsay** (FRE 802).

Exhibit A is purported to be an Employment Agreement between Lee and Marvel dated November 1, 1998.  Disney has failed to authenticate the writing.  Ms. Singer does not claim to have personal knowledge regarding any of the matters testified to in her Declaration, including whether Exhibit A is what it is claimed to be.  Furthermore, the exhibit lacks foundation.  Ms. Singer was not (and does not claim to have been) a party to, or involved with the negotiation and/or execution of, the purported Employment Agreement attached as Exhibit A.

In addition, the agreement is irrelevant. The issues on this motion are whether Disney is subject to jurisdiction in Colorado, the applicability of the statute of limitations for copyright infringement within the last three years, and the preclusive effect, if any, of the Southern District of New York's decision in *Abadin v. Marvel*, 2010 WL 1257519 (S.D.N.Y. Mar. 31, 2010) ("*Abadin I*"). The terms of the purported Employment Agreement attached as Exhibit A have no bearing on these issues. Moreover, Disney seeks to introduce the terms of the agreement for the purpose of proving the truth of the matters asserted. Accordingly, in addition to being completely irrelevant, it is inadmissible hearsay.

**Objection No. 11**

**Exhibit B, in its entirety.**

**Grounds for Objection No. 11:** **Unauthenticated Writing** (FRE 901); **No Personal Knowledge/ Lacks Foundation** (FRE 602, FRE 701); **Irrelevant** (FRE 402); **Hearsay** (FRE 802).

Exhibit B is purported to be a letter from Arthur Lieberman to SLMI dated January 30, 2001 regarding Stan Lee's supposed termination of the 1998 Agreement. Disney has failed to authenticate the writing. Ms. Singer does not claim to have personal knowledge regarding any of the matters testified to in her Declaration, including whether Exhibit B is what it is claimed to be. Furthermore, the exhibit lacks foundation. Ms. Singer was not (and does not claim to have been) a party to, or involved with the drafting of, the purported letter from Arthur Lieberman to SLMI attached as Exhibit B.

In addition, the letter is irrelevant. The issues on this motion are whether Disney is subject to jurisdiction in Colorado, the applicability of the statute of limitations for copyright infringement within the last three years, and the preclusive effect, if any, of the Southern District of New York's decision in *Abadin v. Marvel*, 2010 WL 1257519 (S.D.N.Y. Mar. 31, 2010) ("*Abadin I*"). The purported letter from Arthur Lieberman to SLMI attached as Exhibit B has no bearing on these issues. Moreover, Disney seeks to introduce the terms of the letter for the purpose of proving the truth of the matters asserted. Accordingly, in addition to being completely irrelevant, it is inadmissible hearsay.

**Objection No. 12**

**Exhibit C, in its entirety.**

**Grounds for Objection No. 12:** **Unauthenticated Writing** (FRE 901); **No Personal Knowledge/Lacks Foundation** (FRE 602, FRE 701); **Irrelevant** (FRE 402).

Exhibit C is purported to be a Shareholder's Derivative Complaint filed on April 3, 2009 in the action *Abadin v. Lee*, CV 09-2340-SVW-PJW (C.D. Cal.) ("*Abadin II*"). Disney has failed to authenticate the writing. Ms. Singer does not claim to have personal knowledge regarding any of the matters testified to in her Declaration, including whether Exhibit C is what it is claimed to be. Furthermore, the exhibit lacks foundation. Ms. Singer was not (and does not claim to have been) a party to, or involved with the drafting of, the purported Shareholder's Derivative Complaint attached as Exhibit C.

In addition, the Shareholder's Derivative Complaint is irrelevant. The issues on this motion are whether Disney is subject to jurisdiction in Colorado, the applicability of the statute

8

of limitations for copyright infringement within the last three years, and the preclusive effect, if any, of the Southern District of New York's decision in *Abadin v. Marvel*, 2010 WL 1257519 (S.D.N.Y. Mar. 31, 2010) ("*Abadin I*"). The purported Shareholder's Derivative Complaint attached as Exhibit C has no bearing on these issues.

**Objection No. 13**

**Exhibit D, in its entirety.**

**Grounds for Objection No. 13:** **Unauthenticated Writing** (FRE 901); **No Personal Knowledge/Lacks Foundation** (FRE 602, FRE 701); **Irrelevant** (FRE 402).

Exhibit D is purported to be an Order re Request for Stay of Current Action, dated September 13, 2009, that was filed in the action *Abadin v. Lee*, CV 09-2340-SVW-PJW (C.D. Cal.) ("*Abadin II*"). Disney has failed to authenticate the writing. Ms. Singer does not claim to have personal knowledge regarding any of the matters testified to in her Declaration, including whether Exhibit D is what it is claimed to be. Furthermore, the exhibit lacks foundation. Ms. Singer was not (and does not claim to have been) a party to, or involved in the litigation underlying, the purported Order attached as Exhibit D.

In addition, the Order is irrelevant. The issues on this motion are whether Disney is subject to jurisdiction in Colorado, the applicability of the statute of limitations for copyright infringement within the last three years, and the preclusive effect, if any, of the Southern District of New York's decision in *Abadin v. Marvel*, 2010 WL 1257519 (S.D.N.Y. Mar. 31, 2010) ("*Abadin I*"). The purported Order attached as Exhibit D has no bearing on these issues.

9

**Objection No. 14**

**Exhibit E, in its entirety.**

**Grounds for Objection No. 14:  Unauthenticated Writing** (FRE 901); **No Personal Knowledge/Lacks Foundation** (FRE 602, FRE 701); **Irrelevant** (FRE 402).

Exhibit E is purported to be an In Chambers Order re Stay of the Case, dated May 4, 2011, that was filed in *Stan Lee Media v. Lee.*  Disney has failed to authenticate the writing.  Ms. Singer does not claim to have personal knowledge regarding any of the matters testified to in her Declaration, including whether Exhibit E is what it is claimed to be.  Furthermore, the exhibit lacks foundation.  Ms. Singer was not (and does not claim to have been) a party to, or involved in the litigation underlying, the purported Order attached as Exhibit E.

In addition, the Order is irrelevant. The issues on this motion are whether Disney is subject to jurisdiction in Colorado, the applicability of the statute of limitations for copyright infringement within the last three years, and the preclusive effect, if any, of the Southern District of New York's decision in *Abadin v. Marvel*, 2010 WL 1257519 (S.D.N.Y. Mar. 31, 2010) ("*Abadin I*").  The purported Order attached as Exhibit E has no bearing on these issues.

**Objection No. 15**

**Exhibit F, in its entirety.**

**Grounds for Objection No. 15:  Unauthenticated Writing** (FRE 901); **No Personal Knowledge/Lacks Foundation** (FRE 602, FRE 701); **Irrelevant** (FRE 402).

Exhibit F is purported to be an Order of the United States Court of Appeals for Sixth Circuit in the action *Lahera v. The Walt Disney Company*, No. 08-2139 (6th Cir.), filed on July

10

28, 2009.  Disney has failed to authenticate the writing.  Ms. Singer does not claim to have personal knowledge regarding any of the matters testified to in her Declaration, including whether Exhibit F is what it is claimed to be.  Furthermore, the exhibit lacks foundation.  Ms. Singer was not (and does not claim to have been) a party to, or involved in the litigation underlying, the purported Order attached as Exhibit F.

In addition, the Order is irrelevant.  The issues on this motion are whether Disney is subject to jurisdiction in Colorado, the applicability of the statute of limitations for copyright infringement within the last three years, and the preclusive effect, if any, of the Southern District of New York's decision in *Abadin v. Marvel*, 2010 WL 1257519 (S.D.N.Y. Mar. 31, 2010) ("*Abadin I*").  The purported Order attached as Exhibit F has no bearing on these issues.

Dated this 7th day of February, 2013.

*s/ Robert S. Chapman*
Robert S. Chapman
Jon-Jamison Hill
James R. Molen
EISNER KAHAN GORRY CHAPMAN ROSS & JAFFE, P.C.
9601 Wilshire Boulevard , Suite 700
Beverly Hills, California  90212
Phone:  310.855.3200
Email: rchapman@eisnerlaw.com

John V. McDermott, #5384
Mark T. Barnes, #23091
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado  80202
Phone:  303.223.1100
Email: jmcdermott@bhfs.com
**Attorneys for Plaintiff Stan Lee Media, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of February, 2013, I electronically filed the foregoing **PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATIONS AND EXHIBITS SUBMITTED BY DISNEY IN SUPPORT OF DISNEY'S MOTION TO DISMISS** with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Frederick J. Baumann
Holly C. Ludwig
ROTHGERBER JOHNSON & LYONS LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202-5855
Tel: (303) 623-9000
Fax: (303) 623-9222
fbaumann@rothgerber.com
hludwig@rothgerber.com

James W. Quinn
R. Bruce Rich
Randi W. Singer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
james.quinn@weil.com
bruce.rich@weil.com
randi.singer@weil.com

      *s/Penny G. Lalonde*
Penny G. Lalonde, Paralegal