IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

       Plaintiff,

v.

THE WALT DISNEY COMPANY,

       Defendant.

**STAN LEE MEDIA, INC.'S OPPOSITION TO
THE WALT DISNEY COMPANY'S MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SEQUENCED DISCOVERY**

## INTRODUCTION

The Walt Disney Company's ("Disney") Motion To Stay Discovery is predicated on Disney's assertion that the Court will grant Disney's Motion To Dismiss, and therefore, Disney should not be forced to proceed with costly discovery in the interim. Disney's faith in its own arguments is admirable, but the fact is that a pending motion to dismiss is not grounds for a discovery stay. See Fancher v. Bank of America, N.A., 12-cv-00340-MSK-KMT, 2012 WL 5187794, *1 (D. Colo. Oct. 19, 2012) ("stays of the normal proceedings of a court matter should be the exception rather than the rule" and "stays of all discovery are generally disfavored in this District"). That is especially true here, since the binding facts now presented to the Court in opposition to Disney's Motion To Dismiss are that Disney does business in Colorado and is subject to the Court's jurisdiction, there is no collateral estoppel that bars Stan Lee Media, Inc.'s ("SLMI") claims and SLMI is the copyright owner of the underlying property.

Disney's moving papers also fail to establish any of the five factors the Court is required to consider and find in Disney's favor before issuing a broad stay of all discovery. Disney's Motion:

(1) ignores the prejudice that the requested discovery stay would have on SLMI, which includes preventing SLMI from deposing at least one elderly witness and barring SLMI from taking jurisdictional discovery if Disney continues to raise jurisdictional issues;

(2) overstates the supposed burden on Disney, given the size and global reach of the company, and fails to offer any specifics about the claimed burden;

(3) misinterprets the effect a stay would have on the Court, including the long term impact that staying all pretrial proceedings will have on the Court's management of this case and its docket in general;

(4) fails to address the impact the proposed stay may have on nonparty witnesses; and

(5) ignores the strong public interest of prompt and efficient handling of all litigation.

Disney has not, and cannot demonstrate that it meets a single factor, let alone all factors, necessary for the imposition of a discovery stay.

As an alternative to a stay, Disney asks the Court to trifurcate the case, use multiple juries and sequence discovery to track a series of substantive rulings and trials on discreet issues. Disney's request that the Court impanel a jury and hold a "liability" trial before the parties even commence a separate damages-related discovery phase, and then impanel another jury for a damages trial, is illogical and totally ignores judicial efficiency, convenience of witnesses and the burden on jurors. Not surprisingly, Disney cites no case that directs the Court to structure trial and sequence discovery in this manner. Disney's proposal is also impractical, in that there

is substantial overlap in the facts underlying Disney's three proposed phases (jurisdiction, liability and damages) and no bright line to delineate which factual issues fall within each phase. While Disney's sequencing proposal would succeed in giving Disney a shield to hide behind in discovery proceedings, the attendant burden on the Court and witnesses is manifest.

For these reasons, SLMI respectfully asks the Court to deny Disney's Motion To Stay Discovery in its entirety.

## BACKGROUND

Disney has been infringing SLMI's copyrights over the past three years by using a number of famous SLMI-owned characters in blockbuster films (*e.g.* "Iron Man 2," "The Avengers"), in printed materials and in merchandise. [See generally Amended Complaint For Copyright Infringement ("FAC"), Dkt. No. 25]. SLMI filed this copyright infringement action against Disney on October 9, 2012. SLMI's claim solely involves infringing conduct which took place within three years of the filing of the complaint. [FAC, Dkt. No. 25, ¶37]. None of the infringing acts that underlie the FAC have been previously litigated. One of the infringing films, "The Avengers," was distributed in Colorado by Disney. [FAC, Dkt. No. 25, ¶37].

## LEGAL ARGUMENT

### I. THE COLLATERAL ESTOPPEL ARGUMENT DISNEY MAKES IN ITS MOTION TO DISMISS IS LEGALLY AND FACTUALLY MERITLESS.

Disney's Motion is predicated solely on the fact that Disney filed a Motion To Dismiss. Disney argues that its Motion To Dismiss demonstrates that SLMI's claims are "palpably frivolous," and that allowing SLMI to proceed with any discovery in this matter would needlessly burden Disney. Although Disney's Motion To Dismiss is predicated on a number of

grounds, the Motion To Stay focuses on a single legal issue.[1]  Disney argues that prior rulings in other cases bar SLMI from proceeding with its copyright infringement claim against Disney.  Disney is wrong.

Before addressing the merits of Disney's contention, it is necessary to understand the scope of Disney's argument.  The Motion To Stay references "numerous previous litigations."[2] [Mot., at 5].  Disney's argument, however, hinges on a single order from a single case.  Disney relies on a March 2010 order entered in Abadin v. Marvel Entm't, Inc. ("Abadin I") to support its argument that SLMI cannot proceed with its copyright infringement claim against Disney. [Mot., at 5].  Disney does not analyze the effect of any other prior action in either its Motion To Dismiss or the instant Motion To Stay.

In making its argument, Disney cites only to a portion of the court's ruling.  Tellingly, Disney does not submit the underlying pleadings from that case for this Court's review, which would give the Court an understanding of the claims that were actually at issue.  This is because, as Disney knows, even a cursory review of those documents reveals that the issues raised (let alone decided) in that case are completely disparate from the issues presented here.

---

[1]  Disney's reference to its "works made for hire" defense, found in the Motion To Stay's "Factual Background" section, is puzzling.  This is a factual defense that Disney does not discuss or offer any support for in the Motion To Dismiss.  It therefore has no bearing on the stay motion, and Disney offers no evidence to support that defense.  Disney's citation to Marvel Worldwide, Inc. v. Kirby, which Disney uses to imply that Lee's works have already been found to be works for hire, is surprising given the limited holding of that case.  As the Kirby court explained, "the case is not about whether Jack Kirby or Stan Lee is the real 'creator' of Marvel characters," and the case is limited to the question of "whether Kirby's work qualifies as work-for-hire."  Kirby, 777 F. Supp. 2d 720, 725 (S.D.N.Y. 2011) (emphasis added).  Kirby has no bearing on the issue of whether Lee's creation of the characters at issue here were works for hire.  Disney's counsel in this matter also handled Kirby, so the citation to Kirby is doubly surprising.

[2]  SLMI has been candid about these lawsuits.  Both the Complaint and the FAC reference the prior lawsuits and explain why they have no bearing on SLMI's current infringement claim against Disney.

Abadin I was an unauthorized derivative action by two purported shareholders of SLMI against Stan Lee and Marvel[3] regarding Lee's contractual duties under the 1998 Agreement. [Chapman Decl., Ex. 1 (Abadin I Am. Compl.), ¶1]. The only copyright claim in that action was *against Lee* over works created *after* 1998. [Id., ¶¶ 91-104]. In particular, the Abadin I plaintiffs alleged that Lee wrongfully filed an assignment with the Copyright Office for three characters: the Drifter, the Accuser and Stan's Evil Clone. [Id., ¶ 94]. They argued that these filings were done by Lee in contravention of his duties under the parties' agreement. [Id., ¶¶ 91-104, 129-132]. The Abadin I plaintiffs' only claims against Marvel arose out of Marvel's alleged interference with Lee's contract and use of Lee's name and likeness.[4] [Id. ¶¶ 105-121, 133-139, 157-174].

Judge Crotty held that the Abadin I plaintiffs' copyright claim was barred by the four-year statute of limitations for breach of contract under California law. See Abadin I, 2010 WL 1257519, *6. Nowhere does the court mention the Copyright Act's three-year limitations period, because, as the court recognized, the gravamen of plaintiffs' claims against Lee was breach of contract. In stark contrast, SLMI's copyright claim is against Disney, a third party, for infringing its copyrights in characters created prior to 1998.

The issues raised in this suit are completely different from the issues decided in Abadin I. The controlling facts and applicable legal rules are not the same, and Disney' cries of collateral estoppel fail. Disney's arguments concerning its Motion To Dismiss have no factual or legal

---

[3] Although Disney does not analyze why any of the prior actions apply to Disney, since Disney was not a party, one can assume Disney bases its arguments on the fact that Disney acquired Marvel three years ago. [Mot., at 3].

[4] The "open and notorious" conduct of Marvel discussed by the court at footnote 5 refers to Marvel's acts of interference; it does not refer to claims of infringement as Disney implies. See Abadin I, 2010 WL 1257519, *6, n.5.

merit, and because this specific argument underpins the entirety of Disney's Motion To Stay, that motion, too, fails.

## II. DISNEY CANNOT DEMONSTRATE THAT IT IS ENTITLED TO A STAY OF DISCOVERY PENDING A RULING ON THE MOTION TO DISMISS.

The Federal Rules of Civil Procedure do not expressly provide for a stay of discovery proceedings. While courts may issue orders to protect a party from oppression, or undue burden or expense under Fed. R. Civ. P. 26(a), stays of all discovery are strongly disfavored. See String Cheese Incident, LLC v. Stylus Shows, Inc., 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006); see also Bustos v. United States, 257 F.R.D. 617, 623 (D. Colo. 2009). Disney, as the moving party, must make a strong showing of necessity of the discovery stay and/or other pretrial proceedings for the Court to entertain the request. See Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc., 713 F.2d 1477, 1484 (10th Cir. 1983) ("Where a movant seeks relief that would delay court proceedings . . . he must make a strong showing of necessity because the relief would severely affect the rights of others.").

The following factors are relevant when determining whether to implement a stay of discovery: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. See String Cheese Incident, LLC, 2006 WL 894955, at *2. While Disney mentions these factors in passing, it offers the Court no concrete facts to demonstrate that it meets even one of them. As discussed below, Disney in fact does not meet any of the factors necessary to support its request for a blanket stay of discovery and continuance of all pretrial proceedings.

6

A. **SLMI Will Be Prejudiced By The Broad Discovery Stay Disney Seeks.**

Disney claims that a discovery stay will not prejudice SLMI, because the claims arise from a "conveyance in 1998" and SLMI waited to sue Disney "until some three years following the Marvel acquisition." [Mot., at 7]. Disney's argument has no relation to SLMI's actual copyright infringement claim.

SLMI expressly aims its claims at Disney's infringing conduct that occurred over the course of the past three years, and seeks equitable relief to prevent further infringement. [See FAC, Dkt. No. 25, at 10-12 (¶¶36-45)]. Indeed, one of Disney's biggest acts of infringement, the production and release of the film "The Avengers," took place only months before SLMI filed this lawsuit. Disney continues its infringing activities,[5] making expedient resolution of these claims of paramount importance.

1. **There Are Age And Health Concerns For At Least One Witness.**

Disney's Motion To Stay indicates that Disney will raise a "work for hire" defense and argue that Stan Lee never owned the copyrights at issue in this case. [Mot., at 3]. Mr. Lee, who created the various characters at issue here, will be a central witness. Mr. Lee is now 90 years old. Also, SLMI is informed that Mr. Lee has health concerns. For example, in a news release and public statement, Mr. Lee acknowledged that he had a pacemaker implanted in September 2012.[6] An indefinite, blanket stay on discovery could prevent SLMI from deposing Mr. Lee while he is in a condition to give testimony.

---

[5] During the NFL Super Bowl, Disney aired advertisements for its upcoming release of "Iron Man 3," a film which will infringe on SLMI's copyrights, as the character Iron Man is at issue in this lawsuit.

[6] Mr. Lee's September 28, 2012 news release and statement can be found on his internet website at: http://www.powentertainment.com/stanleemessage.html. Other sources reported that Mr. Lee recently cancelled planned appearances at comic book conventions in Arizona and Florida:

### 2.     Disney Has Challenged Jurisdiction, And SLMI Has Requested, And Is Entitled To Conduct, Jurisdictional Discovery.

Although not raised as a basis for the Motion To Stay, Disney's Motion To Dismiss challenges the Court's jurisdiction.  "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."  <u>Sizova v. Nat'l Inst. Of Standards & Tech</u>, 282 F.3d 1320, 1326 (10th Cir. 2002).  "A refusal to grant discovery constitutes an abuse of discretion if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary."  <u>Health Grades, Inc. v. Decatur Mem'l Hosp.</u>, 190 Fed. Appx. 586, 589 (10th Cir. 2006) (overturning as abuse of discretion the trial court's denial of jurisdictional discovery); <u>see also</u> <u>Sivoza</u>, 282 F. 3d at 1326.

SLMI's opposition to the Motion To Dismiss asks for, among other things, leave to conduct jurisdictional discovery.  [Opp. To Mot. To Dismiss, Dkt. No. 42, at 9, fn.4].  Disney's broad demand that *all* discovery be barred would foreclose SLMI's right to conduct jurisdictional discovery to address a jurisdictional challenge Disney raised.  For that reason, the Motion To Stay severely prejudices SLMI and should be denied.

### B.     Disney Has Not Demonstrated A Clear Case Of Hardship Or Burden On Disney That Would Merit A Blanket Discovery Stay.

Disney has a high hurdle to demonstrate that it will be unfairly burdened if forced to engage in discovery at this time.  "When applying for a stay, a party must demonstrate 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party."  <u>Ben Ezra Weinstein & Co. v. America Online Inc.</u>, 206 F.3d 980, 987 (10th Cir. 2000) (citations omitted).  To meet its burden, Disney must demonstrate that it will suffer "undue

---

http://comicbook.com/blog/2013/01/24/stan-lee-cancels-amazing-arizona-comic-convention-appearance/ and http://www.digitalspy.com/comics/news/a455732/stan-lee-bows-out-of-floridas-megacon-2013.html.

burden in proceeding with the case, other than the ordinary burdens associated with defending a case." Sanaah v. Howell, 08-cv-02117-REB-KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009) (denying a similar motion to stay discovery). Disney must do so by offering specific details about the harm it claims it will suffer. See e.g. Christou v. Beatport, LLC, 10-cv-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011) (a movant's discovery stay burden is not sustained "by offering conclusory statements" and "the party moving for a protective order must make a particular and specific demonstration of fact in support of its request"). Disney totally failed to meet this burden.

Disney's claim of prejudice rests solely on its contention that SLMI's claims should be dismissed pursuant to the Motion To Dismiss. Disney has not supported its assertion that it will be prejudiced if it is forced to conduct discovery while the Motion To Dismiss is pending. Disney vaguely complains that it would be unfair to subject it to discovery in this matter, due to the "significant expenses and burdens" associated with discovery proceedings. [Mot., at 7]. Disney makes no effort to quantify those "significant expenses" or "burdens." Indeed, given the size and global reach of Disney, it is no wonder that Disney did not even attempt to show that early discovery efforts would have any real impact on the company.[7] Because Disney has not and cannot demonstrate any clear case of hardship or significant burden, Disney's Motion To Stay should be denied.

---

[7] Disney's prior representations to the Court also conflict with its current position. For example, the Motion To Stay argues that burden will stem from extensive "collection, review and production of documents" [Mot., at 9], yet Disney previously told this Court that it "does not have [any] relevant electronically-stored information." [Proposed Scheduling Order, Dkt. No. 31, at 7]. Disney cannot have it both ways.

9

### C. Disney Has Not Demonstrated, And Cannot Show, That A Stay Will Promote Judicial Efficiency.

Disney indirectly argues that a stay will promote judicial efficiency, because it will avoid "wasteful efforts" and an unnecessary expenditure of resources until the Court can resolve Disney's Motion To Dismiss. This type of argument has typically been rejected. Courts recognize that stays may have long term effects on the ultimate resolution of a lawsuit by "caus[ing] significant delay of the resolution of [a] matter, which in turn makes the court's docket less predictable and less manageable." Pandaw America, Inc. v. Pandaw India Cruises Pvt. Ltd., 10-cv-02593-WJM-KLM, 2012 WL 14255, at *2 (D. Colo. Jan. 4, 2012). Moreover, the judicial officer handling this lawsuit, the Honorable William J. Martinez, expressly discourages conduct that results in delay, including the filing of motions for extensions of time, motions for continuances of hearings, and dispositive motions generally. See William J. Martinez's Practice Standards, §§II.D, III.D, and III.E (Dec. 1, 2012). The broad discovery stay and continuance of pretrial proceedings Disney requests do not promote judicial efficiency; they unnecessarily delay the litigation. For that reason, this factor supports a denial of Disney's Motion To Stay Discovery.

### D. A Discovery Stay And Continuance Of Pretrial Proceedings Is Not In The Interest Of Nonparty Witnesses.

Apart from cursorily arguing that, absent a stay, there will be wasteful discovery aimed at third parties, Disney's moving papers do little to argue that a discovery stay is in the interest of nonparty witnesses. Indeed, it is not. One court commented, when denying a similar motion to stay discovery, "the Court has generally found that with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed." Sanaah, 2009 WL 980383, at *1. As

10

discussed above, the age and health of at least one potential witness is of paramount concern. Fading memories and loss of documents and information is a general concern for all witnesses. For these reasons, this factor merits denial of Disney's Motion To Stay.

### E.  A Discovery Stay And Continuance Of Pretrial Proceedings Is Not In The Public Interest.

Disney opines, without factual support, that a discovery stay would serve the interests of the public, because the stay would promote an "efficient and just resolution." [Mot., at 10]. This position is antithetical to the public's interest in prompt resolution of lawsuits. As one court recently recognized, there is "a strong interest held by the public in general regarding the prompt and efficient handling of all litigation." Sanaah, 2009 WL 980383, at *1. This general principle applies here, as Disney seeks nothing more than to delay the discovery faced by every party litigant. The public interest factor therefore weighs in favor of denying the blanket discovery stay and continuance of pretrial proceedings Disney demands.

### III. DISNEY OFFERS NO CREDIBLE BASIS FOR TRIFURCATING DISCOVERY.

As an alternative to a complete stay, Disney argues that this Court should sequence discovery and this entire matter into three phases. Disney envisions an initial phase for jurisdictional discovery, a phase for "merits" discovery, and a phase for damages discovery. Disney argues that SLMI should be forced to clear each substantive hurdle before SLMI can proceed to the next phase of discovery. [Mot., at 11]. Disney's proposal is impractical and legally unsupported.[8]

---

[8] Courts generally will not bifurcate proceedings where bifurcation would prejudice a party or bifurcation would not significantly reduce the burden to the court and parties. See Batchelor v. Viking Ins. Co. of Wisconsin, 11-cv-02091-PAB-MJW, 2011 WL 2054807, *2, (D. Colo. June 7, 2012) (denying request to bifurcate discovery into two separate discovery periods); Windsor Indus., Inc. v. Pro-Team, Inc., 87 F. Supp. 2d 1129, 1132 (D. Colo. 2000) (denying bifurcation motion in an infringement case because "[s]ome discovery appears to overlap both liability and damages issues" and "a single trial will eliminate possible discovery

There is no practical way to delineate between the three types of discovery. For example, in order to demonstrate that this Court has jurisdiction over Disney, the FAC alleges that Disney directly infringed on SLMI's copyrights by producing and distributing the film "The Avengers," and that Disney, through various means, dictates and controls how its subsidiaries use the copyrighted characters.[9] [FAC, Dkt. No. 25, at pp. 4-7 (¶¶13-21) and pp. 10-11 (¶37)]. While important to jurisdictional arguments, these same facts would no doubt constitute "merits" discovery. There is no bright line between the three proposed phases.

Since Disney has already indicated that it will throw up every roadblock in its arsenal, breaking discovery into nebulous and overlapping phases will only lead to increased disputes over which phase covers various discovery requests and deposition questions. It would also be extremely inefficient. For instance, the parties would be forced to depose witnesses two or three times to cover the entirety of that witness's knowledge, while limiting the substance of questioning to the then-pending discovery phase.

Disney's request that this Court put over damages discovery until after a trial on liability is equally unavailing and unsupported by the law. In an effort to support its request, Disney cites two recent rulings made by the Honorable William J. Martinez, the District Judge presiding over this matter. True, in both, Judge Martinez bifurcated the trials. However, neither decision allowed for phased discovery, and neither case involved the scenario Disney proposes here, *i.e.* a trial on liability, then a phase of extensive damages-related discovery, followed later by a

---

disputes and avoid wasting time and effort in dealing with the discovery process twice"). The Tenth Circuit has held that a court lacks discretion to bifurcate unless the bifurcated claims or issues are "clearly separable." See Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 964 (10th Cir. 1993).

[9] Disney did not contradict these key factual allegations in its Motion To Dismiss or the accompanying evidentiary declarations.

damages trial. Indeed, both decisions presented procedural postures far different from the instant lawsuit. In <u>Cartinelle v. Napolitano</u>, the Court separated the claims of two plaintiffs who were alleging different types of employment discrimination that arose from different operative facts. <u>See</u> <u>id.</u>, 2011 WL 1135010, *2 (D. Colo. Mar. 29, 2011). In <u>D.R. Horton, Inc. v. Travelers Indem. Co. of Am.</u>, the Court bifurcated attendant third-party claims from the main action in order to prevent potential juror confusion. <u>See</u> <u>id.</u>, 2012 WL 5363370, *19 (D. Colo. Oct. 31, 2012). The multi-party, multi-claim situations that occasioned bifurcation in those cases are nothing like the single plaintiff, single defendant, single claim case now before the Court.

Disney also cites <u>Ecrix Corp. v. Exabyte Corp.</u>, 191 F.R.D. 611 (D. Colo. 2000), for the general proposition that phased discovery is appropriate to promote economy and expedite the trial. [Mot., at 11]. Again, Disney references an inapposite procedural scenario where the court bifurcated the plaintiff's patent infringement claims from distinct antitrust claims to reduce juror confusion. <u>See</u> <u>id.</u> Disney also overlooks the fact that the <u>Ecrix Corp.</u> court *did not* bifurcate, phase or stay discovery. The court actually held that "[d]iscovery of information related to the antitrust claims will not be stayed. I do not want to be the mediator in disputes over what information relates to antitrust violations and what information relates to patent infringement." <u>Id.</u> Not surprisingly, that same concern is present here.

Disney has offered no caselaw to show that the Court could trifurcate the case or sequence discovery in the manner Disney contemplates, and Disney ignores the many practical problems that phasing the case will cause. For those reasons, SLMI respectfully requests that the Court deny Disney's Motion To Stay.

## CONCLUSION

Disney's Motion To Stay fails to demonstrate that there is a proper basis for implementing a stay of discovery and indefinite continuance of all pretrial proceedings. Disney has not demonstrated that it meets any one of the five criteria that this Court must weigh when deciding whether to stay discovery. In addition, Disney's request to trifurcate discovery proceedings is contrary to the rules and unworkable as a practical matter. Accordingly, the Motion To Stay should be denied in its entirety.

Dated this 11th day of February, 2013.

*s/Robert S. Chapman*
Robert S. Chapman
Jon-Jamison Hill
EISNER, KAHAN & GORRY, P.C.
9601 Wilshire Boulevard , Suite 700
Beverly Hills, California  90212
Phone:  310.855.3200
Email: rchapman@eisnerlaw.com

John V. McDermott, #5384
Mark T. Barnes, #23091
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado  80202
Phone:  303.223.1100
Email: jmcdermott@bhfs.com

Attorneys for Plaintiff Stan Lee Media, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2013, I electronically filed the foregoing **STAN LEE MEDIA, INC.'S OPPOSITION TO THE WALT DISNEY COMPANY'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SEQUENCED DISCOVERY** with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Frederick J. Baumann | James W. Quinn |
| Holly C. Ludwig | R. Bruce Rich |
| ROTHGERBER JOHNSON & LYONS LLP | Randi W. Singer |
| One Tabor Center, Suite 3000 | WEIL, GOTSHAL & MANGES LLP |
| 1200 17th Street | 767 Fifth Avenue |
| Denver, CO 80202-5855 | New York, NY 10153 |
| Tel: (303) 623-9000 | Tel: (212) 310-8000 |
| Fax: (303) 623-9222 | james.quinn@weil.com |
| fbaumann@rothgerber.com | bruce.rich@weil.com |
| hludwig@rothgerber.com | randi.singer@weil.com |

*s/Penny G. Lalonde*
Penny G. Lalonde, Paralegal

016226\0001\1796623.1