IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02663-WJM-MT

STAN LEE MEDIA, INC.,

     Plaintiff,

v.

THE WALT DISNEY COMPANY,

     Defendants.

---

## OBJECTION TO SUBPEONA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

---

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), the undersigned and his law firm object to the "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" served upon him and his firm by Plaintiff, through its counsel. The objections are as follows:

1.    The undersigned has represented Stan Lee in two actions in Colorado concerning the governance of Stan Lee Media, Inc. ("SLMI"):

    a.    Regarding the Matter of: Christopher C. Belland, Applicant, and Stan Lee Media, Inc. v. Stan Lee Media, Inc., et al., Case No. 07CV7536, District Court, City and County of Denver, State of Colorado (the "Belland" case); and

b.      P.F.P. Family Holdings, L.P. v. Stan Lee Media, Inc., Case No. 08CV8584, District Court, City and County of Denver, State of Colorado (the "P.F.P." case).

2.      As part of this litigation, counsel came into possession of 241 boxes of SLMI records, which were all stored at DocuVault (now named Iron Mountain), but subject to orders of the District Court, City and County of Denver, Colorado, as described below.

3.      By Order of the District Court, City and County of Denver, Colorado in Case No. 07CV7536, the undersigned is to hold the documents for the review of the Plaintiff in Belland:

Control of the documents is transferred to, and are to be delivered to counsel for Intervenor Stan Lee, Mark W. Williams, Esq., and the law firm of Sherman & Howard L.L.C. They are to be held at the DocuVault facility where Special Master Krendl has been storing the records, and shall be held at that facility until further order of the Court. Also, until further order of the Court, Intervenor Stan Lee shall pay the expense of storing the documents. He and his counsel shall have access to the documents and shall not destroy them until further order of the Court. Belland shall be permitted to have an independent copy service make copies of the documents provided that the documents are preserved and protected during the copying process, and returned to their place at DocuVault promptly, and shall be conducted at the supervision of counsel for Stan Lee.

*See* Order, Ex. A, p. 2, ¶ 2.

4.      By subsequent order of the same Court in Case No. 08CV8584, the undersigned is
to retain the boxes, but provide access to Plaintiff in P.F.P.:

> Counsel for Objector [Stan Lee] may retain the boxes of documents it received
> from Ms. Krendl at the conclusion of *Belland*, provided that it makes those
> documents available to Plaintiff for inspection and copying to the extent
> necessary for the annual meeting to go forward.

*See* Order, Ex. B, p. 3, ¶ 2.h.

5.      The boxes (241 in number) remain at the Iron Mountain storage facility.

6.      The undersigned and his firm believe these orders require them to hold the
documents in the storage facility and to not produce them until further order of the Court in
either or both of said actions.  As such, and with all due respect to this Court, the undersigned
and his firm object to the production of, and will not produce such documents until further order
of the District Court, City and County of Denver, Colorado in either or both of Case Nos.
07CV7536 and 08CV8584.

7.      Counsel and his client further object to producing the documents until they are
reimbursed for the full amount of storage costs incurred for storing the documents.  To date, that
amount is $7,646.64.  As part of any order by this Court and/or the District Court, City and
County of Denver, Colorado, the undersigned seeks reimbursement of said costs, as SLMI has
directly benefited by counsel retaining such documents.

8.      SLMI already has possession of 83 boxes of records shipped to its counsel
(Luke A. McGrath, Esq., Dunnington, Bartholow & Miller LLP, 1395 Broadway, Suite 600,
New York, NY 10018) in 2011.  Those documents were additional SLMI documents not subject

to the Court Orders above.  As such, SLMI already has a significant amount of records, and has

for almost two years.  Because SLMI has these 83 boxes, the only remaining ones are the 241

boxes held in storage and subject to the attached Orders.

     DATED:  February 21, 2013

                   SHERMAN & HOWARD L.L.C.


                   s/ Mark W. Williams
                   Mark W. Williams
                   Sherman & Howard L.L.C.
                   633 17th Street, Suite 3000
                   Denver, CO  80202-3622
                   Telephone:  303-297-2900
                   Email:  mwilliams@shermanhoward.com

                   ATTORNEYS FOR SHERMAN & HOWARD
                   L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2013, I electronically filed the foregoing **OBJECTION TO SUBPEONA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

John McDermott, Esq.
Mark T. Barnes, Esq.
Brown Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO  80202

Fredrick J. Baumann, Esq.
Holly C. Ludwig, Esq.
Rothgerber Johnson & Lyons, LLP
1200 17th Street, Suite 3000
Denver, CO  80202-5855

Robert S. Chapman, Esq.
Jon-Jamison Hill, Esq.
James R. Molen, Esq.
Eisner Kahan & Gorry
9601 Wilshire Boulevard, Suite 700
Beverly Hills, CA  90210

James W. Quinn, Esq.
Randi W. Singer, Esq.
Weil Gotshal & Manges, LLP
767 5th Avenue, 34th Floor
New York, NY  10153-0119

s/ Donna L. Fouts
Donna L. Fouts, Legal Secretary

LITIGATION/3719600.1