# EXHIBIT B

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202 | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Nov 13 2008 9:59AM MST<br>Filing ID: 22449375<br>Review Clerk: Cameron M Munier |
| P.F.P. FAMILY HOLDINGS, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>STAN LEE MEDIA, INC.,<br><br>Defendant. | Case No. 08CV8584<br><br><br>COURTROOM 3 |
| **ORDER** | |

For the reasons I articulated at the hearing held this morning, Plaintiff's "Application for Summary Order for Court-Ordered Special Meeting of Shareholders," filed September 30, 2008, is GRANTED IN PART AND DENIED IN PART.

1. It is DENIED as to the request for a court-ordered special meeting.

2. It is GRANTED as to the alternative request for a court-ordered annual meeting, as follows:

    a. That annual meeting shall take place on December 15, 2008, at 9:00 a.m., in the offices of Krendl, Krendl, Sachnoff & Way, 370 17th Street, Suite 5350, Denver, CO 80202.

    b. Cathy S. Krendl is HEREBY APPOINTED, pursuant to C.R.C.P. 53, as a special master to preside over that meeting. Her appointment is necessary because at the moment this corporation has no directors or officers, and therefore no one to take on the executive

responsibility of causing this ordered meeting actually to happen. Ms. Krendl's duties shall include sending notice of the annual meeting, presiding over the meeting itself, making all necessary determinations about who is entitled to vote at that meeting, and tabulating the results any all votes taken at the meeting; provided, however, that Ms. Krendl shall have no responsibility, or authority, to solicit any proxies. Ms. Krendl shall be paid at her regular hourly rate of $450.00. Plaintiff and the objector, The Lee Family 1985 Trust ("Objector"), shall presumptively bear Ms. Krendl's fees and costs equally, although I may reallocate that equal burden if I determine such a reallocation is just. Plaintiff and Objector shall pay Ms. Krendl's fees and reimburse her costs within 10 days after being billed.

c. The form of notice (except the change from special meeting to annual meeting), the form of proxies, the documentation required for proxies, the rules for counting votes, and the rules for determining the number of votes per share and class, shall all be the same as Mr. Krendl earlier established in *Belland v. Stan Lee Media, Inc.*, 07CV7536 ("*Belland*").

d. The record date for the annual meeting shall be November 12, 2008, at 10:15 a.m. Moreover, the record shareholders shall be fixed as the record shareholders as determined by Ms. Krendl in *Belland* as of her record date in that case, plus any new shareholders after that date. That is, the only change in record ownership will be those changes that Ms. Krendl determines took place between her record date in *Belland* and November 12, 2008, at 10:15 a.m.

2

  e. Ms. Krendl shall forthwith obtain from the transfer agent a list of record shareholders as of the new record date of November 12, 2008, at 10:15 a.m., as well as copies of all audit reports and transfer logs. Beneficial owners, at least for purposes of the notice, shall be those beneficial owners as determined by Ms. Krendl in *Belland*, supplemented only by the new list of record shareholders. Ms. Krendl shall send notice of the annual meeting to all record shareholders by December 1, 2008, except that she need not send notices to those shareholders for whom a notice was returned unforwarded in *Belland*, unless the new list has a new address for such shareholder.

  f. The quorum for the annual meeting shall be as established by the Order in *Belland* appointing Ms. Krendl as special master: one-third of the votes of all the corporation's shares. Pursuant to §§ 7-90-1002(1)(a)(II) and 7-114-102(5), any motion to reinstate the corporation must be approved by a majority of the voted shares.

  g. At the conclusion of the meeting, Ms. Krendl shall submit a report to the Court. She is also authorized at any time, and in her discretion, to provide Plaintiff and Objector, and/or their counsel, with copies of any material she receives or generates, or received or generated in connection with her services as special master in *Belland*.

  h. Counsel for Objector may retain the boxes of documents it received from Ms. Krendl at the conclusion of *Belland*, provided that it makes those documents available to Plaintiff for inspection and copying to the extent necessary for the annual meeting to go forward.

DONE THIS 13TH DAY OF NOVEMBER, 2008, NUNC PRO TUNC TO NOVEMBER 12, 2008.

BY THE COURT:

_____
Morris B. Hoffman
District Court Judge

cc: All counsel

4