**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO STAY
DISCOVERY AND FURTHER PRETRIAL PROCEEDINGS OR, IN THE
ALTERNATIVE, FOR SEQUENCED DISCOVERY**

---

The Walt Disney Company ("TWDC") respectfully submits this reply memorandum of law in further support of its Motion to Stay Discovery and Further Pretrial Proceedings or, in the Alternative, for Sequenced Discovery (Docket No. 38) ("Motion to Stay").

**ARGUMENT**

Instead of rebutting any of the well-supported legal bases for TWDC's Motion to Stay, Plaintiff focuses on the merits of the pending Motion to Dismiss the Amended Complaint Pursuant to Rules 12(b)(2) and 12(b)(6) (Docket No. 37) ("Motion to Dismiss") and argues "prejudice." Concerning the former, the law in this District is clear that regardless of which party may ultimately prevail on a pending motion to dismiss, a stay of discovery is appropriate where, as here, the pending motion is "clearly meritorious and truly case dispositive." *Namoko v. Milgard Mfg., Inc.*, 2007 WL 1063564, at *2 (D. Colo. Apr. 6, 2007). As for Plaintiff's principal claim of prejudice – its concerns about the availability of non-party Stan Lee – the issue is moot since Plaintiff has already subpoenaed Mr. Lee for a deposition, which is scheduled to go forward on March 13, 2013. Making a limited exception for Mr. Lee's deposition for the

arguably compelling circumstance of advanced age is no reason that any other discovery should proceed before the Motion to Dismiss is decided. Plaintiff's other claim of prejudice in the absence of jurisdictional discovery is not properly before this Court, and Plaintiff in any event has not demonstrated it is entitled to any such discovery.

I. **THE COURT SHOULD GRANT A STAY OF DISCOVERY PENDING THE RESOLUTION OF TWDC'S MOTION TO DISMISS**

    A. <u>**A Stay Is Warranted While The Motion To Dismiss Is Pending**</u>

As this Court has acknowledged on numerous occasions, stays of discovery are appropriate when a motion to dismiss that is likely to dispose of the entire lawsuit remains to be resolved. *See* Motion to Stay at 8-9 (collecting cases). Plaintiff argues initially that because in its view TWDC's Motion to Dismiss on collateral estoppel grounds will be denied, the Motion to Stay must also be denied. *See* Opposition to Motion to Stay (Docket No. 44) ("Opp. to MTS") at 3-6. The standard is not whether Plaintiff believes it will prevail on the Motion to Dismiss; rather, it is whether a meritorious motion is pending that, if granted, will dispose of the case in its entirety. In such circumstances, a stay is warranted. *See Order*, *Hutchinson v. Houle*, No. 11-cv-03108-WJM-MEH, Docket No. 60 (D. Colo. Jan. 3, 2013) (staying discovery in case pending Judge Martinez's ruling on motion to dismiss); *Order*, *Chimney Rock Public Power Dist. v. Tri-State Generation & Transmission Ass'n, Inc.*, No. 10-cv-02349-WJM-KMT, Docket No. 25 (D. Colo. Mar. 4, 2011) (same). The pending Motion to Dismiss plainly satisfies this test.

Plaintiff is, moreover, simply wrong that the Motion to Stay is premised in its "entirety" on TWDC's collateral estoppel defense. Rather, TWDC expressly argued that discretion to stay discovery should be exercised, among other reasons, because "TWDC lacks sufficient contacts with Colorado to subject it to personal jurisdiction there." Motion to Stay at 5. As fully set

2

forth in the Motion to Dismiss, Plaintiff has failed to establish that TWDC is subject to personal jurisdiction under either the Court's specific or general jurisdiction because it has never conducted any business in Colorado, nor has it had any role in any of the conduct that Plaintiff alleges to be infringing.   *See* Motion to Dismiss at 5-9; Reply In Further Support of Motion to Dismiss Amended Complaint (Docket No. 46) ("MTD Reply") at 1-4.[1]   As this Court has recognized, a stay of discovery is particularly appropriate in these circumstances.   *See E.I. Du Pont de Nemours & Co. v. Teflon Blood Inc.*, 2010 U.S. Dist. LEXIS 56508, at *5 (D. Colo. May 13, 2010) (Tafoya, J.) (granting stay as "Plaintiff's general interest in having its case proceed expeditiously is outweighed by the burden on Defendant of going forward with discovery in a potentially improper jurisdiction"); *Ajjarapu v. AE Biofuels, Inc.*, 2010 U.S. Dist. LEXIS 47089, at *3-7 (D. Colo. Apr. 15, 2010) (Tafoya, J.) (granting motion to stay discovery where defendant had pending motion to dismiss for lack of personal jurisdiction and failure to state a claim).

The merits of TWDC's collateral estoppel arguments – including its reply to Plaintiff's counter arguments – are set forth in TWDC's moving papers and will not be repeated here in full.   In brief, the same pre-1998 Marvel characters in which Plaintiff asserts ownership rights here were in fact at issue in all three of the previous actions involving Plaintiff.   The courts in each of those cases rejected as untimely the efforts of Plaintiff and its representatives to establish such ownership as allegedly arising out of an assignment of rights in the 1998 Agreement.[2]

---

[1] *See also* Declaration of Marsha L. Reed (Docket No. 37-1) ("Reed Decl.") at ¶¶ 3-4, 9-13; Reply Declaration of Marsha L. Reed (Docket No. 46-2) ("Reed Reply Decl.") at ¶¶ 2-3.

[2] Whether the claims encompassing those issues sounded in copyright infringement is entirely irrelevant to the analysis.   *See* MTD Reply at 7-9; *see also* Declaration of Robert Chapman (Docket No. 42-1) Ex. 3 ¶¶ 24-27, 41, 43, 47, 49, 51-52, 106-121; Reply Declaration of Randi W. Singer (Docket No. 46-1) Ex. A ¶¶ 1, 40-50, 59-62, 81-82, 145-47, 244, 246; *id.* Ex. B ¶¶ 2, 24, 27, 63-65; *Park Lake Res., LLC v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004) ("[I]ssue preclusion bars a party from relitigating

That is precisely the same agreement that underlies its still-years-later claims here – the only difference being that this latest effort is directed against TWDC as the alleged successor-in-interest to one of the entities (Marvel) as to which Plaintiff's claims are forever time-barred. This history of multiple judicial rejections of Plaintiff's untimely efforts to reach back to what is now a fifteen-year-old agreement to establish a dubious copyright ownership claim, coupled with its transparent attempt to end-run those holdings by now suing TWDC, provides a compelling basis for the pending Motion to Dismiss and therefore a sound basis for granting a stay of discovery here pending disposition of that motion.

### B. All Relevant Factors Weigh In Favor Of A Stay

Plaintiff is further mistaken in its contention that TWDC "does not meet any of the factors necessary to support its request for a blanket stay of discovery." Opp. to MTS at 6. Plaintiff mischaracterizes the governing analysis. The factors do not, as Plaintiff suggests, comprise a five-part test, each element of which must be met; rather, the factors are evaluated to determine whether, on balance, a stay of discovery is warranted. *Ajjarapu*, 2010 U.S. Dist. LEXIS 47089, at *4 (courts "*may* consider and weigh" five factors) (emphasis added). Here, an evaluation of the relevant factors demonstrates that, on balance, a stay of discovery is warranted.

#### 1. *Plaintiff Would Suffer No Prejudice If A Stay Is Granted*

Plaintiff's opposition gives great weight to the purported prejudice it will suffer if it is delayed in its need to depose Mr. Lee, as well as to conduct jurisdictional discovery. Opp. to MTS at 7-8. Concerning Mr. Lee, this is a non-issue. Given his advanced age, the parties have agreed to go forward with an early deposition, which is scheduled to commence on March

---

an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim.").

4

13, 2013. Concerning jurisdictional discovery, that matter is properly before the District Court as part of the Motion to Dismiss. *See* Opposition to Motion to Dismiss (Docket No. 42) at 9 n. 4 & 15.[3] To the extent that the instant Motion to Stay addresses jurisdictional discovery, it is simply to request that, if ordered by the District Court, jurisdictional discovery go forward as a discrete topic, with the balance of merits discovery stayed until such time as the threshold jurisdiction issue is decided. Plaintiff accordingly cannot claim prejudice arising out of the present posture of either of these discovery issues.

Plaintiff's claim that TWDC's alleged "continu[ing] . . . infringing activities" warrant "expedient resolution of [its] claims" is also a strawman. Opp. to MTS at 7. First, any supposed "infringing activities" would be compensable by damages if Plaintiff ultimately were to prevail against TWDC. Moreover, the agreement that forms the basis of Plaintiff's principal allegation in this action – that it is the rightful owner of copyrights in characters such as Spider-Man, The X-Men, Iron Man and The Avengers – was executed in 1998. Plaintiff cannot credibly assert that it will be prejudiced by awaiting discovery for the modest additional time needed to resolve the Motion to Dismiss under the circumstances presented here. Similarly, Plaintiff's complaint that it may be prejudiced from "[f]ading memories and loss of documents and information," *id.* at 11, also is a concern entirely of Plaintiff's own making.

---

[3] To the extent this issue is to be resolved on this motion, it is clear that the request should be denied. Plaintiff has not nearly borne its burden to show that a lack of such discovery would "result[] in actual and substantial prejudice" – nor could it, for the complaint has so many fatal infirmities that "there is a very low probability that the lack of discovery [will] affect[] the outcome." *Grynberg v. Ivanhoe Energy, Inc.*, 2012 U.S. App. LEXIS 14254 at *45-47 (10th Cir. July 12, 2012). Moreover, Plaintiff's purported authority in support of its demand for jurisdictional discovery is distinguishable. *See Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F. App'x 586, 589 (10th Cir. 2006) (permitting jurisdictional discovery as to agency authority where district court was presented with strong evidence that purported agent had sufficient ties with jurisdiction); *Sizova v. Nat'l Inst. Of Standards & Tech.*, 282 F.3d 1320 (10th Cir. 2002) (pending motion to dismiss at issue was for lack of *subject matter* jurisdiction).

5

### 2. *TWDC Would Be Burdened If Discovery Were Not Stayed*

As numerous courts in this District have held, subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending places an undue burden on that party. *See E.I. Du Pont*, 2010 U.S. Dist. LEXIS 56508, at *5; *Ajjarapu*, 2010 U.S. Dist. LEXIS 47089, at *5-6. Indeed, granting a stay is especially appropriate where, as here, the defendant has offered "far more than conclusory, frivolous, or pretextual allegations as to why jurisdiction is lacking." *E.I. Du Pont*, 2010 U.S. Dist. LEXIS 56508, at *5. In these circumstances, TWDC's enumeration of the various expenses and other burdens it will face in the event discovery goes forward, *see* Motion to Stay at 9-10, are entirely sufficient.[4] Plaintiff asserts that TWDC would not be burdened by proceeding with discovery, given its "size and global reach." Opp. to MTS at 2, 9. But Plaintiff cites to no authority in support of this proposition, and the law is clear that the propriety of a stay is not altered simply as the result of TWDC's status as a large defendant. *See Gray v. United States*, 2011 WL 5976729, at *2 (D. Colo. Nov. 28, 2011) (granting stay due to "burden and costs on Defendants [United States and various of its branches] in conducting and responding to discovery while the motion to dismiss is pending").

### 3. *A Stay Of Discovery Would Be Most Convenient To The Court And Would Serve The Public Interest*

Plaintiff's assertion that a stay of discovery will "not promote judicial efficiency; [it will] unnecessarily delay the litigation," Opp. to MTS at 10, also is incorrect. Ample precedent

---

[4] None of Plaintiff's cited cases is to the contrary. *See Ben Ezra, Weinstein, & Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (affirming denial of motion to stay proceedings to conduct *further* discovery after defendant's summary judgment motion was filed); *Christou v. Beatport*, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011) (denying motion to stay where pending "motion to dismiss does not allege the kind of one-issue dispositive attack envisioned by the case law [and] instead, each claim is attacked individually as failing to state a claim"); *Sanaah v. Howell*, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009) (denying discovery stay where pending motion to dismiss was based on defense of qualified immunity that was "not particularly well developed or compelling on its face").

indicates that granting a stay while a dispositive motion to dismiss is pending best suits the interests and the convenience of the court.  *See Blixseth v. Cushman & Wakefield of Colo., Inc.*, 2012 WL 3962800, at *2 (D. Colo. Sept. 11, 2012) (granting stay as "it is certainly more convenient for the Court to extend the stay of discovery until it is clear that the case will proceed"); *E.I. Du Pont*, 2010 U.S. Dist. LEXIS 56508, at *6 ("the court notes that neither its nor the parties' time is well-served by being involved 'in the struggle over the substance of the suit' when, as here, a dispositive motion implicating the court's jurisdiction is pending").  The aspect of discovery that Plaintiff alleges is the most critical (Mr. Lee's deposition) will proceed apace, and a stay of all other discovery will serve the Court's interests as well as the public's by "[a]voiding wasteful efforts" and will further "efficient and just resolution" of this and other actions.  *Blixseth*, 2012 WL 3962800, at *3; *Adams v. Wiley*, 2009 U.S. Dist. LEXIS 120185, at *4 (D. Colo. Dec. 2, 2009) (Tafoya, J.) (granting stay because "public interest is served by avoiding what may be unnecessary expenses associated with allowing discovery").

        **4.**    *Non-Parties' Interests Are Served By Granting A Stay Of Discovery*

Plaintiff's arguments about the interest of third parties, Opp. to MTS at 10-11, are premised on now-obviated concerns about the deposition of Mr. Lee, and the supposed degradation of documentary evidence and witness memories, which are entirely of Plaintiff's own making.  Plaintiff does not even attempt to refute (nor can it) TWDC's showing that the potential prejudice to third parties of proceeding with discovery prematurely is particularly acute in this case.  All of the salient facts relating to the merits of this dispute – including those underlying the execution of the 1998 Agreement as well as all conduct alleged to be infringing – are outside of TWDC's purview and would necessitate discovery from such third parties.  *See*

7

Motion to Stay at 11; *see also* Reed Decl. ¶¶ 9-13; Reed Reply Decl. ¶¶ 2-3.  Moreover, Plaintiff fails to identify a single non-party whose interests would be served by denying the stay.  Thus, the burden on these non-parties of responding to what are potentially unnecessary subpoenas and document requests, along with all the other relevant factors, weigh in favor of a stay of discovery pending the resolution of the Motion to Dismiss.

## II.   PLAINTIFF'S OBJECTIONS TO TWDC'S PROPOSED SEQUENCED DISCOVERY PLAN ARE BASELESS

If the Court is not inclined to grant a stay of discovery, TWDC's Motion to Stay proposed an alternative discovery schedule wherein three separate phases of discovery – personal jurisdiction (if so ordered by the District Court), followed by liability and, if necessary, damages – would be established so that certain case-dispositive issues might be resolved without imposing more intrusive and burdensome discovery that may prove unwarranted.  *See* Motion to Stay at 10-11.  Plaintiff faults TWDC's proposal as "impractical" because, it claims, the three phases of discovery would necessarily implicate overlapping issues and witnesses, and would overburden multiple juries.  *See* Opp. to MTS at 12.  Plaintiff is wrong on both counts.

First, Plaintiff's protestation that "there is no practical way to delineate between the three types of discovery," *id.*, is flatly incorrect.  Plaintiff fails to identify a single witness or document that would be relevant to more than one phase of discovery.  No such overlap exists.  If the District Court orders jurisdictional discovery, it would pertain exclusively to the corporate structure of TWDC and its subsidiaries.  Only if such jurisdiction is established would discovery as to copyright ownership of the Marvel characters at issue be appropriate, and all discovery on that topic will involve testimony and documents from witnesses familiar with the events surrounding the 1998 Agreements, as well as Marvel's practices during the time the

8

characters were created, as well as witnesses familiar with the Plaintiff – none of whom would be TWDC witnesses.   Finally, if liability were demonstrated, discovery regarding infringement damages would involve experts and the assorted non-parties that produced or distributed the allegedly infringing works.

Nor would phased discovery require multiple jury trials.   As described in detail in TWDC's Motion to Dismiss, the gravamen of Plaintiff's claim is not copyright infringement but copyright *ownership* – that is, if Plaintiff did not in fact obtain any copyright ownership rights in any of the subject works by virtue of the 1998 Agreement (and it did not), then no copyright infringement claim can lie.   *See* Motion to Dismiss at 12-14; MTD Reply at 5-6.   Claims of copyright ownership are most akin to a claim to quiet title in real property (or a bill *quia timet*), which has been repeatedly held to be equitable in nature; thus Plaintiff would not in any event be entitled to a jury on the ownership phase of the litigation.   *See, e.g. Kinscherff v. United States*, 586 F.2d 159, 160 (10th Cir. 1978) (comparing historical development of *quia timet* suits in the courts of equity in England to quiet title suits as developed in the United States); *Harlan v. Sparks*, 125 F.2d 502, 507 (10th Cir. 1942) (affirming denial of jury demand where complainant's suit to quiet title was "essentially one in equity").   Plaintiff's concerns of inefficiency from empaneling multiple juries therefore are unfounded.

In sum, where there are threshold issues to be resolved to determine whether a separate phase is even necessary, phased discovery is entirely appropriate.   *See, e.g., Order Concerning Motion to Bifurcate and Modification of Scheduling Order*, *Amica Mut. Ins. Co. v. Farhar*, No. 05-cv-0162-REB-MJW, Docket No. 26 (D. Colo. Oct. 4, 2005) (bifurcating discovery where claims in second phase "necessarily will fail" if first phase is resolved in defendant's favor);

*Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, 2004 WL 609326, at *2 (N.D. Ill. Mar. 23, 2004) (ordering bifurcation because "[s]eparating the issues of liability and damages for the purposes of discovery will avoid unnecessary time and expense and further the interest of expedition by expediting the decision on liability"); *Priority Records, Inc. v. Bridgeport Music, Inc.*, 907 F. Supp. 725, 734 (S.D.N.Y. 1995) (recommending discovery be bifurcated for "(i) discovery relating to ownership of the copyrights of the works at issue, and (ii) damages for infringement").[5]   Should discovery go forward at all, phased discovery is appropriate.

## CONCLUSION

For all the foregoing reasons, the Court should stay all discovery and pretrial proceedings until TWDC's Motion to Dismiss the Amended Complaint has been decided or, in the alternative, enter an order establishing phased discovery as proposed.

DATED this 28th day of February, 2013.

Respectfully submitted,

/s/ James W. Quinn

James W. Quinn
R. Bruce Rich
Randi W. Singer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
james.quinn@weil.com
bruce.rich@weil.com
randi.singer@weil.com

---

[5] Plaintiff's cited cases denying bifurcation are inapposite.   *See Batchelor v. Viking Ins. Co. of Wis.*, 2012 WL 2054807, at *2 (D. Colo. June 7, 2012) (denying bifurcation where "it is likely that the same witnesses from the [defendant] will testify" regarding both proposed phases); *Windsor Indus., Inc. v. Pro-Team, Inc.*, 87 F. Supp. 2d 1129, 1132 (D. Colo. 2000) (denying bifurcation where defendant "conceded at least part of the discovery is relevant to both damages and liability").

10

        Frederick J. Baumann
        Holly C. Ludwig
        ROTHGERBER JOHNSON & LYONS LLP
        One Tabor Center, Suite 3000
        1200 17th Street
        Denver, CO 80202-5855
        Tel: (303) 623-9000
        Fax: (303) 623-9222
        fbaumann@rothgerber.com
        hludwig@rothgerber.com

        *Counsel for The Walt Disney Company*

# CERTIFICATE OF SERVICE

      I hereby certify that on this 28th day of February, 2013, I filed electronically the foregoing **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO STAY DISCOVERY AND FURTHER PRETRIAL PROCEEDINGS OR, IN THE ALTERNATIVE, FOR SEQUENCED DISCOVERY** with the Clerk of Court, using the CM/ECF system, which caused automatic electronic notification of such filing upon the following:

John V. McDermott
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 223-1100
E-mail: jmcdermott@bhfs.com

Robert S. Chapman
Jon-Jamison Hill
EISNER, KAHAN & GORRY
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California 90212
Telephone:   (310) 855-3200
Email:   rchapman@eisnerlaw.com
           jhill@eisnerlaw.com

                                                        */s/ Holly C. Ludwig*