IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02663–WJM–KMT

STAN LEE MEDIA, INC.,

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.

## ORDER

This matter is before the court on "The Walt Disney Company's Motion to Stay Discovery and Further Pretrial Proceedings Pending Resolution of Motion to Dismiss the Amended Complaint Or, In the Alternative, for Sequenced Discovery" (Doc. No. 38 [Mot.], filed January 16, 2013). Plaintiff filed its response on February 11, 2013 (Doc. No 44 [Resp.]), and Defendant filed its reply on February 28, 2013 (Doc. No. 47 [Reply]).

### BACKGROUND

Plaintiff filed its Complaint for Copyright Infringement on October 9, 2012 (Doc. No. 1), alleging the defendant has represented to the public that it owns the copyright to comic book characters created by Mr. Stan Lee, including Spider Man, Iron Man, The Incredible Hulk, Thor, The X-Men, The Fantastic Four, and most of The Avengers, in violation of Copyright Laws of the United States. (*Id.* at 1.) Defendant filed its Motion to Dismiss pursuant to Fed. R. Civ. P.

12(b)(2) and 12(b)(6) on January 14, 2013 (Doc. No. 37).  The Motion to Dismiss is fully briefed and pending before the District Judge.

This court held a Scheduling Conference and entered a Scheduling Order on January 10, 2013.  (Doc. Nos. 35, 36.)  Defendant filed its present motion to stay on January 16, 2013.  (Mot.)  Plaintiff opposes the entry of a stay.  (Resp.)

## ANALYSIS

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion.  *Landis v. North American Co.*, 299 U.S. 248, 254–255 (1936).  The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.  *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)(quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971).  A stay of all discovery is generally disfavored.  *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at*2 (D. Colo. Mar. 2, 2007).  Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties.  *See, e.g., Siegert v. Gilley*, 500 U.S. 226,

231–32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *cf. Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue); *Enplaner, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (same).

To resolve motions for protective orders to stay merits discovery, this District has adopted a five-factor balancing test: (1) prejudice of a stay to plaintiff's interest in proceeding expeditiously; (2) the burden of discovery on defendant; (3) convenience of the court; (4) interests of third parties; and (5) the public interest. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). *See also*, *Landis*, 299 U.S. at 254; *United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003); *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir. 1977).

*1.     Plaintiff's Interest*

Plaintiff contends expedient resolution of this case is of paramount importance because it seeks equitable relief to prevent further infringement. (Resp. at 7.) Plaintiff also contends Stan Lee, the creator of the various comic book characters, is 90 years and has health problems that may prevent him from being deposed if a blanket stay of discovery is imposed. (*Id.*) Finally, Plaintiff argues that it is entitled to at least jurisdictional discovery. (*Id.* at 8.)

Defendants counter that the deposition of Mr. Lee is a non-issue because the parties have agreed to go forward with an early deposition scheduled to commence on March 13, 2013. (Reply at 5.) Defendants also counter that the issue of jurisdictional discovery has been raised in the Motion to Dismiss that is before the District Court. (*Id.*)

Plaintiff has a general interest in its case proceeding expeditiously, as do virtually all plaintiffs. However, because the parties have agreed to an early deposition of Mr. Lee, the court agrees that Plaintiff will not be prejudiced by a stay of the remaining discovery. First, the Motion to Dismiss is not before this court. Second, the court notes that Plaintiff responded to the Motion to Dismiss without seeking an extension of time to conduct discovery on the jurisdictional issue. (*See* Doc. No. 42.) Moreover, to the extent the District Court agrees with Plaintiff that the Motion to Dismiss for lack of personal jurisdiction should be denied and jurisdictional discovery allowed, the Plaintiff will not be prejudiced by a short stay. Thus, the court finds that this factor weighs in favor of a stay of discovery.

*2.     Defendant's Burden*

Defendant argues that it would be severely prejudiced if it were compelled to participate in extensive and costly discovery in a forum where it is not subject to personal jurisdiction. (Mot. at 7.) Plaintiff counters that, "given the size and global reach of Disney," the defendant cannot demonstrate a clear case of hardship or significant burden. Nevertheless, because the defendant challenges the exercise of personal jurisdiction in this matter, which may be dispositive as to all asserted claims on jurisdictional grounds, the court finds the second factor weighs in favor of a stay.

### 3.   *Convenience to the Court*

Plaintiff argues that a stay may cause delay of the resolution of this matter, which will make the Court's docket less predictable and less manageable. (Resp. at 10.) Plaintiff also argues that District Judge Martínez discourages conduct that results in delay. (*Id.*)

The Court can be inconvenienced by an ill-advised stay, as the resulting delay makes the Court's docket less predictable and, hence, less manageable. A stay may be particularly inconvenient for the Court when it is tied to a pending motion for which ultimate success is not guaranteed. *See Stone v. Vail Resorts Dev. Co.*, No. 09–cv–02081–WYD–KLM, 2010 WL 148278, at *3 (D. Colo. Jan 7, 2010). Where a pending motion may dispose of an action, however, a stay of discovery may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed. *See id.* Thus, despite this District's general policy disfavoring a complete stay of proceedings, a stay may be appropriate if resolution of a preliminary motion may dispose of the entire action. *Id.* (quotation and citation omitted); *see also Namoko v. Milgard Mfg., Inc.*, No. 06–cv–02031–WDM–MEH, 2007 WL 1063564, at *1 (D. Colo. April 6, 2007) (noting that stay appropriate where dispositive motion filed that might resolve entire case and "stay does not unduly prejudice the opposing party").

Here, it is not clear whether the pending Motion to Dismiss will dispose of the entire action, and the court takes no position as to the merits of the motion. However, personal jurisdiction is necessary for the Court to entertain claims against a party, and the absence of personal jurisdiction results in the dismissal of the affected party without prejudice, as noted in Defendant's Motion to Dismiss. It is clear that should the pending motion be granted, this Court

will have expended resources managing a complex suit unnecessarily in the absence of a stay. *See Stone*, 2010 WL 148278 at *3. Thus, the third factor concerning the Court's interest in judicial economy weighs in favor of granting the stay.

### 4.    *Nonparties' Interest*

Plaintiff argues that a stay of discovery is not in the interest of nonparty witnesses. (Resp. at 10–11.) Plaintiff fails to identify any witnesses, other than Mr. Lee, who will be affected by a stay. Defendant argues that third parties will be prejudiced by being required to proceed with premature discovery, when all of the salient facts relating to the merits of the dispute would necessitate discovery from such parties. As to Mr. Lee, because the parties have agreed to depose Mr. Lee, this is a non-issue. The court finds that the interests of Plaintiff in proceeding are outweighed by the burden on other nonparties to proceed with extensive discovery at this juncture. This factor weights in favor of staying discovery.

### 5.    *Public's Interest*

Plaintiff argues that the public interest favors prompt resolution of lawsuits, which in turn, favors denial of a stay. (Resp. at 11.) Defendant contends that a stay will serve the public's interests by avoiding wasteful efforts and by furthering efficient and just resolution of this and other actions. (Reply at 7.) The Court finds that this factor weighs neither for nor against the entry of a stay in this matter.

Therefore, weighing the factors necessary to consider whether to grant the requested stay, the court finds that a temporary stay of discovery is justified and will be imposed pending resolution of the pending Motion to Dismiss.

Therefore, it is

**ORDERED** that "The Walt Disney Company's Motion to Stay Discovery and Further Pretrial Proceedings Pending Resolution of Motion to Dismiss the Amended Complaint Or, In the Alternative, for Sequenced Discovery" (Doc. No. 38) is **GRANTED in part and DENIED in part**. The deposition of Mr. Stan Lee shall proceed as scheduled on March 13, 2012. All other discovery and all deadlines are stayed pending resolution of the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). The defendant shall file a status report within five days of any order resolving the Motion to Dismiss if any portion of the case remains pending in this Court.

Dated this 6th day of March, 2013.

BY THE COURT:

_Kathleen M. Tafoya_
Kathleen M. Tafoya
United States Magistrate Judge