**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.

_____

**THE WALT DISNEY COMPANY'S EMERGENCY MOTION
FOR PROTECTIVE ORDER**
_____

    The Walt Disney Company ("TWDC") hereby respectfully submits this Emergency Motion For Protective Order Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

    Despite having agreed at the outset of this case to negotiate a confidentiality stipulation, which would have covered the documents produced by non-party Stan Lee in response to a subpoena, as well as the transcript of his deposition, *see* Docket No. 36, Plaintiff Stan Lee Media, Inc. now refuses to do so and threatens to make the confidential documents and deposition transcript public as of April 12, 2013. Neither Defendants nor non-party Mr. Lee would have agreed to proceed without the requisite protection and accordingly, Defendants must now ask for the Court's emergency assistance.

    Pursuant to this Court's Order dated March 6, 2013, discovery in this action has been stayed in its entirety pending the resolution of TWDC's motion to dismiss the Amended Complaint (now *sub judice*), except that the parties agreed Plaintiff would take the deposition of non-party Stan Lee pursuant to a subpoena. *See* Docket No. 48. In light of the scheduled

US_ACTIVE:\44229038\4\79593.0033

deposition of Mr. Lee, and the pending subpoena *duces tecum* directed to Mr. Lee, counsel for TWDC provided Plaintiff's counsel a draft stipulated protective order for review on March 8, 2013. *See* Declaration of Randi W. Singer dated April 1, 2013 ("Singer Decl.") ¶ 6 & Ex. C. With the expectation that a protective order would be agreed and entered, in response to the subpoena, Mr. Lee produced more than 200 pages of documents on March 12, 2013 (the "Lee Documents"), many of which were marked "Confidential." *Id.* ¶ 8. Mr. Lee also gave a deposition over two days on March 13-14, 2013, portions of which addressed confidential and sensitive information. *Id.* ¶ 9. Since the protective order had not yet been agreed, TWDC and Mr. Lee's counsel requested that Plaintiff's counsel treat the Lee Documents and deposition transcript as confidential for a period of thirty (30) days, with the expectation that the protective order could be finalized during that time. *Id.* ¶¶ 5, 7-8. Plaintiff's counsel agreed. *Id.* ¶¶ 5, 7.

This thirty-day period will expire on April 12, 2013. *Id.* ¶ 10. Counsel for TWDC conferred by email with counsel for Plaintiff numerous times in an effort to resolve the dispute raised by this motion, but to date, Plaintiff has provided no comments or agreement to the proposed stipulated protective order. *See id.* ¶¶ 12-13 & Exs. F-H. Consequently, TWDC makes this emergency motion to protect the Lee Documents and deposition testimony beyond that time because absent a stipulated proposed protective order, Plaintiff's counsel has stated that, "if the press wishes to see a copy of the transcript or video, it may do so just as in any other case." *See id.* ¶ 4 & Ex. A.

It is well-established that this Court has broad discretion to issue protective orders pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. *See Estate of Trentadue ex rel. Aguilar v. United States,* 397 F.3d 840, 865 (10th Cir. 2005). Blanket protective orders such as

that proposed here – *i.e.*, those that permit the parties to designate information entitled to protection – "routinely are approved by courts in civil cases." *Gillard v. Boulder Valley Sch. Dist. Re.-2*, 196 F.R.D. 382, 386 (D. Colo. 2000). Indeed, such protective orders "are becoming standard practice in complex cases" and "promot[e] the overriding goal of the Federal Rules of Civil Procedure, 'to secure the just, speedy, and inexpensive determination of every action.'" *Int'l Broth. of Teamsters, Airline Div. v. Frontier Airlines, Inc.*, No. 11-CV-02007-MSK-KLM, 2012 WL 1429524, at *2 (D. Colo. Apr. 24, 2012) (quoting, *inter alia*, Fed. R. Civ. P. 1). As is particularly applicable here, the Tenth Circuit has observed that the issuance of a protective order is an "appropriate, orderly, and efficient means to mitigate disruptions to non-parties." *Auraria Student Hous. at the Regency, LLC v. Campus Vill. Apartments, LLC*, 703 F.3d 1147, 1153 n.2 (10th Cir. 2013).[1]

Accordingly, to preserve the confidential and sensitive nature of information contained in the Lee Documents and deposition, and in light of the fast-approaching end of the limited confidentiality period to which Plaintiff's counsel agreed, TWDC respectfully requests that the Court exercise its discretion to (i) enter the proposed Protective Order attached as Exhibit I to the Singer Declaration, and, in the interim while this motion is pending, (ii) enter an order setting Plaintiff's deadline to respond to this motion as April 5, 2013 and (iii) enter an interim order protecting the Lee Documents and portions of Mr. Lee's deposition transcript as confidential pending the resolution of this motion.

---

[1] *See also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32-36 (1984) (noting liberal pretrial discovery "may seriously implicate privacy interests of litigants and third parties"; holding courts have broad discretion to issue protective orders to prevent abusive use of information obtained through the discovery process).

DATED this 1st day of April, 2013.

                Respectfully submitted,

                /s/  *James W. Quinn*

                James W. Quinn
                R. Bruce Rich
                Randi W. Singer
                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, NY 10153
                Tel: (212) 310-8000
                Fax: (212) 310-8007
                james.quinn@weil.com
                bruce.rich@weil.com
                randi.singer@weil.com

                Frederick J. Baumann
                Holly C. Ludwig
                ROTHGERBER JOHNSON & LYONS LLP
                One Tabor Center, Suite 3000
                1200 17th Street
                Denver, CO 80202-5855
                Tel: (303) 623-9000
                Fax: (303) 623-9222
                fbaumann@rothgerber.com
                hludwig@rothgerber.com

                *Counsel for The Walt Disney Company*

## CERTIFICATE OF SERVICE

       I hereby certify that on this 1st day of April, 2013, I filed electronically the foregoing **EMERGENCY MOTION FOR PROTECTIVE ORDER** and accompanying declaration and exhibits with the Clerk of Court, using the CM/ECF system, which caused automatic electronic notification of such filing upon the following:

John V. McDermott
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 223-1100
E-mail: jmcdermott@bhfs.com

Robert S. Chapman
Jon-Jamison Hill
EISNER, KAHAN & GORRY
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California 90212
Telephone: (310) 855-3200
Email: rchapman@eisnerlaw.com
       jhill@eisnerlaw.com

                                                */s/* Holly C. Ludwig