IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.

---

### DECLARATION OF RANDI W. SINGER IN SUPPORT OF THE WALT DISNEY COMPANY'S EMERGENCY MOTION FOR PROTECTIVE ORDER

---

I, Randi W. Singer, declare under penalty of perjury as follows:

1. I am a partner of Weil, Gotshal & Manges LLP and am duly admitted to practice in the State of New York and before this Court. Together with the law firm Rothberger Johnson & Lyons LLP, I am counsel to Defendant The Walt Disney Company ("TWDC") in this action.

2. As acknowledged in the So-Ordered Scheduling Order (Docket No. 36), the parties agreed that they would negotiate a confidentiality stipulation that would cover confidential documents and/or testimony produced by the parties and non-parties, including non-party Stan Lee.

3. On or about January 30, 2013, Plaintiff served a subpoena for deposition and for the production of documents on Stan Lee.

4. On February 25, 2013, in response to concerns by Mr. Lee's counsel that confidential information produced or testified to by Mr. Lee should be treated as confidential, Plaintiff's counsel indicated that, barring a protective order, "if the press wishes to see a copy of

the transcript or video, it may do so just as in any other case." A true and correct copy of the February 25, 2013 letter from Robert S. Chapman to Mark W. Williams is attached hereto as Exhibit A.

     5.     As Mr. Lee was unwilling to appear for a deposition without confirmation that confidential information testified to by Mr. Lee would be treated as such, Plaintiff's counsel agreed to treat the Lee deposition transcript as confidential for a period of thirty (30) days after the deposition. A true and correct copy of the February 28, 2013 letter from Robert S. Chapman to Mark W. Williams reflecting the thirty-day confidentiality agreement is attached hereto as Exhibit B.

     6.     On March 8, 2013, I sent Plaintiff's counsel a draft stipulated protective order for review. A true and correct copy of my March 8, 2013 email exchange with Plaintiff's counsel and the draft stipulated protective order is attached hereto as Exhibit C.

     7.     Plaintiff's counsel also agreed to treat all documents produced by Mr. Lee in response to the subpoena as confidential for a period of thirty (30) days after Mr. Lee's deposition. A true and correct copy of the March 12, 2013 email correspondence from Robert S. Chapman to Ira B. Matetsky reflecting the thirty-day confidentiality agreement is attached hereto as Exhibit D.

     8.     In response to the subpoena, and based on the expectation that a protective order would be agreed and entered, Mr. Lee produced more than 200 pages of documents (the "Lee Documents") on March 12, 2013, many of which were marked "Confidential." A true and correct copy of the March 12, 2013 email correspondence from Leslie M. Werlin to Robert S. Chapman transmitting the Lee Documents is attached hereto as Exhibit E.

2

9. Mr. Lee also gave a deposition over two days on March 13-14, 2013, portions of which addressed confidential and sensitive information.

10. The thirty-day period during which Plaintiff's counsel has agreed to treat the Lee Documents and Lee Deposition as confidential will expire on April 12, 2013 (thirty days after March 13, 2013).

11. Neither Defendant nor non-party Mr. Lee would have agreed to proceed with production of the Lee Documents or Mr. Lee's deposition without protection for confidential documents and/or testimony.

12. Over the past few weeks, I have exchanged numerous emails with Plaintiff's counsel regarding the proposed protective order that I originally sent on March 8, but have received no comments on the proposed protective order. True and correct copies of my email correspondence with Plaintiff's counsel on March 19, March 27 and March 29, 2013 are attached hereto as Exhibits F-H, respectively.

13. To date, Plaintiff has provided no comments of any kind regarding the proposed stipulated protective order.

14. Attached as Exhibit I is a true and correct copy of the protective order that TWDC requests be entered to govern all discovery in this case, including discovery from non-party Stan Lee and any further documents produced or testimony given if discovery goes forward.

I declare under penalty of perjury that the foregoing facts are true and correct. This declaration was executed on the 1st day of April, 2013 in New York, New York.

Randi W. Singer

3