# EXHIBIT A



# EISNER KAHAN

GORRY CHAPMAN ROSS & JAFFE

A Professional Corporation

February 25, 2013

<u>*Via Electronic Mail and U.S. Mail*</u>
Mwilliams@shermanhoward.com
Mark W. Williams, Esq.
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202

> Re:  **Stan Lee Media, Inc. v. The Walt Disney Company**
> (Deposition Subpoena Directed to Stan Lee – Central District of California
> Misc. No. 2:13-MC-00014)

Mr. Williams:

Thank you for your letter of February 22, 2013. I would like to clarify some points. First, the dates, time and place for the deposition are correct. However, I did not agree to limit the amount of time I will have to examine Mr. Lee and I did not agree that the examinations "will be concluded by noon of March 15, 2013." When the deposition concludes is dependent on how Mr. Lee conducts himself and how long he is able to sit for deposition each day. If Mr. Lee is able to answer questions normally then I suspect my examination will conclude well within the timeframe set forth in your letter. I do not know how much time Disney wishes to take with Mr. Lee, but that is a matter that I am sure can be worked out between you and Disney's counsel. Second, I always assume counsel will conduct themselves in a professional manner. Your rights as Mr. Lee's counsel are neither greater nor lesser than what the rules provide. Third, on February 12th, I received from Mr. Werlin a copy of Mr. Lee's objections to the document request which was served along with the subpoena. Please let me know, as soon as possible, what documents Mr. Lee intends to produce. I am happy to meet and confer with you and/or Mr. Werlin about the objections. If you do wish to limit the time Mr. Lee spends at deposition, you should agree to produce the documents by March 8th so time will not have to be spent reviewing documents while the deposition is ongoing. Finally, when we spoke, you told me that your concern about the deposition video was that it not be posted on YouTube or elsewhere on the Internet. I told you that my client has no interest in posting the deposition on the Internet and intends to use it for litigation purposes. However, if the press wishes to see a copy of the transcript or video, it may do so just as in any other case. Moreover, parties and/or attorneys can comment about the contents of the deposition just as they would be able to in any other case.

348593



Mark W. Williams, Esq.
February 25, 2013
Page 2

Please let me know your position concerning the documents.

Very truly yours,

Robert S. Chapman

RSC/aws
cc:     Jon-Jamison Hill, Esq. (by e-mail)
        James Molen, Esq. (by e-mail)
        Randi Singer, Esq. (by e-mail)
        Fredrick Baumann, Esq. (by e-mail)
        John McDermott, Esq. (by e-mail)
        Ira Brad Matetsky, Esq. (by e-mail)
        Leslie M. Werlin, Esq. (by e-mail)

9601 Wilshire Blvd. | Suite 700 | Beverly Hills, CA 90210 | T 310.855.3200 | F 310.855.3201          www.eisnerlaw.com