# EXHIBIT C

# Singer, Randi

| | |
|---|---|
| **From:** | Singer, Randi |
| **Sent:** | Friday, March 08, 2013 6:57 PM |
| **To:** | 'Robert Chapman' |
| **Cc:** | Jon Hill; James Molen; 'fbaumann@rothgerber.com'; 'jmcdermott@bhfs.com'; Rich, Bruce |
| **Subject:** | SLMI v. Disney |
| **Attachments:** | US_ACTIVE_SLMI Protective Order_44205759_5.docx |

Dear Bob,

As discussed at the scheduling conference with Magistrate Judge Tafoya, I am attaching our proposed protective order. Please let us know if you have any comments or if we have your permission to affix your electronic signature and submit this to the court.

Regards,
Randi



**Randi W. Singer**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
randi.singer@weil.com
+1 212 310 8152 Direct
+1 212 310 8007 Fax

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Plaintiff Stan Lee Media, Inc. ("SLMI") and Defendant The Walt Disney Company ("TWDC"), by and through their respective counsel of record, hereby stipulate to and jointly request that the Court enter this Protective Order governing this action as follows:

1. For purposes of this Order, a "Writing" means any tangible expression or communication — however created, recorded, embodied, maintained, filed, or stored in any medium, mode, form, or technology — including, without limitation, as defined by Rule 1001 of the Federal Rules of Evidence and including deposition transcripts and videotapes of depositions.

2. For the purposes of this Order, a "Document Production" means the production of any Writing by any party or non-party witness pursuant to any procedure set forth in the Federal Rules of Civil Procedure, including, without limitation, any initial disclosure pursuant to Rule 26(a)(1), any deposition notice pursuant to Rule 30, any request for production of documents pursuant to Rule 34, and any subpoena pursuant to Rule 45.

3. In connection with the production or disclosure of any Writing or other information that a party wishes to be subject to this Order, the disclosing party may designate the same as (a)

"CONFIDENTIAL" or (b) "HIGHLY CONFIDENTIAL." The party designating such information shall do so by placing a legend upon each page of such Writing or other information stating that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

4.  Subject to the provisions in Paragraph 16 below, each Writing produced by any party or non-party witness in any Document Production — whether or not designated "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" pursuant to Paragraphs 3(a-b) below — shall be used solely for purposes of the prosecution and defense of the above-captioned action and shall not be used for business or competitive purposes, any other litigations or for any other purpose. Any Writing, and every copy thereof, designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is referred to herein as a "Protected Writing."

(a)  Subject to the provisions in Paragraph 16 below, the additional provisions of this Order shall apply to (1) any Writing produced in any Document Production by any party or non-party witness marked as "CONFIDENTIAL," and (2) any Writing produced in any Document Production by any party or non-party witness which any other party requests be marked as "CONFIDENTIAL" and so notifies all other parties within twenty-one days (21) days of its production, in which case the original and all copies of the Writing shall be promptly marked "CONFIDENTIAL." Documents may be marked "CONFIDENTIAL" if the marking or requesting party reasonably believes the information in the documents is not already public and the documents (i) contain confidential, proprietary or commercially sensitive information; (ii) contain information which the party is contractually or otherwise by law required to maintain as confidential (*e.g.*, due to a non-disclosure agreement); (iii) contain information that if disclosed

could impair or disrupt future or current business relationships; or (iv) implicates common law and statutory privacy interests of the parties or non-parties, their employees or representatives.

(b)   Subject to the provisions in Paragraph 16 below, the additional provisions of this Order shall apply to (1) any Writing produced in any Document Production by any party or non-party witness marked as "HIGHLY CONFIDENTIAL," and (2) any Writing produced in any Document Production by any party or non-party witness which any other party requests be marked as "HIGHLY CONFIDENTIAL" and so notifies all other parties within twenty-one days (21) days of its production, in which case the original and all copies of the Writing shall be promptly marked "HIGHLY CONFIDENTIAL."   Documents may be marked "HIGHLY CONFIDENTIAL" if the marking or requesting party reasonably believes the information in the documents is not already public and the documents:  (i) contain highly confidential proprietary information, including financial reports, records and projections; (ii) include financial and developmental information that would assist a competitor; (iii) are commercially sensitive such that their disclosure could reasonably harm competitive advantage, or foster a competitive disadvantage, *e.g.* unpublished creative materials, such as scripts, artwork and the like; or (iv) are non-public, private agreements, and/or Writings disclosing the terms of such agreements and documentation relating to the negotiation thereof.

5.   In the case of depositions or other testimony (i) by a statement on the record, by counsel, during such deposition or other testimony portion thereof that such testimony shall be treated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL", or (ii) by written notice, sent by counsel to all parties within twenty-one (21) days after receiving a copy of the transcript thereof. In both of the foregoing instances, each party shall affix to all originals and copies of

3

transcripts in its possession or control the appropriate confidentiality legends. The parties shall treat all depositions, videos of depositions and other testimony as "HIGHLY CONFIDENTIAL" until twenty-one (21) days after receiving a copy of the transcript thereof. After twenty-one (21) days, only those deposition videos and transcripts and portions of any deposition video or transcript designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" shall be deemed "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL." If a Protected Writing is marked and attached as an exhibit to a deposition transcript, then that portion of the transcript discussing or disclosing information contained in the Protected Writing shall receive the same confidentiality designation as the Protected Writing at issue pursuant to the terms of this Order.

6. The following persons are collectively referred to herein as "Covered Recipients":

    a. A party to this action, and each of its agents and employees, and all of such party's parents, subsidiaries and affiliates and each of their respective agents and employees;

    b. Internal and outside counsel for a party to this action and such counsel's support employees;

    c. A deposition or trial witness who testifies in this action, or any other person reasonably believed by counsel for any party to this action to have relevant knowledge or information, that person's counsel, and such counsel's support employees;

    d. An expert witness, consultant, or investigator engaged by a party to this action and that person's support employees;

    e. The Court and its support employees;

    f. A mediator, arbitrator, or other settlement officer who renders service in this action, and that person's support employees;

      g. A court reporter transcribing any proceeding in this action and that person's support employees; and

      h. Any other person as to whom all parties agree in writing.

7. Except as expressly permitted by this Order, neither a "CONFIDENTIAL" Writing nor any of its contents shall ever be viewed by or disclosed to, directly or indirectly, any person who is not a Covered Recipient. Except as required by law or pursuant to subpoena, no Covered Recipient shall ever disclose to any person who is not a Covered Recipient, directly or indirectly, the existence or contents of any "CONFIDENTIAL" Writing. A "CONFIDENTIAL" Writing may be viewed by or disclosed to a Covered Recipient solely for purposes of and as is necessary for this action.

8. Except solely for a Covered Recipient who is (1) a party to this action, its internal or outside counsel or such counsels' support employee, (2) a witness during deposition or at trial, (3) a court reporter transcribing any proceeding in this action or that person's support employee, or (4) the Court or its support employee, prior to the disclosure of any "CONFIDENTIAL" Writing or any of its contents to a Covered Recipient, that Covered Recipient shall be given a copy of this Order and shall execute a Certificate of Compliance in the form of Exhibit A hereto.

9. The following persons are collectively referred to herein as "Designated Recipients":

      a. Internal and outside counsel for a party to this action and such counsel's support employees;

      b. The Court and its support employees;

      c. A mediator, arbitrator, or other settlement officer who renders service in this action, and that person's support employees;

    d. A court reporter transcribing any proceeding in this action and that person's support employees; and

    e. Any other person as to whom all parties agree in writing and who executes a Certificate of Compliance.

  10. Except as expressly permitted by this Order, neither a "HIGHLY CONFIDENTIAL" Writing nor any of its contents shall ever be viewed by or disclosed to, directly or indirectly, any person who is not a Designated Recipient. Except as required by law or pursuant to subpoena, no Designated Recipient shall ever disclose to any person who is not a Designated Recipient, directly or indirectly, the existence or contents of any "HIGHLY CONFIDENTIAL" Writing. A "HIGHLY CONFIDENTIAL" Writing may be viewed by or disclosed to a Designated Recipient solely for purposes of and as is necessary for this action.

  11. A Protected Writing may not be filed or lodged with the Court or offered as evidence at trial in this action without placing the Protected Writing under seal, unless the Court grants an order permitting the Protected Writing to be filed publicly.

  12. No copy shall be made of any Protected Writing except for use in and as is necessary for this action. Promptly following the conclusion of this action, the original and all copies of each Protected Writing shall be destroyed or returned to counsel for the party or non-party witness that produced it, provided, however, that counsel for any party to this action may permanently retain one copy of each Protected Writing, and the original and one copy of each pleading, brief, deposition transcript, and exhibit which attaches or includes any Protected Writing, for insurance, tax, risk management, or archival purposes.

6

13.     If any party to this action believes that any Writing designated by another party (the "Designating Party") hereunder as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" does not reasonably merit such designation (the "Objecting Party") it may inform the Designating Party of such by written notice stating with particularity for each challenged Writing the grounds why such designation is improper hereunder.  The parties will promptly confer regarding such notice in a good faith effort to resolve the matter.  However, if an agreement is not reached within seven (7) days from the Designating Party's receipt of such notice, the Designating Party may within twenty-one (21) days from its receipt of the notice serve on the Objecting Party its portion of a joint stipulation on a motion for a protective order regarding the designation(s) in question.  The challenged "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" designation(s) will be deemed to be removed from the information and/or document(s) in question only if: (a) the Designating Party fails within such time period to serve its portion of a joint stipulation on a motion for a protective order or (b) if upon such motion the challenged designation(s) is/are not upheld by the Court.

14.     The Court will retain jurisdiction over all persons necessary to enforce this Order, and to modify this Order upon the application and demonstration of good cause by any person, even after the termination of this action.  The Court may impose a monetary sanction against any person who willfully violates this Order.  Additionally, if any person threatens to violate any provision of this Order, then any potentially aggrieved person may apply to the Court for injunctive relief and the respondent shall not assert as a defense that the potentially aggrieved person has an adequate remedy at law.

15.     An inadvertent failure to designate a Writing or Writings as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" shall not constitute a waiver of such a claim and may be corrected by prompt supplemental written notice designating such Writing as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL." The party receiving such supplemental written notice shall thereafter mark and treat Writings so designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" and, if reasonably requested, shall use its best efforts to retrieve any such inadvertently disclosed "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information from any persons to whom it gave such information and who is not otherwise entitled to see such "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information.

16.     Notwithstanding any other provision herein, and without prejudice to the right of any person to seek any additional protective order, this Order is not intended to be and shall not be construed as (1) a ruling on the admissibility of any Writing, (2) a waiver of any objection to the production or use of any Writing on grounds of confidentiality or otherwise, (3) a ruling requiring the production of any Writing, (4) a limitation on the right of any party to disclose a Protected Writing to any person who authored that Writing, or (5) a limitation on the right of any party or non-party witness to use in this action or otherwise any Writing that she or it authored or obtained in any lawful manner other than through a Document Production, even if an original or duplicate of that Writing is produced in a Document Production.

17.     If any person or entity requests or demands disclosure or production of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Writing, by subpoena or otherwise, the party receiving such request or demand will, unless prohibited by law, immediately notify the party that provided such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Writing. The

8

party receiving such request or demand shall take all reasonable, necessary and proper steps to permit the timely assertion of all rights, privileges, protections and immunities relating to such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Writing.

Stipulated and agreed this __th day of March, 2013.

---

Robert S. Chapman
Jon-Jamison Hill
EISNER, KAHAN & GORRY, P.C.
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California 90212
Phone: (310) 855-3200
Email: rchapman@eisnerlaw.com
        jhill@eisnerlaw.com

John V. McDermott, #5384
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202
Phone: (303) 223-1100
Email: jmcdermott@bhfs.com

*Attorneys for Plaintiff Stan Lee Media, Inc.*

---

James W. Quinn
R. Bruce Rich
Randi W. Singer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Phone: (212) 310-8000
Email: james.quinn@weil.com
        bruce.rich@weil.com
        randi.singer@weil.com

Frederick J. Baumann
Holly C. Ludwig
ROTHGERBER JOHNSON & LYONS LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202-5855
Phone: (303) 623-9000
e-mail: fbaumann@rothgerber.com
        hludwig@rothgerber.com

*Attorneys for Defendant The Walt Disney Company*

**SO ORDERED:**

_____
William J. Martinez, U.S.D.J.

9

## CERTIFICATE OF COMPLIANCE

I, _____, certify that I have received a copy of the Protective Order entered by the United States District Court for the District of Colorado (the "Court") in the action entitled, "*Stan Lee Media, Inc. v. The Walt Disney Company*," Civil Action No. 1:12-cv-02663-WJM-KMT (the "Protective Order").

I further certify that I have read and understand each provision of the Protective Order, that I agree to be bound by each of those provisions, and that I irrevocably submit to the jurisdiction of the Court for the purpose of securing compliance with the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:                                             _____

10