# EXHIBIT H

## Singer, Randi

| | |
|---|---|
| **From:** | Singer, Randi |
| **Sent:** | Friday, March 29, 2013 12:53 PM |
| **To:** | 'Robert Chapman' |
| **Cc:** | Jon Hill; James Molen; 'fbaumann@rothgerber.com'; 'jmcdermott@bhfs.com'; Rich, Bruce |
| **Subject:** | RE: SLMI v. Disney |

Bob,

We disagree that "respect[ing] the spirit of the order" in SLMI's case against Disney means that a confidential settlement agreement in another case that did not involve any of the parties in the instant case and has no arguable relevance to it must be produced, particularly given the stay of discovery and Mr. Lee's testimony that he does not have a copy of the agreement.

Please provide any comments you may have on the protective order.

Thanks,
Randi



**Randi W. Singer**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
randi.singer@weil.com
+1 212 310 8152 Direct
+1 212 310 8007 Fax

---

**From:** Robert Chapman [mailto:rchapman@eisnerlaw.com]
**Sent:** Wednesday, March 27, 2013 6:02 PM
**To:** Singer, Randi
**Cc:** Jon Hill; James Molen; 'fbaumann@rothgerber.com'; 'jmcdermott@bhfs.com'; Rich, Bruce
**Subject:** FW: SLMI v. Disney

---

Randi,

Mr. Lee was required to produce this agreement (and all other documents relating to the Lee v. Marvel action) pursuant to the subpoena. As you know, enforcement of the subpoena is not subject to the stay. Mr. Lee refused to produce these documents or testify about their contents based on a supposed confidentiality agreement with Marvel/Disney. Therefore, we asked Marvel/Disney, both of which were present at the deposition, to waive their confidentiality objections. Your partner, Bruce Rich, agreed to consider the request and get back to me. We are still waiting for that response.

At the deposition, we also pointed out that Disney's interest in protecting these documents could be addressed in a protective order. In fact, your proposed order does just that. Paragraph 4(a) provides for the protection of "information which the party is contractually or otherwise by law required to maintain as confidential (e.g., due to a non-disclosure agreement)."

Our position is that we will not agree to a protective order unless and until Disney agrees to respect the spirit of the order. In this case, that means authorizing Mr. Lee to produce the documents requested by the subpoena, notwithstanding any confidentiality interest Disney or its subsidiaries may have in the documents. We understand that if Mr. Lee still refuses to produce the document after Disney has given its blessing, this will be on him. In that event, we will pursue the appropriate remedies against Mr. Lee. We are simply asking Disney and its subsidiaries to waive their objections to the production.

It has now been almost three weeks since counsel for Disney agreed to provide a response regarding its position on the confidentiality of the subpoenaed documents. We request that it do so by Friday, March 29.


Regards,
Bob

---

**From:** Singer, Randi [mailto:randi.singer@weil.com]
**Sent:** Wednesday, March 27, 2013 11:02 AM
**To:** Robert Chapman
**Cc:** Jon Hill; James Molen; 'fbaumann@rothgerber.com'; 'jmcdermott@bhfs.com'; Rich, Bruce; Jon Hill
**Subject:** RE: SLMI v. Disney

Dear Bob,

As you are aware, discovery has been stayed in this case, so the basis for your proposal is not clear.

Is it your position that you will not provide your comments/agreement on a protective order in SLMI's case against Disney unless and until Mr. Lee and/or Marvel (non-parties) agree to waive confidentiality and produce an agreement despite the stay? If so, I urge you to reconsider.

If not, it has been almost three weeks since I sent you the draft protective order, so please provide comments or agreement by Friday, March 29.


Regards,
Randi




**Randi W. Singer**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
randi.singer@weil.com
+1 212 310 8152 Direct
+1 212 310 8007 Fax

**From:** Robert Chapman [mailto:rchapman@eisnerlaw.com]
**Sent:** Saturday, March 23, 2013 4:04 PM
**To:** Singer, Randi
**Cc:** Jon Hill; James Molen; 'fbaumann@rothgerber.com'; 'jmcdermott@bhfs.com'; Rich, Bruce; Jon Hill
**Subject:** RE: SLMI v. Disney

Randi,

Mr. Lee refused to disclose the terms of the settlement agreement in the Lee-Marvel case on the grounds that they were confidential. I proposed that since the Lee and Marvel representatives were all present and could waive the confidentiality, Lee and Marvel would produce the settlement agreement and any declarations or depositions Mr. Lee signed or gave in that case if we could reach agreement on the terms of the protective order. All of you agreed to get back to me concerning that proposal.

Regards,

Bob

---

**From:** Singer, Randi [mailto:randi.singer@weil.com]
**Sent:** Tuesday, March 19, 2013 9:02 AM
**To:** Robert Chapman
**Cc:** Jon Hill; James Molen; 'fbaumann@rothgerber.com'; 'jmcdermott@bhfs.com'; Rich, Bruce
**Subject:** RE: SLMI v. Disney

Bob,

What proposal do you mean?

Thanks,
Randi

---

**From:** Robert Chapman [mailto:rchapman@eisnerlaw.com]
**Sent:** Tuesday, March 19, 2013 11:11 AM
**To:** Singer, Randi
**Cc:** Jon Hill; James Molen; 'fbaumann@rothgerber.com'; 'jmcdermott@bhfs.com'; Rich, Bruce
**Subject:** Re: SLMI v. Disney

Randi, does your side have a response to the proposal we made at the deposition concerning Lee vs Marvel? Regards, Bob

---

**From:** Singer, Randi
**To:** Robert Chapman
**Cc:** Jon Hill; James Molen; fbaumann@rothgerber.com ; jmcdermott@bhfs.com ; Rich, Bruce
**Sent:** Tue Mar 19 07:58:53 2013
**Subject:** FW: SLMI v. Disney

Dear Bob,

Do you have any comments on the protective order or can we submit it to the court?

Thanks,
Randi

**From:** Singer, Randi
**Sent:** Friday, March 08, 2013 6:57 PM
**To:** 'Robert Chapman'
**Cc:** Jon Hill; James Molen; 'fbaumann@rothgerber.com'; 'jmcdermott@bhfs.com'; Rich, Bruce
**Subject:** SLMI v. Disney

Dear Bob,

As discussed at the scheduling conference with Magistrate Judge Tafoya, I am attaching our proposed protective order. Please let us know if you have any comments or if we have your permission to affix your electronic signature and submit this to the court.

Regards,
Randi



**Randi W. Singer**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
randi.singer@weil.com
+1 212 310 8152 Direct
+1 212 310 8007 Fax

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at 310.855.3200 and permanently delete the original and any copy of any e-mail and any printout thereof.

IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential

information. If you are not the intended recipient of this e-mail, you are
hereby notified that any dissemination, distribution or copying of this e-mail,
and any attachments hereto, is strictly prohibited. If you have received this
e-mail in error, please immediately notify me at 310.855.3200 and permanently
delete the original and any copy of any e-mail and any printout thereof.


IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing
tax practice, you are hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot be used) by any
taxpayer for the purpose of avoiding penalties that may be imposed under the
U.S. Internal Revenue Code.


This e-mail, and any attachments hereto, is intended only for use by the
addressee(s) named herein and may contain legally privileged and/or confidential
information. If you are not the intended recipient of this e-mail, you are
hereby notified that any dissemination, distribution or copying of this e-mail,
and any attachments hereto, is strictly prohibited. If you have received this
e-mail in error, please immediately notify me at 310.855.3200 and permanently
delete the original and any copy of any e-mail and any printout thereof.


IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing
tax practice, you are hereby advised that any written tax advice contained
herein was not written or intended to be used (and cannot be used) by any
taxpayer for the purpose of avoiding penalties that may be imposed under the
U.S. Internal Revenue Code.