**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

      Plaintiff,

v.

THE WALT DISNEY COMPANY,

      Defendant.

---

**STAN LEE MEDIA, INC.'S OPPOSITION TO
THE WALT DISNEY COMPANY'S EMERGENCY MOTION
FOR PROTECTIVE ORDER**

---

**INTRODUCTION**

The Walt Disney Company's ("Disney") Emergency Motion For Protective Order must be denied on the basic ground that Disney has not only failed to sustain its burden to show that good cause exists, it has failed to show that there is any cause whatsoever for a protective order. Indeed, Disney has not even tried. Disney's moving papers and supporting evidence fail to establish that disclosure of even one document produced by Mr. Lee, or any of his deposition testimony, will create the risk of any injury of any kind to Mr. Lee or to Disney.

Any claimed exigency here (and there is none) is one of Disney's own making. Disney concedes that Stan Lee Media, Inc. ("SLMI") never agreed to the entry of the protective order now requested. [See Motion, at 2.] Rather, SLMI agreed to treat the Lee Documents and deposition transcript as confidential for a period of thirty days. [Id.] This agreement allowed Disney time to try to establish the good cause required for a protective order under Federal Rule

Civil Procedure 26(c).  Disney's own evidence establishes that Disney failed to meet its burden, both during the thirty day period within which it could have made such a showing to SLMI, and in the present Motion.  There is simply no explanation anywhere as to why the Lee Documents and testimony at issue should be maintained as confidential.

Accordingly, SLMI respectfully asks the Court to deny Disney's Motion.

## LEGAL ARGUMENT

### I. DISNEY FAILED TO ESTABLISH THAT GOOD CAUSE EXISTS TO ISSUE THE REQUESTED PROTECTIVE ORDER.

Disney has moved this Court for a protective order preventing disclosure of the Lee Documents and Mr. Lee's deposition testimony.  Federal Rule Civil Procedure 26(c) requires that "good cause" be shown for a protective order to be issued.  It is well established that this burden is Disney's.  JTS Choice Enterprises, Inc. v. E.I. Du Pont De Nemours & Co., Case No. 11-CV-03143-WJM-KMT, 2013 WL 791438, at *2 (D. Colo. Mar. 4, 2013, J. Tafoya) (citing In re Michael Wilson & Partners, Ltd., Case No. 06–cv–02575–MSK–KLM, 2007 WL 3268475, at *2 (D. Colo. October 30, 2007)).  To meet this burden, Disney must set forth specific facts showing good cause, not simply conclusory statements.  Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n. 16 (1981).  Disney must do more than simply allege that the documents are proprietary and confidential.  S.E.C. v. Misner, Case No. 07–cv–01640, 2007 WL 3232132, at *3 (D. Colo. Oct.30, 2007) (citing Reed v. Nellcor Puritan Bennett & Mallinckrodt, 193 F.R.D. 689, 691 (D. Kan. 2000)).  Specific examples of harm that will be suffered because of the disclosure of the information must be provided, with evidentiary support.  KR Smith Trucking LLC v. Paccar Inc., 2010 WL 1408600, *3, 08-cv-1351 (D. Kan. Apr. 1, 2010) ("Mere conclusory statements by an attorney regarding the confidential nature of documents and the potential harm that could occur

from their disclosure are insufficient to establish good cause for the entry of a protective order by the Court"). Broad allegations are insufficient. U.S. v. Panhandle Eastern Corp., 118 F.R.D. 346, 349 (D. Del. 1988); Jackson v. U.S., 153 F.R.D. 646, 648 (D. Colo. 1993) (the good cause standard for a protective order requires the movant to "provide specific examples of harm that will be suffered because of the disclosure of the information" and "broad allegations are insufficient"). Good cause requires a showing that the disclosure will work a clearly defined and serious injury. Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F. Supp. 866 (E.D. Pa. 1981).

Disney has totally failed to establish the good cause necessary to obtain the relief requested. Disney has not even tried to provide any explanation regarding the need for a protective order, or to even identify a single document or area of testimony provided by Mr. Lee that does, in fact, contain personal, private, confidential, or proprietary information.[1] Indeed, most of Mr. Lee's testimony related to events that transpired decades ago and that are the subject of numerous publications. Disney also fails to provide even a single example of the harm or serious injury that will result from the absence of a protective order in this instance.

Disney has not, because it cannot demonstrate, that good cause exists for the entry of a protective order to cover the Lee Documents and deposition testimony. Therefore, Disney's Emergency Motion For Entry Of Protective Order should be denied.

---

[1] In fact, it appears that most, if not all, of the documents Disney seeks to protect are outdated insofar as they predate a voluntary Chapter 11 bankruptcy filing in 1996 by Marvel (Disney's predecessor-in-interest). This underscores the specious nature of Disney's request because, "[a]s a general rule, business information that is substantially out of date is unlikely to merit protection under Rule 26(c). A party seeking to protect outdated information must make a specific showing of present harm." JTS Choice Enterprises, 2013 WL 791438 at *3.

**II.     DISNEY FAILED TO ESTABLISH THAT GOOD CAUSE EXISTS TO ISSUE A BLANKET PROTECTIVE ORDER IN THIS CASE.**

While the Motion focuses only on the Lee Documents and Mr. Lee's deposition testimony, the protective order Disney seeks is not so limited. Here, Disney seeks a blanket protective order that would cover all discovery in this matter. Entry of a broad protective order is, of course, premature, as discovery is stayed. More importantly, Disney's request for a blanket protective order misses the mark both legally and factually.

As a legal matter, Disney mischaracterizes its burden in seeking a protective order from this Court. Disney implies that the "good cause" standards discussed above do not apply, because blanket protective orders "routinely are approved by courts in civil cases." [Motion, at 2-3 (citing Gillard v. Boulder Valley Sch. Dist., 196 F.R.D. 382, 386 (D. Colo. 2000)).] Disney cites caselaw attempting to establish that this is "standard practice." [Motion, at 3 (citing Int'l Bros. of Teamsters, Airline Div. v. Frontier Airlines, Inc., No. 11-cv-02007-MSK-KLM, 2012 WL 1429524 (D. Colo. Apr. 24, 2012)).] Disney's selective quotations from these cases are unavailing.

Neither Gillard, nor Int'l Bros. of Teamsters, dispenses with the moving party's burden of demonstrating good cause of the requested protective order. As stated in Gillard, "First, a party must make some threshold showing of good cause to believe that discovery will involve confidential or protected information." Gillard, 196 F.R.D. at 386 (quoting Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc., 121 F.R.D. 264, 268 (M.D.N.C. 1988). In Gillard, the court concluded that a protective order was appropriate only after the moving party demonstrated that the case would require disclosure of significant amounts of private, personal information, "including personnel records, school records with personally

4

identifiable information about students, and juvenile delinquency records, all of which normally are required to be maintained confidentially." Id.  This underscores the moving party's burden to demonstrate the particular reasons and basis for entry of a protective order.

Int'l Bros. of Teamsters decision is similarly antithetical to Disney's position.  There, the court was not reviewing the propriety of entering a blanket protective order.  Rather, the court determined that a number of documents had been inappropriately classified as "confidential" under the parties' *stipulated* protective order.  See id., 2012 WL 1429524 at *3-4.  Indeed, the court lamented that the parties' improper designations "multiplied the efforts of this Court in efficiently handling discovery disputes" and was forced to warn the parties that future violations would result in sanctions.  Id. at *2.  This runs contrary to Disney's assertion that blanket protective orders promote "speedy" and "inexpensive" discovery proceedings.  [Motion, at 3.]

Here, Disney has offered nothing to meet its burden of proof to substantiate good cause for entry of a protective order.  Disney has not demonstrated that any of the Lee Documents or any portion of Mr. Lee's deposition testimony is confidential.  Nor has Disney demonstrated a current need to protect any other type of confidential information in this matter.  Therefore, Disney's Emergency Motion For Entry Of Protective Order should be denied.

### III.    SLMI NEVER AGREED TO THE PROTECTIVE ORDER DISNEY NOW REQUESTS.

Disney suggests in its Motion that SLMI is reneging on an agreement that the Lee Documents and deposition testimony would be subject to a blanket protective order.  [Motion, at 1.]  This is not true.  In fact, Disney's evidence in support of the Motion reveals the blatant mischaracterizations made in the Motion, and confirms that SLMI never agreed to the protective order Disney now submits to the Court.

Disney cites the Joint Scheduling Order (Docket No. 36) to support its assertion that the parties agreed to negotiate a confidentiality stipulation that would have covered the documents produced by Stan Lee in response to a subpoena, as well as his deposition transcript. [Motion, at 1.] The Joint Scheduling Order addresses the potential entry of a protective order at Paragraph 8.d.:

> "Other Planning Or Discovery Orders:  If discovery proceeds, [Disney] will seek entry of a protective order.  SLMI has agreed to work with [Disney] to minimize or eliminate disputes over the language of any proposed protective order ultimately submitted to the Court."

This language does not, by any stretch of the imagination, obligate SLMI to agree that the Lee Documents and deposition testimony shall be covered by a blanket protective order. The Joint Scheduling Order was entered on January 10, 2013, *before* the Court stayed all discovery and discovery deadlines pending resolution of Disney's Motion to Dismiss, with the exception of Mr. Lee's deposition. [Court's March 6, 2013 Order (Docket No. 48).] Given that all other discovery was stayed, there is currently no reason to negotiate a blanket protective order.[2] The only issue to resolve is whether the Lee Documents and testimony should be covered by a protective order, and Disney has failed to explain – either before filing the Motion or in the Motion – why the information now at issue is entitled to the protection Disney seeks.

The evidence submitted by Disney reflects that, from the beginning, there was

---

[2] SLMI would never agree to Disney's proposed protective order for the simple reason that it does not comply with the law. The proposed order attempts to shift the burden to SLMI to demonstrate the impropriety of Disney's confidential designations. [Declaration of Randi W. Singer, Ex. I, ¶13). This runs contrary to the cases upon which Disney itself relies in its Motion. See e.g. Gillard, 196 F.R.D. at 386 (recognizing that "the burden of proving confidentiality never shifts from the party asserting that claim"). Also, Paragraph 11 of Disney's proposed order requires both the Court and the parties to seal designated records, in contravention of D.C. Colo. L. Civ. R. 7.2, which specifically states that "stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restricted access." Finally, Disney does not explain the need for a two-tiered order that would exclude parties' abilities to view critical documents and information.

*disagreement* as to whether the Lee Documents and testimony should be covered by a protective order.  For example, on February 28, 2013, counsel for SLMI specifically stated that, "we will have to agree to disagree concerning the availability of discovery materials in civil litigation.  However, in an attempt to move forward, my client will agree to not disclose the deposition transcript or video for a period of thirty days after Mr. Lee's testimony on March 15-15.  During that time, if you so choose, your client can move for a protective order concerning the confidentiality." [Declaration of Randi W. Singer ("Singer Declaration"), Ex. B.]  Similarly, on March 12, 1013, counsel for SLMI agreed to temporarily keep the documents produced by Mr. Lee in response to SLMI's subpoena, "confidential on the same terms we agreed to concerning the transcript," but did not agree to that they would be subject to any protective order.  [Singer Declaration, Ex. D.]

SLMI never misled Disney regarding the entry of a protective order.  SLMI's agreement to not disclose the Mr. Lee's deposition transcript or documents for thirty days was an explicit accommodation to Mr. Lee, so as to allow him time, if he so chose, to establish the good cause required for a protective order under Federal Rule Civil Procedure 26(c).  Mr. Lee has made no attempt to do so.  It is *Disney* which is the moving party here.

Disney also misrepresents to this Court that SLMI, "threatens to make the confidential documents and deposition transcript public as of April 12, 2013." [See Motion, at 1.]  Again, this is not true.  Disney's evidence in support of the Motion confirms that SLMI, "has no interest in posting the deposition on the Internet and intends to use it for litigation purposes [only]." [Singer Declaration, Ex. A.]  There is no evidence to support that SLMI is threatening Disney or Mr. Lee about anything.

7

The fact is, Disney failed to take the steps necessary to protect the Lee Documents and testimony from public disclosure and now seeks emergency relief from this Court so as to avoid the consequences of its nonfeasance. This apparent desperation does not justify the misrepresentations made to the Court through the instant Motion.

## CONCLUSION

Disney's Emergency Motion For Protective Order fails to demonstrate that there is good cause to maintain the purported confidentiality of the Lee Documents and deposition testimony. Accordingly, the Emergency Motion For Protective Order should be denied.

Dated this 8th day of April, 2013.

    *s/Robert S. Chapman*
Robert S. Chapman
Jon-Jamison Hill
EISNER KAHAN GORRY CHAPMAN
ROSS & JAFFE, P.C.
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California 90212
Phone: 310.855.3200
Email: rchapman@eisnerlaw.com

John V. McDermott, #5384
Mark T. Barnes, #23091
BROWNSTEIN HYATT FARBER
SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202
Phone: 303.223.1100
Email: jmcdermott@bhfs.com

Attorneys for Plaintiff Stan Lee Media, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2013, I electronically filed the foregoing **STAN LEE MEDIA, INC.'S OPPOSITION TO THE WALT DISNEY COMPANY'S EMERGENCY MOTION FOR PROTECTIVE ORDER** with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Frederick J. Baumann | James W. Quinn |
| Holly C. Ludwig | R. Bruce Rich |
| ROTHGERBER JOHNSON & LYONS LLP | Randi W. Singer |
| One Tabor Center, Suite 3000 | WEIL, GOTSHAL & MANGES LLP |
| 1200 17th Street | 767 Fifth Avenue |
| Denver, CO 80202-5855 | New York, NY 10153 |
| Tel: (303) 623-9000 | Tel: (212) 310-8000 |
| Fax: (303) 623-9222 | james.quinn@weil.com |
| fbaumann@rothgerber.com | bruce.rich@weil.com |
| hludwig@rothgerber.com | randi.singer@weil.com |

                                *s/Penny G. Lalonde*
                                Penny G. Lalonde, Paralegal

016226\0001\1817230.1