**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

  Plaintiff,

v.

THE WALT DISNEY COMPANY,

  Defendant.

---

**THE WALT DISNEY COMPANY'S REPLY IN SUPPORT OF ITS EMERGENCY
MOTION FOR PROTECTIVE ORDER**

---

  The Walt Disney Company ("TWDC") respectfully submits this Reply in Support of its

Emergency Motion For Protective Order Pursuant to Rule 26(c) of the Federal Rules of Civil

Procedure ("Motion").

  Plaintiff does not dispute that it previously "agreed to work with [TWDC] to minimize or

eliminate disputes over the language of" any such proposed protective order.  *See* Stan Lee

Media, Inc.'s Opposition to The Walt Disney Company's Emergency Motion For Protective

Order ("Opp.") at 6.  Yet, Plaintiff now contends that, even though it refused several requests

from counsel for TWDC and Mr. Lee to do just that, the discovery that it obtained from Mr. Lee

should still be outside the bounds of any such limiting order.   *See* Declaration of Randi W.

Singer dated April 1, 2013 ("Singer Decl.") ¶¶ 12-13 & Exs. F-H; Declaration of Mark Williams

dated April 10, 2013 ("Williams Decl.") ¶ 8 & Ex. E.

  In any event, the Court should reject Plaintiff's assertion and enter TWDC's proposed

protective order because Mr. Lee has made the requisite showing of good cause.  The limited

materials that Mr. Lee has, through counsel, designated as "confidential" are the confidential and sensitive documents from his production listed below, the specific pages of his deposition testimony in which certain of these documents and other confidential matters were discussed, and the videotape of his deposition testimony in its entirety:[1]

- information concerning Mr. Lee's compensation and benefits;

- employment agreements between Stan Lee and Marvel (and Marvel's predecessors);[2]

- negotiation letters between parties to these employment agreements;

- attorney correspondence containing sensitive information analyzing the provisions of the aforementioned employment agreements;

- communications and licenses regarding certain trademarks; and

- letter agreements concerning Mr. Lee's work on specific projects.

*See* Williams Decl. ¶¶ 12-13, 18, 20.

Good cause for the entry of a protective order to safeguard confidential and sensitive documents and other material is satisfied where a designating party or non-party can point "generally to proprietary . . . materials that it considers to be 'confidential,' [and] 'highly sensitive.'" *Elio v. BC Servs., Inc.*, No. 12-cv-01292-KMT, 2012 WL 4479077, at *1 (D. Colo. Sept. 28, 2012) (Tafoya, J.) ("document-by-document showing is not required"); *see also*

---

[1] Mr. Lee's counsel only designated a subset of Mr. Lee's documents "confidential" pursuant to TWDC's proposed protective order, which defines "CONFIDENTIAL" discovery material as that which "(i) contain[s] confidential, proprietary or commercially sensitive information; (ii) contain[s] information which the party is contractually or otherwise by law required to maintain as confidential (e.g., due to a non-disclosure agreement); (iii) contain[s] information that if disclosed could impair or disrupt future or current business relationships; or (iv) implicates common law and statutory privacy interests of the parties or non-parties, their employees or representatives." *See* Singer Decl. Ex. I ¶ 4(a); *see also* Williams Decl. ¶ 12. The proposed protective order provides a mechanism for resolving any dispute concerning the designation of any particular document as "confidential." *See* Singer Decl. Ex. I ¶ 13.

[2] In addition to containing information considered by Mr. Lee to be confidential, these agreements and their corresponding negotiation documents contain information that is confidential to Marvel.

*Fiechtner v. Am. Family Mut. Ins. Co.,* No. 09-cv-02681-REB-MEH, 2010 WL 5072006, at *2 (D. Colo. Dec. 7, 2010) (good cause found to treat deposition excerpts as confidential where movant showed excerpts contained "competitively sensitive" information); *cf. Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) ("The 'good cause' standard of Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise."). TWDC and Mr. Lee have met the standard.

Moreover, this Court has repeatedly protected confidential, non-party information similar to that which Mr. Lee and TWDC seek to maintain as confidential, and has recognized the harm that may result from public access to such information. *See Zinn-Hoshijo v. Comm. for Catholic Secondary Educ. In Colo. Springs*, No. 11-cv-01360-WYD-KMT, 2012 WL 1537919, at *2 (D. Colo. May 2, 2012) (Tafoya, J.) (deposition testimony regarding capabilities, status and termination of non-party former employee of defendant warrants protection as non-party had a "valid privacy concern in avoiding the public disclosure of information relating to her departure from Defendant's employ").[3]  Plaintiff has provided no public interest in the public disclosure of Mr. Lee's private business and finances.

Finally, there is no valid basis for allowing public dissemination of the videotape of Mr. Lee's deposition.  Indeed, courts have repeatedly recognized the potential prejudice arising out of the release of such videotapes. *See Felling v. Knight*, No. IP 01-0571-CT/K, 2001 WL 1782360, at *3 (S.D. Ind. Dec. 21, 2001) ("Videotapes are subject to a higher degree of potential abuse than transcripts.  They can be cut and spliced and used as 'sound-bites' on the evening

---

[3] This Court also provides protection for confidential third-party information where "plaintiff is *not being denied access to the material.*" *Grady v. Jefferson Cnty. Bd. Of Cnty. Comm'rs*, No. 07-cv-01191-WDM-KMT, 2008 WL 619219, at *3 (D. Colo. Mar. 3, 2008) (Tafoya, J.) (emphasis in original).

news or sports shows."); *Burgess v. Town of Wallingford*, No. 3:11-CV-1129 (CSH), 2012 WL

4344194, at *5 n.10 (D. Conn. Sept. 21, 2012) ("Courts have often distinguished between the

inherent problems arising from the publication of audio and video recordings, which are

susceptible to splicing and thus erroneous portrayal of testimony, and stenographic transcripts,

which are more difficult to present in a misleading fashion.").[4]

Accordingly, to preserve the confidential and sensitive nature of information contained in

the Lee documents and other materials designated as "Confidential," certain portions of Mr.

Lee's deposition transcript and the deposition videotape itself, TWDC respectfully requests that

the Court exercise its discretion to enter the proposed Protective Order attached as Exhibit I to

the Singer Declaration.

DATED this 10th day of April, 2013.        Respectfully submitted,

/s/  James W. Quinn

James W. Quinn
R. Bruce Rich
Randi W. Singer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
james.quinn@weil.com
bruce.rich@weil.com
randi.singer@weil.com

Frederick J. Baumann
Holly C. Ludwig
ROTHGERBER JOHNSON & LYONS LLP
One Tabor Center, Suite 3000
1200 17th Street

---

[4] *See also United States v. McDougal*, 103 F.3d 651, 659 (8th Cir. 1996) (refusing to release video); *Jones v. Clinton*, 12 F. Supp. 2d 931, 935 (E.D. Ark. 1998) (same).

Denver, CO 80202-5855
Tel: (303) 623-9000
Fax: (303) 623-9222
fbaumann@rothgerber.com
hludwig@rothgerber.com

*Counsel for The Walt Disney Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of April, 2013, I filed electronically the foregoing **THE WALT DISNEY COMPANY'S REPLY IN SUPPORT OF ITS EMERGENCY MOTION FOR PROTECTIVE ORDER** and accompanying declaration with the Clerk of Court, using the CM/ECF system, which caused automatic electronic notification of such filing upon the following:

John V. McDermott
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 223-1100
E-mail: jmcdermott@bhfs.com

Robert S. Chapman
Jon-Jamison Hill
EISNER, KAHAN & GORRY
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California 90212
Telephone: (310) 855-3200
Email: rchapman@eisnerlaw.com
        jhill@eisnerlaw.com


_/s/_ Holly C. Ludwig