# EXHIBIT A

```
MCGUIREWOODS LLP
Leslie M. Werlin SBN 067994
1800 Century Park East, 8th Floor
Los Angeles, CA 90067-1501
Telephone: 310.315.8200
Facsimile: 310.315.8210
Email:     lwerlin@mcguirewoods.com
```

Attorneys for Non-Party Witness Stan Lee

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAN LEE MEDIA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> THE WALT DISNEY COMPANY, <br><br> Defendant. | Case No. Misc. 2:13-MC-00014 <br><br> **NON-PARTY STAN LEE'S OBJECTIONS TO REQUEST FOR DOCUMENTS SET FORTH IN SUBPOENA DUCES TECUM DIRECTED TO HIM DATED JANUARY 30, 2013** |

1

Rule 45(c)(2)(B) Objections To Subpoena Duces Tecum

Pursuant to *F.R.Civ.P.* 45(c)(2)(b), non-party Stan Lee ("Mr. Lee") hereby objects to the request for production of documents which is Attachment 1 to the subpoena directed to him by Stan Lee Media Inc. ("SLMI") dated January 30, 2013 ("the Request"). Mr. Lee objects on the following bases:

### A. General Objections

1. The Request is burdensome and oppressive because it contains terms that are vague and ambiguous and which would require that Mr. Lee, who is not a party to this action, undertake inquiry and investigation to determine and understand. These terms are set forth in the definitions section of the Request, paragraphs 1 through 9, and in individual paragraphs of the request as identified in the specific objections below.

2. The Request is burdensome and oppressive because it would require Mr. Lee to produce "Documents" as defined, which are "private or confidential". In addition, the requests calls for production of materials including journals, diaries, desk calendars, appointment books, and time sheets. Mr. Lee has a privacy interest in such materials arising in part under under the California Constitution, Art. I, §1.

3. The Request is burdensome and oppressive because it contains an expansive definition of "documents" and seeks to force Mr. Lee to undertake an extensive search of materials which include, but are not limited to, computer hard drives, notes, memos, electronic mail, CD-ROMS, computer files, data files, source codes, work papers, journals, diaries, appointment books "and other data compilations from which information can be obtained".

4. The Request is burdensome and oppressive because it calls for the production of materials, some over an unlimited time and some over a time frame of 15 years, which time frames are not reasonable.

5. The Request is burdensome and oppressive because it calls for the production of documents that may be subject to protective orders, confidentiality stipulations, and/or confidentiality orders in other litigation and would require Mr.

1. Lee, a non-party to this action, to investigate and ascertain the applicability of such orders and stipulations and potentially to seek relief thereunder.

6. The Request is broad enough to include documents protected by the attorney client privilege, or as attorney work product, especially since it defines "You" as including Mr. Lee's representatives and attorneys and anyone acting on his behalf. Mr. Lee objects to the extent the Request seeks any such materials or materials protected by any other privilege or basis for refusal to produce, once it is determined exactly what the Request seeks. The Request uses terms such as "refer or relate to" and "regarding" and the extent such terms may be later construed to request "Documents" protected by any privilege or basis for refusal to produce, all such privileges and bases for refusal to produce are reserved.

7. The Request is burdensome and oppressive because it contains "Instructions" that attempt to impose on Mr. Lee duties and obligations not imposed on him by *F.R.Civ.P.* 45 or the Local Rules of this Court.

8. The Requests is burdensome, oppressive, and does not conform to *F.R.Civ.P.* 45 insofar as it purports to demand that Mr. Lee produce documents that are not within his individual possession, custody, or control.

9. The Request is burdensome and oppressive because it seeks to impose obligations on Mr. Lee based on claims which are barred by collateral estoppel and/or other principles of preclusion, and as a result, Mr. Lee should be free from the continuing burden, threat, and annoyance of litigation by SLMI which now includes the Request. The lawsuit in which the Request is made should be barred by the doctrine of collateral estoppel and/or other principles of preclusion arising from decisions adverse to SLMI in actions including: *Abadin v. Marvel Entertainment, Inc.*, CV 09-0715 (S.D.N.Y.), *Stan Lee v. Marvel Enterprises, Inc., et al.*, CV 02-8945 (S.D.N.Y) and *Stan Lee Media, Inc. v. Stan Lee*, CV 2:07-cv-00225 (C.D. Cal.) (collectively "the Prior Litigation"). The Request is part of a continuing effort by SLMI to burden Mr. Lee with unending litigation on the same issues, which has

now spanned more than five years despite repeated dismissal of all of SLMI's claims against Mr. Lee.

10. No reasonable steps were taken to avoid imposing undue burden or expense on Mr. Lee as expressly required by F.R.Civ.P. 45(c)(1) and, for that additional reason, the Request is burdensome and oppressive. Mr. Lee expressly reserves his right to seeks sanctions pursuant to F.R.Civ.P. 45(c)(1).

11. The Request is burdensome and oppressive to the extent it seeks documents which are not relevant or whose relevance is not outweighed by the burdens imposed on Mr. Lee by the Request.

12. Mr. Lee's response and assertion of objections in response to any request does not reflect his acquiescence in any assertions of fact or legal conclusions that may be embodied in such request.

13. Mr. Lee's response and assertion of objections in response to any request does not represent an acknowledgement that any documents responsive to such request actually exist or are in Mr. Lee's possession, custody, or control.

14. The Request is burdensome and oppressive because it calls for Mr. Lee to respond and produce documents prior to the determination of whether the Court before which the Action is pending has jurisdiction to proceed.

15. Mr. Lee expressly reserves the right to assert additional objections to the Request and all other rights with respect to the Request.

**B.  Specific Objections**

All of Mr. Lee's general objections set forth above are incorporated by reference into each of the following specific objections. In addition, Mr. Lee asserts the following specific objections.

Request No. 1:

This request is burdensome and oppressive, vague and ambiguous and overbroad. Among other things, it is broad enough to include documents generated by or in connection with the Prior Litigation, which spanned several years and

1  resulted in the dismissal of all of SLMI's claims against Mr. Lee. Mr. Lee further
2  objects to the extent this request seeks materials protected by an applicable privilege
3  including but not limited to the attorney-client privilege and/or as work product, or
4  seeks materials that are protected by his right to privacy. Mr. Lee further objects
5  because this request seeks to impose on him the significant burden of searching for
6  what the Request describes as "Documents" with no limitations as to time.

7  Request No. 2:

8  This request is burdensome and oppressive, vague and ambiguous and
9  overbroad. Among other things, it is broad enough to include documents generated
10 by or in connection with the Prior Litigation, which spanned several years and
11 resulted in the dismissal of all of SLMI's claims against Mr. Lee. Mr. Lee further
12 objects to the extent this request seeks materials protected by an applicable privilege
13 including but not limited to the attorney-client privilege and/or as work product, or
14 seeks materials which are protected by his right to privacy. Mr. Lee further objects
15 because this request seeks to impose on him the significant burden of searching for
16 what the Request describes "Documents" with no limitations as to time, particularly
17 given that Mr. Lee's association with what is, or may be, described in the Request as
18 "Marvel" dates back more than 60 years.

19 Request No. 3:

20 This request is burdensome and oppressive, vague and ambiguous and
21 overbroad. Among other things, it is potentially broad enough to include documents
22 generated by or in connection with the Prior Litigation, which spanned several years
23 and resulted in the dismissal of all of SLMI's claims against Mr. Lee. Mr. Lee
24 further objects to the extent this request seeks materials protected by an applicable
25 privilege including but not limited to the attorney-client privilege and/or as work
26 product, or seeks materials which are protected by his right to privacy. Mr. Lee
27 further objects because this request seeks to impose on him the significant burden of
28 searching for what the Request describes as "Documents" with no limitations as to

time, particularly given that the request's definition of "Disney" is broad enough to include "Marvel" and Mr. Lee's association with what is, or may be, described in the Request as "Marvel" dates back more than 60 years.

Request No. 4:

This request is burdensome and oppressive, vague and ambiguous and overbroad. Among other things, it is broad enough to include documents generated by or in connection with the Prior Litigation, which spanned several years and resulted in the dismissal of all of SLMI's claims against Mr. Lee. Mr. Lee further objects to the extent this request seeks materials protected by an applicable privilege including but not limited to the attorney-client privilege and/or as work product, or seeks materials which are protected by his right to privacy.

Request No. 5:

This request is burdensome and oppressive, vague and ambiguous and overbroad. Among other things, it is broad enough to include documents generated by or in connection with the Prior Litigation, which spanned several years and resulted in the dismissal of all of SLMI's claims against Mr. Lee. Mr. Lee further objects to the extent this request seeks materials protected by an applicable privilege including but not limited to the attorney-client privilege and/or as work product, or seeks materials which are protected by his right to privacy.

Request No. 6:

This request is burdensome and oppressive, vague and ambiguous and overbroad. Among other things, it is broad enough to include documents generated by or in connection with the Prior Litigation, which spanned several years and resulted in the dismissal of all of SLMI's claims against Mr. Lee. Mr. Lee further objects to the extent this request seeks materials protected by an applicable privilege including but not limited to the attorney-client privilege and/or as work product, or seeks materials which are protected by his right to privacy. Mr. Lee further objects because this request seeks to impose on him the significant burden of searching for

what the Request describes "Documents" with no limitations as to time and would require Mr. Lee to search for "Documents" covering a period of more than 60 years.

Request No. 7

This request is burdensome and oppressive, vague and ambiguous and overbroad.

Request No. 8:

This request is burdensome and oppressive, vague and ambiguous and overbroad because in part, SLMI's "corporate books and records" are not defined. Among other things, the request is broad enough to include documents generated by or in connection with the Prior Litigation, which spanned several years and resulted in the dismissal of all of SLMI's claims against Mr. Lee. Mr. Lee further objects to the extent this request seeks materials protected by an applicable privilege including but not limited to the attorney-client privilege and/or as work product, or seeks materials which are protected by his right to privacy.

Request No. 9:

This request is burdensome and oppressive, vague and ambiguous and overbroad because in part, SLMI's "financial statements" are not defined. Among other things, the request is broad enough to include documents generated by or in connection with the Prior Litigation, which spanned several years and resulted in the dismissal of all of SLMI's claims against Mr. Lee. Mr. Lee further objects to the extent this request seeks materials protected by an applicable privilege including but not limited to the attorney-client privilege and/or as work product, or seeks materials which are protected by his right to privacy.

Request No. 10:

This request is burdensome and oppressive, vague and ambiguous and overbroad because in part, SLMI's "assets" are not defined. Among other things, the request is broad enough to include documents generated by or in connection with the Prior Litigation, which spanned several years and resulted in the dismissal

of all of SLMI's claims against Mr. Lee. Mr. Lee further objects to the extent this request seeks materials protected by an applicable privilege including but not limited to the attorney-client privilege and/or as work product, or seeks materials which are protected by his right to privacy.

Request No. 11:

This request is burdensome and oppressive, vague and ambiguous and overbroad because, in part, SLMI's "intellectual property rights" are not defined. Among other things, the request is broad enough to include documents generated by or in connection with the Prior Litigation, which spanned several years and resulted in the dismissal of all of SLMI's claims against Mr. Lee. Mr. Lee further objects to the extent this request seeks materials protected by an applicable privilege including but not limited to the attorney-client privilege and/or as work product, or seeks materials which are protected by his right to privacy.

Request No. 12:

This request is burdensome and oppressive, vague and ambiguous and overbroad.

Request No. 13:

This request is burdensome and oppressive, vague and ambiguous and overbroad.

Request No. 14:

This request is burdensome and oppressive, vague and ambiguous and overbroad, and seeks material protected by an applicable privilege including but not limited to the attorney-client privilege and/or as work product.

Request No. 15:

This request is burdensome and oppressive, vague and ambiguous and overbroad, and seeks material protected by an applicable privilege including but not limited to the attorney-client privilege and/or as work product.

///

1  Request No. 16:

2  This request is burdensome and oppressive, vague and ambiguous and
3  overbroad, and seeks material protected by an applicable privilege including but not
4  limited to the attorney-client privilege and/or as work product.

5  Request No. 17:

6  This request is burdensome and oppressive, vague and ambiguous and
7  overbroad, and seeks material protected by an applicable privilege including but not
8  limited to the attorney-client privilege and/or as work product.

9  Request No. 18:

10  This request is burdensome and oppressive, vague and ambiguous and
11  overbroad.

12  Request No. 19:

13  This request is burdensome and oppressive, vague and ambiguous and
14  overbroad.

16  DATED: February 12, 2013        MCGUIREWOODS LLP

18  By: _____
19  Leslie M. Werlin
    Attorneys for Non-Party Witness Stan Lee