# EXHIBIT C

# Sherman & Howard L.L.C.

ATTORNEYS & COUNSELORS AT LAW
633 SEVENTEENTH STREET, SUITE 3000
DENVER, COLORADO 80202
TELEPHONE: (303) 297-2900
FAX: (303) 298-0940
WWW.SHERMANHOWARD.COM

**Mark W. Williams**
Direct Dial Number: (303) 299-8211
E-mail: MWilliams@ShermanHoward.com

February 27, 2013

**VIA E-MAIL (rchapman@eisnerlaw.com) AND FIRST CLASS MAIL**

Robert S. Chapman, Esq.
Eisner Kahan Gorry Chapman Ross & Jaffe, P.C.
9601 Wilshire Boulevard, Suite 700
Beverly Hills, CA 90210

  Re: *Stan Lee Media, Inc. v. The Walt Disney Company*
     Deposition Subpoena Directed Stan Lee
     C.D. Cal. Misc. No. 2:13-MC-00014

Dear Mr. Chapman:

  This responds on behalf of Stan Lee to your letter of February 25, 2013. I am glad we have been able to agree on dates for Mr. Lee's deposition. Our position regarding the length of the deposition and related matters remains as stated in my February 22, 2013 letter to you. Mr. Lee will be available for, and your examination will be limited to, the seven hours of examination allotted by the Federal Rules (inclusive of any time counsel may choose to spend reviewing documents); and we expect that if you use the time efficiently you will complete the examination in less time. We also expect appropriate solicitude and decorum at the deposition of a 90-year-old non-party witness who is under medical care and doctors' orders.

  With regard to the document aspect of your subpoena to Mr. Lee, as you acknowledge, you were served with detailed objections to the document request two weeks ago, on February 12, 2013. As you have seen from such objections, we are of the view that the document subpoena is burdensome and objectionable in numerous respects and in its entirety. However, we also repeatedly advised you, in telephone conversations and in Mr. Matetsky's February 15 e-mail, that we were and are prepared to meet and confer in an attempt to resolve our disagreements concerning the scope of the subpoena, in accordance with the Central District of California Local Rules. Although your two-week delay in following up on this invitation is puzzling in light of SLMI's strong insistence on scheduling the deposition expeditiously and your desire to obtain documents before the deposition, we remain prepared to meet and confer telephonically this week, in the hope of agreeing on a narrowed and more reasonable scope of the subpoena with which Mr. Lee could comply. The most convenient time for me this week

# Sherman & Howard L.L.C.

Robert S. Chapman, Esq.
February 27, 2013
Page 2

would be on Friday at 9:00 a.m. (Pacific time)  Please advise if this time works for you, or if not, propose some alternative dates and times this week or early next week, and we will get back to you promptly to set up this call.

To the extent we are able to agree on the scope of the subpoena, we will attempt to produce any responsive documents that Mr. Lee has in advance of the deposition date.  To avoid any surprise, however, please be aware that Mr. Lee does not have extensive documents or files relating to the subject-matters of your lawsuit.

Finally, Mr. Lee's deposition transcript and the videotape will be confidential documents created and usable for litigation purposes only.  We do not agree that SLMI or its representatives will be at liberty to share these documents with anyone unconnected with SLMI or the litigation.  Stipulated protective orders providing that parties to litigation will not disseminate discovery materials outside the litigation are commonplace in commercial and intellectual property litigation, particularly where the privacy interests of a 90-year-old nonparty witness are involved.  If SLMI will not commit to maintain the confidentiality of the deposition transcript and video via an appropriate stipulated protective order or equivalent, we will be forced to take appropriate measures, including reconsideration of whether we should produce Mr. Lee as scheduled.  On behalf of Mr. Lee, I trust and strongly hope that this will not become necessary.

Sincerely,

Mark W. Williams

MWW/dlf

cc:   Ira B. Matetsky, Esq. (via email: imatetsky@ganfershore.com)
      Randi W. Singer, Esq. (via email: randi.singer@weil.com)
      Jon-Jamison Hill, Esq. (via email: jhill@eisnerlaw.com)
      James R. Molen, Esq. . (via email: jmolen@eisnerlaw.com)
      Frederick J. Baumann, Esq. (via email: fbaumann@rothgerber.com)
      John V. McDermott, Esq. (via email: jmcdermott@bhfs.com)
      Leslie M. Werlin, Esq. (via email: lwerlin@mcguirewoods.com)

LITIGATION/3728948.1