IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

      Plaintiff,

v.

THE WALT DISNEY COMPANY,

      Defendant.
_____

**THE WALT DISNEY COMPANY'S MOTION
FOR PROTECTIVE ORDER**
_____

      The Walt Disney Company ("TWDC") hereby respectfully submits this Motion For Protective Order Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and pursuant to this Court's order filed on April 12, 2013, *see* Docket No. 56, whereby the parties were instructed to submit a proposed Protective Order on or before May 3, 2013.

      This Court has already concluded that a Protective Order is warranted in this action. *See id*. At the April 12, 2013 hearing on TWDC's Emergency Motion for a Protective Order (the "Hearing"), this Court set forth specific modifications to TWDC's proposed Protective Order and ordered that the parties submit a compliant Protective Order on or before May 3, 2013. *Id.*; *see also* Declaration of Randi W. Singer dated May 3, 2013 ("Singer Decl.") ¶¶ 2-3. TWDC complied with this Court's instruction at the Hearing and modified the language in the Protective Order accordingly. Singer Decl. ¶ 4 & Ex. A. These modifications included changing the designation of "Highly Confidential" documents to "Attorney's Eyes Only" documents, changing the procedure for filing motions to restrict public access in accordance with D.C. Colo.

L.Civ.R. 7.2 and changing the procedure for challenging a confidentiality designation. *Id.* at ¶ 3. Further, the definition of what requires an "Attorney's Eyes Only" designation was modified to comply with this Court's instruction that this heightened protection was warranted only where counsel had a good faith belief that it was necessary. *Id.*

TWDC finds itself in the familiar position whereby, despite TWDC's good faith efforts to obtain a joint submission, Plaintiff has delayed in providing comments to the proposed Protective Order and now the parties are at an impasse. *Id.* at ¶¶ 4-8. TWDC submitted a proposed Protective Order to Plaintiff on April 25, 2013 and then repeatedly requested Plaintiff's comments to the Protective Order. *Id.* ¶¶ 4-5 & Exs. A-D. Plaintiff's first response to TWDC's request for comments came in yesterday and incorporated numerous changes that went against the spirit of this Court's instructions at the Hearing. *Id.* at ¶ 6 & Ex. E. After TWDC informed Plaintiff that it had incorporated some of Plaintiff's proposed changes but that some were unacceptable, Plaintiff informed TWDC that the parties were too far apart to reach an agreement. *Id.* at ¶¶ 7-8 & Exs. F-G. A copy of the proposed Protective Order – which incorporates many of Plaintiff's revisions – is attached as Exhibit H to the Singer Declaration.

Plaintiff's proposed revisions include removing the limitation that documents produced in this action may be used solely for purposes of the litigation in which they are produced, thus mooting the purpose of the protective order. *See* Singer Decl. Ex. E. Further, Plaintiff's proposed revisions put the burden on the designating party to determine whether a document has already been produced by a non-party. *Id.* Plaintiff's proposed revisions restore a definition for which documents are to be designated "Attorney's Eyes Only." *Id.* Lastly, Plaintiff would prevent parties and non-parties from taking a reasonably limited period of time (21 days) to

2

review deposition transcripts to determine whether parts should reasonably be designated as "Confidential" or "Attorney's Eyes Only" and simply allow them to be made public without a meaningful opportunity to review if a party or non-party fails to designate at the time of the deposition.  *Id.*  Plaintiff's revisions went against the letter and the spirit of the Court's instructions.

As the parties are unable to present a joint and stipulated proposed Protective Order, despite TWDC's good faith efforts to do so, TWDC respectfully requests that the Court exercise its discretion to enter the proposed Protective Order attached as Exhibit H to the Singer Declaration.

DATED this 3rd day of May, 2013.

Respectfully submitted,

/s/  *James W. Quinn*

James W. Quinn
R. Bruce Rich
Randi W. Singer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
james.quinn@weil.com
bruce.rich@weil.com
randi.singer@weil.com

Frederick J. Baumann
Holly C. Ludwig
ROTHGERBER JOHNSON & LYONS LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202-5855
Tel: (303) 623-9000
Fax: (303) 623-9222
fbaumann@rothgerber.com

3

hludwig@rothgerber.com

*Counsel for The Walt Disney Company*

4

# CERTIFICATE OF SERVICE

      I hereby certify that on this 3rd day of May, 2013, I filed electronically the foregoing **MOTION FOR PROTECTIVE ORDER** and accompanying declaration and exhibits with the Clerk of Court, using the CM/ECF system, which caused automatic electronic notification of such filing upon the following:

John V. McDermott
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 223-1100
E-mail: jmcdermott@bhfs.com

Robert S. Chapman
Jon-Jamison Hill
EISNER, KAHAN & GORRY
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California 90212
Telephone:  (310) 855-3200
Email:  rchapman@eisnerlaw.com
        jhill@eisnerlaw.com


                                                                */s/* Holly C. Ludwig