# EXHIBIT G

# Singer, Randi

| | |
|---|---|
| **From:** | Robert Chapman <rchapman@eisnerlaw.com> |
| **Sent:** | Friday, May 03, 2013 3:18 PM |
| **To:** | Singer, Randi |
| **Cc:** | Jon Hill; 'fbaumann@rothgerber.com'; 'jmcdermott@bhfs.com'; Rich, Bruce; Williams, Mark W. (Mwilliams@shermanhoward.com); mbarnes@bhfs.com |
| **Subject:** | RE: SLMI v. Disney - Protective Order |

Randi:

We do not agree to Disney's revised version of the protective order. Your email highlights five specific issues below, and at this point, the parties are very far apart on resolution of the proposed protective order. For example, we don't see how removing the automatic 21 day "attorneys' eyes only" period for deposition moots the protection, as your email claims. It simply requires the designating party to be more diligent in designating materials at the deposition itself and/or quickly following up on post-deposition designations. On the other hand, treating every deposition as "attorneys eyes only" for an extended period significantly impacts the non-designating party, who may need to quickly file a discovery motion and, in that case, would have to take unnecessary steps to "seal" non-confidential records. This, as well as the other issues outlined in your email, put improper burdens on SLMI.

Given how far apart the parties are, and given your statement that Disney will simply file its own draft protective order with the Court, we plan to separately submit SLMI's version of the protective order later today.

Regards,

Bob

---

**From:** Singer, Randi [mailto:randi.singer@weil.com]
**Sent:** Thursday, May 02, 2013 9:19 PM
**To:** Robert Chapman
**Cc:** Jon Hill; 'fbaumann@rothgerber.com'; 'jmcdermott@bhfs.com'; Rich, Bruce; Williams, Mark W. (Mwilliams@shermanhoward.com); mbarnes@bhfs.com
**Subject:** RE: SLMI v. Disney - Protective Order

Dear Bob,

Attached is a revised version of the Protective Order, which incorporates some of your changes. However, certain of your proposed changes are unacceptable to TWDC and therefore have not been incorporated, including:

- Removing the limitation that documents may be used solely for litigation purposes;

- Putting the burden on the designating party to determine whether a document has already been produced by a non-party (if it has, this can be solved through the objection procedures);

- Defining "Attorney's Eyes Only" -- as per Magistrate Judge Tafoya's guidance at the hearing, we agreed to remove the definition of the Attorney's Eyes Only designation and instead limit it to those documents where there is a good faith belief that the increased protection is necessary;

- Removing the requirement that deposition transcripts, videos and exhibits be treated as Attorney's Eyes Only for a period of 21 days after receipt of the transcript. Removing this provision would moot out the standard procedures for designating depositions as confidential within twenty-one days; and

1

- Removing internal counsel to a party's parent or subsidiary as a designated recipient.

Please let us know if you have any additional edits or if this version is acceptable. If we do not hear from you by 2 pm Eastern time tomorrow, we will remove references to the joint nature of the proposal and submit our revised proposed protective order to the court.

Regards,
Randi



**Randi W. Singer**

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
randi.singer@weil.com
+1 212 310 8152 Direct
+1 212 310 8007 Fax

---

**From:** Robert Chapman [mailto:rchapman@eisnerlaw.com]
**Sent:** Thursday, May 02, 2013 4:30 PM
**To:** Singer, Randi
**Cc:** Jon Hill; 'fbaumann@rothgerber.com'; 'jmcdermott@bhfs.com'; Rich, Bruce; Williams, Mark W. (Mwilliams@shermanhoward.com); mbarnes@bhfs.com
**Subject:** RE: SLMI v. Disney - Protective Order

Randi,

Here is a redline with our changes.

Regards,

Bob

**From:** Singer, Randi [mailto:randi.singer@weil.com]
**Sent:** Thursday, May 02, 2013 11:47 AM
**To:** Robert Chapman
**Cc:** Jon Hill; James Molen; 'fbaumann@rothgerber.com'; 'jmcdermott@bhfs.com'; Rich, Bruce; Williams, Mark W. (Mwilliams@shermanhoward.com); mbarnes@bhfs.com
**Subject:** RE: SLMI v. Disney - Protective Order

Dear Bob,

The deadline for submitting the protective order is tomorrow. If we do not hear from you by the end of the day today, we will remove references to a stipulation and submit our revised proposed protective order to the court.

Case No. 1:12-cv-02663-WJM-KMT   Document 57-8   filed 05/03/13   USDC Colorado
pg 4 of 6

Regards,
Randi



**Randi W. Singer**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
randi.singer@weil.com
+1 212 310 8152 Direct
+1 212 310 8007 Fax

---

**From:** Robert Chapman [mailto:rchapman@eisnerlaw.com]
**Sent:** Monday, April 29, 2013 5:51 PM
**To:** Singer, Randi
**Cc:** Jon Hill; James Molen; 'fbaumann@rothgerber.com'; 'jmcdermott@bhfs.com'; Rich, Bruce; Williams, Mark W. (Mwilliams@shermanhoward.com); mbarnes@bhfs.com
**Subject:** RE: SLMI v. Disney - Protective Order

Randi,

I just finished a trial. I'll look at this and get back to you.

Regards,

Bob

---

**From:** Singer, Randi [mailto:randi.singer@weil.com]
**Sent:** Monday, April 29, 2013 10:36 AM
**To:** Robert Chapman
**Cc:** Jon Hill; James Molen; 'fbaumann@rothgerber.com'; 'jmcdermott@bhfs.com'; Rich, Bruce; Williams, Mark W. (Mwilliams@shermanhoward.com); mbarnes@bhfs.com
**Subject:** RE: SLMI v. Disney - Protective Order

Dear Bob,

Please let us know if you have any comments on the new draft of the protective order.

Regards,
Randi



**Randi W. Singer**
Weil, Gotshal & Manges LLP
767 Fifth Avenue

3

New York, NY 10153
randi.singer@weil.com
+1 212 310 8152 Direct
+1 212 310 8007 Fax

**From:** Singer, Randi
**Sent:** Thursday, April 25, 2013 11:39 AM
**To:** 'Robert Chapman'
**Cc:** Jon Hill; James Molen; 'fbaumann@rothgerber.com'; 'jmcdermott@bhfs.com'; Rich, Bruce; Williams, Mark W. (Mwilliams@shermanhoward.com); 'mbarnes@bhfs.com'
**Subject:** SLMI v. Disney - Protective Order

Dear Bob:

I am attaching a new draft of the protective order that has been revised per the discussions and guidance from Magistrate Judge Tafoya at the hearing.

Please let us know if you have any comments or if it is ok to submit to the Court as a stipulated order.

Regards,
Randi



Randi W. Singer
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
randi.singer@weil.com
+1 212 310 8152 Direct
+1 212 310 8007 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

This e-mail, and any attachments hereto, is intended only for use by the
addressee(s) named herein and may contain legally privileged and/or confidential
information. If you are not the intended recipient of this e-mail, you are
hereby notified that any dissemination, distribution or copying of this e-mail,
and any attachments hereto, is strictly prohibited. If you have received this
e-mail in error, please immediately notify me at 310.855.3200 and permanently
delete the original and any copy of any e-mail and any printout thereof.

IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at 310.855.3200 and permanently delete the original and any copy of any e-mail and any printout thereof.

IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.

U.S. Internal Revenue Service (IRS) Circular 230 Notice: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

\* \* \*

This e-mail, and any attachments hereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments hereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me at 310.855.3200 and permanently delete the original and any copy of any e-mail and any printout thereof.

IRS Circular 230 Disclosure: As required by U.S. Treasury Regulations governing tax practice, you are hereby advised that any written tax advice contained herein was not written or intended to be used (and cannot be used) by any taxpayer for the purpose of avoiding penalties that may be imposed under the U.S. Internal Revenue Code.