**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2663-WJM-KMT

STAN LEE MEDIA, INC.,

      Plaintiff,

v.

THE WALT DISNEY COMPANY,

      Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

---

      Plaintiff Stan Lee Media, Inc. ("Plaintiff") has brought this copyright infringement action against Defendant The Walt Disney Company ("Defendant" or "Disney"), alleging that Defendant copied and exploited comic book characters owned by Plaintiff.  (Am. Compl. (ECF No. 25).)  This matter is before the Court on Defendant's Motion to Dismiss the Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) ("Motion").  (ECF No. 37.)  For the reasons set forth below, Defendant's Motion is granted.

## I.  BACKGROUND

      The relevant facts, as pleaded in the Amended Complaint, are as follows. Plaintiff is a Colorado corporation that entered into an agreement in 1998 ("1998 Agreement") with Stan Lee, a comic book artist who created several well-known comic book characters while employed at Marvel Comics.  (Am. Compl. ¶¶ 2, 4 & Ex. A.)  In the 1998 Agreement, Lee assigned to Plaintiff the copyrights in the comic book

characters that he had previously created, and those that he would create in the future. (*Id.* ¶ 4.)  Lee subsequently sent a letter to Plaintiff purporting to terminate the 1998 Agreement because Plaintiff had materially breached it,[1] and assigned the same copyrights to Marvel, leading to several legal disputes involving Plaintiff, Lee, Marvel, and others.  (*Id.* ¶ 10; ECF No. 37 at 9.)  Among other claims, these disputes involved Plaintiff's attempt to enforce its ownership of the copyrights to Lee's characters conferred upon it in the 1998 Agreement.  (Am. Compl. ¶¶ 27-35.)

In 2009, Disney purchased Marvel and turned it into a wholly-owned subsidiary. (Am. Compl. ¶ 11.)  Marvel and other Disney subsidiaries have since used copyrighted characters created by Lee without Plaintiff's consent in distributing movies, selling merchandise, and in creating and distributing print media.  (*Id.* ¶¶ 19-21.)

On October 9, 2012, Plaintiff filed a Complaint alleging that Defendant infringed the copyrights it holds by virtue of the 1998 Agreement.  (ECF No. 1.)  An Amended Complaint was filed on December 26, 2012.  (ECF No. 25.)  On January 14, 2013, Defendant filed the instant Motion.  (ECF No. 37.)  Plaintiff filed a Response on February 7, 2013 (ECF No. 42), and Defendant filed a Reply on February 25, 2013 (ECF No. 46).

## II.  LEGAL STANDARD[2]

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the

---

[1] The parties dispute whether the assignment of rights in the 1998 Agreement survived this letter.  (*See* ECF No. 37 at 3; Am. Compl. ¶ 10.)

[2] Although Defendant's Motion is filed pursuant to both Rules 12(b)(2) and 12(b)(6), the Court addresses herein only Rule 12(b)(6) because it is dispositive of the Motion.

sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)). The "allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). This requirement of plausibility "serves not only to weed out claims that do not have a reasonable prospect of success, [but also to] provide fair notice to defendants of the actual grounds of the claim against them." *Id.*

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

## III. ANALYSIS

Defendant's Motion makes four arguments as to why the Court should dismiss Plaintiff's claims: (1) the Court lacks personal jurisdiction over Defendant; (2) Plaintiff cannot prove its ownership of the copyrights because it is barred from re-litigating that issue due to issue preclusion; (3) Plaintiff's copyright infringement claim is barred by the statute of limitations; and (4) Plaintiff's Amended Complaint fails to plead sufficient facts

to state a claim for copyright infringement.  (ECF No. 37 at 5-15.)  Because the Court

finds that Plaintiff's claim fails due to issue preclusion, the Court will review that issue

after briefly discussing the issue of jurisdiction.

## A.    Personal Jurisdiction

Defendant first argues that Plaintiff's claim against it must be dismissed because

the Court lacks personal jurisdiction over Defendant.  (ECF No. 37 at 5-9.)

A plaintiff bears the burden of making a *prima facie* showing to establish

personal jurisdiction over the defendant "by demonstrating, via affidavit or other written

materials, facts that if true would support jurisdiction over the defendant."  *OMI*

*Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).

"However, only the well pled facts of [the] plaintiff's complaint, as distinguished from

mere conclusory allegations, must be accepted as true" for the purposes of determining

jurisdiction.  *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976).

Plaintiff alleges personal jurisdiction over Defendant based on an agency or alter

ego theory, under which the acts of Defendant's subsidiaries in Colorado are

attributable to Disney itself.  (Am. Compl. ¶¶ 13-21.)  The Court has some doubts as to

whether Plaintiff's allegations here contain sufficiently "well pled facts" to establish

personal jurisdiction under this theory.  *See Mitchell*, 537 F.2d at 386; *cf. Quarles v.*

*Fuqua Indus., Inc.*, 504 F.2d 1358, 1362 (10th Cir. 1974) ("a holding or parent company

has a separate corporate existence and is treated separately from the subsidiary in the

absence of circumstances justifying disregard of the corporate entity," such as "if

separation of the two entities has not been maintained and injustice would occur to third

parties if the separate entity were recognized.").  However, because the Court ultimately finds that dismissal is warranted based upon issue preclusion, the Court will take Plaintiff's jurisdictional allegations as true and assume that personal jurisdiction exists for the purposes of this Motion only.

## B.    Issue Preclusion

Defendant argues that Plaintiff is precluded from re-litigating the issue of its ownership of the copyrighted comic book characters based on the 1998 Agreement, because that issue has been decided against Plaintiff in several prior cases.  (ECF No. 37 at 10-12.)  Defendant points to a decision in the Southern District of New York in which Plaintiff's attempt to exercise its asserted rights under the 1998 Agreement was held to be barred by the statute of limitations, and two subsequent decisions finding that the first decision precluded Plaintiff from re-litigating the same alleged copyright ownership claim.  (*See id.* at 10-11; *Abadin v. Marvel Entm't, Inc.*, 2010 WL 1257519, at *7 (S.D.N.Y. Mar. 31, 2010); *Lee v. Marvel Enters.*, 765 F. Supp. 2d 440, 456 (S.D.N.Y. 2011), *aff'd*, 471 F. App'x 14 (2d Cir. 2012); *Stan Lee Media, Inc. v. Lee*, 2012 WL 4048871, at *7 (C.D. Cal. Aug. 23, 2012).  As a result, Defendant contends, Plaintiff's infringement claim fails because Plaintiff cannot assert copyright ownership.  (*Id.* at 12.)

"Collateral estoppel, or, as it is often known, issue preclusion, bars a party from re-litigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." *Burrell v. Armijo*, 456 F.3d 1159, 1172 (10th Cir. 2006) (internal quotation marks

omitted).  Because the decisions alleged to invoke issue preclusion here are decisions

made by federal courts, federal law applies to the preclusion analysis.  *See Semtek Int'l*

*Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507 (2001); *Dodge v. Cotter Corp.*, 203

F.3d 1190, 1197 (10th Cir. 2000).

The Tenth Circuit has established four elements that must be satisfied before

issue preclusion applies:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Dodge*, 203 F.3d 1198.  Plaintiff does not contest that it was a party to the case

Defendant claims is preclusive, that that case was finally adjudicated on the merits, or

that Plaintiff had a full and fair opportunity to litigate the issue in the prior case.  (*See*

ECF No. 42 at 12-13.)  Rather, Plaintiff argues that the issue previously litigated was

not identical to the issue here.[3]  (*Id.*)

The relevant case for the identicality of issues analysis here is *Abadin v. Marvel*

*Entertainment, Inc.*, which was a shareholder derivative suit on behalf of Stan Lee

Media, Inc., the Plaintiff here, against Lee and Marvel.  *See* 2010 WL 1257519, at *7.

---

[3] Plaintiff also argues that because Defendant did not attach documents from the court record in the prior case it alleges to have preclusive effect, Defendant failed to carry its burden of proving the elements of issue preclusion.  (ECF No. 42 at 12.)  The Court is not persuaded by Plaintiff's argument on this point.  Defendant's Motion accurately cited and quoted from the relevant decisions it claims are preclusive, giving notice of Defendant's preclusion argument to both Plaintiff and the Court and arguing all four required elements.  (*See* ECF No. 37 at 3-4.)  Furthermore, none of the cases Plaintiff cites provide any support for its argument that Defendant is required to attach court opinions from the preclusive cases.  (*See* ECF No. 42 at 12.)

Among other claims, the *Abadin* plaintiffs alleged that, as a result of the 1998 Agreement, Plaintiff owned copyrights in comic book characters created by Lee, that Lee infringed on those copyrights when he filed an assignment with the Copyright Office for three characters, and that Lee thereby breached the 1998 Agreement. *Id.*; (ECF No. 42 at 12.)

The *Abadin* court, applying California law, held that because "California law limits personal service contracts to 7 years (Cal. Labor Code § 2855a)[,] Lee's obligations [under the 1998 Agreement] were statutorily terminated in 2005. There can be no attempt to enforce this contract beyond the statutory term." *Abadin*, 2010 WL 1257519, at *6. The court then noted that Plaintiff's claim against Lee for his use of the characters, allegedly in breach of the 1998 Agreement, "is governed by the California statute of limitations, which is 4 years. The statute ran as of 2005, well before this lawsuit was commenced. . . . Plaintiffs cannot wait a decade to enforce their rights. The copyright claim is barred by the statute of limitations and the doctrine of laches and estoppel." *Id.* Thus, based upon the statutory expiration of the 1998 Agreement and the statute of limitations, the *Abadin* plaintiffs were barred from exercising their rights to Lee's characters.

Two subsequent decisions by District Courts found that after *Abadin*, Plaintiff was precluded from asserting its alleged ownership of copyrights under the 1998 Agreement. *See Lee v. Marvel Enters.*, 765 F. Supp. 2d at 456; *Stan Lee Media, Inc. v. Lee*, 2012 WL 4048871, at *7. In the latter case, the Central District of California found that Plaintiff was asserting the same claims based on the 1998 Agreement that were

asserted in *Abadin*, and that Plaintiff did "not suggest in its briefing that any new evidence exists which would give rise to claims that could not have been brought in *Abadin* . . . . Accordingly, 'substantially the same evidence' is at issue in both cases" and *res judicata* applied to preclude the claims. *Stan Lee Media, Inc. v. Lee*, 2012 WL 4048871, at *7 (internal quotation omitted).

Plaintiff attempts to distinguish its claims in the instant case from *Abadin*, arguing that "the gravamen of [its] claims against Lee was breach of contract" rather than copyright infringement[4], and that its claim here is "against Disney, a third party," rather than against Lee. (ECF No. 42 at 13.) Plaintiff also argues that the *Abadin* court's reference to the doctrine of laches and estoppel is inconsistent with Defendant's position here that it now owns the copyrights. (*Id.*) Plaintiff's argument, relying largely upon differences in the details of the claims asserted in the instant case as compared to *Abadin*, confuses issue preclusion with claim preclusion; only the former is asserted here. It is therefore of no moment that Disney was not a party to the *Abadin* litigation, that contract claims as well as infringement were asserted, or that laches and estoppel also barred Plaintiff's claims against Lee.

Rather, after the *Abadin* court determined that Plaintiff was barred from exercising the copyrights conferred upon it in the 1998 Agreement, the Court cannot allow Plaintiff to re-litigate the same issue in an attempt to revive its claim to ownership of those copyrights. (ECF No. 37 at 10-13.) While the claims asserted in *Abadin* and

---

[4] Contrary to Plaintiff's characterization of the "gravamen" of its claims in *Abadin*, its complaint in that case did in fact claim copyright infringement against Lee, and the *Abadin* court specifically held that the copyright claim was barred for the reasons discussed above. *See* 2010 WL 1257519, at *2, *6.

8

the other prior cases differ from the copyright infringement claimed here, all involve the issue of whether the 1998 Agreement gave Plaintiff ownership of the copyrights to comic book characters created by Lee.  Plaintiff has tried time and again to claim ownership of those copyrights; the litigation history arising out of the 1998 Agreement stretches over more than a decade and at least six courts.  (*See* Am. Compl. pp. 7-10.) Taking its cue from the Southern District of New York and the Central District of California, this Court holds that Plaintiff is precluded from re-litigating the issue of its ownership of copyrights based on the 1998 Agreement, which issue was decided against it in *Abadin*.

Consequently, Plaintiff cannot state a claim for copyright infringement, because such a claim first requires "ownership of a valid copyright."  *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Plaintiff has relied solely on the 1998 Agreement to establish its ownership of the copyrights at issue here, and has made no allegation of any other basis for that ownership other than its public filings and records based on the same 1998 Agreement.  (*See* Am. Compl. ¶¶ 4-12.)  Accordingly, Plaintiff's claim for copyright infringement fails to state a claim upon which relief can be granted.  Because the claim must be dismissed on this basis, the Court need not review Defendant's remaining arguments for dismissal.

## C.    Further Amendment

In its Response, Plaintiff argues that if the Court finds that it has failed to state a claim, it should be granted leave to amend its complaint a second time to cure any deficiencies.  (ECF No. 42 at 15.)  As required by the Federal Rules of Civil Procedure,

it is this Court's practice to permit such amendments when justice so requires.  Fed. R.

Civ. Pro. 15(a)(2).  Nevertheless, the Tenth Circuit has held that the Court "may dismiss

without granting leave to amend when it would be futile to allow the plaintiff an

opportunity to amend his complaint."  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213,

1219 (10th Cir. 2006).  A refusal to grant leave to amend is discretionary, and where

"the denial rests on articulated reasons such as failure to cure deficiencies by previous

amendments or futility of amendment, the district court's decision shall stand."  *TV*

*Commc'ns Network, Inc., v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th

Cir. 1992).

The Court finds that amendment would be futile in the instant case.  Unlike an

attempt "to cure technical errors or otherwise amend the complaint when doing so

would yield a meritorious claim," Plaintiff here cannot successfully state a claim for

infringement when its theory of ownership of the allegedly infringed copyrights is

precluded.  *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).  Therefore, the

Court declines to grant Plaintiff leave to amend, as such an amendment in these

circumstances would be futile.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Defendant's Motion to Dismiss the Amended Complaint Pursuant to Rule

        12(b)(6) (ECF No. 37) is GRANTED;

2.      Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE in its entirety; and

3.      Judgment shall be entered in favor of Defendant.  Defendant shall have its costs.

Dated this 5th day of September, 2013.

BY THE COURT:

William J. Martinez
United States District Judge