**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.

_____
**THE WALT DISNEY COMPANY'S MOTION FOR ATTORNEYS' FEES**
_____

    The Walt Disney Company ("TWDC") hereby respectfully submits this Motion for Attorneys' Fees pursuant to 17 U.S.C. § 505, 28 U.S.C. § 1927 and Fed. R. Civ. P. 54(d).

**BACKGROUND**

    Plaintiff Stan Lee Media, Inc. ("Plaintiff") sued TWDC in this Court claiming ownership in certain iconic Marvel works, allegedly arising from a 1998 transfer from Stan Lee (the "1998 Agreement"), even though three different federal judges had already ruled that it "was precluded from asserting its alleged ownership of copyrights under the 1998 Agreement." *See* Order Granting Defendant's Motion to Dismiss (Docket Entry ("D.E.") 64) (the "Order") at 5-9 (citing *Stan Lee Media, Inc. v. Lee*, 2012 WL 4048871, at *7 (C.D. Cal. Aug. 23, 2012); *Lee v. Marvel Enters.*, 765 F. Supp. 2d 440, 456 (S.D.N.Y. 2011); *Abadin v. Marvel Entm't, Inc.*, 2010 WL 1257519, at *7 (S.D.N.Y. Mar. 31, 2010)). Despite its previous failures, and despite being informed numerous times of its claim's deficiencies, Plaintiff insisted on proceeding here.

    As the Court knows, but briefly for the record here, Plaintiff filed its initial complaint; TWDC met and conferred with Plaintiff and explained to it that its claim was barred by the

doctrine of collateral estoppel, lack of personal jurisdiction, and the Copyright Act's statute of limitations, and for failure to state a claim. Plaintiff rejected TWDC's demand to withdraw the complaint and TWDC moved to dismiss. *See* D.E. 21. Plaintiff then amended its complaint. *See* D.E. 25. After Plaintiff refused to withdraw its Amended Complaint after a second meet-and-confer, TWDC moved to dismiss a second time. *See* D.E. 37.

Plaintiff also pressed needless and expensive discovery against TWDC and third-parties, requiring TWDC to file two motions to stay discovery pending resolution of its dispositive motions.[1] Plaintiff also rebuffed TWDC's attempts to negotiate a stipulated protective order,[2] by doing so compelling TWDC to litigate two motions for a protective order, one on an emergency basis to prevent Plaintiffs from acting on their threat to disclose the confidential documents and testimony of non-party Stan Lee. TWDC was ultimately granted a stay of discovery and a protective order, but was made to incur substantial attorneys' fees during all this motion practice.[3]

Ultimately, this Court held that "Plaintiff is precluded from re-litigating the issue of its ownership of copyrights based on the 1998 Agreement, which issue was decided against it in

---

[1] TWDC filed its initial motion to stay discovery on December 5, 2012. *See* D.E. 22. That motion was superseded by the filing of the Amended Complaint and successive motion to dismiss, forcing TWDC to file yet another motion to stay discovery pending the resolution of its second motion to dismiss, which it did on January 16, 2013. *See* D.E. 38.

[2] With the express understanding that Plaintiff would agree to a protective order, the parties agreed that Plaintiff would take certain limited document and deposition discovery of third-party Stan Lee. A protective order was particularly critical in light of this agreement, for neither Mr. Lee nor TWDC would have consented to proceeding with any discovery in the absence of a protective order.

[3] While TWDC's legal fees and costs have been at the expense of its shareholders, Plaintiff's efforts have been funded by a multi-billion dollar hedge fund. *See* Nathan Vardi, *Hedge Fund Elliot Management is Backing* Stan *Lee Media's Spider-Man Lawsuit Against Disney*, Forbes, February 1, 2013 attached as Exhibit 1 to the Affidavit of Randi W. Singer dated September 19, 2013 ("Singer Aff.").

2

*Abadin*." Order at 9.  The Court dismissed the Amended Complaint in its entirety with prejudice and awarded TWDC its costs.  *Id.* at 10.  As the prevailing party, TWDC is also now entitled to recover its attorneys' fees.[4]

## ARGUMENT

Under the Copyright Act of 1976, the court may "award a reasonable attorneys' fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  A party is considered a prevailing party where there is a "judicially sanctioned change in the legal relationship of the parties."  *Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1215 (10th Cir. 2010) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)).  This Court's dismissal of Plaintiff's complaint in its entirety with prejudice means that TWDC is the prevailing party.  *Cf. Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1527 (10th Cir. 1997) ("dismissal with prejudice affords a defendant considerably more relief than a dismissal without prejudice" and "the former must make the defendant a prevailing party if the latter does").[5]

An award of attorneys' fees to prevailing parties in copyright cases is within the district court's broad discretion.  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994); *Girlsongs v. 609*

---

[4] Plaintiff's counsel informed the undersigned of their intention to file a motion to amend the complaint in this action, notwithstanding this Court's clear dismissal of this action with prejudice *without* leave to amend.  *See* Singer Aff. Ex. 2.  The undersigned responded that TWDC would oppose any such motion, which would be frivolous in light of this Court's holding that any such amendment would be futile. *See* Order at 9-10 ("Plaintiff here cannot successfully state a claim for infringement when its theory of ownership of the allegedly infringed copyrights is precluded.").  As Plaintiff's counsel was informed, in the event Plaintiff files its frivolous motion to amend, TWDC reserves its right to make a renewed motion for attorneys' fees expended in opposing it.

[5] Indeed, as the Seventh Circuit has noted, a prevailing copyright defendant has a particularly compelling claim to a fee award because there can be no monetary recovery in its favor, and without the prospect of an attorneys' fee award, the defendant "might be forced into a nuisance settlement or deterred altogether from exercising his rights." *Assessment Techs. of Wis., LLC v. Wiredata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004) (Posner, J.).

3

*Indus., Inc.*, 625 F. Supp. 2d 1127, 1132 (D. Colo. 2008).[6]  The Supreme Court has set forth several nonexclusive factors to be considered in the Court's discretion in determining whether to grant attorneys' fees to a prevailing party, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Fogerty*, 510 U.S. at 534 n.19.  Here, the *Fogerty* factors weigh in favor of granting TWDC its attorneys' fees.

First, as TWDC warned Plaintiff again and again, this claim was objectively unreasonable – indeed, frivolous.  *See Porto v. Guirgis*, 659 F. Supp. 2d 597, 617 (S.D.N.Y. 2009) (copyright claim "is objectively unreasonable when the claim is clearly without merit or otherwise patently devoid of a legal or factual basis").  As this Court found, Plaintiff chose to pursue this action despite three previous rulings that it had no basis for asserting ownership of any of the claimed copyrights.  Knowing at least that the doctrine of *res judicata* barred it from pursuing its claim directly against *Marvel* yet again, Plaintiff instead sued TWDC, which happened to have acquired Marvel and is now its ultimate parent corporation.  Not only was Plaintiff's sole claim for copyright infringement barred three times over by collateral estoppel, but the Court itself expressed its doubt as to whether TWDC is subject to personal jurisdiction in this forum in the first place.  *See* Order at 4-5.  Further, the law is clear that the Copyright Act's three-year statute of limitations barred the claim and, finally, the Amended Complaint failed to state a cause of action against TWDC.  In light of all of these fatal deficiencies, and having twice been given the opportunity to withdraw its baseless complaint, Plaintiff's pursuit of its claim

---

[6] Attorneys' fees are awarded in an evenhanded manner and a prevailing defendant need not meet a greater burden than a prevailing plaintiff.  *Fogerty*, 510 U.S. at 524-25 & n.12.

against TWDC meets any test of objective unreasonableness.[7]  Plaintiff is funded by a multi-billion dollar hedge fund that uses litigation as an investment tool rather than a legitimate effort to protect Plaintiff's rights, *see* Singer Aff. Ex. 1, so there is no mistaking Plaintiff's motivations in doggedly pursuing the legally unpursuable.[8]

Second, considerations of compensation and deterrence also warrant granting attorneys' fees here.  *See Fogerty*, 510 U.S. at 534 n.19.  Courts routinely awarded attorneys' fees to either compensate a party who was forced to litigate or to deter future bad conduct.  *See Big Tree Enters., Ltd. v. Mabrey*, 45 F.3d 439, 439 (10th Cir. 1994) (granting reasonable attorneys' fees to make prevailing party whole and to "deter future violation of the Copyright Act"); *Stockart.com, LLC v. Engle*, 2011 WL 10894610, at *16 (D. Colo. Feb. 18, 2011) (awarding attorneys' fees where opposing party acted "knowingly and deliberately" and "forced this matter to be litigated").  Here, Plaintiff compelled TWDC needlessly to litigate two motions to dismiss, two motions for protective order, and two motions to stay discovery.  Such unnecessary expenditures should be compensated for, especially in light of the objective unreasonableness of Plaintiff's claim.  *See Randolph v. Dimension Films, Inc.*, 634 F. Supp. 2d 779, 796-97 (S.D. Tex. 2009), *aff'd*, 381 F. App'x 449 (5th Cir. 2010) ("[W]hen a copyright infringement claim is objectively unreasonable, deterrence is an important factor.").  Plaintiff also should be deterred from further asserting nonexistent copyright ownership rights.  *See Broadcast Music, Inc. v. Cleatz Bar & Grill, LLC*, 2013 WL 753468, at *1 (D. Colo. Feb. 27, 2013) (awarding attorney's fees, *inter*

---

[7] *See Pannonia Farms, Inc. v. Re/Max Int'l, Inc.*, 407 F. Supp. 2d 41, 46 (D.D.C. 2005) (awarding attorneys' fees incurred in moving to dismiss based on collateral estoppel where "it was objectively unreasonable for [plaintiff] to continue to pursue any of the intellectual property claims after the New York federal court found that it did not have any ownership interests").

[8] The investor behind this strategy conceded that TWDC's acquisition of Marvel played a large role in attracting financing to litigate.  *Id.*

*alia*, to "penalize the losing party . . . , to make the prevailing party whole, and to encourage the proper prosecution" of copyright actions).

In light of the foregoing, TWDC is entitled as the prevailing party to an award for attorneys' fees under section 505 of the Copyright Act.  This result would be consistent with 28 U.S.C. § 1927 because, as explained above, Plaintiff, by and through its counsel, "multiplie[d] the proceedings in [this] case unreasonably and vexatiously," and is particularly apt, given the Plaintiff's long history of asserting nonexistent copyright rights.  Indeed, as the Tenth Circuit has recognized, collateral estoppel is intended, among other things, to "relieve parties of the cost and vexation of multiple lawsuits"; in other words, to prevent needless relitigation and bring finality to litigation.  *See SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir. 1990); *see also Sierra Club v. Two Elk Generation P'ners, L.P.*, 646 F.3d 1258 (10th Cir. 2011).  As demonstrated above, Plaintiff's litigation of its claim in this action despite three previous judgments that it had no copyright ownership rights to assert was objectively unreasonable.  An award to TWDC of its attorneys' fees therefore is appropriate under 17 U.S.C. § 505 and 28 U.S.C. § 1927.  *See Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1166 (10th Cir. 1985) (affirming award of attorneys' fees where attorney asserted claims "long after it would have been reasonable and responsible to dismiss the claims"); *Wolf v. County of Gilpin*, 2010 WL 5094054, at *10 (D. Colo. Sept. 30, 2010) (awarding attorneys' fees incurred in moving to dismiss where plaintiff "ma[de] the same allegations" made in earlier action and plaintiff's actions "in refiling these allegations in this matter [were] not objectively reasonable"); *Sangui Biotech Int'l, Inc. v. Kappes*, 179 F. Supp. 2d 1240, 1243-44 (D. Colo. 2002) ("Sanctions are

appropriately imposed under § 1927 on counsel who repeatedly attempt to litigate matters that have been decided or who continue to pursue claims that are no longer reasonable.").

## CONCLUSION

For the foregoing reasons, TWDC respectfully requests that the Court award TWDC attorneys' fees in the amount of $461,881.80.[9]

## D.C.COLO.LCivR 7.1(A) CERTIFICATION

Undersigned counsel for Defendant The Walt Disney Company certify that they conferred by email with counsel for Plaintiff Stan Lee Media, Inc. in an effort to resolve the dispute raised by this motion, and that counsel for Plaintiff advised that they would not consent to the relief requested herein.

DATED this 19th day of September, 2013.

    Respectfully submitted,

    /s/  James W. Quinn

    James W. Quinn
    R. Bruce Rich
    Randi W. Singer
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, NY 10153
    Tel: (212) 310-8000
    Fax: (212) 310-8007
    james.quinn@weil.com
    bruce.rich@weil.com
    randi.singer@weil.com

---

[9] As required by this Court's Local Rule 54.3, for each person for whom fees are claimed, a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed for the dispositive motions, motions to stay discovery and motions for a protective order, as well as a summary of the relevant qualifications and experience of each person are set forth in the accompanying Singer Affidavit.

Frederick J. Baumann
Holly C. Ludwig
LEWIS ROCA ROTHGERBER LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202-5855
Tel: (303) 623-9000
Fax: (303) 623-9222
fbaumann@lrrlaw.com
hludwig@lrrlaw.com

*Counsel for The Walt Disney Company*

8

## CERTIFICATE OF SERVICE

    I hereby certify that on this 19th day of September, 2013, I filed electronically the foregoing **MOTION FOR ATTORNEYS' FEES** and accompanying affidavit and exhibits with the Clerk of Court, using the CM/ECF system, which caused automatic electronic notification of such filing upon the following:

John V. McDermott
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 223-1100
E-mail: jmcdermott@bhfs.com

Robert S. Chapman
Jon-Jamison Hill
EISNER, KAHAN & GORRY
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California 90212
Telephone: (310) 855-3200
Email: rchapman@eisnerlaw.com
    jhill@eisnerlaw.com

                /s/ Holly C. Ludwig