IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

 Plaintiff,

v.

THE WALT DISNEY COMPANY,

 Defendant.

---

### AFFIDAVIT OF RANDI W. SINGER IN SUPPORT OF THE WALT DISNEY COMPANY'S MOTION FOR ATTORNEY'S FEES

---

I, Randi W. Singer, declare under penalty of perjury as follows:

1. I am a partner of Weil, Gotshal & Manges LLP ("Weil") and am duly admitted to practice in the State of New York and before this Court. Together with the law firm Lewis Roca Rothgerber LLP ("LRR"), I am counsel to Defendant The Walt Disney Company ("TWDC") in this action.

2. I submit this Affidavit in support of TWDC's motion for attorney's fees.

3. Attached hereto as Exhibit 1 is a true and correct copy of an article entitled *Hedge Fund Elliot Management is Backing Stan Lee Media's Spider-Man Lawsuit Against Disney* written by Nathan Vardi and appearing on Forbes.com on February 1, 2013.

4. Attached hereto as Exhibit 2 is a true and correct copy of email correspondence between James W. Quinn and Jon-Jamison Hill dated September 13, 2013.

5.I, along with James W. Quinn and R. Bruce Rich, both partners of Weil, am primarily responsible for representing TWDC in the above-referenced matter. I supervise and am assisted in this matter by Sabrina A. Perelman, Jessica L. Costa and Elisabeth Sperle, all of whom are associates at Weil.

6.In addition to the attorneys at Weil, Frederick J. Baumann, a partner at LRR and Holly C. Ludwig, an associate at LRR have also performed work in connection with the defense of this action. As filed with this Court, LRR was previously operated as Rothgerber Johnson & Lyons LLP. *See* Docket Entry No. 63.

7.In summary, I have been actively practicing law for fifteen years and my practice is a full-time complex commercial litigation and intellectual property law practice in state and federal courts. My practice involves handling and, when necessary, trying litigated matters and the supervision of attorneys within Weil. My billing rate on this matter is $630 per hour. Since the initial complaint in this action was filed, I have spent 200.1 hours on the tasks for which TWDC is seeking an award of attorney's fees, including the initial evaluation of the matter, the two motions to dismiss, the two motions for a stay pending resolution of the motion to dismiss, preparing for and attending the deposition of Stan Lee, the two motions for protective orders and attending the motion conference regarding TWDC's motion for a protective order. The amount billed for my work on these aspects of this matter is $126,063.

8.Mr. Quinn has been practicing law for over 40 years and his practice is a full-time complex commercial litigation practice in state and federal courts. Mr. Quinn's hourly rate on this matter is $855. Since the initial complaint in this action was filed, Mr. Quinn has spent 24.5 hours on the tasks for which TWDC is seeking an award of attorney's fees, including the initial

evaluation of the matter, the two motions to dismiss, the two motions for a stay pending resolution of the motion to dismiss, and the two motions for protective orders. The amount billed for Mr. Quinn's work on these aspects of this matter is $20,947.50.

    9.    Mr. Rich has been practicing law for 40 years and his practice is a full-time complex commercial litigation and intellectual property practice in state and federal courts. Mr. Rich's hourly rate on this matter is $855. Since the initial complaint in this action was filed, Mr. Rich has spent 79.4 hours on the tasks for which TWDC is seeking an award of attorney's fees, including the initial evaluation of the matter, the two motions to dismiss, the two motions for a stay pending resolution of the motion to dismiss, preparing for and attending the deposition of Stan Lee, and the two motions for protective orders. The amount billed for Mr. Rich's work on these aspects of this matter is $67,887.

    10.    Ms. Perelman is a seventh year litigation associate at Weil and her practice is a full-time complex commercial litigation and intellectual property practice in state and federal courts. Ms. Perelman's hourly rate on this matter is $499.50. Since the initial complaint in this action was filed, Ms. Perelman has spent 244.3 hours on the tasks for which TWDC is seeking an award of attorney's fees, including the initial evaluation of the matter, the two motions to dismiss, the two motions for a stay pending resolution of the motion to dismiss, preparing for the deposition of Stan Lee, and the two motions for protective orders. The amount billed for Ms. Perelman's work on these aspects of this matter is $122,027.85.

    11.    Ms. Costa is a fourth year litigation associate at Weil and her practice is a full-time complex commercial litigation and intellectual property practice in state and federal courts. Ms. Costa's hourly rate on this matter is $396. Since the initial complaint in this action was

filed, Ms. Costa has spent 200.8 hours on the tasks for which TWDC is seeking an award of attorney's fees, including the initial evaluation of the matter, the two motions to dismiss, the two motions for a stay pending resolution of the motion to dismiss, preparing for the deposition of Stan Lee, and the two motions for protective orders. The amount billed for Ms. Costa's work on these aspects of this matter is $79,516.80.

12.   Ms. Sperle is a second year litigation associate at Weil and her practice is a full-time complex commercial litigation and intellectual property practice in state and federal courts. Ms. Sperle's hourly rate on this matter is $319.50. Since the initial complaint in this action was filed, Ms. Sperle has spent 88.7 hours on the tasks for which TWDC is seeking an award of attorney's fees, including the initial evaluation of the matter, the initial motion to dismiss, and the two motions to stay pending resolution of the motion to dismiss. The amount billed for Ms. Sperle's work on these aspects of this matter is 28,339.65.

13.   In addition to the attorneys at Weil, Frederick J. Baumann, a partner at LRR and Holly C. Ludwig, an associate at LRR have also performed work in connection with the defense of this action, including providing assistance with the two motions to dismiss, the two motions for a stay pending resolution of the motion to dismiss, and the two motions for protective orders. The amount billed for LRR's work on these aspects of this matter is $17,100.

14.   Considering the circumstances of this matter and the knowledge, background, and experience of the attorneys involved, it is my opinion that the rates charged by Weil and LRR in connection with this case are reasonable and within the range of rates charged by other attorneys of similar skill and experience working with law firms of similar skill, experience, and reputation.

4

15. It is also my opinion that the fees and costs incurred by TWDC in defending this action and obtaining a dismissal of plaintiff's amended complaint, obtaining a stay of discovery pending resolution of the motion to dismiss, and obtaining a protective order in this matter were reasonable and necessary, given the conduct of Plaintiff and its counsel in this case in refusing to agree to a stay or a protective order, the issues involved in this case, the amount in controversy, and the value to TWDC. The attorneys' fees TWDC incurred with respect to the initial evaluation of the matter, the two motions to dismiss, the two motions for a stay pending resolution of the motion to dismiss, preparing for and attending the deposition of Stan Lee, the two motions for protective orders and attending the motion conference regarding TWDC's motion for a protective order amount to $461,881.80.

16. TWDC is willing to produce copies of the relevant bills in this matter for *in camera* review at the Court's request.

I declare under penalty of perjury that the foregoing facts are true and correct. This affidavit was executed on the 19th day of September, 2013 in New York, New York.

_____
Randi W. Singer

Sworn to before me this

19th day of September, 2013

_____
Notary Public

Sally G. Sasso
Notary Public, State of New York
No. 01SA6267564
Qualified in Nassau County
Commission Expires August 20, 2016