IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.

---

**STAN LEE MEDIA, INC.'S
OPPOSITION TO THE WALT DISNEY COMPANY'S
MOTION FOR ATTORNEYS' FEES**

---

### INTRODUCTION

The Walt Disney Company ("Disney") seeks its attorneys' fees in this action from both Stan Lee Media, Inc. ("SLMI"), pursuant to 17 U.S.C. §505, and SLMI's counsel, pursuant to 28 U.S.C. §1927. Disney's Motion requires the Court to undertake a two step process. First, the Court must determine if Disney is entitled to fees. Second, the Court must determine whether the fees Disney seeks are reasonable. Disney failed to meet its burden of proof on both essential prongs of the analysis.

The Copyright Act only allows an award of fees in limited instances. Fees can only be awarded when the claims asserted were frivolous, objectively unreasonable or brought in bad faith. Disney is unable to make any such showing, because SLMI had a justifiable legal basis for its claim. That the Court ultimately dismissed SLMI's claim for copyright infringement is not

1

indicia of frivolity or objective unreasonableness. <u>Jane L. v. Bangerter</u>, 61 F.3d 1505, 1513 (10th Cir. 1995).

As important, Disney has utterly failed to demonstrate that the nearly half million dollar award is seeks is reasonable. Disney's offers little to justify its fees, and the conclusory declaration offered is insufficient to constitute the meticulous, contemporaneous time records Disney needed to submit to justify an award of fees here. <u>Case v. Unified Sch. Dist. No. 233, Johnson County</u>, 157 F.3d 1243, 1250 (10th Cir.1998). Disney provides no detail of the hours its counsel spent working on various tasks, and even the basic information Disney provides demonstrates excessive time spend, redundancy and duplication of efforts. Disney's deficient submission merits an outright denial of its request for fees.

Finally, Disney fails to provide any basis for awarding fees against SLMI's counsel. Disney did not, because it cannot, establish that any action counsel took in these proceedings was unreasonable or vexatious.

SLMI respectfully asks this Court to deny Disney's Motion in its entirety.

**LEGAL ARGUMENT**

**I.   DISNEY DID NOT COMPLY WITH PROCEDURAL RULES WHEN FILING ITS MOTION.**

Counsel for the moving party must make good faith efforts to confer with opposing counsel and provide the Court with certification of those efforts. <u>See</u> D. Colo. Civ. R. 7.1A. "The Court will not consider any motion" where a party or counsel has not done so. <u>See</u> D. Colo. Civ. R. 7.1A; <u>see also</u> <u>McCoy v. West</u>, 965 F. Supp. 34, 35 (D. Colo. 1997) (denying motions seeking attorneys' fees and sanctions for failure to comply with Rule 7.1A, finding that

2

the "motions are untenable on that basis alone"); M.M. v. Zavaras, 939 F. Supp. 799, 800 (D. Colo. 1996) (denying motion for, in part, failure to comply with Rule 7.1A).

Disney has simply not complied with D. Colo. Civ. R. 7.1A. Disney has not, and cannot, demonstrate that it made good faith efforts to meet and confer with SLMI. The opposite is true. In response to Disney's terse email notifying SLMI that it would be moving for attorneys' fees, which was sent the afternoon before Disney filed the Motion, SLMI asked Disney to provide an explanation of the factual basis for the motion and to provide additional detail about the billings underlying Disney's fee request. [Chapman Decl., Ex. C]. Disney did not respond, refusing to address the issues raised by SLMI or provide even basic information about its Motion.[1] [Chapman Decl., ¶7]. Disney's "efforts" here are the antithesis of good faith and do not meet the standards of D. Colo. Civ. R. 7.1A. For this reason alone, the Court should not consider Disney's Motion, and the Motion should be summarily denied.

## II.   DISNEY HAS NOT MET ITS BURDEN OF DEMONSTRATING ENTITLEMENT TO A FEE AWARD.

### A.   Disney Has Completely Failed To Meet Its High Burden Of Proof.

As Disney notes in its moving papers, any award of attorneys' fees under the Copyright Act is discretionary. [Motion, Dkt. No. 67, p. 3]. Indeed, Congress did not intend that "the prevailing party should be awarded attorney's fees in every case as a matter of course." Lieb v. Topstone Industries, Inc., 788 F.2d 151, 155 (3rd Cir. 1986); Palladium Music, Inc. v.

---

[1] Although SLMI raised the issue in its pre-motion correspondence, Disney continues to withhold counsel's billing records from both SLMI and the Court. Those records are necessary for the Court to make a determination of the reasonableness of Disney's request. This flaw is fatal to Disney's Motion, and merits summary denial of Disney's fee request. See Stockart.com, LLC v. Engle, 10-cv-00588-MSK-MEH, 2011 WL 10894610, *16 (D. Colo. Feb. 18, 2011) (quoting Case v. Unified Sch. Dist. No. 233, Johnson County, 157 F.3d 1243, 1250 (10th Cir.1998)); see also Section II.C, below.

Eatsleepmusic, Inc., 398 F.3d 1193, 1200-1201 (10th Cir. 2005) (denying defendant's fee application even though plaintiff's copyright claim was unsuccessful, because the "competing interests furthered by the Copyright Act" were not served by awarding fees). To determine if an award is appropriate in a particular case, the court must look at factors such as frivolity, improper motivation for bringing the case or the objective unreasonableness of the claims. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 524, fn.19 (1994); see also Palladium Music, 398 F.3d at 1200-1201 (applying Fogerty). One court, explaining the rationale behind these factors, commented that there generally "is no need to award attorney's fees to a prevailing defendant in order to further the statutory fee provision's purpose of deferring infringement." Grosset & Dunlap, Inc. v. Gulf & Western Corp., 534, F. Supp. 606, 610, fn.1 (S.D.N.Y. 1982). A defendant moving for fees has the burden of proving those factors. See NLFC, Inc. v. Devcom Mid-America, Inc., 916 F. Supp. 751, 757 (N.D. Ill. 1996). Simply because a claim was dismissed on a Rule 12(b)(6) motion does not make the claim frivolous or objectively unreasonable for purposes of determining if a defendant should receive an award of fees. See Jane L. v. Bangerter, 61 F.3d 1505, 1513 (10th Cir. 1995) (finding that "motions that receive careful consideration" and "lengthy, detailed, and reasoned orders or opinions" often demonstrate that claims are not groundless). Disney has not met these high standards.

### 1. SLMI's Lawsuit Was Not Frivolous And Its Assertion Of A Copyright Claim Was Objectively Reasonable.

Disney's Motion focuses on this Court's finding that a prior lawsuit collaterally estops SLMI from asserting a copyright infringement claim against Disney. Disney cites no law supporting the idea that a finding of collateral estoppel mandates an award for attorneys' fees, because no such law exists. Disney does little to explain why SLMI's claim was objectively

4

unreasonable other than to point out that the Court found in Disney's favor. From the outset of this lawsuit, SLMI identified prior litigation that might have some bearing on this lawsuit and explained why that prior litigation should not bar SLMI from proceedings with its claim against Disney. [Complaint, Dkt. No. 1, ¶¶12-25]. SLMI provided support for each of its positions.

First, Abadin I, the case on which the Court's collateral estoppel ruling is based,[2] was an *unauthorized* derivative action by two purported shareholders of SLMI.[3] See Abadin v. Marvel Entertainment, Inc., 2010 WL 1257519, *5 (S.D.N.Y. Mar. 31, 2010). The Abadin I court found that the two shareholders purporting to act on SLMI's behalf lacked standing to do so, and the court dismissed their claims on that basis.[4] See id. In fact, the Abadin I court expressed doubt that either plaintiff could "fairly and adequately represent the interests of" SLMI's absent shareholders. See id. at fn.4. SLMI has a reasonable basis to assert that Abadin I does not collaterally estop its claims against Disney, because SLMI was not a party to Abadin I, nor were its interests properly represented in that case in a manner that gave SLMI a full and fair

---

[2] In its Motion, Disney points to lawsuit other than Abadin I. Disney, of course, did not raise these issues in its prior motions to dismiss, and they were not the basis for the Court's ruling. The legal effect of these decisions is questionable at best. For example, the Second Circuit's refusal to address Abadin I's purported statute of limitations bar on other related litigation in Lee v. Marvel Enterprises, Inc., 471 Fed. Appx. 14, 17 (2nd Cir. 2012), effectively overturned Judge William J. Sweet's finding of preclusion. See Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 45 (2nd Cir. 1986) (finding that "if an appeal is taken and the appellate court affirms on one ground and disregards the other, there is no collateral estoppel as to the unreviewed ground").

[3] SLMI made this point in its Complaint, Amended Complaint and Opposition To Disney's Motion To Dismiss. [Complaint, Dkt. No. 1, ¶17; Amended Complaint, Dkt. No. 25, ¶27; Opposition To Disney's Motion To Dismiss, Dkt. No. 42, p. 12]. The Court appears to have overlooked this issue when ruling that SLMI did not "contest that it was a party to" Abadin I. [Order, Dkt. No. 64, p. 6].

[4] "Because standing is jurisdictional, lack of standing precludes a ruling on the merits" of a case. Media Technologies Licensing, LLC v. Upper Deck Co., 334 F.3d 1366, 1370 (Fed. Cir. 2003).

5

opportunity to litigate relevant issues. See Dodge v. Cotter Corp., 203 F.3d 1190, 1198 (10th Cir. 2000) (listing elements that must be satisfied to apply collateral estoppel).

Second, Abadin I did not litigate ownership of the copyrights at issue in this lawsuit. That lawsuit dealt with claims for copyrights of three specific characters, none of which are at issue here. [Declaration Of Robert S. Chapman, Dkt. No. 42-1, Ex. 3 at ¶¶ 91-104]. Any finding that SLMI was, or is, time barred from raising direct ownership claims against Stan Lee for the copyrights at issue in this case should not bar SLMI from asserting infringement claims against other third parties, including Disney.[5]

In addition to its reference to the Court's collateral estoppel ruling, Disney contends, with no support, that "the law is clear that the Copyright Act's three-year statute of limitations barred the claim and, finally, the Amended Complaint failed to state a cause of action against [Disney]." [Motion, Dkt. No. 67, p. 4]. This Court made no such findings. SLMI provided ample briefing and legal support as to these issues in its prior filings.[6] [Opposition To Disney's Motion To Dismiss, Dkt. No. 42, pp. 9-11, 14-15].

---

[5] As SLMI explained in its Opposition To Disney's Motion To Dismiss, statute of limitations bars to bring claims against a copyright co-owner do *not* bar a plaintiff from bringing later copyright infringement claims against third parties. See Carell v. Shubert Org., Inc., 104 F. Supp. 2d 236, 252 (S.D.N.Y. 2000) (finding that "while a dismissal of an ownership claim as time-barred bars certain remedies associated with ownership, it does not extinguish the right of a copyright owner to sue for infringement"); see also Stone v. Williams, 970 F.2d 1043, 1051 (2d Cir. 1992) ("Merely because [copyright holder] could have brought suit in 1979 does not prevent her suit (only some of the relief sought) in 1985. To hold otherwise would be to ignore the long established rule that statutes of limitations bar remedies, not the assertion of rights"); Ediciones Musicales v. San Martin, 582 F. Supp. 2d 1358, 1360-61 (S.D. Fla. 2008) (copyright infringement claim could proceed even if copyright ownership claim was time-barred).

[6] Disney does not directly argue that the claims were asserted in bad faith. However, it appears to imply bad faith by questioning "Plaintiff's motivations in doggedly pursuing the legally unpursuable." [Opposition, Dkt. No. 67, p. 5]. Disney supports this statement by reference to an unauthenticated, hearsay internet article which notes that SLMI had to secure alternative litigation financing. SLMI's need to secure funding for the litigation to protect the rights of its

SLMI had a good faith basis for bringing and proceeding with its claim against Disney. That the Court ultimately dismissed the Amended Complaint does not make the claim frivolous or objectively unreasonable. Disney points to nothing demonstrating that SLMI's claim met this high standard. See Jane L., 61 F.3d at 1513 (recognizing that claims are not groundless simply because they are dismissed).

### 2. SLMI Did Not Needlessly Increase The Expense Of The Litigation; It Took Steps To Reduce The Expense.

Disney claims that SLMI "pressed needless and expensive discovery against [Disney] and third-parties." [Motion, Dkt. No. 67, p. 2]. Disney's argument ignores the true facts and outcome of the discovery disputes.

First, Disney's claim that SLMI attempted to engage in extensive, unnecessary discovery is false. As required by Fed. R. Civ. P. 26, the parties exchanged their initial disclosures. [Chapman Decl., ¶2]. Also, SLMI issued a third party deposition subpoena to Stan Lee, based upon his advanced age and personal knowledge of the issues in dispute. [Chapman Decl., ¶3]. At the time the Court addressed the issue, Mr. Lee was 90 years old and, according to media reports, was suffering from health problems. [Order, Dkt. No. 48, p. 3]. Taking Mr. Lee's deposition was necessary to ensure that his testimony would be available for future stages of the lawsuit. The Court explicitly allowed SLMI to proceed with Mr. Lee's deposition. [Order, Dkt. No. 48, p. 7]. Apart from the initial disclosures required by court rules and the subpoena issued to Mr. Lee, SLMI did not serve any other discovery requests or attempt to engage in any other

---

approximately 1,800 shareholders should be no surprise, given SLMI's prior bankruptcy issues and the Colorado corporate governance litigation disclosed to the Court through the Complaint. [Complaint, Dkt. No. 1, ¶13-16]. It is not indicia of bad faith.

form of discovery in the lawsuit. [Chapman Decl., ¶4]. Disney's contention that SLMI engaged in frivolous or unnecessary discovery is abjectly false.

Second, Disney notes that it filed three discovery-related motions in the lawsuit.[7] In raising this point, Disney omits several salient facts. Disney filed two motions to stay discovery, which were substantively identical. The Court denied Disney's first motion to stay discovery in its entirety.[8] [Order, Dkt. No. 34]. Disney's second motion to stay discovery was denied in part. [Order, Dkt. No. 48, p. 7]. Disney's third motion, styled an "Emergency Motion For Protective Order," was similarly denied in part. As the Court noted, Disney's requested protective order included provisions that were contrary to the law and unfair.[9] [Chapman Decl., Ex. A, p. 14; see also Order, Dkt. No. 59]. Disney's contention that SLMI forced Disney to file several discovery motions is untrue.

Finally, Disney fails to inform the Court that SLMI took steps to minimize the impact and expense of other discovery disputes. For example, when the parties disagreed about the confidentiality designations Disney put on several documents produced pursuant to the subpoena issued to Stan Lee, SLMI agreed to delay Disney's deadline to raise the issue with the Court until

---

[7] In addition to the discovery-related motions, Disney also bases its argument on correspondence from SLMI's counsel sent to Disney's counsel seeking to meet and confer about a potential motion for leave to amend the complaint. [Affidavit Of Randi W. Singer, Dkt. No. 67-1, Ex. 2]. No such motion was filed, so there can be no needless or unnecessary effort expended by Disney on that issue.

[8] Disney's initial motion to stay discovery was not filed in response to any particular discovery request made by SLMI. Disney filed its motion before SLMI issued its subpoena to Stan Lee. [Chapman Decl., ¶3].

[9] Disney claims, without support, that SLMI reneged on a promise to enter a stipulated protective order and refused to negotiate terms of a protective order. [Motion, Dkt. No. 67, p. 2, fn. 2]. Disney made the same false and unpersuasive arguments in its "Emergency Motion," and SLMI specifically refuted those issues in its opposition. [Opposition To The Walt Disney Company's Emergency Motion For Protective Order, Dkt. No. 54, pp. 5-8].

8

after the Court ruled on Disney's pending Motion To Dismiss.  [Chapman Decl., ¶5 and Ex. A]. This demonstrates that SLMI was not attempting to needlessly run up the costs for Disney.

### B. Disney's Motion Fails To Demonstrate That The Fees Its Seeks Are Reasonable.

The Copyright Act limits any award to "reasonable attorney's fee[s]."  See 17 U.S.C. §505.  The reasonableness of a fee request is a key factor in determining whether any award should issue and, if so, the appropriate amount of that award.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 562 (1986); see also Home Design Services, Inc. v. B&B Custom Homes, Inc., 06-cv-00249-WYD-GJR, 2008 WL 2302648, *2 (D. Colo. May 30, 2008) ("The benchmark for an award of attorneys fees is that the amount of the fees awarded be reasonable").  The party seeking a fee award has the burden of proving that its request is reasonable.  See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

Disney's moving papers are devoid of any discussion attempting to support the reasonableness of its fee request.  Disney does provide a supporting affidavit, but the affidavit provides only basic, conclusory information about the fees Disney supposedly incurred.[10]  Disney's failure to properly support the objective reasonableness of its request merits summary denial of the request.

---

[10] The supporting Affidavit Of Randi W. Singer contains a number of improper items.  For example, counsel offers her "opinion" that the fees requested are reasonable.  [Affidavit Of Randi W. Singer, Dkt. No. 67-1, ¶¶14-15].  Reasonableness is a legal issue for the Court, not counsel, to determine.  See Shahid v. City of Detroit, 889 F.2d 1543, 1547-1548 (6th Cir. 1989) (holding that opinion as to ultimate issue amounting to a "legal conclusion" is impermissible and is properly excluded).

9

### 1. Disney's Failure To Provide Its Billing Records Prevents It From Obtaining Any Fee Award.

In "copyright cases that are certain to involve large amounts of attorneys' fees and costs, considerably more evidence should be required from the prevailing party than the undocumented testimony of a single witness as to an admittedly approximate lump-sum value of the time spent by counsel working on a case." Alameda Films, S.A. v. Authors Rights Restoration Corp., Inc., 331 F.3d 472, 484-485 (5th Cir. 2003). "Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." Stockart.com, LLC v. Engle, 10-cv-00588-MSK-MEH, 2011 WL 10894610, *16 (D. Colo. Feb. 18, 2011) (quoting Case v. Unified Sch. Dist. No. 233, Johnson County, 157 F.3d 1243, 1250 (10th Cir.1998)); see also Gamma Audio & Video, Inc., v. Ean-Chea, 11 F.3d 1106, 1118 (1st Cir. 1993) (significantly reducing fee award where time "entries were extremely vague, making it virtually impossible . . . to determine whether requested hours were excessive, redundant (especially with respect to how New York and local counsel divided tasks), or otherwise unnecessary"). "Without substantial, detailed record evidence, both testimony and documents," the Court cannot properly evaluate Disney's request.[11] Alameda Films, S.A., 331 F.3d at 484-485.

---

[11] D. Colo. Civ. R. 54.3 requires any attorneys' fee motion to be accompanied by an affidavit that sets forth a detailed description of the services rendered, time spent, hourly rates and qualifications of counsel. Decisions like Stockart.com, LLC, supra, make clear that these are minimum requirements and more detailed submissions are required in certain types of cases. Disney must be aware of Stockart.com, LLC, since it cites the decision in its moving papers. [Motion, Dkt. No. 67, p. 5].

Disney's refusal to provide even the most basic billing details or records has a profound effect on the ability to review the propriety of Disney's fee request.[12] It prevents SLMI and the Court from evaluating whether Disney's counsel spent excessive time on tasks or projects. It prevents SLMI and the Court from evaluating whether time spent by different attorneys was redundant. Most importantly, it prevents *any* review of the actual tasks Disney's counsel performed to determine whether those tasks were essential to the litigation or the result. See Fox v. Vice, 131 S. Ct. 2205, 2014 (2011) (recognizing that a "fee award, of course, should not reimburse the [party] for work performed on claims that bore no relation to the grant of relief").

The absence of billing records was willful and not an innocent oversight by Disney. Through its supporting declaration, Disney contends that it "is willing to produce copies of the relevant bills in this matter for *in camera* review at the Court's request." [Affidavit Of Randi W. Singer, Dkt. No. 67-1, ¶16]. This is a hollow offer, given that submission of new evidence to the Court on reply, and without allowing SLMI an opportunity to review the records at all,[13] prevents SLMI from making any argument concerning their content and sufficiency. Courts have denied fee awards for this very type of conduct.[14] See Crescent Publishing Group, Inc. v.

---

[12] For some attorneys, Disney fails to disclose even the total time they spent on this matter, their hourly rates or even the amount of fees attributable to their individual work. [Affidavit Of Randi W. Singer, Dkt. No. 67-1, ¶13 (providing combined total of fees charged for Frederick J. Baumann and Holly C. Ludwig)].

[13] To the extent that Disney believes the time records contain privileged information, Disney could have redacted the records to protect any claimed privilege, while providing enough detail for SLMI and the Court to determine what work Disney's attorneys actually performed and how long the attorneys spent on various tasks.

[14] Disney also fails to disclose its billing arrangement(s) with the attorneys that handled this matter. Courts have deemed review of "the actual billing arrangement" between counsel and the client to be an important factor in determining whether the amount of fees sought are reasonable in copyright cases. See Crescent Publishing Group, 246 F.3d at 151.

Playboy Enterprises, Inc., 246 F.3d 142, 151 (2d Cir. 2001) (vacating fee award where opposing party "was unable to challenge [moving party]'s assertions because [movant] did not submit copies of its billing records until long after [the] opposition papers had been filed"). Disney's "offer" prejudices SLMI's ability to oppose the Motion and provides an independent basis to deny the Motion. Even if the Court were willing to overlook Disney's inappropriate tactics, the amount of the fee request is patently unreasonable given the procedural history and disposition of the case.

## 2. Disney's Request For Nearly Half A Million Dollars In Attorneys' Fees Is Unreasonable On Its Face.

Disney's fee request is patently unreasonable based upon the limited information it offered the Court. The Court decided the matter at the pleading stages; minimal discovery was conducted. Yet, Disney's attorneys claim they generated over $461,881 in fees. Three partners were "primarily responsible" for handling the matter, and other partners were involved. [Affidavit Of Randi W. Singer, Dkt. No. 67-1, ¶¶5-6]. Eight different attorneys billed significant hours to the matter. [Id. at ¶¶7-13].

The minimal information Disney offers about its attorneys' fees disclose significant duplication of efforts amongst the attorneys. For example, *eight* different attorneys claim to have handled the "motions for a stay pending resolution of the motion to dismiss," *seven* attorneys claim to have handled "the two motions to dismiss,"[15] and *seven* attorneys claim to have prepared the "motions for protective orders." [Id. at ¶¶7-13]. *Six* different attorneys billed for "the initial evaluation of the matter." [Id. at ¶¶7-12]. *Four* different attorneys claim to have

---

[15] An eighth attorney claims to have handled the "initial motion to dismiss," but not the motion to dismiss the Amended Complaint. [Id. at ¶12].

12

spent time "preparing for" the deposition of Stan Lee. [Id. at ¶¶7, 9-11]. The fact that no other tasks are described in Disney's supporting affidavit means that a minimum of four attorneys billed for each task, and in many cases, all *eight* attorneys identified by Disney billed for the same task. This alone demonstrates that the amounts Disney demands are excessive, and Disney seeks fees for duplicative, redundant and otherwise unnecessary work. For that reason, Disney's request must be denied or, at a minimum, significantly reduced.[16]

### C.    Disney Is Not Entitled To Fees Pursuant To 28 U.S.C. Section 1927.

In addition to seeking fees under the Copyright Act, Disney seeks fees from SLMI's counsel pursuant to 28 U.S.C. §1927. Disney does not separately support this request, instead basing it on the same factors through which Disney attempts to prove entitlement to fees under 17 U.S.C. §505. Disney's demand for fees pursuant to Section 1927 required a separate analysis, which Disney failed to provide.

The standards for an award under Section 1927 are extremely high. Requests under Section 1927 must be strictly construed and utilized only in instances evidencing a "serious and standard disregard for the orderly process of justice." Dreiling v. Peugeot Motors of America, Inc., 768 F.2d 1159, 1165 (10th Cir. 1985). Section "1927 does not contemplate punishing a party for zealously pursuing its own interests absent some evidence of recklessness or indifference to the law" Righthaven LLC v. Hill, 1:11-cv-00211-JLK, 2011 WL 4018105, *3 (D. Colo. Sept. 9, 2011).

---

[16]  By withholding more detailed billing information, Disney prevents the Court from properly reducing the amounts. Thus, denial of any award is the appropriate result. See Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1208-1209 (10th Cir. 1986) (recognizing that parties moving for fee awards "necessarily assume the risks inherent in a failure to meet their burden" of proof).

13

Furthermore, Section 1927 awards do not apply to the *initiation* of lawsuits.[17] See Steinert v. Winn Group, Inc., 440 F.3d 1214, 1224 (10th Cir. 2006); see also In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 101 (3rd Cir. 2008) (recognizing that "the proceedings in a case cannot be multiplied until there *is* a case"). Awards "under § 1927 cover only excess costs, expenses, and fees reasonably incurred because of an attorney's unreasonable and vexatious" conduct in the proceedings. Robinson v. Dean Foods Co., 08–cv–01186–REB–CBS, 2009 WL 1513099, *3 (D. Colo. Mar. 18, 2009). Disney has totally failed to make any such showing.

The steps that SLMI's counsel took to prosecute the action were limited and wholly reasonable. Counsel amended SLMI's complaint to specifically address Disney's assertion that the Court lacked jurisdiction to hear the matter. [Amended Complaint, Dkt. No. 25, ¶¶13-21]. Counsel's actions were proven to be appropriate, given the Court used these allegations to find that it had jurisdiction to rule on Disney's motion to dismiss. [Order, Dkt. No. 64, pp. 4-5]. Counsel served minimal discovery, which was limited to its mandatory Fed. R. Civ. P. 26 initial disclosures and a subpoena issued to Stan Lee to preserve the 90-year-old's testimony should the action proceed. [Chapman Decl., ¶¶2-4]. The Court approved the taking of Mr. Lee's deposition. [Order, Dkt. No. 48, p. 7]. SLMI filed no motions in the lawsuit, and the discovery-related motions SLMI opposed were denied in whole or in part. These actions were objectively reasonable and necessary to the conduct of the litigation. They did not unnecessarily or vexatiously "multiply the litigation," and for that reason, Disney's request for fees under 28 U.S.C. §1927 must be denied.

---

[17] The Steinert court specifically found that fees based on the preparation of a defendant's motion to dismiss cannot properly be awarded under Section 1927. See Steinert, 440 F.3d at 1225-1226.

14

## CONCLUSION

Disney's Motion is procedurally improper and substantively deficient. Disney has not proven its entitlement to an award of attorneys' fees. Disney failed to demonstrate that SLMI's claims were frivolous, objectively unreasonable or brought in bad faith. Also, Disney has utterly failed to demonstrate that the nearly half million dollar award is seeks is reasonable. For these reasons, SLMI respectfully asks this Court to deny Disney's Motion in its entirety.

Dated this 15th day of October, 2013.

                                  Robert S. Chapman
                                  Jon-Jamison Hill
                                  EISNER, KAHAN, GORRY, CHAPMAN,
                                  ROSS & JAFFE, P.C.
                                  9601 Wilshire Boulevard , Suite 700
                                  Beverly Hills, California  90212
                                  Phone:  310.855.3200
                                  Email: rchapman@eisnerlaw.com

                                  John V. McDermott, #5384
                                  Mark T. Barnes, #23091
                                  BROWNSTEIN HYATT FARBER
                                  SCHRECK, LLP
                                  410 Seventeenth Street, Suite 2200
                                  Denver, Colorado  80202
                                  Phone:  303.223.1100
                                  Email: jmcdermott@bhfs.com

                                  Attorneys for Plaintiff Stan Lee Media, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2013, I electronically filed the foregoing **STAN LEE MEDIA, INC.'S OPPOSITION TO THE WALT DISNEY COMPANY'S MOTION FOR ATTORNEYS' FEES** with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following counsel of record:

James W. Quinn
R. Bruce Rich
Randi W. Singer
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
james.quinn@weil.com
bruce.rich@weil.com
randi.singer@weil.com

Frederick J. Baumann
Holly C. Ludwig
Rothgerber Johnson & Lyons LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222
fbaumann@rothgerber.com
hludwig@rothgerber.com

John V. McDermott
Mark T. Barnes
Brownstein Hyatt Farber Schreck LLP
410 17th Street, Suite 2200
Denver, CO 80202
Tel: (303) 223-1100
Fax: (303) 223-1111
jmcdermott@bhfs.com
mbarnes@bhfs.com

      /s/ *Vanessa A. McCloud*
      Vanessa A. McCloud