IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.

---

**DECLARATION OF ROBERT S. CHAPMAN IN SUPPORT OF
STAN LEE MEDIA, INC.'S OPPOSITION TO
THE WALT DISNEY COMPANY'S MOTION FOR ATTORNEYS' FEES**

---

I, Robert S. Chapman, declare as follows:

1. I am an attorney licensed to practice before this Court, and am a partner at the law firm of Eisner Kahan Gorry Chapman Ross & Jaffe, counsel for Plaintiff Stan Lee Media, Inc. ("SLMI"). I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I would and could competently testify thereto under oath.

2. SLMI's efforts to conduct discovery in this case were limited. On January 3, 2013, SLMI served its required initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

3. On January 30, 2013, the clerk of the Central District of California issued a deposition subpoena to Stan Lee. Mr. Lee, at the time, was 90 years old and media reports indicated he had health problems. Mr. Lee has personal knowledge of a number of key issues in

1

this matter. The subpoena was issued out of the Central District of California, because Mr. Lee is a resident of that district.

4. Other than the initial disclosures and the deposition subpoena issued to Mr. Lee (and the attendant deposition), SLMI did not conduct any other formal discovery in these proceedings.

5. SLMI attempted to, and was at times able to, minimize the impact of discovery disputes. For example, when the parties disagreed about the confidentiality designations applied to a number of documents Mr. Lee produced in connection with his deposition, SLMI agreed to toll the time Disney had to raise those issues with the Court until after the Court ruled on Disney's then-pending motion to dismiss. A true and correct copy of my partner, Jon-Jamison Hill's, correspondence with Disney's counsel concerning this issue is attached as "Exhibit A."

6. On September 18, 2013, I received an email from Randi Singer, who represents Disney in this action, indicating that Disney planned to file a motion for attorneys fees. A true and correct copy of Ms. Singer's email is attached as "Exhibit B."

7. My partner, Mr. Hill, responded to Ms. Singer on September 19, 2013, seeking details about the motion. A true and correct copy of Mr. Hill's email is attached as "Exhibit C." Ms. Singer did not respond to the email.

Executed this 15th day of October, 2013, at Beverly Hills, California.

/s/ *Robert S. Chapman*
Robert S. Chapman

# EXHIBIT A

# Jon Hill

| | |
|---|---|
| **From:** | Jon Hill |
| **Sent:** | Tuesday, June 04, 2013 7:30 AM |
| **To:** | Singer, Randi |
| **Cc:** | 'Werlin, Leslie M.'; 'imatetsky@ganfershore.com'; 'fbaumann@rothgerber.com'; 'McDermott, John V.'; 'Mwilliams@shermanhoward.com'; Robert Chapman |
| **Subject:** | RE: Stan Lee Media, Inc. v. The Walt Disney Company |
| **Attachments:** | 5.30.13 Letter from R. Singer.pdf |

Randi:

We agree to toll the time to raise this issue with the Court until after the discovery stay is lifted. In the interim, we agree to maintain the documents and deposition materials listed in your letter as "confidential."



Jon-Jamison Hill

EISNER KAHAN GORRY CHAPMAN ROSS & JAFFE
A Professional Corporation

9601 Wilshire Blvd. | Suite 700 | Beverly Hills, CA 90210
T 310.855.3200 | F 310.855.3201
jhill@eisnerlaw.com | www.eisnerlaw.com

---

**From:** Costa, Jessica [mailto:Jessica.Costa@weil.com]
**Sent:** Thursday, May 30, 2013 6:21 PM
**To:** Robert Chapman; Jon Hill; 'imatetsky@ganfershore.com'; 'Mwilliams@shermanhoward.com'; 'fbaumann@rothgerber.com'; 'McDermott, John V.'; 'Werlin, Leslie M.'
**Cc:** Singer, Randi
**Subject:** Stan Lee Media, Inc. v. The Walt Disney Company

Dear all,

Please see the attached correspondence from Randi W. Singer.

Regards,
Jessica



Jessica L. Costa

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
jessica.costa@weil.com

1

+1 212 310 8511 Direct
+1 212 310 8007 Fax

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# Weil, Gotshal & Manges LLP

BY E-MAIL

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Randi W. Singer
+1 (212) 310-8152
randi.singer@weil.com

May 30, 2013

Jon-Jamison Hill
Eisner Kahan Gorry Chapman Ross & Jaffe, P.C.
9601 Wilshire Boulevard, Suite 700
Beverly Hills, CA 90210

Re: *Stan Lee Media, Inc. ("SLMI") v. The Walt Disney Company ("TWDC"), Case No. 12-cv-02663-WJM-KMT*

Dear Mr. Hill:

We write to respond to your May 24, 2013 letter, received at 5pm on the Friday of the Memorial Day weekend. As you know, Magistrate Judge Tafoya stayed discovery in this matter pending resolution of TWDC's motion to dismiss the amended complaint. Thus, there is no need for the parties to resolve SLMI's objections to the confidentiality designations set forth in Mark Williams' May 15, 2013 letter or for SLMI to publicly disclose the materials designated therein (the "Materials") now. Accordingly, and in the hope of avoiding burdening the Court with unnecessary motion practice, we want to make clear that if SLMI will agree to continue to treat the Materials as "CONFIDENTIAL" under the Protective Order (Docket No. 60) and to provide TWDC with at least fourteen (14) days' written notice before doing otherwise, TWDC will defer motion practice concerning these designations to a later date. Should SLMI find TWDC's proposal unacceptable, we note that we are available through June 4th to meet and confer as required by paragraph 13 of the Protective Order.

We also note that we have carefully considered your request and are willing to narrow the scope of the documents to be treated as "CONFIDENTIAL" under the Protective Order to the following:

- All video recordings (and portions thereof) of the deposition of Stan Lee;

- Pages 46-53, 65-66 and 113-123 of the transcript of the deposition of Stan Lee;

- The documents marked during Mr. Lee's deposition as deposition exhibits 2, 7, 8, 9, 16, 17, 18, 19, 20, 21, 22-A and 22-B;

- All documents produced by Mr. Lee pursuant to SLMI's subpoena bearing Bates Numbers Lee0039-158, Lee0172-204, Lee0215 and Lee0217-0236.

**Weil, Gotshal & Manges LLP**

May 30, 2013
Page 2

These documents constitute "CONFIDENTIAL" material pursuant to paragraph 4(a) of the Protective Order, which includes documents that:

> (i) contain confidential, proprietary or commercially sensitive information; (ii) contain information which the party or non-party is contractually or otherwise by law required to maintain as confidential (e.g., due to a non-disclosure agreement); (iii) contain information that if disclosed could impair or disrupt future or current business relationships; or (iv) implicates common law and statutory privacy interests of the parties or nonparties, their employees or representatives.

These documents contain non-public information regarding Mr. Lee's compensation and benefits, charitable foundations Mr. Lee is associated with, employment agreements between Mr. Lee and Marvel (and Marvel's predecessors), negotiation letters concerning these employment agreements, attorney correspondence containing sensitive information analyzing the provisions of the aforementioned employment agreements, confidential settlement agreements, communications and licenses regarding certain trademarks, and letter agreements concerning Mr. Lee's work on specific projects. The video recordings of Mr. Lee's deposition also warrant a confidentiality designation given the potential for abuse of video through splicing and other modification and the resulting prejudice to Mr. Lee from such abuse.

Please let us know where you stand. If we do not hear from you by the end of the day on Tuesday, June 4, we will seek relief from the Court.

Sincerely,

*/s/ Randi W. Singer* (OJG)

Randi W. Singer

cc: Mark Williams, Esq.

# EXHIBIT B

# Jon Hill

| | |
|---|---|
| **From:** | Singer, Randi [randi.singer@weil.com] |
| **Sent:** | Wednesday, September 18, 2013 4:11 PM |
| **To:** | Jon Hill |
| **Cc:** | Robert Chapman; Baumann, Fred; JMcDermott@BHFS.com; MBarnes@BHFS.com; Quinn, James |
| **Subject:** | Stan Lee Media, Inc. v. The Walt Disney Company |
| **Attachments:** | US_Active_Bill of Costs_44330121_1.docx |

Dear Jon,

As you are aware, the Court entered judgment this week indicating that Defendant TWDC is entitled to costs in this action. We also plan on filing a motion to request attorney's fees as prevailing party.

We are writing pursuant to D.C.ColoLCivR 7.1 and 54.1 to confer on the bill of costs and our motion for attorney's fees. Our costs total $7,199.25 (bill of costs attached). This includes the cost of the Stan Lee deposition transcript, court reporter, videographer and video, as well as travel and lodging for Bruce Rich to attend the deposition. Please let us know if you will consent to these costs. If not, we are suggesting October 29 at 9:00 a.m. as the proposed costs hearing. If that date/time does not work for you, please provide another date/time (the clerk only schedules costs hearings on Tuesdays, Wednesdays and Thursdays at either 8:30, 9:00 or 9:30 a.m.).

In addition, we believe that TWDC is entitled to attorney's fees as the prevailing party in a copyright case under 17 USC § 505, as well as pursuant to 28 USC § 1927. Our estimate of attorney's fees related to the multiple motions to dismiss, the multiple motions to stay discovery, Mr. Lee's deposition and the motions for emergency protective order in this matter is approximately $461,000. Please let us know if you will consent to our attorney's fees or if you will oppose our motion.

Regards,

Randi



Randi W. Singer
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
randi.singer@weil.com
+1 212 310 8152 Direct
+1 212 310 8007 Fax

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

1

# EXHIBIT C

# Jon Hill

| | |
|---|---|
| **From:** | Jon Hill |
| **Sent:** | Thursday, September 19, 2013 8:51 AM |
| **To:** | 'Singer, Randi' |
| **Cc:** | Robert Chapman; 'Baumann, Fred'; 'JMcDermott@BHFS.com'; 'MBarnes@BHFS.com'; 'Quinn, James' |
| **Subject:** | RE: Stan Lee Media, Inc. v. The Walt Disney Company |

Randi:

Responses to your questions below:

(1) We do not consent to the costs listed in Disney's proposed Bill of Costs. Specifically, we have concerns about the travel and lodging expenses, which are not typically recoverable as costs and the amounts of which are unreasonable. Your email does not provide Disney's basis for seeking recovery of these types of costs, so it is hard to fully evaluate your client's position.

(2) We also do not consent to the request for attorneys' fees. A fee award is discretionary, and apart from referencing the statutes, your email does not explain the basis for the motion. Also, your email simply lists an approximate total for the fee request, giving us no information that would allow us to determine exactly what will be encompassed in the request or whether the amount Disney plans to seek is reasonable.



Jon-Jamison Hill
EISNER KAHAN GORRY CHAPMAN ROSS & JAFFE
A Professional Corporation
9601 Wilshire Blvd. | Suite 700 | Beverly Hills, CA 90210
T 310.855.3200 | F 310.855.3201
jhill@eisnerlaw.com | www.eisnerlaw.com

---

**From:** Singer, Randi [mailto:randi.singer@weil.com]
**Sent:** Wednesday, September 18, 2013 4:11 PM
**To:** Jon Hill
**Cc:** Robert Chapman; Baumann, Fred; JMcDermott@BHFS.com; MBarnes@BHFS.com; Quinn, James
**Subject:** Stan Lee Media, Inc. v. The Walt Disney Company

Dear Jon,

As you are aware, the Court entered judgment this week indicating that Defendant TWDC is entitled to costs in this action. We also plan on filing a motion to request attorney's fees as prevailing party.

We are writing pursuant to D.C.ColoLCivR 7.1 and 54.1 to confer on the bill of costs and our motion for attorney's fees. Our costs total $7,199.25 (bill of costs attached). This includes the cost of the Stan Lee deposition transcript, court reporter, videographer and video, as well as travel and lodging for Bruce Rich to attend the deposition. Please let us know if you will consent to these costs. If not, we are suggesting October 29 at 9:00 a.m. as the proposed costs hearing. If that date/time does not work for you, please provide another date/time (the clerk only schedules costs hearings on Tuesdays, Wednesdays and Thursdays at either 8:30, 9:00 or 9:30 a.m.).

In addition, we believe that TWDC is entitled to attorney's fees as the prevailing party in a copyright case under 17 USC § 505, as well as pursuant to 28 USC § 1927. Our estimate of attorney's fees related to the multiple motions to dismiss, the multiple motions to stay discovery, Mr. Lee's deposition and the motions for emergency protective order in this

1

matter is approximately $461,000. Please let us know if you will consent to our attorney's fees or if you will oppose our motion.

Regards,

Randi



Randi W. Singer
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
randi.singer@weil.com
+1 212 310 8152 Direct
+1 212 310 8007 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2013, I electronically filed the foregoing **DECLARATION OF ROBERT S. CHAPMAN IN SUPPORT OF STAN LEE MEDIA, INC.'S OPPOSITION TO THE WALT DISNEY COMPANY'S MOTION FOR ATTORNEYS' FEES** with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following counsel of record:

James W. Quinn
R. Bruce Rich
Randi W. Singer
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
james.quinn@weil.com
bruce.rich@weil.com
randi.singer@weil.com

Frederick J. Baumann
Holly C. Ludwig
Rothgerber Johnson & Lyons LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222
fbaumann@rothgerber.com
hludwig@rothgerber.com

John V. McDermott
Mark T. Barnes
Brownstein Hyatt Farber Schreck LLP
410 17th Street, Suite 2200
Denver, CO 80202
Tel: (303) 223-1100
Fax: (303) 223-1111
jmcdermott@bhfs.com
mbarnes@bhfs.com

        /s/ *Vanessa A. McCloud*
Vanessa A. McCloud

3