IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

      Plaintiff,

v.

THE WALT DISNEY COMPANY,

      Defendant.

---

**THE WALT DISNEY COMPANY'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES**

---

      The Walt Disney Company ("TWDC") submits this Reply Memorandum of Law in Further Support of its Motion for Attorneys' Fees. No case holds or even suggests that re-filing and re-litigating a claim that three federal courts have already held is meritless is not objectively unreasonable. Indeed, Plaintiff's unreasonableness here is only underscored by this Court's ruling denying Plaintiff leave to further amend its Amended Complaint because such an amendment would have been futile. *See* Order Granting Defendant's Motion to Dismiss (Docket Entry 64) (the "Order") at 10. As the Court recognized, the law does not permit Plaintiff to skirt the preclusive effect of the earlier rulings just by changing the name of the defendant in the caption from Marvel to TWDC, particularly when other courts have already admonished Plaintiff that it was time to bring its litigation efforts to an end. *See id.* at 5-9.

      Despite Plaintiff's arguments to the contrary, under the Copyright Act, TWDC "may be awarded attorney's fees simply by virtue of prevailing in the action: no other precondition need be met." *See Shelton v. MRIGlobal*, 2013 WL 3381270, at *3 (D. Colo. July 8, 2013); *Girlsongs*

*v. 609 Indus., Inc.*, 625 F. Supp. 2d 1127, 1132 (D. Colo. 2008). Moreover, as Plaintiff concedes, whether a prevailing party such as TWDC is entitled to recover its fees is a matter soundly within this Court's discretion. Stan Lee Media, Inc.'s Opposition to TWDC's Motion for Attorneys' Fees ("Opp.") at 1, 3; *see also Shelton*, 2013 WL 3381270, at *3. Plaintiff is simply wrong to contend that "[f]ees can *only* be awarded when the claims asserted were frivolous, objectively unreasonable or brought in bad faith." Opp. at 1 (emphasis added). To the contrary, as the U.S. Supreme Court held, "[t]here is no precise rule or formula for making [attorneys' fees] determinations"; rather, the Court enunciated several nonexclusive factors designed to "guide courts' discretion" in such determinations, including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 & n.19 (1994).

TWDC's initial motion demonstrated that the Court should exercise its discretion to grant TWDC its attorneys' fees under *Fogerty*.[1] *See* TWDC's Motion for Attorneys' Fees at 4-6; *see also Pannonia Farms, Inc. v. Re/Max Int'l, Inc.*, 407 F. Supp. 2d 41, 46 (D.D.C. 2005) (granting motion to dismiss under doctrine of collateral estoppel and awarding attorneys' fees where "it was objectively unreasonable for [plaintiff] to continue to pursue any of the intellectual property claims after the New York federal court found that it did not have any ownership interests").

---

[1] In addition, the Southern District of New York held that Marvel owned the copyright rights in these very "best known comic book characters" as works made for hire, which means Lee never had rights in the characters to convey. *See Marvel Worldwide, Inc. v. Kirby*, 777 F. Supp. 2d 720 (S.D.N.Y. 2011). Plaintiff then continued with their precluded claim even after the Second Circuit affirmed that Marvel owned the characters as works made for hire. *See Marvel Characters, Inc. v. Kirby*, 726 F.3d 119 (2d Cir. 2013).

2

Plaintiff cites no authority for the proposition that it can defeat TWDC's application by simply repeating the same arguments that this Court (and three others) rejected in dismissing this case and by saying that its actions here were reasonable. Nor is there any. Simply put, Plaintiff's decision to bring and prosecute its claim for a *fourth* time was objectively unreasonable.

Moreover, Plaintiff's repeated attempts to bring the same claim have also "unreasonably and vexatiously . . . multiplie[d] the proceedings," and the Court should award TWDC its attorneys fees pursuant to 28 U.S.C. § 1927 as well. Plaintiff's argument that a § 1927 award is not available here because that statue does not apply to the "initiation" of a lawsuit is wrong; simply proceeding with a frivolous and groundless case in the face of a motion to dismiss unreasonably and vexatiously multiplies the proceedings and provides the basis for an award of fees. *Roth v. Spruell*, 388 F. App'x 830, 834 (10th Cir. 2010) (unpublished) (awarding attorneys' fees under § 1927 where, after defendant filed its motion to dismiss and notified plaintiff of controlling precedent, plaintiff "adhere[d] to a legal theory that [in light of the prior judicial decision] was no longer tenable"); *see also Sangui Biotech Int'l, Inc. v. Kappes*, 179 F. Supp. 2d 1240, 1243-44 (D. Colo. 2002) ("Sanctions are appropriately imposed under § 1927 on counsel who repeatedly attempt to litigate matters that have been decided or who continue to pursue claims that are no longer reasonable.").

Given Plaintiff's history of relentlessly pursuing this claim in the face of numerous unequivocal decisions instructing it not to, awarding TWDC fees may be the only way to deter Plaintiff from continuing to litigate this matter. *See Stern v. Weinstein*, 512 F. App'x 701, 703

3

(9th Cir. 2013) (awarding attorneys' fees to prevailing defendant in copyright action in order to "deter unjustified lawsuits").

**The Amount Of TWDC's Fee Request Is Reasonable**

The amount of fees to be awarded is also within the Court's sound discretion. *Broadcast Music, Inc. v. Cleatz Bar & Grill, LLC*, 2013 WL 753468, at *1 (D. Colo. Feb. 27, 2013). Having pressed its claim in spite of its obvious and fatal deficiencies, having insisted upon proceeding with discovery while TWDC's motion to dismiss was pending, and having contested the entry of a protective order that it had previously agreed to negotiate[2], Plaintiff should not now be heard to complain about the costs TWDC incurred in responding to Plaintiff's discovery demands.[3] Accordingly, TWDC's fees in connection with its discovery motions should be recompensed with TWDC's other requested fees.

In support of its motion, the Affidavit of Randi W. Singer ("Singer Affidavit") provided the Court with all that is required under the Local Rules to establish the reasonableness of its requested fees: "for each person for whom fees are claimed," TWDC provided "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed" as well as "a summary of relevant qualifications and experience." D.C.COLO.LCivR 54.3(B). Contrary to Plaintiff's assertion, TWDC's submission met the requirements of the Local Rules and no further documentation is required. Nonetheless, to aid

---

[2] With the express understanding that Plaintiff would agree to a protective order, the parties agreed that Plaintiff would take certain limited document and deposition discovery of non-party Stan Lee. However, after Mr. Lee's deposition, Plaintiff contested the entry of a protective order, compelling TWDC to litigate two motions for a protective order, one on an emergency basis, to prevent disclosure of confidential documents. *See* Docket Entries 49, 57, 61.

[3] To the extent that Plaintiff, as it argues, "took steps to reduce the expense" of discovery, Opp. at 7, it has already reaped the benefit of those steps in that, as a result of no additional discovery demands being issued, TWDC did not incur additional fees in responding to further demands.

the Court in its determination of the reasonableness of its fees, TWDC herewith submits its attorneys' time records for fees incurred in connection with its initial evaluation of the matter, motions to dismiss, motions to stay discovery, motions for protective order, and preparing for and attending the deposition of Stan Lee. *See* Reply Affidavit of Randi W. Singer dated November 1, 2013, Exhibit A.[4] As described in the Singer Affidavit[5], and in light of the valuable rights challenged in this action, the fee request is reasonable and proper.[6]

## CONCLUSION

For the foregoing reasons, as well as those set forth in TWDC's moving papers, TWDC respectfully requests that the Court award its attorneys' fees in the amount of $461,881.80.

DATED this 1st day of November, 2013.

        Respectfully submitted,

        /s/ James W. Quinn

        James W. Quinn
        R. Bruce Rich
        Randi W. Singer
        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, NY 10153
        Tel: (212) 310-8000
        Fax: (212) 310-8007

---

[4] Privileged entries and entries not related to these tasks have been redacted. The values of entries not related to these tasks have been excluded from TWDC's motion.

[5] Plaintiff also appears to take issue with TWDC's selection of counsel in this matter. Opp. at 12-13. Weil, Gotshal & Manges LLP has represented TWDC in several copyright matters, including claims concerning the ownership of comic book properties. Retaining experienced and knowledgeable counsel is more efficient than engaging and educating new counsel.

[6] Plaintiff's contention that TWDC's motion should be "summarily denied" due to an alleged failure to comply with Local Rule 7.1(A) is meritless. As TWDC set forth in the Motion, and as Plaintiff admits, Plaintiff's counsel was given notice of TWDC's intention to move for attorneys' fees, and informed TWDC that it would not consent to the request. No further conferral is required under the Rules, and none would have been fruitful to resolve the dispute.

james.quinn@weil.com
bruce.rich@weil.com
randi.singer@weil.com

Frederick J. Baumann
Holly C. Ludwig
LEWIS ROCA ROTHGERBER LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202-5855
Tel: (303) 623-9000
Fax: (303) 623-9222
fbaumann@lrrlaw.com
hludwig@lrrlaw.com

*Counsel for The Walt Disney Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November, 2013, I filed electronically the foregoing **THE WALT DISNEY COMPANY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES** and accompanying affidavit and exhibit with the Clerk of Court, using the CM/ECF system, which caused automatic electronic notification of such filing upon the following:

John V. McDermott
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 223-1100
E-mail: jmcdermott@bhfs.com

Robert S. Chapman
Jon-Jamison Hill
EISNER, KAHAN & GORRY
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California 90212
Telephone: (310) 855-3200
Email: rchapman@eisnerlaw.com
    jhill@eisnerlaw.com

/s/ Holly C. Ludwig