**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

        Plaintiff,

v.

THE WALT DISNEY COMPANY,

        Defendant.

---

**STAN LEE MEDIA, INC.'S
SUR-REPLY TO THE WALT DISNEY COMPANY'S
MOTION FOR ATTORNEYS' FEES**

---

**INTRODUCTION**

The Walt Disney Company's ("Disney") new evidence submitted with its reply, which consists of redacted billing records showing the time spent by its legal team, does not support Disney's request for fees. In addition to those made in the initial opposition papers, there are three separate reasons to deny Disney's Motion.

First, the Court need not expend its resources to decide Disney's Motion at this time. The appeal of the underlying Judgment has been fully briefed and is awaiting decision by the Tenth Circuit Court of Appeal. Fed. R. Civ. P. 54 allows this Court to deny the Motion without prejudice, or defer ruling, until the Court of Appeal issues its opinion. It would be contrary to the principles of judicial economy to rule on Disney's Motion now, since the Judgment may soon be reversed or modified on appeal.

Second, the Supreme Court's recent decision in <u>Petrella v. Metro-Goldwyn-Mayer, Inc.</u>, ___ U.S. ___, 134 S. Ct. 1962 (2014), holds that, even with decades-long delays, a party may bring copyright infringement claims, with the attendant proof of ownership, as long as the infringing activities occurred within three years of that party's initiation of the lawsuit. <u>Petrella</u> demonstrates that, although this Court ultimately rejected Stan Lee Media, Inc.'s ("SLMI") claim for copyright infringement, that claim was properly stated and was neither frivolous, nor objectively unreasonable.

Third, the amount of Disney's fee request is patently unreasonable. While Disney has now submitted its counsel's time records, the invoices reveal a number of problems. Many of the entries are vague, preventing counsel and the Court from gauging the necessity of the task or reasonableness of the time spent. Disney's counsel severely duplicated efforts, spent excessive time on tasks and block billed their time. Disney has also failed to demonstrate the reasonableness of its counsel's rates.

For these reasons, SLMI asks this Court to deny Disney's Motion in its entirety.

## LEGAL ARGUMENT

## I.    THIS COURT SHOULD DEFER RULING ON DISNEY'S MOTION DUE TO THE PENDING APPEAL.

On October 2, 2013, SLMI appealed the Judgment entered in this matter, and that appeal has been fully briefed.[1] A range of outcomes is possible on appeal, and given the status of the appeal. Fed. R. Civ. P. 54(d)(2)(B) provides this Court with broad discretion on the timing of fee motions. The advisory committee notes for Rule 54 account for the circumstances presented in

---

[1] The Court of Appeal docket confirms the following filing dates:  (1) Appellant's Opening Brief, filed on January 15, 2014; (2) Appellee's Opposition Brief, filed on March 20, 2014; and (3) Appellant's Reply Brief, filed on April 7, 2014.

this case. "If an appeal on the merits of the case is taken, the court . . . may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." <u>See</u> Fed. R. Civ. P. 54, Advisory Committee Notes, 1993 Amendments. There is no judicial economy in deciding Disney's fee motion at this time. Should SLMI prevail on the appeal, this Court's ruling on Disney's fee motion would be a nullity. For that reason, SLMI asks the Court to deny the Motion, without prejudice, and provide a time period after the Court of Appeal issues the mandate for Disney, if necessary, to re-file its Motion if the Judgment is affirmed on appeal.

**II.    THE SUPREME COURT'S RECENT DECISION IN <u>PETRELLA V. METRO-GOLDWYN-MAYER, INC.</u> FURTHER DEMONSTRATES THAT SLMI'S CLAIM WAS NOT FRIVOLOUS OR OBJECTIVELY UNREASONABLE.**

After this Court entered Judgment in this matter, the Supreme Court decided <u>Petrella v. Metro-Goldwyn-Mayer, Inc.</u>, ___ U.S. ___, 134 S. Ct. 1962 (2014). In <u>Petrella</u>, the Supreme Court held that the doctrine of laches does not apply to a copyright infringement action initiated within the three year statute of limitations period. <u>Id.</u> at 1967-1968. Moreover, even when the question of ownership of the underlying copyright arose 18 years before the lawsuit (<u>see</u> <u>id.</u> at 1971, <u>see also</u> <u>Petrella</u>, 695 F.3d 946, 950 (2012)), a claim for an act of infringement occurring within three years of the current suit (as was the case for SLMI's claim here) is timely. <u>See</u> <u>Petrella</u>, 134 S. Ct. at 1976 (explaining that the law is *not* "sue soon, or forever hold your peace"). Finally, the Supreme Court made explicit that even if prior claims of infringement were barred by the statute of limitations, that bar does not preclude new infringement claims occurring within the past three years, such as SLMI's current suit. <u>Id.</u> at 1969-1970; <u>see</u> <u>also</u> <u>id.</u> at 1973, fn. 13 (explaining that barring later claims would amount to a free, compulsory license for the

infringer).  _Petrella_ holds that, despite decades-long delays, a party may still bring infringement claims, with their attendant proof of ownership, as long as the infringing activities occurred within three years of that party's initiation of the lawsuit.  _Petrella_ demonstrates that, although the Court ultimately rejected SLMI's claim for copyright infringement, that claim was proper and was neither frivolous, nor objectively unreasonable.

**III.    THE SUM DISNEY REQUESTS IS GROSSLY EXCESSIVE.**

Any fee award made pursuant to the Copyright Act must be limited to "reasonable attorney's fee[s]."  _See_ 17 U.S.C. §505.  The reasonableness of a fee request is a key factor in determining whether any award should issue and, if so, the appropriate amount of that award. _See_ Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 562 (1986); _see also_ Home Design Services, Inc. v. B&B Custom Homes, Inc., 06-cv-00249-WYD-GJR, 2008 WL 2302648, *2 (D. Colo. May 30, 2008) ("The benchmark for an award of attorneys fees is that the amount of the fees awarded be reasonable").  Disney, as the party seeking fees, must prove that its request is reasonable.  _See_ Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  Disney has not done so here.

As a general matter, Disney took the position throughout this case that this lawsuit involved facts and legal issues that were determined long ago in other cases.  Such a case should not merit nearly half a million dollars in fees.  Disney's request is exorbitant because, as reflected in its attorneys' invoices, counsel significantly duplicated efforts, spent excessive amounts of time on tasks, and engaged in block billing.  Disney's counsel also charged excessive rates for their time.  These reasons merit denial of Disney's requests, or at a minimum, a significant reduction of the amount Disney demands.

**A.      The Billing Records Are Vague, Preventing The Court From Making A**

**Proper Determination Of The Reasonableness Of The Fees Sought.**

On reply, Disney finally provided the Court with copies of its billing records.  The invoices provide some detail about the work performed by the attorneys, but not the level of detail necessary for the Court to make a proper determination of the reasonableness of Disney's request.  See Gamma Audio & Video, Inc., v. Ean-Chea, 11 F.3d 1106, 1118 (1st Cir. 1993) (significantly reducing fee award where time "entries were extremely vague, making it virtually impossible . . . to determine whether requested hours were excessive, redundant (especially with respect to how New York and local counsel divided tasks), or otherwise unnecessary").

One example of this vagueness of the entries is the time devoted to "research." Approximately 125 hours of time was spent conducting "research," "summarizing research" or "reviewing research."[2]  [Reply Affidavit of Randi W. Singer, Dkt. No. 76-1 ("Singer Reply Aff."), Ex. A, 6-10, 15-17, 20, 22, 25, 28, 35-39, 47.]  There is no way to determine from the entries what any of this time actually relates to, whether the time spent was productive or whether the billing entries are reasonable.  The Gamma Audio & Video court noted that similar billing references, *e.g.* "legal research re Mass. Case" were too ambiguous and did not allow the court to make a proper determination of their reasonableness.  See Gamma Audio & Video, 11 F.3d at 1118.

James Quinn's time entries also provide prime examples of vague billing entries.  Mr. Quinn billed significant increments of time to "emails," "review case issues," "review drafts,"

---

[2]  The fact that 125 hours of research was supposedly necessary demonstrates, by itself, that SLMI's claims were neither frivolous, nor brought in bad faith.  Moreover, the refusal to explain which issues were researched and how much time spent prevents the Court from determining whether the research was actually necessary.  Disney did not prevail on a number of the defenses it advanced in the case, which merits a reduction in the fees it now seeks.

"review emails and status," and "emails re status." [Singer Reply Aff., Ex. A, 2, 16, 25, 39, 58.] Others had similarly vague entries. Bruce Rich billed time for "office calls," "office emails," "office conference/emails," "office conferences," "emails," and "miscellaneous emails." [Singer Reply Aff., Ex. A, 7, 24, 28, 39, 47, 63.] Randi Singer billed time to "read documents" and "follow-ups from deposition." [Singer Reply Aff., Ex. A, 28, 47.] Frederick Baumann devoted time to "emails." [Singer Reply Aff., Ex. A, 19.] Jessica Costa had entries simply for "review." [Singer Reply Aff., Ex. A, 63.] Sabrina Pearlman billed time to "review case." [Singer Reply Aff., Ex. A, 45.]

The vagueness of many of the entries prevents analysis of whether the time spent by Disney's attorneys was reasonable and necessary,[3] and for that reason, any fee award should be significantly reduced.

### B.    Disney's Attorneys Significantly Duplicated Efforts.

With even the limited information that Disney provided along with its moving papers, Disney made clear that it overstaffed the case and duplicated efforts. Eight different attorneys claim to have handled the "motions for a stay pending resolution of the motion to dismiss," seven attorneys claim to have handled "the two motions to dismiss,"[4] and seven attorneys claim to have prepared the "motions for protective orders." [Affidavit Of Randi W. Singer, Dkt. No. 67-1, ¶¶7-13.] The invoices Disney provided with its reply bear out the duplicative efforts

---

[3] Disney redacted the attorney invoices, presumably to protect privileged information. However, at times, Disney redacted the entire time entry, making it impossible to tell what work was performed. [e.g. Singer Reply Aff., Ex. A., 30.]

[4] An eighth attorney claims to have handled the "initial motion to dismiss," but not the motion to dismiss the Amended Complaint. [Id. at ¶12.]

undertaken by the eight attorneys assigned to the case and demonstrate that the work could have been handled by fewer attorneys at a more reasonable expense to Disney.

Research is one category where duplication no doubt occurred. Sabrina Pearlman, Jessica Costa and Elisabeth Sperle all conducted similar "research" projects around the same time, indicating unnecessary and duplicative time spent. [Singer Reply Aff., Ex. A, 6-8, 15-17, 35-39.] Ms. Pearlman and Ms. Sperle each billed 50 hours or more to research projects. [Singer Reply Aff., Ex. A, 6-10, 15-17, 25, 28, 26-27.] Ms. Costa and Holly Ludwig added another 15 hours of research projects. [Singer Reply Aff., Ex. A, 6-7, 16, 20, 22, 35, 38-39, 47.]

Disney should not be rewarded for its counsel's duplicative and unnecessary efforts. If the Court awards Disney any fees, it should significantly reduce the amount requested in the Motion to account for the duplication.

### C.    Time Spent By Disney's Attorneys Was Unproductive And Unnecessary.

There are numerous time entries that reflect work that was unproductive or unnecessary for the case. The entirety of James Quinn's time appears to have been unnecessary. Mr. Quinn's entries reflect no substantive work on the case. He merely reviewed filings and email communications, and he occasionally talked to other attorneys about the status of the case. [Singer Reply Aff., Ex. A, 2, 16, 25, 39, 58.] The Court should discount the entirety of the $20,947.50 attributed to Mr. Quinn's time.

### D.    Disney's Attorneys Spent Excessive Amounts Of Time On Tasks And Billed For Work That Does Not Appear To Have Been Done.

There are a number of entries that reflect work that does not appear to have been done. For example, Mr. Quinn billed half an hour to an office conference with Ms. Singer and Mr. Rich on April 4, 2013. However, neither Ms. Singer, nor Mr. Rich had time entries for that day,

much less entries that reflect the conversation Mr. Quinn claims to have had with them.  [Singer Reply Aff., Ex. A, 51.]  This was not an isolated instance.  Other of Mr. Quinn's entries claim time for conversations that are not reflected in the other attorneys' billings.  [Singer Reply Aff., Ex. A, 2, 17, 58.]  Mr. Quinn's entries show excessive billing, too.  For example, Mr. Quinn spent half an hour on May 28, 2013, reviewing a "status" email.[5]  [Singer Reply Aff., Ex. A, 59.]

Parsing each individual entry in the bills is not necessary to recognize the excessive time spent on the matter.  The many attorneys working on the matter spent excessive time preparing the few motions they filed, researching various topics and preparing for the single deposition taken in this matter.  If the Court awards Disney any fees, it should significantly reduce the amount requested in the Motion to account for this issue.

### E. Disney's Attorneys Block-Billed, Leading To Increased Expense.

All of Disney's attorneys used block billing, *i.e.* billing several discreet tasks within the same "block" of time.  Studies have found that block billing may inflate time entries from 10% to 30%.  See Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2010) (referencing California Arbitration Advisory entitled "Detecting Attorney Bill Padding").  Courts have reached similar conclusions when reviewing the propriety of fee motions.  See Robinson v. City of Edmond, 160 F.3d 1275, 1284 (10th Cir. 1998) (recognizing that block billing practices that "camouflage the work a lawyer does naturally and quite correctly raise suspicions about whether the work claimed was actually accomplished or whether it was necessary.  This concern is particularly important in a situation where a party is seeking to have his opponent pay for his own lawyer's work.")  Courts routinely impose across-the-board percentage reductions to

---

[5]  In fact, most of Mr. Quinn's tasks are rounded to the nearest half or full hour, no matter how small the task.

compensate for block billing.  See e.g. Robinson, 160 F.3d at 834 (affirming 40% reduction of block billed time); Silver v. Primero Reorganized School Dist. 2, 06-cv-02088, 2008 WL 280847, *2 (D. Colo. Jan. 30, 2008) (striking block billed time entries); E.E.O.C. v. AutoZone, Inc., 934 F. Supp. 2d 342, 355 (D. Mass. 2013) (reducing award by 20% to compensate for block billing practices).  If the Court makes any fee award, it should impose a significant across-the-board cut to counteract Disney's attorneys' block billing practices.

**F.    Disney Offers No Evidence Of The Reasonableness Of The Rates Of Its Counsel.**

As the moving party, Disney must show that the rates charged by its counsel are reasonable.  See Malloy v. Monahan, 73 F.3d 1012, 1018 (10th Cir. 1996).  "A reasonable rate is the prevailing market rate in the relevant community."  Id.; see also Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002).

Most of Disney's lawyers who billed on this matter are from New York.  The rates they charged ranged from $855 to $319.50 per hour.  Disney made no attempt to show that these New York rates are comparable to the rates charged by counsel within the community where the lawsuit was handled, i.e. Colorado.  Indeed, Disney's New York counsel charged hundreds of dollars more per hour than the experienced local counsel Disney engaged, demonstrating that the rates charged by Disney's New York attorneys far exceeds the rates charged in Colorado for similar work.  In any case, Disney's failure to meet its burden of showing the reasonableness of the rates charged by its counsel provides a basis for denial of the Motion, or at a minimum, good cause to significantly reduce the amount of any fee awarded to Disney.

## CONCLUSION

Disney's Motion is procedurally improper and substantively deficient. Disney's reply, despite attaching new evidence and making additional arguments, does not properly support Disney's claim for nearly half a million dollars of attorneys fees. For the reasons set forth in SLMI's opposition and those discussed above, SLMI respectfully asks this Court to deny Disney's Motion in its entirety.

Dated this 30th day of June, 2014.

              /s/  *Robert S. Chapman*
Robert S. Chapman
Jon-Jamison Hill
EISNER, KAHAN, GORRY, CHAPMAN,
ROSS & JAFFE, P.C.
9601 Wilshire Boulevard , Suite 700
Beverly Hills, California  90212
Phone:  310.855.3200
Email: rchapman@eisnerlaw.com

John V. McDermott, #5384
Mark T. Barnes, #23091
BROWNSTEIN HYATT FARBER
SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado  80202
Phone:  303.223.1100
Email: jmcdermott@bhfs.com

Attorneys for Plaintiff Stan Lee Media, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June, 2014, I electronically filed the foregoing

**STAN LEE MEDIA, INC.'S SUR-REPLY TO THE WALT DISNEY COMPANY'S**

**MOTION FOR ATTORNEYS' FEES** with the Clerk of the Court, using the CM/ECF system,

which will send notification of such filing to the following counsel of record:

James W. Quinn  
R. Bruce Rich  
Randi W. Singer  
Weil, Gotshal & Manges LLP  
767 Fifth Avenue  
New York, NY 10153  
Tel:  (212) 310-8000  
Fax: (212) 310-8007  
james.quinn@weil.com  
bruce.rich@weil.com  
randi.singer@weil.com  

Frederick J. Baumann  
Holly C. Ludwig  
Rothgerber Johnson & Lyons LLP  
One Tabor Center, Suite 3000  
1200 17th Street  
Denver, CO 80202  
Tel:  (303) 623-9000  
Fax: (303) 623-9222  
fbaumann@rothgerber.com  
hludwig@rothgerber.com  

John V. McDermott  
Mark T. Barnes  
Brownstein Hyatt Farber Schreck LLP  
410 17th Street, Suite 2200  
Denver, CO 80202  
Tel:  (303) 223-1100  
Fax: (303) 223-1111  
jmcdermott@bhfs.com  
mbarnes@bhfs.com  

_____/s/  *Robert S. Chapman*_____  
Robert S. Chapman