## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

      Plaintiff,

v.

THE WALT DISNEY COMPANY,

      Defendant.

---

### DEPOSITION SUBPOENA AND SUBPOENA TO PRODUCE PURSUANT TO RULE 69 TO STAN LEE MEDIA, INC.

---

**YOU ARE COMMANDED** to attend and give testimony in Courtroom 201 of the Alfred A. Arraj Courthouse (901 19th Street Denver, CO 80202) on Monday, December 15, 2014, at 9:30 a.m. You must designate one or more officers, directors, or managing agents, or designate other persons who are qualified and knowledgeable and who consent to testify on your behalf about the following matters:

1.    All the real property in which Stan Lee Media, Inc. ("SLMI") has any legal or beneficial interest;

2.    All stocks or bonds in which SLMI has any legal or beneficial interest;

3.    All promissory notes receivable in which SLMI has any legal or beneficial interest;

4.    All bank accounts in which SLMI has any legal or beneficial interest;

5.    All insurance policies in which SLMI has any legal or beneficial interest;

6.    Any cash in which SLMI has any legal or beneficial interest;

7.    All accounts receivable and contract rights in which SLMI has any legal or beneficial interest;

8.    Any patents, inventions, trade names, trademarks, copyrights, warehouse receipts, bills of lading, or other documents of title in which SLMI has any legal or beneficial interest;

EXHIBIT

C

9. Any money due to SLMI from any city, state, or federal government or agency or department thereof;

10. All property in the possession, custody, or control of persons other than SLMI in which SLMI has any legal or beneficial interest;

11. All income receivable by SLMI derived from sources other than those above listed;

12. All contracts or agreements to which SLMI is a party that allow(s) SLMI to receive advancement of legal or professional fees or reimbursement of legal or professional fees.

13. SLMI's federal and state business income tax returns for the years 2009, 2010, 2011, 2012, 2013 and 2014.

14. Any and all loan applications by SLMI since 2009.

15. Payment or other transfer of assets or funds within the last four years from SLMI to any present or former owner, director or officer of SLMI, or any other entities owned by said owners, directors and officers.

This deposition will be recorded by a method permitted by the Federal Rules of Civil Procedure.

**WARNING: FAILURE TO APPEAR WILL RESULT IN ISSUANCE OF WARRANT FOR YOUR ARREST.**

<u>At least 48 hours</u> before the time set forth above, you shall also produce at the offices of Lewis Roca Rothgerber LLP, 1200 17th Street, Suite 3000, Denver, CO 80202, the following documents, including all books, records, papers, documents and indicia of ownership in your possession, custody, or control pertaining or related to the description, ownership, value, income derived from, assignment, transfer, application for, and expenses related to the following:

1. All the real property in which SLMI has any legal or beneficial interest;

2. All stocks or bonds in which SLMI has any legal or beneficial interest;

3. All promissory notes receivable in which SLMI has any legal or beneficial interest;

4. All bank accounts in which SLMI has any legal or beneficial interest;

5. All insurance policies in which SLMI has any legal or beneficial interest;

6. Any cash in which SLMI has any legal or beneficial interest;

7. All accounts receivable and contract rights in which SLMI has any legal or beneficial interest;

8.     Any patents, inventions, trade names, trademarks, copyrights, warehouse receipts, bills of lading, or other documents of title in which SLMI has any legal or beneficial interest;

9.     Any money due to SLMI from any city, state, or federal government or agency or department thereof;

10.     All property in the possession, custody, or control of persons other than SLMI in which SLMI has any legal or beneficial interest;

11.     All income receivable by SLMI derived from sources other than those above listed;

12.     All contracts or agreements to which SLMI is a party that allow(s) SLMI to receive advancement of legal or professional fees or reimbursement of legal or professional fees.

13.     Federal and state business income tax returns for the years 2009, 2010, 2011, 2012, 2013 and 2014.

14.     Any and all loan applications by SLMI since 2009.

15.     To the extent not already produced above, all documents related to payment or other transfer of assets or funds within the last four years from SLMI to any present or former owner, director or officer of SLMI, or any other entities owned by said owners, directors and officers.

16.     To the extent not already produced above, all bank records for SLMI including but not limited to checking and deposit account records, for the last three years.

The provisions of Fed. R. Civ. P. 45(c) are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/18/14

_Holly Ludwig_

Attorney's signature

The name, address, e-mail address, and telephone number of the attorneys representing The Walt Disney Company, who issue or request this subpoena are:

Frederick J. Baumann
Holly C. Ludwig
LEWIS ROCA ROTHGERBER LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202-5855
Tel: (303) 623-9000
Fax: (303) 623-9222
fbaumann@lrrlaw.com
hludwig@lrrlaw.com

James W. Quinn
R. Bruce Rich
Randi W. Singer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
james.quinn@weil.com
bruce.rich@weil.com
randi.singer@weil.com

Civil Action No. 1:12-cv-02663-WJM-KMT

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

_____ on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because:_____

_____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/31/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition*. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A)  within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B)  within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i)  is a party or a party's officer; or

(ii)  is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery*. A subpoena may command:

(A)  production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B)  inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement**.

(1) *Avoiding Undue Burden or Expense; Sanctions*. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection*.

(A)  *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B)  *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i)  At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii)  These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena*.

(A) *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i)  fails to allow a reasonable time to comply;

(ii)  requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv)  subjects a person to undue burden.

(B) *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i)  disclosing a trade secret or other confidential research, development, or commercial information; or

(ii)  disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii)  ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena**.

(1) *Producing Documents or Electronically Stored Information*. These procedures apply to producing documents or electronically stored information:

(A)  *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B)  *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C)  *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

(D)  *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection*.

(A) *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i)  expressly make the claim; and

(ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).