IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.

---

**STAN LEE MEDIA, INC.'S
OPPOSITION TO THE WALT DISNEY COMPANY'S
MOTION TO CONFIRM SERVICE OF SUBPOENA**

---

**INTRODUCTION**

The Walt Disney Company's ("*Disney*") Motion To Confirm Service Of Deposition Subpoena was filed *before* Disney purportedly effected service of a subpoena or deposition notice on Stan Lee Media, Inc. ("*SLMI*") and was filed in violation of this Court's rules. For these reasons, SLMI asks this Court to deny Disney's Motion in its entirety.

1

## LEGAL ARGUMENT

Although Disney's Motion is entitled a request to "confirm service" of a subpoena, it actually asks this Court to order SLMI's representative to appear at deposition and produce responsive documents. It is, effectively, a motion to compel in the guise of some other request. The full basis for Disney's Motion is unclear, because Disney failed to file a memorandum supporting its motion. This Court's Docket Entry No. 93, which purports to submit a supporting memorandum, has no associated document, and Disney did not serve one on SLMI. [Declaration Of Robert S. Chapman ("**Chapman Decl.**"), ¶8.] No matter the relief sought or the purported basis for that relief, the Motion is, on its face, premature and procedurally defective.

The most notable aspect of the Motion is its timing. Disney argues that it effected service of the subpoena on SLMI pursuant to Colo. Rev. Stat. § 7-90-704(2) and that service was effective as of December 6, 2014. [Motion, Dkt. No. 92, ¶9.] The Motion itself was filed on December 5, 2014, a day *before* service was purportedly effected and several days before the dates upon which the subpoena purportedly commanded the production of documents and the attendance of SLMI's representative. This effectively prevented SLMI from objecting to, challenging or otherwise responding to the subpoena before being hauled into court on a motion to compel.[1] The Motion cites no statute or rule for the proposition that it can properly move to compel compliance with a subpoena before Disney has even properly effected service. Even if the Court were to overlook this issue, Disney violated a number of related rules when it issued the subpoena and filed this Motion

---

[1] This sort of tactic is a violation of Fed. R. Civ. P. 45(d)(1), which requires parties responsible for serving a subpoena to take reasonable steps to avoid undue burden or expense. As discussed below, Disney also failed to make a good faith effort to resolve the matter before filing its Motion.

2

D.C. Colo. L. Civ. R. 30.1 states that '[u]nless otherwise ordered by the court, reasonable notice for taking a deposition shall not be less than 14 days." Disney's subpoena fails to meet this simple criteria. Disney concedes that it did not effect service until December 6, 2014. [Motion, Dkt. No. 92, ¶9.] Yet, Disney asks the Court to order SLMI to: (1) "produce the requested documents on December 13, 2014"[2]; and (2) "appear and give testimony on December 15, 2014." [Motion, Dkt. No. 92, p. 4.] Both dates are well short of the required 14 day notice period.

D.C. Colo. L. Civ. R. 30.1 mandates that "[b]efore sending a notice to take a deposition, counsel . . . seeking the deposition shall make a good faith effort to schedule it in a convenient and cost effective manner." Again, Disney failed to meet its obligation. The first time Disney contacted SLMI's counsel about the subpoena was well *after* its issuance and after Disney had attempted to serve it. [Chapman Decl., ¶2; Ex. G to Motion, Dkt. No. 92-7.] There was no attempt to confirm with SLMI's counsel that the dates Disney unilaterally chose were convenient for SLMI and counsel. Even when Disney did contact SLMI's counsel to discuss the subpoena, Disney refused to make any good faith effort to schedule the deposition and production for a convenient date. When SLMI's counsel told Disney he was unavailable on the date Disney selected, Disney refused to discuss any modification to the dates it unilaterally chose. [Chapman Decl., ¶¶3-4, 6; Ex. H to Motion, Dkt. No. 92-7.] Disney simply filed this Motion with no further discussion. Such actions are antithetical to the rule.

Finally, Disney failed to conduct a good faith meet and confer with SLMI prior to filing this Motion, as required by D.C. Colo. L. Civ. R. 7.1(A). Disney's Motion contains a statement

---

[2] December 13, 2014 was a Saturday. It is not clear from Disney's Motion why it believes a non-business day is an appropriate date for the production of responsive documents.

3

that it did meet and confer, but that statement is incomplete. It mentions only the service of process issue. Disney never alerted SLMI to the fact that it planned to seek an order compelling attendance and compelling production of documents. [Chapman Decl., ¶5.] Disney, did not mention the relief it planned to seek prior to filing the Motion, as required by the rule.

There is no reason to allow Disney to dispense with the requisite procedures for issuing subpoenas or seeking the Court's assistance in enforcing them. Disney has not demonstrated any urgent need to depose SLMI's representative or compel SLMI to produce documents responsive to its subpoena. The attorneys' fee award is on appeal to the Tenth Circuit.[3] Disney waited months after the fee award to seek a writ of execution and undertake collection efforts. The Motion contains no statement, much less proof, that this matter must be expedited such that Disney should not have to comply with applicable rules and procedures.

For the foregoing reasons, SLMI respectfully asks this Court to deny Disney's Motion in its entirety.

---

[3] SLMI's opening brief is currently due to be filed by January 12, 2015. [Chapman Decl., ¶9.]

## CONCLUSION

Disney's Motion is procedurally improper and substantively deficient. Disney filed its motion to compel before service of the subpoena was even effected, and Disney failed to comply with a number of rules before bringing its Motion. For these reasons, SLMI asks this Court to deny Disney's Motion in its entirety.

Dated this 29th day of December, 2014.

*/s/ Robert S. Chapman*
Robert S. Chapman
Jon-Jamison Hill
EISNER, KAHAN, GORRY, CHAPMAN,
ROSS & JAFFE, P.C.
9601 Wilshire Boulevard , Suite 700
Beverly Hills, California  90212
Phone:  310.855.3200
Email: rchapman@eisnerlaw.com

John V. McDermott, #5384
Mark T. Barnes, #23091
BROWNSTEIN HYATT FARBER
SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado  80202
Phone:  303.223.1100
Email: jmcdermott@bhfs.com

Attorneys for Plaintiff Stan Lee Media, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December, 2014, I electronically filed the foregoing **STAN LEE MEDIA, INC.'S OPPOSITION TO THE WALT DISNEY COMPANY'S MOTION TO CONFIRM SERVICE OF SUBPOENA** with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following counsel of record:

James W. Quinn
R. Bruce Rich
Randi W. Singer
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
james.quinn@weil.com
bruce.rich@weil.com
randi.singer@weil.com

Frederick J. Baumann
Holly C. Ludwig
Rothgerber Johnson & Lyons LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202
Tel: (303) 623-9000
Fax: (303) 623-9222
fbaumann@rothgerber.com
hludwig@rothgerber.com

John V. McDermott
Mark T. Barnes
Brownstein Hyatt Farber Schreck LLP
410 17th Street, Suite 2200
Denver, CO 80202
Tel: (303) 223-1100
Fax: (303) 223-1111
jmcdermott@bhfs.com
mbarnes@bhfs.com

            */s/ Robert S. Chapman*
            Robert S. Chapman