IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.
_____

**THE WALT DISNEY COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO CONFIRM SERVICE OF DEPOSITION SUBPOENA AND SUBPOENA TO PRODUCE PURSUANT TO RULE 69 TO STAN LEE MEDIA, INC.**
_____

    Defendant The Walt Disney Company ("TWDC") submits this reply brief in support of its Motion to Confirm Service of Deposition Subpoena and Subpoena to Produce Pursuant to Rule 69 ("Rule 69 Subpoena") to Stan Lee Media, Inc. (the "Motion to Confirm Service").

## INTRODUCTION

    SLMI does not dispute that it has neither paid the judgment nor posted a bond to protect TWDC against a pyrrhic victory. Nor does SLMI dispute that it did not accept service of the subpoena at three different addresses or that its counsel refused to accept service as well. SLMI's counsel did, however, offer that SLMI would "agree to appear and be examined five days after the 10th Circuit affirms the order dismissing the case, if that happens." Motion to Confirm Service Ex. H. Although that objection was entirely improper, it is now moot because the Tenth Circuit has ruled on the merits and affirmed the dismissal of SLMI's complaint. Nonetheless, SLMI is still refusing to provide dates for the deposition or to produce the requested documents. *See* Declaration of Randi Singer dated January 15, 2015 ("Singer Decl.")

¶¶ 3-4.  SLMI's attempts to blame TWDC for not providing sufficient notice and for not discussing deposition dates are meritless and moot.  The deposition should go forward immediately.

## FACTUAL BACKGROUND

As set forth in the Motion to Confirm Service,[1] this Court entered an order awarding TWDC $239,940.90 in attorneys' fees on July 31, 2014.  *See* Motion to Confirm Service ¶ 1.  SLMI appealed, but did not file a supersedeas bond or satisfy the judgment, and this Court issued a writ of execution on November 7, 2014.  *Id.* at ¶¶ 1, 3.  TWDC then issued the Rule 69 Subpoena on November 18, 2014, and attempted to serve it on SLMI's registered agent at its registered addresses in Colorado and in New Jersey, as well as on a New York address for its registered agent.  *Id.* at ¶¶ 4-6.  On November 25, 2014, after people at all three addresses refused to accept service, TWDC asked SLMI's counsel to accept service, but it refused to do so.  *Id.* at ¶ 7.  Accordingly, on December 1, 2014, TWDC served the Rule 69 Subpoena via certified mail, return receipt requested, to SLMI's registered agent's street address and mailing address.  *Id.* at ¶ 8.  Pursuant to Colorado law, service is effective five days after mailing, on December 6, 2014.  *Id.* at ¶ 9.  This Motion to Confirm Service was filed on December 5, 2014, and on December 8, 2014, TWDC filed an amended proposed order asking this Court to order SLMI to appear for its Rule 69 deposition within 30 days.  Docket Nos. 92, 94, 94-1.  SLMI objected to

---

[1] There is no merit to SLMI's complaint that "Disney did not serve" SLMI with this Motion.  *See* Stan Lee Media, Inc.'s Opposition to The Walt Disney Company's Motion to Confirm Service of Subpoena ("Opp.") at 2.  TWDC's Motion to Confirm Service and its subsequent modified proposed order were served on SLMI through ECF.  Docket Nos. 92, 94.  SLMI's only support for its mischaracterization is the docket entry from Judge Martinez referring this Motion to Confirm Service to Magistrate Judge Tafoya (Docket No. 93).

2

the Rule 69 Subpoena on December 12, 2014, arguing that – after weeks of avoiding service – the deadlines in the November 18 subpoena were no longer reasonable.

While conferring, SLMI's counsel made plain that SLMI would not appear for a Rule 69 deposition unless and until the 10th Circuit affirmed this Court's order dismissing the underlying action, but stated that SLMI "will agree to appear and be examined five days after the 10th Circuit affirms the order dismissing the case, if that happens."  Motion to Confirm Service Ex. H.  On December 23, 2014, the United States Court of Appeals for the Tenth Circuit did just that.  *See Stan Lee Media, Inc. v. The Walt Disney Co.*, No. 13-1407 (10th Cir. Dec. 23, 2014), a copy of which is attached hereto as Appendix A.   The Tenth Circuit held that:

> Although the ownership question might be complex, we need not consider it here because the Ninth Circuit recently provided an answer in *Stan Lee Media, Inc. v. Lee*, No. 12-56733, 2014 WL 5462400 (9th Cir. Oct 2014) (*Stan Lee Media v. Lee*), finding that Stan Lee Media's statement of ownership of the copyrights to the pre-1998 characters failed to plausibly allege a claim for relief. In other words, Stan Lee Media could not even allege any right to ownership of the disputed properties. And under well-settled principles, the Ninth Circuit's decision on the ownership issue is entitled to collateral-estoppel effect in subsequent cases involving claims for relief premised on that issue.

*Id.* at 3.  In light of the ruling, on January 6, 2015, TWDC asked SLMI's counsel whether SLMI would now agree to a date for Mr. Wolk's deposition and SLMI's document production.  *See* Singer Decl. ¶ 3.  To date, SLMI has refused to do so.  *Id.* at ¶ 4.  There is no reason to delay the Rule 69 deposition and the attendant document production any further.

## ARGUMENT

SLMI has avoided paying the judgment for nearly six months. At the same time, it has used its financial resources to hire new lawyers to file meritless motions in other proceedings.[2] As SLMI's only business is bringing vexatious litigations, allowing it to evade its deposition and requested production of documents would only increase the risk that it will be judgment-proof when the day of reckoning finally comes.

SLMI has appealed from the judgment regarding attorneys' fees, but that filing does not stay the judgment in the absence of an express court order or a supersedeas bond. *See* Fed. R. Civ. P. 62(d); *Grubb v. Fed. Deposit Ins. Corp.*, 833 F.2d 222, 227 (10th Cir. 1987) ("[A] supersedeas bond functions to protect the judgment creditor who has been stayed from collecting upon the judgment."); *Myers v. Mid-W. Nat'l Life Ins. Co.*, No. 04-CV-00396-CMA-KLM, 2009 WL 306366, at *2 (D. Colo. Feb. 6, 2009) (noting that "the purpose of a supersedeas bond under Federal Rule 62(d) . . . is a critical check against frivolous or merit-less appeals"); *Hicks v. Cadle Co.*, No. 04-CV-02616-ZLW-KLM, 2008 WL 5381224, at *1 (D. Colo. Dec. 10, 2008) (denying motion to stay execution of final judgment pending appeal because "[d]efendants have not explained why it is impossible for them to post a standard supersedeas bond in this case"). SLMI

---

[2] After Judge Martinez's order dismissing SLMI's complaint, SLMI intervened in an ongoing litigation in Pennsylvania, claiming to be the exclusive owner of the rights in Spider-Man, among other Marvel properties. *See Disney Enters., Inc. v. Entm't Theatre Grp.*, No. 5:13-cv-05570-JLS (E.D. Pa. filed Sept. 24, 2013) (the "AMT Action"). That court dismissed SLMI's Intervenor Complaint with prejudice, holding that "prior decisions preclude SLMI and AMT from pursuing a claim that SLMI owns the rights to Spider-Man." *Disney Enters., Inc. v. Entm't Theatre Grp.*, No. 13-CV-5570, 2014 WL 5483487, at *9 (E.D. Pa. Oct. 30, 2014). SLMI then filed a motion pursuant to Rule 59(e) to amend the judgment. *See Disney Enters.*, No. 5:13-cv-05570-JLS, D.E. 102 (E.D. Pa. filed Nov. 28, 2014). After the Tenth Circuit's decision issued, Plaintiffs in the AMT Action again demanded that SLMI withdraw its Rule 59(e) motion; it finally did so. *See id.* D.E. 113. Plaintiffs' motion for attorneys fees in the AMT Action as against SLMI is currently *sub judice*. *See id.* D.E. 97-98, 105-106, 110-111.

4

could easily have avoided the necessity of this proceeding to enforce the judgment by filing a supersedeas bond, but it has not done so.

SLMI does not even attempt to justify its failure to pay the judgment or post a bond. Instead, it lodges a series of hollow protests regarding the timing of the Motion to Confirm Service.

SLMI's allegation that TWDC "refused to discuss any modification to the dates it unilaterally chose," Opp. at 3, is at best misplaced because SLMI refused to discuss *any* dates until after the Tenth Circuit ruled.  Moreover, it ignores that TWDC's proposed order requests that the Court order SLMI to appear for its Rule 69 deposition "within 30 days of the entry of [the] order."  *See* Docket Nos. 94, 94-1.[3]

SLMI's allegation that it was "prevented" from "objecting to, challenging or otherwise responding to the subpoena before being hauled into court," Opp. at 2, is disingenuous and moot. SLMI's counsel confirmed that it was provided a copy of the Rule 69 Subpoena on November 25, 2014, 10 days prior to the filing of TWDC's Motion to Confirm, *see* Declaration of Robert S. Chapman in Support of SLMI's Opposition to TWDC's Motion to Confirm Service ("Chapman Decl.") ¶ 2, and SLMI served its formal objections – consisting solely of objections to the timing – to the Rule 69 Subpoena on December 12, 2014.  *Id.* at ¶ 7.

SLMI's lament that TWDC "never alerted SLMI to the fact that it planned to seek an order compelling attendance and compelling production of documents," Opp. at 4, barely merits a response.  SLMI was aware of the Court's July 31, 2014 Order, knew that it had not paid the

---

[3] SLMI claims the subpoena fails to provide "reasonable notice for taking a deposition [which] shall not be less than 14 days," Opp. at 3.  In fact, TWDC gave SLMI's counsel notice of the deposition on November 25, 2014 – twenty days prior to December 15, 2014.  Motion to Confirm Service ¶ 7.  In any event, this argument is mooted by TWDC's proposed order.  *See* Docket Nos. 94, 94-1.

5

judgment or filed a supersedeas bond, and that it had purposefully avoided service of the discovery needed to enforce the judgment.  What did SLMI expect?[4]

Six months ago, this Court ordered SLMI to pay TWDC's legal fees as a consequence of SLMI's objectively unreasonable behavior in bringing this lawsuit.  Now that the Tenth Circuit has affirmed dismissal of its complaint, SLMI has run out of excuses to avoid doing so.

## CONCLUSION

For all these reasons, TWDC respectfully requests that this Court enter an Order confirming that SLMI has been properly served with the Deposition Subpoena and Subpoena to Produce Pursuant to Rule 69 and ordering that SLMI must produce documents and appear for its Rule 69 deposition within 30 days of the entry of the Court's Order with respect to this Motion.

---

[4] SLMI's complaint that TWDC has failed to cite a "statute or rule for the proposition that it can properly move to compel compliance with a subpoena before Disney has even properly effected service," Opp. at 2, is moot because SLMI has now been served.  There is no such requirement under Rule 69, *see* C.R.C.P. 69, and no dispute that SLMI's counsel was aware of TWDC's numerous service efforts no later than November 25, 2014.  *See* Motion to Confirm Service ¶ 7.

6

DATED this 15th day of January, 2015.   Respectfully submitted,

  /s/  James W. Quinn

WEIL, GOTSHAL & MANGES LLP
James W. Quinn
Randi W. Singer
Sabrina A. Perelman
767 Fifth Avenue
New York, NY 10153
Tel:  (212) 310-8000
Fax: (212) 310-8007

Frederick J. Baumann
Holly C. Ludwig
LEWIS ROCA ROTHGERBER LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202-5855
Tel: (303) 623-9000
Fax: (303) 623-9222
fbaumann@lrrlaw.com
hludwig@lrrlaw.com

*Attorneys for Defendant The Walt Disney Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2015, I filed electronically the foregoing **THE WALT DISNEY COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO CONFIRM SERVICE OF DEPOSITION SUBPOENA AND SUBPOENA TO PRODUCE PURSUANT TO RULE 69 TO STAN LEE MEDIA, INC.** with the Clerk of Court, using the CM/ECF system, which caused automatic electronic notification of such filing upon the following:

John V. McDermott
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202
Telephone: (303) 223-1100
E-mail: jmcdermott@bhfs.com

Robert S. Chapman
Jon-Jamison Hill
EISNER, KAHAN & GORRY
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California 90212
Telephone: (310) 855-3200
Email: rchapman@eisnerlaw.com
         jhill@eisnerlaw.com

                                                                     _/s/ Holly C. Ludwig_