# Exhibit 1

Case No. 1:12-cv-02663-WJM-KMT    Document 127-1    filed 06/03/15    USDC Colorado    pg 1 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

        Plaintiff,

v.

THE WALT DISNEY COMPANY,

        Defendant.

**OBJECTIONS FROM NON-PARTY, MICHAEL B. WOLK TO DEFENDANT'S SUBPOENA**

**-AND-**

**DECLARATION FROM NON-PARTY MICHAEL B. WOLK THAT HE HAS NO KNOWLEDGE OF ANY PLAINTIFF ASSETS THAT HAVE ANY PRESENT MARKET VALUE**

Michael B. Wolk ("Mr. Wolk"), by and through his undersigned counsel, hereby submits the following objections to the Walt Disney Company's Rule 69 Subpoena.

Mr. Wolk, through his law firm Law Offices of Michael B. Wolk, P.C. ("Wolk Firm"), is listed as a registered service agent for Plaintiff in the corporation records maintained by the Colorado Secretary of State ("Registered Service Agent"). Pursuant to Mr. Wolk's capacity as a Registered Service Agent, Plaintiff granted limited authority to Mr. Wolk to accept the service of legal papers for Plaintiff.

On May 8, 2015, Defendant served a post-judgment deposition subpoena on Mr. Wolk

1

seeking (a) information and documents about Plaintiff's assets ("Plaintiff Subpoena") as well as (b) information and documents about the assets of non-party TAP-SLMI, LLC, a third-party litigation funder which provided investment funds for the pursuit of Plaintiff's legal claims herein against Defendant ("Non-Party Subpoena"). Pursuant to his capacity as a Registered Service Agent, Mr. Wolk agreed to accept service of the Plaintiff Subpoena on behalf of Plaintiff.

Mr. Wolk hereby objects to the Non-Party Subpoena on the same grounds set forth in the Objections To Subpoena From Non-Party TAP-SLMI, LLC (the "Non-Party TAP Objections"), which are incorporated herein by reference.

Neither Mr. Wolk nor the Wolk Firm is an officer, director or shareholder in Plaintiff. Plaintiff has not authorized Mr. Wolk or the Wolk Firm to testify or produce documents on behalf of Plaintiff in response to the Plaintiff Subpoena. However, in his capacity as a non-party Registered Service Agent for Plaintiff, and in his non-party individual capacity, Mr. Wolk has decided to cooperate with Defendant's asset discovery efforts by providing a non-party declaration in response to the Plaintiff Subpoena. That non-party declaration is set forth below and corresponds to the nineteen (19) categories of information and document demands in the Plaintiff Subpoena.

DATED this 21st day of May, 2015          /s/ *Edward W. Millstein*
                                                              Edward W. Millstein, Esq.
                                                              SACKS WESTON MILLSTEIN DIAMOND, LLC
                                                              1845 Walnut Street, Suite 1600
                                                              Philadelphia, PA 19103
                                                              Tel: (215) 925-8200
                                                              Fax: (267) 639-5422
                                                              e-mail: tmillstein@swpdlaw.com

                                                              *Attorney for Michael B. Wolk and TAP-SLMI, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

      Plaintiff,

v.

THE WALT DISNEY COMPANY,

      Defendant.

---

**DECLARATION FROM NON-PARTY MICHAEL B. WOLK THAT HE HAS
NO KNOWLEDGE OF ANY PLAINTIFF ASSETS THAT HAVE ANY PRESENT
MARKET VALUE**

---

I, Michael B. Wolk, declare under penalty of perjury as follows:

1. With respect to paragraph 1 of the Plaintiff Subpoena, I, Michael B. Wolk, have no knowledge of, and no documents regarding, any real property in which Plaintiff has an interest.

2. With respect to paragraph 2 of the Plaintiff Subpoena, I, Michael B. Wolk, have no knowledge of, and no documents regarding, any stocks or bonds in which Plaintiff has a legal or beneficial interest, except that I aver that Plaintiff appears to have once held an indirect shareholder interest involving the intellectual property of Conan the Barbarian but, in 2002, ownership rights to such intellectual property were transferred from Plaintiff's subsidiary to its secured creditors pursuant to a court-approved sale and, subsequently, the United States Court of Appeals for the Ninth Circuit declined to vacate the propriety of that court ruling (and, therefore, such court determinations indicate that any such indirect shareholder interest appears to have no present market value).

3

3. With respect to paragraph 3 of the Plaintiff Subpoena, I, Michael B. Wolk, have no knowledge of, and no documents regarding, any promissory notes in which Plaintiff has any legal or beneficial interest.

4. With respect to paragraph 4 of the Plaintiff Subpoena, I, Michael B. Wolk, have no knowledge of, and no documents regarding, any bank accounts in which Plaintiff has any legal or beneficial interest.

5. With respect to paragraph 5 of the Plaintiff Subpoena, I, Michael B. Wolk, have no knowledge of, and no documents regarding, any insurance policies in which Plaintiff has any legal or beneficial interest.

6. With respect to paragraph 6 of the Plaintiff Subpoena, I, Michael B. Wolk, have no knowledge of, and no documents regarding, any cash in which Plaintiff has any legal or beneficial interest.

7. With respect to paragraph 7 of the Plaintiff Subpoena, I, Michael B. Wolk, have no knowledge of, and no documents regarding, any accounts receivable in which Plaintiff has any legal or beneficial interest. With respect to the contract rights portion of paragraph 7 of the Plaintiff Subpoena, I, Michael B. Wolk, aver that the courts have rejected Plaintiff's legal claims of contract rights to various intellectual properties (and, therefore, such court determinations indicate that any such asserted contract rights to various intellectual properties appear to have no present market value).

8. With respect to paragraph 8 of the Plaintiff Subpoena, I, Michael B. Wolk, have no knowledge of, and no documents regarding, any patents, inventions, warehouse receipts, bills of lading, or other documents of title in which Plaintiff has any legal or beneficial interest. With respect to the portion of paragraph 8 of the Plaintiff Subpoena involving trade names, trademarks

4

and copyrights, I, Michael B. Wolk, aver that the courts have rejected Plaintiff's legal claims of contract rights to various trade names, trademarks and copyrights (and, therefore, such court determinations indicate that any such asserted contract rights to various trade names, trademarks and copyrights appear to have no present market value).

      9.      With respect to paragraph 9 of the Plaintiff Subpoena, I, Michael B. Wolk, have no knowledge of, and no documents regarding, any money due to Plaintiff from any city, state, or federal government or agency or department thereof.

      10.      With respect to paragraph 10 of the Plaintiff Subpoena, I, Michael B. Wolk, have no knowledge of, and no documents regarding, any property in the possession, custody, or control of persons other than Plaintiff in which Plaintiff has any legal or beneficial interest.

      11.      With respect to paragraph 11 of the Plaintiff's Subpoena, I, Michael B. Wolk, have no knowledge of, and no documents regarding, any income receivable in which Plaintiff has any legal or beneficial interest derived from sources other than those encompassed in paragraphs 1-10 therein.

      12.      I, Michael Wolk, object to paragraph 12 of the Plaintiff's Subpoena on the basis of the Non-Party TAP Objections.

      13.      I, Michael Wolk, object to paragraph 13 of the Plaintiff's Subpoena on the basis of the Non-Party TAP Objections.

      14.      I, Michael Wolk, object to paragraph 14 of the Plaintiff's Subpoena on the basis of the Non-Party TAP Objections.

      15.      With respect to paragraph 15 of the Plaintiff's Subpoena, I, Michael B. Wolk, have no knowledge of, and no documents regarding, Plaintiff's federal and state business income tax returns for the years 2009-2014. I, Michael B. Wolk, object to the remainder of paragraph 15

of the Plaintiff Subpoena on the basis of the Non-Party TAP Objections.

16. With respect to paragraph 16 of the Plaintiff Subpoena, I, Michael B. Wolk, have no knowledge of, and no documents regarding, any loan applications by Plaintiff. I, Michael B. Wolk, object to the remainder of paragraph 16 of the Plaintiff Subpoena on the basis of the Non-Party TAP Objections.

17. I, Michael B. Wolk, object to paragraph 17 of the Plaintiff Subpoena on the basis of the Non-Party TAP Objections.

18. With respect to paragraph 18 of the Plaintiff Subpoena, I, Michael B. Wolk, have no knowledge of, and no documents regarding, any documents related to payment or other transfer of assets or funds within the last four years from Plaintiff to any present or former owner, director or officer of Plaintiff, or any other entities owned by said owners, directors and officers, to the extent not already encompassed in paragraphs 1-17 therein. I, Michael B. Wolk, object to the remainder of paragraph 18 of the Plaintiff Subpoena on the basis of the Non-Party TAP Objections.

19. With respect to paragraph 19 of the Plaintiff Subpoena, I, Michael B. Wolk, have no knowledge of, and no documents regarding, any bank records for Plaintiff, including but not limited to checking and deposit account records for the last three years, to the extent not already encompassed in paragraphs 1-18 therein. I, Michael B. Wolk, object to the remainder of paragraph 19 of the Plaintiff Subpoena on the basis of the Non-Party TAP Objections.

DATED this 21st day of May, 2015         /s/ *Michael B. Wolk*
                                          Michael B. Wolk