# Exhibit 2

# Weil, Gotshal & Manges LLP

BY EMAIL

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Randi W. Singer
+1 (212) 310-8152
randi.singer@weil.com

May 27, 2015

Ted Millstein
Sacks Weston Millstein Diamond
1845 Walnut Street, Suite 1600
Philadelphia, Pennsylvania 19103

Robert S. Chapman
Eisner Jaffe Gorry, Chapman & Ross
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California 90210

Re:   *Stan Lee Media, Inc. v. The Walt Disney Co.* Case No. 1:12-cv-02663-WJM-KMT

Dear Counsel:

We write on behalf of The Walt Disney Company ("TWDC") regarding TWDC's Rule 69 Subpoena to Stan Lee Media, Inc. ("SLMI"). We do not recap the entire history of the Rule 69 Subpoena here, but as you know, on May 8, 2015, pursuant to agreement and the Court's order, TWDC served its subpoena on SLMI through counsel for SLMI's registered agent, Michael Wolk. The Court ordered that responsive documents be produced by May 21, 2015 and that Mr. Wolk appear for deposition on June 17, 2015.

To date, TWDC has not received any responsive documents. Instead, on May 21, we received "Objections From Non-Party, Michael B. Wolk to Defendant's Subpoena and Declaration From Non-Party Michael B. Wolk That He Has No Knowledge of Any Plaintiff Assets That Have Any Present Market Value." In that document, counsel for Mr. Wolk indicated that "Plaintiff has not authorized Mr. Wolk or the Wolk Firm to testify or produce documents on behalf of Plaintiff in response to the Plaintiff Subpoena."

This position is troubling. At the May 7, 2015 hearing, Mr. Millstein represented to Magistrate Judge Tafoya that Mr. Wolk is the "registered agent for SLMI" and agreed to accept service of the subpoena on behalf of SLMI. Mr. Wolk himself told the Court that he would be "happy to provide anything that's relevant as SLMI's assets." Based on these representations, Magistrate Judge Tafoya mooted TWDC's motion to confirm service. As SLMI's registered agent and representative, it was Mr. Wolk's

responsibility to seek responsive documents from SLMI and produce them. Mr. Wolk cannot avoid this duty by claiming that he is not "authorized" to produce documents or to testify on behalf of SLMI, particularly given Mr. Chapman's statement that Mr. Wolk was the "point of contact with SLMI throughout the pendency of the lawsuit." Motion to Withdraw as Attorney by Plaintiff Stan Lee Media Inc., March 13, 2015, at p. 3 (Docket 105). It is incumbent on Mr. Wolk, as the registered agent and representative of SLMI, and on Mr. Chapman, as counsel of record for SLMI and as an officer of the Court, to ensure that SLMI complies with the Court's order to produce responsive documents.

Accordingly, TWDC reiterates its request for documents outlined in its May 8, 2015 subpoena. If TWDC does not receive responsive documents by the close of business on June 1, 2015, TWDC will request a telephonic conference with the Court to address the issue.

Finally, TWDC intends to go forward with the deposition of Michael Wolk on June 17, 2015 in accordance with Magistrate Judge Tafoya's Order. TWDC is amenable to Mr. Wolk's requested 11:00 a.m. start time.

We note that this issue has become even more important following the Tenth Circuit's ruling yesterday that TWDC is entitled to attorneys' fees incurred in defending against SLMI's meritless appeal of Judge Martinez's dismissal of the underlying case.

By sending you this letter, TWDC is not waiving any of its legal or equitable rights or remedies, all of which are expressly reserved.

Sincerely,

Randi W. Singer

cc: James W. Quinn
Frederick Baumann