# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.

---

### STATUS REPORT FROM COUNSEL FOR NON-PARTY MICHAEL B. WOLK

---

On June 4, 2015 (D.E. 128), the Court directed counsel for Plaintiff, and counsel for nonparty Michael B. Wolk ("Mr. Wolk"), to file a Status Report by June 10, 2015 in response to a Status Report filed by Defendant (D.E. 127).

Nonparty Mr. Wolk and his counsel have complied with their representations to the Court at a May 7, 2015 hearing, and pursuant to a court order issued that same day (D.E. 124).

*First*, on May 7, 2015, counsel for nonparty Mr. Wolk represented that he would accept service of Defendant's judgment execution subpoena (the "Subpoena"), on behalf of Plaintiff, in accordance with Mr. Wolk's administrative authority to receive service of legal papers for Plaintiff. Defendant served its Subpoena the following day, and counsel for Mr. Wolk accepted service of the same on behalf of Plaintiff.

Significantly, however, Mr. Wolk is not a director, officer or shareholder in Plaintiff. Contrary to Defendant's assertion, Mr. Wolk's administrative status as a service agent does not transform him into a "managerial agent" with any legal power to take substantive action on

behalf of Plaintiff.  Apart from the administrative issue regarding service of legal papers, Mr. Wolk has not been authorized by Plaintiff's board of directors to act as Plaintiff's "agent" in any other capacity.  Indeed, as set forth in Plaintiff's Objections to the Subpoena, it is Plaintiff's board of directors - - not Mr. Wolk - - who is empowered to produce documents and testify for Plaintiff.  See Exhibit 1 annexed hereto.

*Second*, on May 7, 2015, counsel for Mr. Wolk represented that efforts would be made seeking to facilitate a response from Plaintiff to Defendant's Subpoena.  Those efforts have been successful.  Attached hereto as Exhibit 1 is a copy of the Objections interposed by Plaintiff, through its President Jose M. Abadin, in response to Defendant's Subpoena ("Plaintiff Objection").  The Plaintiff Objection also contains a declaration from Mr. Abadin explaining why Plaintiff has no documents regarding any executable assets belonging to Plaintiff with any present market value.

Since legal authority to manage Plaintiff, and to respond substantively to Defendant's Subpoena, resides with Plaintiff's board of directors (not with Mr. Wolk), deposition testimony from Plaintiff should be sought from Mr. Abadin, Plaintiff's president - - and not from Mr. Wolk, a nonparty lacking power to testify for Plaintiff.  Mr. Abadin has offered to provide his deposition for Plaintiff.  Defendant has not yet served a deposition notice on Mr. Abadin.

Despite the foregoing, Mr. Wolk and his counsel are also facilitating discovery by arranging for Mr. Wolk to provide nonparty testimony on June 17, 2015, at the office of Defendant's counsel, regarding his knowledge of Plaintiff's executable assets.

*Third*, Defendant's Subpoena, although ostensibly directed "solely" to Plaintiff, also improperly seeks to direct Plaintiff to provide copies of private financial documents that belong to non-debtor third-parties, such as Mr. Wolk's commercial litigation finance company TAP-

SLMI, LLC ("TAP").  Not only do these private financial documents belong to non-debtor third-parties, they are wholly irrelevant to the issue of Plaintiff's executable assets.

Even though Defendant's Subpoena seeks private financial documents that belong to non-debtor third-parties, Defendant did not serve its Subpoena on those non-debtor third-parties. Thus, in order to protect their rights, nonparties TAP and Mr. Wolk have objected to Defendant's Subpoena (Exhibits 1 and 3 to D.E. 129).

Defendant's Status Report rests upon an improper assumption that the Court has somehow "already adjudicated" the relevancy and propriety of all aspects of Defendant's FRCP 69 Subpoena, including but not limited to the non-party components therein.  Nothing of the sort has taken place.  Rather, at the May 7, 2015 hearing, the Court directed a response by May 21, 2015 to document demands about Plaintiff's executable assets.  Mr. Wolk timely responded by May 21, 2015.  Mr. Wolk submitted a declaration that he has no documents which are relevant to the issue of whether Plaintiff has any executable assets with any present market value.  Mr. Wolk also timely responded that Defendant has improperly sought the production of documents about the private financial affairs of non-debtor third-parties, which is irrelevant to the issue of Plaintiff's executable assets.

As Supreme Court precedent indicates, the proper scope of a judgment execution subpoena under FRCP 69 is confined to information about a judgment debtor's executable assets: "[I]nformation that could not possibly lead to executable assets is simply not 'relevant' to execution in the first place." *Republic of Argentina v. NML Capital, Ltd.*, 134 S.Ct. 2250, 2257 (2014).  Thus, it is legally inappropriate for a judgment creditor to subpoena a judgment debtor to provide a third-party's financial documents regarding assets that do not even belong to (or are not even executable against) the judgment debtor.

3

Under the commercial litigation funding agreement between non-party TAP and Plaintiff, non-party TAP remitted payment directly to Plaintiff's litigation counsel (not to Plaintiff) for legal fees incurred by Plaintiff's counsel in return for Plaintiff's promise to remit a contingency percentage of any litigation proceeds that Plaintiff might recover from Defendant.  Plaintiff never recovered any litigation proceeds from Defendant and, therefore, no litigation proceeds were ever remitted by Plaintiff to TAP.

Accordingly, Plaintiff has *never* transferred any Plaintiff money, or any Plaintiff executable asset, to TAP or Mr. Wolk (who are non-debtor third-parties).

*Fourth*, as part of its efforts to facilitate discovery and a consensual resolution of any disputes, Mr. Wolk and his counsel contacted Defendant's counsel in response to Defendant's May 27, 2015 letter (Exhibit 2 to Defendant's Status Report, D.E. 127).  Although discussions between counsel have not yet resolved the situation, it is anticipated that such discussions will continue in connection with the June 17 deposition at which non-party Mr. Wolk will testify as a non-party (but not "on Plaintiff's behalf") about Mr. Wolk's knowledge regarding Plaintiff's executable assets.

Dated this 10th day of June, 2015          _____/s/_____
                                            Edward W. Millstein
                                            SACKS WESTON MILLSTEIN DIAMOND, LLC
                                            1845 Walnut Street, Suite 1600
                                            Philadelphia, Pennsylvania 19103
                                            Tel: 215-925-8200
                                            Email: tmillstein@swpdlaw.com
                                            Attorneys for Non-Party Michael B. Wolk and
                                            Non-Party TAP-SLMI, LLC

4