IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

       Plaintiff,

v.

THE WALT DISNEY COMPANY,

       Defendant.

---

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S SUBPOENA**

**-AND-**

**DECLARATION FROM JOSE M. ABADIN, PLAINTIFF'S PRESIDENT, THAT PLAINTIFF HAS NO DOCUMENTS REGARDING ANY EXECUTABLE PLAINTIFF ASSETS THAT HAVE ANY PRESENT MARKET VALUE**

---

Plaintiff respectfully submits these Objections, and the Declaration of its President Jose M. Abadin, in response to Defendant's judgment execution subpoena ("Subpoena") governed by Rule 69 of the Federal Rules of Civil Procedure.

    First, nonparty Michael B. Wolk ("Mr. Wolk"), and his commercial litigation finance company nonparty TAP-SLMI, LLC ("TAP"), are not a director, officer or shareholder in Plaintiff. Thus, neither Mr. Wolk nor TAP have legal authority to take any action for Plaintiff, including but limited to a lack of authority to produce documents for Plaintiff (or to testify for Plaintiff) in response to Defendant's Subpoena.

    Second, although Mr. Wolk was administratively authorized by Plaintiff to receive

1

service of legal papers on its behalf, such "service agent" status does not transform Mr. Wolk into any type of "managerial agent" for any matter on behalf of Plaintiff. Plaintiff is managed by its board of directors and officers - - not by Mr. Wolk or TAP.

Third, Plaintiff adopts and incorporates all Objections to the Subpoena interposed by nonparties Mr. Wolk and TAP, including but not limited to (a) their nonparty objections that the Subpoena improperly demands that Plaintiff produce private financial documents that belong to non-debtor third-parties and (b) their position that the non-party components of the Subpoena seek information and documents that are not relevant to the issue of Plaintiff's executable assets (the "Objections").

Fourth, Plaintiff is cooperating with Defendant's asset discovery efforts by providing a declaration from Jose M. Abadin, Plaintiff's President, in response to the Subpoena. That declaration avers that Plaintiff has no documents regarding any executable assets that belong to Plaintiff with any present market value. That declaration is set forth below and corresponds to the nineteen (19) categories of information and document demands in the Subpoena.

Fifth, during Plaintiff's prior bankruptcy case, Plaintiff was governed by and under the management control of Stan Lee as the Chairman of Plaintiff's Board of Directors ("Stan Lee Management"). During Plaintiff's prior bankruptcy case, Plaintiff's bankruptcy counsel filed a document with the United States Bankruptcy Court, dated November 7, 2006, averring that Plaintiff has (a) "no unencumbered assets over and above the post-petition secured debt which may be monetized for the benefit of creditors" and (b) Plaintiff's "files, records and miscellaneous property" are in storage but Plaintiff has "no use for such property and have no resources to maintain them in storage." See Exhibit 1 attached hereto. When Plaintiff's

2

bankruptcy case ended, Plaintiff's shareholders pursued corporate governance proceedings in Colorado state court seeking to oust the Stan Lee Management from exercising further governance and control over Plaintiff. Pursuant to a May 27, 2010 order from the Colorado Court of Appeals, the Stan Lee Management was ousted from control over Plaintiff in favor of a new board of directors elected by Plaintiff's shareholders ("New Shareholder Management"). However, despite that change of management control over Plaintiff, the ousted Stan Lee Management never provided Plaintiff's New Shareholder Management with any bank account information, any tax filings, or any documentary evidence of any assets belonging to Plaintiff.

As a result, since Stan Lee and the Stan Lee Management had withheld the company's records from Plaintiff's New Shareholder Management, Plaintiff sued Stan Lee in California federal court seeking to recover Plaintiff's company records, but that lawsuit was dismissed for unrelated reasons and without addressing the company records issue.

In this case, Plaintiff's New Shareholder Management sued Defendant seeking to recover intellectual property assets allegedly belonging to SLMI, but which were allegedly concealed by Defendant. Since Plaintiff's New Shareholder Management had no funds or assets through which to pursue this litigation regarding its alleged rights, Plaintiff's New Shareholder Management entered into a commercial litigation funding agreement with non-party TAP (whose principal is nonparty Mr. Wolk). Under the commercial litigation funding agreement between non-party TAP and Plaintiff, non-party TAP remitted payment directly to Plaintiff's litigation counsel (not to Plaintiff) for legal fees incurred by Plaintiff's counsel in return for Plaintiff's promise to remit a contingency percentage of any litigation proceeds that Plaintiff might recover from Defendant. Plaintiff never recovered any litigation proceeds from Defendant and,

3

therefore, no litigation proceeds were ever remitted by Plaintiff to TAP.

Accordingly, since Plaintiff has *never* transferred any Plaintiff money, or any Plaintiff executable asset, to TAP or Mr. Wolk (who are non-debtor third-parties), Defendant has no right to subpoena Plaintiff to provide private financial documents belonging to these non-debtor third-parties - - particularly where these private financial documents involve assets that do not belong to (and are not executable against) Plaintiff. *Republic of Argentina v. NML Capital, Ltd.*, 134 S.Ct. 2250, 2257 (2014) ("[I]nformation that could not possibly lead to executable assets is simply not 'relevant' to execution in the first place."); *Sanderson v. Winer*, 507 F.2d 477 (10th Cir. 1974), *cert. den.* 421 U.S. 914 (1975) (typically improper to seek information and documents regarding the financial affairs of another person or entity where no money judgment has been issued in favor of the litigant against such other person or entity).

1. With respect to paragraph 1 of the Subpoena, Mr. Abadin has no knowledge of, and no documents regarding, any real property in which Plaintiff has an interest.

2. With respect to paragraph 2 of the Subpoena, Mr. Abadin has no knowledge of, and no documents regarding, any stocks or bonds in which Plaintiff has a legal or beneficial interest, except that Mr. Abadin avers that Plaintiff appears to have once held an indirect shareholder interest involving the intellectual property of Conan the Barbarian but, in 2002, ownership rights to such intellectual property were transferred from Plaintiff's subsidiary to its secured creditors pursuant to a court-approved sale and, subsequently, the United States Court of Appeals for the Ninth Circuit declined to vacate the propriety of that court ruling (and, therefore, such court determination indicates that any such indirect shareholder interest appears to have no present

4

value).

3.     With respect to paragraph 3 of the Subpoena, Mr. Abadin has no knowledge of, and no documents regarding, any promissory notes in which Plaintiff has any legal or beneficial interest.

4.     With respect to paragraph 4 of the Subpoena, Mr. Abadin has no knowledge of, and no documents regarding, any bank accounts in which Plaintiff has any legal or beneficial interest.

5.     With respect to paragraph 5 of the Subpoena, Mr. Abadin has no knowledge of, and no documents regarding, any insurance policies in which Plaintiff has any legal or beneficial interest.

6.     With respect to paragraph 6 of the Subpoena, Mr. Abadin has no knowledge of, and no documents regarding, any cash in which Plaintiff has any legal or beneficial interest.

7.     With respect to paragraph 7 of the Subpoena, Mr. Abadin has no knowledge of, and no documents regarding, any accounts receivable in which Plaintiff has any legal or beneficial interest.  With respect to the contract rights portion of paragraph 7 of the Plaintiff Subpoena, Mr. Abadin avers that the courts have rejected Plaintiff's legal claims of contract rights to various intellectual properties (and, therefore, such court determinations indicate that any such asserted contract rights to various intellectual properties appear to have no present value).

8.     With respect to paragraph 8 of the Subpoena, Mr. Abadin has no knowledge of, and no documents regarding, any patents, inventions, warehouse receipts, bills of lading, or other documents of title in which Plaintiff has any legal or beneficial interest.  With respect to the portion of paragraph 8 of the Plaintiff Subpoena involving trade names, trademarks and copyrights, Mr. Abadin avers that the courts have rejected Plaintiff's legal claims of contract rights to various trade names, trademarks and copyrights (and, therefore, such court

5

determinations indicate that any such asserted contract rights to various trade names, trademarks and copyrights appear to have no present value).

9. With respect to paragraph 9 of the Subpoena, Mr. Abadin has no knowledge of, and no documents regarding, any money due to Plaintiff from any city, state, or federal government or agency or department thereof.

10. With respect to paragraph 10 of the Subpoena, Mr. Abadin has no knowledge of, and no documents regarding, any property in the possession, custody, or control of persons other than Plaintiff in which Plaintiff has any legal or beneficial interest.

11. With respect to paragraph 11 of the Subpoena, Mr. Abadin has no knowledge of, and no documents regarding, any income receivable in which Plaintiff has any legal or beneficial interest derived from sources other than those listed in paragraphs 1-10 therein.

12. Mr. Abadin objects to paragraph 12 of the Plaintiff's Subpoena on the basis of the Objections.

13. Mr. Abadin objects to paragraph 13 of the Subpoena on the basis of the Objections.

14. Mr. Abadin objects to paragraph 14 of the Subpoena on the basis of the Objections.

15. With respect to paragraph 15 of the Subpoena, Mr. Abadin has no knowledge of, and no documents regarding, Plaintiff's federal and state business income tax returns for the years 2009-2014. Mr. Abadin objects to the remainder of paragraph 15 of the Subpoena on the basis of the Objections.

16. With respect to paragraph 16 of the Subpoena, Mr. Abadin has no knowledge of, and no documents regarding, any loan applications by Plaintiff. Mr. Abadin objects to the remainder of paragraph 16 of the Subpoena on the basis of the Objections.

17.     Mr. Abadin objects to paragraph 17 of the Subpoena on the basis of the Objections.

18.     With respect to paragraph 18 of the Subpoena, Mr. Abadin has no knowledge of, and no documents regarding, any documents related to payment or other transfer of assets or funds within the last four years from Plaintiff to any present or former owner, director or officer of Plaintiff, or any other entities owned by said owners, directors and officers, to the extent not already addressed in response to paragraphs 1-17 of the Subpoena. Mr. Abadin objects to the remainder of paragraph 18 of the Subpoena on the basis of the Objections.

19.     With respect to paragraph 19 of the Subpoena, Mr. Abadin has no knowledge of, and no documents regarding, any bank records for Plaintiff, including but not limited to checking and deposit account records for the last three years, to the extent not already addressed in response to paragraphs 1-18 of the Subpoena. Mr. Abadin objects to the remainder of paragraph 19 of the Subpoena on the basis of the Objections.

Dated this 10th day of June, 2015.


_____/s/_____
Jose M. Abadin
President of Plaintiff

_____/s/_____
Edward W. Millstein
SACKS WESTON MILLSTEIN DIAMOND, LLC
1845 Walnut Street, Suite 1600
Philadelphia, Pennsylvania 19103
Tel: 215-925-8200
Email: tmillstein@swpdlaw.com
Attorneys for Plaintiff and
Non-Party Jose M. Abadin

```
 1  MARTIN J. BRILL (State Bar No. 53220)
    DAVID B. GOLUBCHIK (State Bar No. 185520)
 2  LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
    10250 Constellation Blvd., Suite 1700
 3  Los Angeles, California 90067
    Telephone: (310) 229-1234
 4  Facsimile: (310) 229-1244
 5
    Attorneys for Chapter 11
 6  Debtors and Debtors in Possession
```

FILED
NOV - 7 2006
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
                    Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# (SAN FERNANDO VALLEY DIVISION)

| | |
|---|---|
| In re | ) CASE NO. SV-01-11329-KT |
| STAN LEE MEDIA, INC., a Delaware corporation, and STAN LEE MEDIA, INC., a Colorado corporation, | ) Chapter 11 ) ) (Jointly Administered with Case No. SV-01-11331-KT) |
| Debtors and Debtors in Possession. | ) NOTICE OF NON-OPPOSITION TO DISMISSAL OF CHAPTER 11 BANKRUPTCY CASES |
| _x_ Affects Both Debtors | ) Date: November 14, 2006 ) Time: 2:00 pm. |
| ___ Affects Stan Lee Media, Inc., a Delaware corporation, Only | ) Place: Courtroom "301" ) 21041 Burbank Blvd. ) Woodland Hills, CA |
| ___ Affects Stan Lee Media, Inc., a Colorado corporation, Only | ) |

///
///
///
///

1

Stan Lee Media, Inc., a Delaware corporation, and Stan Lee Media, Inc., a Colorado corporation, debtors and debtors in possession in the above-captioned Chapter 11 cases (the "Debtors"), hereby file their Notice of Non-Opposition to the motion (the "Motion") filed by the Office of the United States Trustee (the "OUST") for dismissal or conversion of the Debtors' cases.

The Debtors have attempted to monetize assets of the estate for several years. To the extent possible, assets were brought into the estate. Unfortunately, there are no unencumbered assets over and above the post-petition secured debt which may be monetized for the benefit of creditors. The Debtors therefore believe that dismissal of the cases, and not conversion to Chapter 7, is the best course of conduct in these cases.

The Debtors currently have files, records and miscellaneous property in storage. They have no use for such property and have no resources to maintain them in storage. As a result, in the event that the cases are dismissed, the Debtors seek authority to destroy or otherwise dispose of the remaining personal property.

Dated: November 7, 2006

STAN LEE MEDIA, INC., a Delaware corporation
and
STAN LEE MEDIA, INC., a Colorado corporation

By: /s/
MARTIN J. BRILL
DAVID B. GOLUBCHIK
LEVENE, NEALE, BENDER, RANKIN
& BRILL L.L.P.
Attorneys for Chapter 11 Debtors and Debtors in Possession

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is: 10250 Constellation Blvd., Suite 1700, Los Angeles, California 90067.

On November 7, 2006, I served the foregoing document(s) described as:

**NOTICE OF NON-OPPOSITION TO DISMISSAL OF CHAPTER 11 BANKRUPTCY CASES**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California, addressed as follows:

> Office Of The U.S. Trustee
> 21051 Warner Center Drive, Ste 115
> Woodland Hills, CA 91367

__X__ (By Mail) I caused such envelope with postage thereon, fully prepaid to be placed in the United States mail. Executed on November 7, 2006, at Los Angeles, California.

__X__ (Federal) I declare that I am an employee in the offices of a member of the State Bar of this Court at whose direction the service was made.

*/s/ Marguerite Hardin*
Marguerite Hardin

# United States Bankruptcy Court
## Central District of California
San Fernando Valley

Judge Kathleen Thompson, Presiding

Courtroom 301 Calendar

Tuesday, November 14, 2006            Hearing Room   301

**2:00 pm**

01-11329    **Stan Lee Media Inc A Delaware**                        Chapter 11

     #12.00    U.S.Trustee's Motion to convert or dismiss case with an order directing payment of quarterly fees and for Judgment thereon

               Docket #:

**Courtroom Deputy:**

- NONE LISTED -

**Tentative Ruling:**

11/14/06: No opposition filed. A notice of non-opposition filed by the debtors. Debtors prefer dismissal rather than conversion because there are no unencumbered assets in the estate. Debtors further seek permission to dispose of records.

The court will inquire whether the moving party prefers dismissal or conversion. If the case is dismissed, the court will no longer have jurisdiction over the records. If the case is converted, the records should be delivered to the Chapter 7 trustee appointed in the case.

In any event, appearances are excused for 11/14/06. The UST should lodge an appropriate form of order with the court. If other parties in interest appear and the court deems it necessary to have the UST address an issue, the court will place a call to the UST or continue the matter as may be appropriate under the circumstances.

                             Party Information

             Debtor:    Stan Lee Media Inc A Delaware
                        Atty: Martin J Brill