## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.

_____
### THE WALT DISNEY COMPANY'S MOTION FOR ATTORNEYS FEES
_____

The Walt Disney Company ("TWDC") respectfully submits this Motion for Attorneys' Fees pursuant to 17 U.S.C. § 505.

### PRELIMINARY STATEMENT

The Tenth Circuit has determined that TWDC is entitled to its reasonable attorneys' fees for defending against Stan Lee Media, Inc.'s ("SLMI") appeal. Order, *Stan Lee Media, Inc. v. The Walt Disney Co.*, No. 13-1407 (May 26, 2015) ("Order").[1] In its ruling, the Tenth Circuit expressly "disagree[d]" with SLMI's assertion that "it was not objectively unreasonable to appeal the district court's issue-preclusion holding because it could have reasonably believed *Abadin I* contained alternative issue-preclusion holdings." *Id.* at 2. Instead, the Panel explained that "[m]ultiple courts, both before and after [the 10th Circuit] appeal, have agreed that *Abadin I*—and cases relying on *Abadin I*—had preclusive effect" and "[t]hat alone casts doubt on the legal reasonableness of an appeal from yet another district court's issue-preclusion decision." *Id.*

---

[1] The Tenth Circuit's decision and copies of the parties' briefing on this issue are attached as Exhibits 1-4 to the Affidavit of Randi W. Singer ("Singer Aff.").

at 2-3 (citing cases). "That every court faced with the question has rejected SLMI's claims of ownership made it factually unreasonable for SLMI to appeal yet another loss." *Id.* at 3. Therefore, not only are fees warranted because SLMI's appeal was objectively unreasonable, SLMI's "never-say-die attitude" regarding its pursuit of baseless ownership claims makes an attorneys' fee award "necessary to advance considerations of compensation and deterrence." *Id.*

After determining that an award of attorneys' fees is warranted, the Tenth Circuit remanded to the District Court to determine the amount. *Id.* at 4. For the reasons summarized below and detailed in TWDC's briefing to the Tenth Circuit, *see* Singer Aff. Ex. 2 at 9-13, TWDC's requested fees are reasonable. As SLMI did not challenge the amount or the reasonableness of TWDC's requested fees before the Tenth Circuit and therefore has already conceded that they are reasonable, *see generally* Singer Aff. Ex. 3, TWDC is entitled to the full amount of its requested fees here.

## ARGUMENT

### I.    TWDC'S REQUESTED FEES ARE REASONABLE

The analysis of the reasonableness of a fee request "begin[s] by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). Courts look at whether the hours billed were necessary under the circumstances and whether the hourly rate charged reflects "the prevailing market rates in the relevant community." *See id.*; *Broadcast Music, Inc. v. Cleatz Bar & Grill, LLC*, No. 12–cv–00321–REB–CBS, 2013 WL 753468, at *2 (D. Colo. Feb. 27, 2013). Consistent with this directive, TWDC has made a "good-faith effort to exclude from [its] fee request" attorney hours that might be considered

2

"excessive, redundant, or otherwise unnecessary." *See Robinson*, 160 F.3d at 1281. TWDC's Tenth Circuit submission provides the hours TWDC's lead counsel, Weil, Gotshal & Manges LLP ("Weil") and local counsel Lewis Roca Rothgerber LLP ("LRR") devoted to the merits appeal as well as daily entries and detailed descriptions of work. *See* Singer Aff. Ex. 2. The Weil fees total $117,004.65 for 211.4 hours and the LRR fees total $6,615.00 for 13.1 hours for a total of $123,619.65 in attorneys' fees. *See id.* As TWDC's counsel's fees are in line with the prevailing market rates, this is the proper "lodestar" figure. Notably, SLMI did not challenge TWDC's lodestar in the Tenth Circuit.

In evaluating the requested fees, courts look at the status, reputation, and experience of the attorneys who perform the service, the quality of their services, the complexity of the work performed, the results achieved and the rates customarily charged for similar work in the relevant legal community. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565-66 (1986). Consideration of all of these factors compels the conclusion that the fees that TWDC's attorneys charged are reasonable. Indeed, TWDC's lawyers provided high quality services addressing issues of collateral estoppel pertaining to shareholder derivative suits, personal jurisdiction, and temporal limitations for claims of copyright ownership and infringement. Weil and LRR succeeded in securing a favorable outcome for TWDC and, as detailed in TWDC's Tenth Circuit submission, their hourly rates are reasonable compared to those rates charged by intellectual property attorneys of comparable skill, experience and reputation for similar services. *See* Singer Aff. Ex. 2.

Although it had the chance to do so, SLMI did not challenge the reasonableness or amount of TWDC's requested fees before the Tenth Circuit; rather, SLMI *only* argued that an

award of attorneys' fees was inappropriate because SLMI's appeal was "meritorious" and that prior decisions "could not have informed SLMI about the prospects of its appeal in this case." Singer Aff. Ex. 3 at 2-3.  The Tenth Circuit rejected these contentions.  Order at 2-3.

Having failed to dispute reasonableness in its prior briefing, SLMI has already conceded the point, *see generally* Singer Aff. Ex. 3, and therefore has waived it.  *See e.g.*, *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1284 (10th Cir. 2013).

Given the high stakes in this action – whether SLMI may assert ownership of the Marvel Characters, some of the most valuable intellectual property in the world – TWDC was warranted in retaining skilled and experienced counsel.  TWDC is entitled to recoup the reasonable fees it paid those lawyers to defend this victory against an objectively unreasonable appeal.  Such an award would also advance considerations of compensation and deterrence.

## CONCLUSION

For the foregoing reasons, TWDC respectfully requests that the Court award TWDC attorneys' fees in the amount of $123,619.65.

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(A), counsel for TWDC conferred with counsel for SLMI regarding the subject matter of this motion on June 9, 2015.  Despite requesting a response by June 11, 2015, SLMI has not informed TWDC of whether it will oppose this motion.

DATED this 11th day of June, 2015.        Respectfully submitted,

      /s/  James W. Quinn

WEIL, GOTSHAL & MANGES LLP
James W. Quinn
Randi W. Singer
767 Fifth Avenue

4

New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

Frederick J. Baumann
Holly C. Ludwig
LEWIS ROCA ROTHGERBER LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202-5855
Tel: (303) 623-9000
Fax: (303) 623-9222
fbaumann@lrrlaw.com
hludwig@lrrlaw.com

*Attorneys for Defendant The Walt Disney Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2015, I filed electronically the foregoing **THE WALT DISNEY COMPANY'S MOTION FOR ATTORNEYS' FEES** with the Clerk of Court, using the CM/ECF system, which caused automatic electronic notification of such filing upon the following:

Robert S. Chapman
Sauer & Wagner LLP
1801 Century Park East
Suite 1150
Los Angeles, CA 90067
Telephone: (310) 712-8111
Email: rchapman@swattys.com

Jon-Jamison Hill
Theodora Oringher
1840 Century Park East
Suite 500
Los Angeles, CA 90067
Telephone: (310) 557-2009
jhill@tocounsel.com


Ted Millstein
Sacks Weston Millstein Diamond
1845 Walnut Street, Suite 1600
Philadelphia, Pennsylvania 19103
Telephone: (215) 925-8200
Email: tmillstein@swpdlaw.com

                                              _/s/  Holly C. Ludwig_