# Exhibit 1

FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

May 26, 2015

Elisabeth A. Shumaker
Clerk of Court

---

STAN LEE MEDIA, INC.,

    Plaintiff - Appellant,

v.

THE WALT DISNEY COMPANY,

    Defendant - Appellee.

No. 13-1407
(D.C. No. 1:12-CV-02663-WJM-KMT)
(D. Colo.)

---

**ORDER**

---

Before **TYMKOVICH**, **EBEL**, and **PHILLIPS**, Circuit Judges.

---

In *Stan Lee Media, Inc. v. The Walt Disney Co.*, 774 F.3d 1292 (10th Cir. 2014), we affirmed the district court's dismissal of Stan Lee Media, Inc.'s (SLMI) copyright-infringement claim for failure to state a claim. *Id.* at 1300. The district court dismissed based on the issue-preclusive effect of a line of cases beginning with *Abadin v. Marvel Entm't, Inc.*, No. 09 Civ. 0715(PAC), 2010 WL 1257519 (S.D.N.Y. Mar. 31, 2010) (*Abadin I*). We now consider Disney's motion for attorneys' fees incurred on appeal.

Courts may "award a reasonable attorney's fee to the prevailing party" in a copyright-infringement action "as part of the costs." 17 U.S.C. § 505. The decision to award such fees is "a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S.

517, 534 (1994). There is "no precise rule or formula for making these determinations," although the Supreme Court has suggested several relevant "nonexclusive factors." *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1200 (10th Cir. 2005). These include "frivolousness, motivation, objective unreasonableness (both in the factual and the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (quoting *Fogerty*, 510 U.S. at 534 n.19); *see also* Fed. R. App. P. 38 (noting that courts may, after "determin[ing] that an appeal is frivolous," award costs to the appellee).

Disney is the prevailing party on appeal. But SLMI argues it was not objectively unreasonable to appeal the district court's issue-preclusion holding because it could have reasonably believed *Abadin I* contained alternative issue-preclusion holdings and this court based its holding on the preclusive effect of a different case, *Stan Lee Media, Inc. v. Lee*, 585 F. App'x 597 (9th Cir. 2014), *cert. denied*, __ S. Ct. __, 2015 WL 801971 (Mar. 30, 2015).

We disagree. Multiple courts, both before and after this appeal, have agreed that *Abadin I*—and cases relying on *Abadin I*—had preclusive effect. *See Disney Enters., Inc. v. Entm't Theatre Grp.*, No. 13–5570, 2014 WL 5483487, at *6 (E.D. Pa. Oct. 30, 2014) (agreeing "as to the *issue*-preclusive effect of [*Abadin I*]"); *Stan Lee Media Inc. v. Lee*, No. 2:07-cv-00225-SVW-SSx, 2012 WL 4048871, at *1–2, 7 (C.D. Cal. Aug. 23, 2012) (*Abadin II*) (noting same allegations and rejecting them on the basis of *Abadin I*'s *res judicata* effect); *Lee v. Marvel Enters.*, 765 F. Supp. 2d 440, 456 (S.D.N.Y. 2011) (denying leave to file amended complaint in part because the "grounds upon which

[*Abadin I* rejected SLMI's claims] would be equally applicable" to the amended complaint). That alone casts doubt on the legal reasonableness of an appeal from yet another district court's issue-preclusion decision. Moreover, *Stan Lee Media* noted an independent infirmity in SLMI's claims—under 17 U.S.C. § 507(b), SLMI "should have brought any copyright infringement action within three years of January 30, 2001," which it did not. *Stan Lee Media*, 774 F.3d at 1300 n.4.

The question is simply whether in light of all relevant factors SLMI's decision to appeal warrants awarding attorneys' fees to Disney. Accordingly, we find it persuasive that multiple courts have rejected the grounds on which SLMI rested its appeal.

Furthermore, fees would still be appropriate even if SLMI were correct that its appeal was legally colorable. That every court faced with the question has rejected SLMI's claims of ownership made it factually unreasonable for SLMI to appeal yet another loss. *See Palladium Music*, 398 F.3d at 1200 (distinguishing between factual and legal unreasonableness). "[O]ne who assumes a never-say-die attitude and drags [a] dispute through the court system without an objectively reasonable belief it will prevail does so at the risk of being sanctioned." *DMA Int'l., Inc. v. Qwest Commc'ns Int'l, Inc.*, 585 F.3d 1341, 1346 (10th Cir. 2009) (internal quotation marks omitted). SLMI has assumed such an approach for quite some time, and we conclude attorneys' fees are necessary "to advance considerations of compensation and deterrence." *Palladium Music*, 398 F.3d at 1200.

Because attorneys' fees are warranted, we remand for the district court to determine an award of reasonable fees. *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1133 (10th Cir. 2001).

A copy of this order shall stand as an additional supplement to the mandate which issued originally on January 14, 2015.

                                           Entered for the Court

                                           ELISABETH A. SHUMAKER, Clerk