# Exhibit 3

Case No. 1:12-cv-02663-WJM-KMT   Document 132-4   filed 06/11/15   USDC Colorado   pg 1 of 16

# No. 13-1407

# IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

STAN LEE MEDIA, INC.

*Plaintiff / Appellant*

*v.*

THE WALT DISNEY COMPANY

*Defendant / Appellee*

―――――――――――――――――――――――――

Appeal from U.S. District Court, District Of Colorado
The Honorable William J. Martinez
U.S.D.C. Case No. 1:12-cv-02663-WJM-KMT

―――――――――――――――――――――――――

## APPELLANT'S OPPOSITION TO THE WALT DISNEY COMPANY'S MOTION FOR ATTORNEYS' FEES

―――――――――――――――――――――――――

Robert S. Chapman
Jon-Jamison Hill
EISNER, JAFFE, GORRY,
 CHAPMAN & ROSS
9601 Wilshire Boulevard
Suite 700
Beverly Hills, California 90210
Telephone:  (310) 855-3200
Facsimile:   (310) 855-3201

Attorneys for Appellant
Stan Lee Media, Inc.

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

LEGAL ARGUMENT...........................................................................................2

I.    SLMI'S APPEAL WAS MERITORIOUS......................................................2

II.    DISCRETIONARY ATTORNEYS' FEES UNDER 17 U.S.C. SECTION 505ARE NOT WARRANTED HERE. ..........................................4

    A.    A Court Has Limted Authority To Award Attorneys' Fees Under Section 505. ................................................................................4

    B.    There Is No Frivolity Or Improper Motivation To Support An Award Of Attorneys' Fees On Appeal.....................................................6

CONCLUSION......................................................................................................9

CERTIFICATION OF VIRUS SCANNING ..........................................................10

CERTIFICATION CONCERNING PRIVACY .....................................................10

CERTIFICATION OF HARD COPY SUBMISSION............................................10

PROOF OF SERVICE VIA ECF SYSTEM...........................................................11

# TABLE OF AUTHORITIES

**Statutes & Rules**

17 U.S.C. § 505 ...................................................................................................... 1

Fed. R. App. P. 38 ............................................................................................... 1, 2

**Cases**

Abadin v. Marvel Entm't, Inc., No. 09 Civ. 0715(PAC), 2010
    WL 1257519 (S.D.N.Y. Mar. 31, 2010) .......................................................... 3

Autorama Corp. v. Stewart, 802 F.2d 1284 (10th Cir. 1986) .................................. 2

Broadcast Music, Inc. v. Cleatz Bar 7 Grill, LLC, No. 12-cv-
    00321-REB, 2013 WL 753468 (D. Colo. Feb. 27, 2013) .............................. 5

Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978) .................................. 2

Finch v. Hughes Aircraft Co., 926 F.2d 1574 (Fed. Cir. 1991) ............................... 2

Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994) ........................................................ 5

Gelb v. Royal Globe Ins. Co., 798 F.2d 38 (2nd Cir. 1986) .................................... 7

Girlsongs v. 609 Indus., Inc., 625 F. Supp. 2d 1127 (D. Colo.
    2008) ............................................................................................................ 5, 6

Grosset & Dunlap, Inc. v. Gulf & Western Corp., 534, F. Supp.
    606 (S.D.N.Y. 1982) ....................................................................................... 4

Hustler Magazine, Inc. v. Moral Majority, Inc., 796 F.2d 1148
    (9th Cir. 1986) ................................................................................................ 8

In re Drexel Burnham Lambert Group, Inc., 995 F.2d 1138 (2d
    Cir. 1993) ........................................................................................................ 2

Jane L. v. Bangerter, 61 F.3d 1505 (10th Cir. 1995) .............................................. 5

Lee v. Marvel Enterprises, Inc., 471 Fed. Appx. 14 (2nd Cir.
    2012) ............................................................................................................... 7

Lieb v. Topstone Industries, Inc., 788 F.2d 151 (3rd Cir. 1986) ............................... 4

Martin v. Henley, 452 F.2d 295 (9th Cir. 1971) ......................................................... 7

NLFC, Inc. v. Devcom Mid-America, Inc., 916 F. Supp. 751
    (N.D. Ill. 1996) ..................................................................................................... 5

Palladium Music, Inc. v. EatSleepMusic, Inc., 398 F.3d 1193
    (10th Cir. 2005) ............................................................................................. 4, 5

Pasillas v. McDonald's Corp., 927 F.2d 440 (9th Cir. 1991) .................................... 8

Shelton v. MRIGlobal, No. 11-cv-02891-PAB, 2013 WL
    3381270 (D. Colo. July 8, 2013) ....................................................................... 6

Stan Lee Media, Inc. v. Lee, 585 Fed. Appx. 597 (9th Cir. 2014) .................... 1, 3, 7

Stan Lee Media, Inc. v. The Walt Disney Co., -- F.3d --, 2014
    WL 7271442 (10th Cir. 2014) ....................................................................... 3, 7

## INTRODUCTION

Stan Lee Media, Inc. ("***SLMI***") ultimately lost its appeal. However, that appeal was neither frivolous, nor spurred by any improper motivation. Indeed, this Court did not affirm *any* of the bases the District Court reviewed or relied upon below, much less the rationale the District Court used to dismiss SLMI's claim. Instead, this Court found that a Ninth Circuit opinion, <u>Stan Lee Media, Inc. v. Stan Lee</u>[1] ("<u>Lee</u>"), which was decided *after* this appeal was briefed, argued and submitted, barred further litigation of SLMI's claim. Since the Ninth Circuit decision was itself a complete deviation from the analysis employed by the district court that originally decided that matter, it could not have informed SLMI's belief as to the propriety of this appeal. The ultimate outcome of the appeal (dismissal based on the Ninth Circuit opinion) was far from obvious. For these reasons, an award of fees is not appropriate under either Fed. R. Civ. P. 38 or 17 U.S.C. § 505, both of which require a finding of frivolity or some improper motivation. Accordingly, The Walt Disney Company's ("***Disney***") Motion For Attorneys' Fees should be denied in its entirety.

---

[1] <u>Stan Lee Media, Inc. v. Lee</u>, 585 Fed. Appx. 597 (9th Cir. 2014).

1

LEGAL ARGUMENT

I.   SLMI'S APPEAL WAS MERITORIOUS.

Disney claims that it is entitled to damages under Fed. R. App. P. 38, in the form of its attorneys' fees, because this appeal was frivolous. However, under Rule 38 a loss does not equate to frivolity. See In re Drexel Burnham Lambert Group, Inc., 995 F.2d 1138, 1147 (2d Cir. 1993); see also Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978) (warning against the use of "hindsight logic" when determining frivolity or assuming that "because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation"). An appeal is not frivolous simply because it had "a small chance for success." See Finch v. Hughes Aircraft Co., 926 F.2d 1574, 1578 (Fed. Cir. 1991). To claim entitlement to Rule 38 damages, Disney must make a "clear showing of bad faith." See Autorama Corp. v. Stewart, 802 F.2d 1284, 1288-89 (10th Cir. 1986). There can be no such bad faith where the "appeal contained legitimate disputes whose outcomes reasonable persons could differ upon" or where the "[a]ppellants' arguments were articulated in good faith." Id. at 1288. Disney therefore has not met its burden.

SLMI legitimately contested the bases for the District Court's decision to dismiss SLMI's claim against Disney. SLMI was correct. The Court chose not to affirm any basis raised in or reviewed by the District Court. See Stan Lee Media,

2

Inc. v. The Walt Disney Co., -- F.3d --, 2014 WL 7271442, *7 (10th Cir. 2014)[2] ("Disney").  In fact, the Court noted in its opinion that that where a district court makes alternative rulings on an issue, neither may be given preclusive effect in later litigation between the parties.  See Disney, 2014 WL 7271442 at *4, n.1.  This statement recognized the fatal flaw in the District Court's determination that Abadin I barred further litigation (either generally or this lawsuit in particular), because the district court in Abadin I relied on multiple grounds to dismiss the Abadin I plaintiffs' claims.  See Abadin v. Marvel Entm't, Inc., No. 09 Civ. 0715(PAC), 2010 WL 1257519, *5-7 (S.D.N.Y. Mar. 31, 2010) ("Abadin I") (offering multiple reasons for dismissing each claim).

Instead, the Court found dismissal appropriate for reasons that were not, and could not have been, known at the time SLMI filed the appeal.  Specifically, the Court relied on the Ninth Circuit's decision in Lee, which the Ninth Circuit issued *after* oral argument in this appeal.  See Disney, 2014 WL 7271442 at *1.  And much like this Court, the Ninth Circuit dispensed with the district court's rationale for dismissal, finding its own basis to resolve that case.  See Lee, 585 Fed. Appx. at 598.  Once again, the underlying district court decision could not have informed SLMI about the prospects of its appeal in this case.

---

[2] At the time SLMI submitted this opposition, only the Westlaw citation was available.

3

SLMI's appeal raised legitimate issues with the District Court's decision, which were supported by fact and law. SLMI's appeal was not in bad faith, nor was it intended to unreasonably delay the outcome of this lawsuit. Disney has not demonstrated the bad faith or frivolity necessary for an award of attorneys' fees under Fed. R. Civ. P. 38, and for that reason, Disney's motion should be denied.

II. DISCRETIONARY ATTORNEYS' FEES UNDER 17 U.S.C. SECTION 505 ARE NOT WARRANTED HERE.

   A. A Court Has Limted Authority To Award Attorneys' Fees Under Section 505.

An award of attorneys' fees under the Copyright Act is only appropriate in limited circumstances. Congress did not intend that "the prevailing party should be awarded attorney's fees in every case as a matter of course." Lieb v. Topstone Industries, Inc., 788 F.2d 151, 155 (3rd Cir. 1986); Palladium Music, Inc. v. EatSleepMusic, Inc., 398 F.3d 1193, 1200-01 (10th Cir. 2005) (denying defendant's fee application even though plaintiff's copyright claim was unsuccessful, because the "competing interests furthered by the Copyright Act" were not served by awarding fees). As one court commented, there generally "is no need to award attorney's fees to a prevailing defendant in order to further the statutory fee provision's purpose of deferring infringement." Grosset & Dunlap, Inc. v. Gulf & Western Corp., 534, F. Supp. 606, 610, n.1 (S.D.N.Y. 1982).

To determine if an award is appropriate in a particular case, a court must

4

find frivolity, improper motivation for bringing the case or the objective unreasonableness of the claims. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 524, n.19 (1994); see also Palladium Music, 398 F.3d at 1200-01 (applying Fogerty). A defendant moving for fees has the burden of proving those factors, and a court may award fees only where the appropriate factors are met. See NLFC, Inc. v. Devcom Mid-America, Inc., 916 F. Supp. 751, 757 (N.D. Ill. 1996). Simply because a claim was dismissed on a Rule 12(b)(6) motion does not make the claim frivolous or objectively unreasonable for purposes of determining if a defendant should receive an award of fees. See Jane L. v. Bangerter, 61 F.3d 1505, 1513 (10th Cir. 1995) (finding that "motions that receive careful consideration" and "lengthy, detailed, and reasoned orders or opinions" often demonstrate that claims are not groundless).

In its Motion, Disney argues that courts typically award fees to the prevailing party in a copyright action under Section 505 as a matter of course. See Motion, p. 5. The cases Disney cites for this proposition say no such thing. For example, Broadcast Music, Inc. v. Cleatz Bar 7 Grill, LLC, No. 12-cv-00321-REB, 2013 WL 753468 (D. Colo. Feb. 27, 2013), involved entry of a default judgment against a defendant who never contested, much less explained, its willful infringement of the plaintiff's copyright. See id. at *1. Similarly, Girlsongs v. 609 Indus., Inc., 625 F. Supp. 2d 1127 (D. Colo. 2008), involved a default judgment

5

entered for the plaintiff based on knowing and deliberate infringement by the defendant. See id. at 1132. Here, there was no default, default judgment or finding of willful copyright infringement, and these procedurally distinct cases offer little guidance to this Court.

Disney's citation to Shelton v. MRIGlobal, No. 11-cv-02891-PAB, 2013 WL 3381270 (D. Colo. July 8, 2013), is even farther afield. In Shelton, the district court made no decision about the propriety of awarding fees to the prevailing party. The court merely decided that the party was entitled to file a motion seeking a fee award pursuant to Section 505 and gave the defendant in that case leave to file such a motion. See id. at *3. The court's comment that a prevailing party may be entitled to fees went only to the propriety of *filing the motion*, not the ultimate decision about whether an award of fees was appropriate or reasonable. See id. Such a decision certainly does not trump the limitations on awarding attorneys' fees recognized in the Supreme Court's decision in Fogerty and this Court's opinion in Palladium Music.

    B.    There Is No Frivolity Or Improper Motivation To Support An Award Of Attorneys' Fees On Appeal.

Disney relies heavily on the fact that the District Court believed SLMI's claim was objectively unreasonable, because it was collaterally estopped by virtue of earlier litigation. See Motion, p. 6. This argument is wrong.

6

The basis for the District Court's decision was not upheld on appeal. This Court did not affirm any part of the District Court's rationale for dismissing SLMI's claim. See Disney, 2014 WL 7271442 at *7. Therefore, the District Court's collateral estoppel analysis cannot be the basis for a finding that it was unreasonable for SLMI to prosecute this appeal. It is also telling that the other two decisions the District Court obliquely referenced in its fee order as support for its determination that Abadin I collaterally estopped SLMI's claim against Disney also did not survive appeal.[3]

Disney also intimates that the implausibility the Ninth Circuit found in the pleadings and allegations in that lawsuit supports an award of fees here. This argument misconstrues the scope of this Court's review, which is focused on the merits of *this* appeal. When determining if a fee award is appropriate on appeal, this Court looks at whether "the result [of the appeal] is obvious or the arguments presented are wholly without merit." Hustler Magazine, Inc. v. Moral Majority,

---

[3] The Second Circuit's refusal to address Abadin I's purported statute of limitations bar on other related litigation in Lee v. Marvel Enterprises, Inc., 471 Fed. Appx. 14, 17 (2nd Cir. 2012), effectively overturned Judge William J. Sweet's finding of preclusion. See Gelb v. Royal Globe Ins. Co., 798 F.2d 38, 45 (2nd Cir. 1986) (finding that "if an appeal is taken and the appellate court affirms on one ground and disregards the other, there is no collateral estoppel as to the unreviewed ground"). Similarly, the Ninth Circuit's refusal to affirm Abadin I's preclusive effect in Lee, 585 Fed. Appx. 597, vitiated any effect the district court's analysis may have had. See Martin v. Henley, 452 F.2d 295, 300 (9th Cir. 1971) (when appellate court affirms on a particular ground, while "refusing to consider" another ground, "the second ground is no longer conclusively established").

7

Inc., 796 F.2d 1148, 1156 (9th Cir. 1986); see also Pasillas v. McDonald's Corp., 927 F.2d 440, 444 (9th Cir. 1991) (recognizing that appellate fees are appropriate only if the result is obvious or the arguments made on appeal are wholly without merit). Neither circumstance is present here. The results of this appeal could not have been obvious to SLMI (or anyone else for that matter), since this Court relied on an opinion that was issued after this appeal was briefed, argued and submitted. Nor were SLMI's arguments on appeal without merit. The Court did not affirm any basis relied upon by the District Court, and in fact, identified a fatal flaw in the District Court's reasoning.

Despite the outcome, SLMI's appeal of this appeal was not frivolous, was not prosecuted in bad faith and did not stem from any improper motivation. For that reason, Disney's motion should be denied.

## CONCLUSION

SLMI's appeal of the District Court's finding of collateral estoppel was neither frivolous or spurred by any improper motivation. Indeed, this Court did not affirm the District Court's rationale, but instead, found that the later Ninth Circuit opinion, which was decided *after* this appeal was briefed, argued and submitted, barred further litigation of SLMI's claim. For these reasons, SLMI respectfully asks this Court to deny Disney Motion seeking attorneys' fees in its entirety.

Dated: February 4, 2015          EISNER, JAFFE, GORRY, CHAPMAN & ROSS

By:     */s/ Robert S. Chapman*
Robert S. Chapman
Attorneys for Appellant
Stan Lee Media, Inc.

## CERTIFICATION OF VIRUS SCANNING

This document has been submitted in PDF format to the Tenth Circuit's CM/ECF electronic filing system, and the digital submission has been scanned for viruses with the Symantec Endpoint Protection software program (last updated February 3, 2015). According to that software program, the document is free of viruses.

## CERTIFICATION CONCERNING PRIVACY

This document has been submitted in PDF format to the Tenth Circuit's CM/ECF electronic filing system, and all required privacy redactions have been made.

## CERTIFICATION OF HARD COPY SUBMISSION

Any hard copies of this document submitted to the clerk's office are exact copies of the ECF filing.

Dated:  February 4, 2015        EISNER, JAFFE, GORRY, CHAPMAN
                                & ROSS


                         By:      */s/  Robert S. Chapman*
                                Robert S. Chapman
                                Attorneys for Appellant
                                Stan Lee Media, Inc.

PROOF OF SERVICE VIA ECF SYSTEM

Pursuant to Fed. R. App. P. 25 and Tenth Circuit Rule 25.3, I certify that on February 4, 2015, I caused the foregoing APPELLANT'S OPPOSITION TO THE WALT DISNEY COMPANY'S MOTION FOR ATTORNEYS' FEES to be filed with the Court through the use of the Tenth Circuit CM/ECF electronic filing system and served on the following counsel of record who are registered CM/ECF users:

| | |
|---|---|
| Mark T. Barnes | mbarnes@bhfs.com |
| Frederick James Baumann | fbaumann@lrrlaw.com |
| Robert Steven Chapman | rchapman@eisnerlaw.com |
| Jon-Jamison Hill | jhill@eisnerlaw.com |
| Holly C. Ludwig | hludwig@lrrlaw.com |
| John V. McDermott | jmcdermott@bhfs.com |
| James W. Quinn | james.quinn@weil.com |
| R. Bruce Rich | bruce.rich@weil.com |
| Gregory Silbert | gregory.silbert@weil.com |
| Randi W. Singer | randi.singer@weil.com |

Executed on February 4, 2015, at Los Angeles, California.

                                               */s/ Robert S. Chapman*
                                              Robert S. Chapman
                                              EISNER, JAFFE, GORRY, CHAPMAN
                                              & ROSS
                                              Attorneys for Appellant
                                              Stan Lee Media, Inc.