# Exhibit 4

Case No. 1:12-cv-02663-WJM-KMT   Document 132-5   filed 06/11/15   USDC Colorado
pg 1 of 17

# No. 13-1407

## IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

STAN LEE MEDIA, INC.

*Plaintiff / Appellant*

*versus*

THE WALT DISNEY COMPANY

*Defendant / Appellee*

_____

Appeal from U.S. District Court, District Of Colorado
The Honorable William J. Martinez
U.S.D.C. Case No. 1:12-cv-02663-WJM-KMT

_____

### THE WALT DISNEY COMPANY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES

_____

James W. Quinn
R. Bruce Rich
Gregory Silbert
Randi W. Singer
Sabrina A. Perelman
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
james.quinn@weil.com
bruce.rich@weil.com
gregory.silbert@weil.com
randi.singer@weil.com
sabrina.perelman@weil.com

Frederick J. Baumann
Holly C. Ludwig
LEWIS ROCA ROTHGERBER LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202-5855
Tel: (303) 623-9000
Fax: (303) 623-9222
fbaumann@lrrlaw.com
hludwig@lrrlaw.com

*Counsel for The Walt Disney Company*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................... 1

ARGUMENT ............................................................................................................ 2

    TWDC IS ENTITLED TO ITS APPELLATE ATTORNEYS' FEES
    UNDER THE COPYRIGHT ACT AND FED. R. APP. P. 38 ........................ 2

        A.    SLMI's Pursuit Of This Appeal Was Objectively
             Unreasonable ............................................................................... 4

        B.    The Court Should Award TWDC's Fees To Deter
             Future Vexatious Litigation By SLMI ........................................ 6

        C.    SLMI Does Not Dispute That TWDC's Fees Are
             Reasonable .................................................................................. 8

CONCLUSION ......................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**                                                                                          **Page(s)**

*Abadin v. Marvel Entm't, Inc.*,
   No. 09 Civ. 0715 (PAC), 2010 WL 1257519 (S.D.N.Y. Mar. 31, 2010) ........1, 5

*Braley v. Campbell*,
   832 F.2d 1504 (10th Cir. 1987) ...........................................................................3

*Bridgeport Music, Inc. v. WB Music Corp.*,
   520 F.3d 588 (6th Cir. 2008) ............................................................................2, 3

*Coles v. Wonder*,
   283 F.3d 798 (6th Cir. 2002) ............................................................................3, 6

*Diamond Star Bldg. Corp. v. Freed*,
   30 F.3d 503 (4th Cir. 1994) .................................................................................4

*Fogerty v. Fantasy, Inc.*,
   510 U.S. 517 (1994).........................................................................................2, 3

*Girlsongs v. 609 Indus., Inc.*,
   625 F. Supp. 2d 1127 (D. Colo. 2008)................................................................3

*Grosset & Dunlap, Inc. v. Gulf & Western Corp.*,
   534 F. Supp. 606 (S.D.N.Y. 1982) ......................................................................3

*Shelton v. MRIGlobal*,
   No. 11-cv-02891-PAB-MJW, 2013 WL 3381270 (D. Colo. July 8, 2013) .........3

*Stan Lee Media, Inc. v. The Walt Disney Co.*, No. 13-1407, 2014 WL 7271442
   (10th Cir. Dec. 23, 2014)  .......................................................................*passim*

*Woodhaven Homes & Realty, Inc. v. Hotz*,
   396 F.3d 822 (7th Cir. 2005) ...........................................................................2, 3

The Walt Disney Company ("TWDC") hereby respectfully submits this Reply Memorandum of Law in Further Support for its Motion for Attorneys' Fees pursuant to 17 U.S.C. § 505 and Fed. R. App. P. 38 (the "Motion").

## PRELIMINARY STATEMENT

Stan Lee Media, Inc. ("SLMI") does not dispute that *seven* courts have rejected its claim to own the Marvel Characters, and that no court has ever accepted it. Yet SLMI contends its appeal was objectively reasonable and the outcome was "far from obvious." *See* SLMI's Opposition to TWDC's Motion for Attorneys' Fees ("SLMI Opp.") at 1. This is so, according to SLMI, because this Court identified still another reason its claim fails (estoppel based on the intervening Ninth Circuit decision finding SLMI's claim implausible). But new grounds to reject SLMI's claim make it *more* unreasonable, not less. In fact, this Court held that SLMI's claim is barred not only by estoppel but also by the statute of limitations—a bar SLMI has known of since at least 2010, when *Abadin I* held the same thing. *See Abadin v. Marvel Entm't, Inc.*, No. 09 Civ. 0715 (PAC), 2010 WL 1257519, at *6 (S.D.N.Y. Mar. 31, 2010) ("*Abadin I*"). Attorneys' fees are routinely awarded in copyright actions to prevailing defendants, like TWDC. A fee award is especially warranted here because SLMI's appeal was objectively unreasonable. The need to deter further vexatious litigation by SLMI is another,

separate reason to award TWDC its fees –the reasonableness of which SLMI does not even contest.

## ARGUMENT

### TWDC IS ENTITLED TO ITS APPELLATE ATTORNEYS' FEES UNDER THE COPYRIGHT ACT AND FED. R. APP. P. 38

SLMI's opposition brief misstates the standard for awarding attorneys' fees in copyright cases, citing cases that pre-date the Supreme Court's decision in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). *See* SLMI Opp. at 1, 4, 7-8. The Court's discretion to award fees is not "limited" and no rigid criteria must be met. *See id.* Rather, as *Fogerty* explains, "[t]here is no precise rule or formula for making [attorneys' fees] determinations." *Fogerty*, 510 U.S. at 534 & n.19 (1994). There are only "nonexclusive factors to guide courts' discretion" in awarding fees. *Id.*; *see also* Motion at 5-6.

After *Fogerty*, numerous courts have held that a prevailing party's success alone is sufficient to warrant an award of attorneys' fees under section 505. *See* Motion at 5. SLMI denies this is so, *see* SLMI Opp. at 5, but completely ignores the numerous decisions holding that fees are to be "awarded routinely" and "presumptively." *See Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 592 (6th Cir. 2008) ("The grant of fees and costs [in copyright actions] is the rule rather than the exception and they should be awarded routinely."); *Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824 (7th Cir. 2005) ("[P]revailing

-2-

defendants in copyright cases . . . are presumptively entitled (and strongly so) to recover attorney fees").[1] This is true regardless of whether the prevailing party was a plaintiff or defendant. *See Fogerty*, 510 U.S. at 534 n.19 (section 505 should be "applied to prevailing plaintiffs and defendants in an evenhanded manner").[2]

The presumption in favor of awarding fees is particularly strong here because SLMI's appeal was objectively unreasonable, and because a fee award is needed to deter SLMI from continuing its vexatious litigation campaign. TWDC is also entitled to fees pursuant to Fed. R. App. P. 38. *See Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) ("An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit."); Motion at 8-9.[3]

---

[1] *See also Shelton v. MRIGlobal*, No. 11-cv-02891-PAB-MJW, 2013 WL 3381270, at *3 (D. Colo. July 8, 2013) (holding a party "may be awarded attorney's fees simply by virtue of prevailing in the action: no other precondition need be met") (quoting *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989)); *Girlsongs v. 609 Indus., Inc.*, 625 F. Supp. 2d 1127, 1132 (D. Colo. 2008) (same).

[2] SLMI denies that fees are "generally" awarded to prevailing defendants, relying on a pre-*Fogerty* district court decision, *Grosset & Dunlap, Inc. v. Gulf & Western Corp.*, 534 F. Supp. 606 (S.D.N.Y. 1982). SLMI Opp. at 4. That reliance is misplaced. Post *Fogerty*, courts have not hesitated to award fees to copyright defendants. *See, e.g.*, *Bridgeport Music*, 520 F.3d at 595; *Woodhaven*, 396 F.3d at 824; *Coles v. Wonder*, 283 F.3d 798, 803 (6th Cir. 2002) ("considerations of compensation, deterrence, and the objective of the Copyright Act weigh in favor of awarding [defendants'] attorney fees . . . [to] deter would-be plaintiffs from bringing equally meritless lawsuits").

[3] SLMI's contention that Rule 38 damages requires a "clear showing of bad faith," SLMI Opp. at 2, is simply wrong. *See Braley*, 832 F.2d at 1512.

### A.  SLMI's Pursuit Of This Appeal Was Objectively Unreasonable

Given its long, unbroken string of defeats on various grounds, SLMI could not have reasonably expected to win in this Court or any other.  But it chose to litigate anyway, forcing TWDC to mount a defense to the appeal and to incur additional fees and costs.  *See Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 506 (4th Cir. 1994) (directing district court to award attorneys' fees to defendant because plaintiff's suit was "objectively unreasonable" and "without merit for numerous reasons" and defendant had "no choice but to litigate due to [plaintiff's] perseverance in pursuing its claim").

SLMI argues that its appeal was reasonable because this Court found estoppel based on the Ninth Circuit's decision rather than *Abadin I*, as the district court had.  SLMI Opp. at 7.  But that only shows that SLMI's claim fails for *multiple reasons*.  Although this Court affirmed the with-prejudice dismissal of SLMI's complaint on a different basis than the district court, the Court "did not alter the substance of the district court's judgment or enlarge [SLMI's] rights— under either analysis, the end result was a granting of the motion to dismiss *with prejudice*."  *Stan Lee Media, Inc. v. The Walt Disney Co.*, No. 13-1407, 2014 WL 7271442, at *6 (10th Cir. Dec. 23, 2014) ("Opinion") (emphasis in original).  The two rulings are in no way inconsistent; on the contrary, they simply compound the inevitable conclusion that SLMI cannot assert its copyright ownership claim.  That

-4-

this Court found an alternative ground to reject SLMI's claim makes the claim *more*, not less, unreasonable.  So does the intervening Ninth Circuit decision this Court found to be preclusive, which held that SLMI's claim is too implausible to litigate.[4]  There may be many ways to kill SLMI's claim, but the end result is always the same—the claim is dead.

SLMI argues that fees should not be awarded because it "could not have . . . known" the reason it would lose the appeal.  SLMI Opp. at 3.  But the question is not whether SLMI could correctly predict the precise ground on which it would lose; the question is whether it was objectively unreasonable for SLMI to think it would win.  And it surely was unreasonable, because multiple courts had already rejected its claim for multiple reasons.  Indeed, this Court determined that SLMI's claim is barred not only by estoppel but also by the Copyright Act's three-year statute of limitations—just as *Abadin I* had held.  *See* Opinion at *6 n.4; *see also Abadin I*, 2010 WL 1257519, at *6.  As this Court explained, SLMI "should have brought any copyright infringement action within three years" of 2001, when Stan Lee expressly repudiated the 1998 agreement.  Opinion at *6 n.4.  Yet the first case

---

[4] Indeed, the Ninth Circuit's dismissal of SLMI's claim as "simply implausible" means by definition that SLMI's pursuit of the claim was objectively unreasonable.  *See* Oxford Dictionaries, http://www.oxforddictionaries.com/us/ (last visited Feb. 10, 2015) (defining "implausible" as "([o]f an argument or statement) *not seeming reasonable* or probable") (emphasis added).  SLMI urges the Court to ignore that holding, claiming "*this* appeal" is different.  SLMI Opp. at 7.  But the issue in both cases is identical, as this Court held when it gave the Ninth Circuit's decision preclusive effect.

-5-

asserting SLMI's purported rights to the Marvel Characters was not filed until 2007, and SLMI did not bring this action until 2012. Thus SLMI's copyright ownership claim was barred by the statute of limitations in every case SLMI has asserted it, including this one. It is also barred by estoppel and, as the Ninth Circuit held, it is simply implausible.

This is no ordinary infringement case that happened to end in a judgment for defendant. SLMI's claim was doomed to fail for multiple reasons. Three courts had already said so before SLMI even filed this complaint. Its decision to prolong this frivolous litigation by appeal was objectively unreasonable.

### B. The Court Should Award TWDC's Fees To Deter Future Vexatious Litigation By SLMI

Separately and independently, a fee award is warranted to deter SLMI from continually re-litigating its meritless copyright claim. *See Coles*, 283 F.3d at 803 ("considerations of compensation, deterrence, and the objective of the Copyright Act weigh in favor of awarding [defendants'] attorney fees . . . [to] deter would-be plaintiffs from bringing equally meritless lawsuits"). SLMI must be made to bear the costs imposed by its incessant, frivolous litigation.

As this Court observed, SLMI has been "filing lawsuits across the country" for nearly a decade "in an effort to cash in on" the Marvel Characters' financial success. Opinion at *2. SLMI has had its day in court and then some, and it has lost—repeatedly. But SLMI responds to every adverse decision by pursuing

-6-

another frivolous litigation asserting the same rejected theory. Indeed, after Judge Martinez dismissed this action, SLMI filed an intervenor complaint in an unrelated case in federal district court in Pennsylvania asserting the same ownership claim. After losing there, it filed a motion for relief from the judgment—and withdrew the motion only under *threat of sanctions*. *See* Notice of Withdrawal of The Rule 59(e) Motion to Alter or Amend the Dismissal Order and the Related Opinion Filed by Defendant-Intervenor SLMI, *Disney Enters., Inc. v. Entm't Theatre Grp.*, No. 13-CV-5570 (E.D. Pa. Dec. 24, 2014). And, as recently as last month, it indicated its intent to take its frivolous claim to the Supreme Court. *See* Supreme Court Docket No. 14A776, *available at* http://www.supremecourt.gov/search.aspx?filename=/docketfiles/14a776.htm (denying SLMI's application to extend time to file petition for writ of certiorari).

Meanwhile, SLMI has actively evaded responsibility for the costs it has imposed. It has not paid the judgment granting TWDC's attorneys' fees for the district court proceedings, nor has it posted a supersedeas bond to protect TWDC's interest in the judgment pending appeal. Accordingly, the district court has issued a writ of execution against SLMI. *See* Writ of Execution, *Stan Lee Media, Inc. v. The Walt Disney Co.*, No. 1:12-cv-02663-WJM-KMT (D. Colo. Nov. 7, 2014). But the judgment still has not been executed because SLMI and its counsel refused to accept service of a subpoena properly issued pursuant to Federal Rule 69

seeking the information necessary to do so. *See* TWDC's Motion to Confirm Service of Deposition Subpoena and Subpoena to Produce Pursuant to Rule 69 to SLMI, *Stan Lee Media, Inc. v. The Walt Disney Co.*, No. 1:12-cv-02663-WJM-KMT (D. Colo. Nov. 7, 2014).

This Court noted that SLMI has been a "repeat participant" in ownership disputes regarding the Marvel Characters, "filing lawsuits across the country in an effort to cash in on this financial success." Opinion at *1-2. An award of attorneys' fees appears to be the only way to deter SLMI and its financial backers. The Court should award TWDC its fees to compensate it for the costs it has incurred and to deter SLMI from continuing to re-litigate its claim.

### C. **SLMI Does Not Dispute That TWDC's Fees Are Reasonable**

SLMI does not challenge the amount of TWDC's requested attorneys' fees, implicitly conceding that they are reasonable. Accordingly, there is no need for further proceedings here or a remand to the district court to determine the amount of fees that should be awarded.

### **CONCLUSION**

For the foregoing reasons, TWDC respectfully requests that the Court award TWDC's appellate attorneys' fees in the amount of $123,619.65.

| | | | |
|---|---|---|---|
| Dated: | New York, New York<br>February 10, 2015 | By: |   /s/ *James W. Quinn* |

                                                    WEIL, GOTSHAL & MANGES LLP
James W. Quinn
R. Bruce Rich
Gregory Silbert
Randi W. Singer
Sabrina A. Perelman
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

Frederick J. Baumann
Holly C. Ludwig
LEWIS ROCA ROTHGERBER LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202-5855
Tel: (303) 623-9000
Fax: (303) 623-9222
fbaumann@lrrlaw.com
hludwig@lrrlaw.com

*Attorneys for Defendant-Appellee*
*The Walt Disney Company*

## CERTIFICATION OF COMPLIANCE

This reply complies with the page limitations and typeface requirements of Fed. R. App. P. 27(d)(2) because this reply is less than 10 pages, excluding the corporate disclosure statement and the accompanying documents exempted by Fed. R. App. 27(a)(2)(B). The page count was measured by the word-processing program used to prepare the brief, Microsoft Word.

This reply complies with the typeface and typestyle requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

Dated:   Denver, Colorado          By:   /s/Holly C. Ludwig
         February 10, 2015                WEIL, GOTSHAL & MANGES LLP
                                          James W. Quinn
                                          R. Bruce Rich
                                          Gregory Silbert
                                          Randi W. Singer
                                          Sabrina A. Perelman
                                          767 Fifth Avenue
                                          New York, NY 10153
                                          Tel: (212) 310-8000
                                          Fax: (212) 310-8007

                                          Frederick J. Baumann
                                          Holly C. Ludwig
                                          LEWIS ROCA ROTHGERBER LLP
                                          One Tabor Center, Suite 3000
                                          1200 17th Street
                                          Denver, CO 80202-5855
                                          Tel: (303) 623-9000
                                          Fax: (303) 623-9222
                                          fbaumann@lrrlaw.com
                                          hludwig@lrrlaw.com

                                          *Attorneys for Defendant-Appellee*
                                          *The Walt Disney Company*

## CERTIFICATION OF VIRUS SCANNING

This reply has been submitted in PDF format to the Tenth Circuit's CM/ECF electronic filing system, and the digital submission has been scanned for viruses with Check Point Endpoint Security, version E80.30 (8.1.302).  According to that software program, the document is free of viruses.

## CERTIFICATION CONCERNING PRIVACY

This reply has been submitted in PDF format to the Tenth Circuit's CM/ECF electronic filing system, and all required privacy redactions have been made.

## CERTIFICATION OF HARD COPY SUBMISSION

The hard copies of this reply submitted to the clerk's office are exact copies of the ECF filing.

Dated:   Denver, Colorado         By:    /s/  Holly C. Ludwig
         February 10, 2015

                                         WEIL, GOTSHAL & MANGES LLP
                                         James W. Quinn
                                         R. Bruce Rich
                                         Gregory Silbert
                                         Randi W. Singer
                                         Sabrina A. Perelman
                                         767 Fifth Avenue
                                         New York, NY 10153
                                         Tel:  (212) 310-8000
                                         Fax: (212) 310-8007

                                         Frederick J. Baumann
                                         Holly C. Ludwig
                                         LEWIS ROCA ROTHGERBER LLP
                                         One Tabor Center, Suite 3000
                                         1200 17th Street
                                         Denver, CO 80202-5855

Tel: (303) 623-9000
Fax: (303) 623-9222
fbaumann@lrrlaw.com
hludwig@lrrlaw.com

*Attorneys for Defendant-Appellee
The Walt Disney Company*

PROOF OF SERVICE VIA ECF SYSTEM

Pursuant to Fed. R. App. P. 25 and Tenth Circuit Rule 25.3, I certify that on February 10, 2015, I caused the foregoing Reply Memorandum in Further Support of TWDC's Motion for Attorneys Fees to be filed with the Court through the use of the Tenth Circuit CM/ECF electronic filing system and served on the following counsel of record who are registered CM/ECF users will be served by the appellate CM/ECF system:

| | |
|---|---|
| Mark T. Barnes | MBarnes@bhfs.com |
| Robert Steven Chapman | rchapman@eisnerlaw.com |
| Jon-Jamison Hill | jhill@eisnerlaw.com |
| John V. McDermott | jmcdermott@bhfs.com |

Dated: Denver, Colorado
February 10, 2015

By: */s/ Holly C. Ludwig*

Holly C. Ludwig
LEWIS ROCA ROTHGERBER LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202-5855
Tel: (303) 623-9000
Fax: (303) 623-9222
hludwig@lrrlaw.com