IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.

_____

### THE WALT DISNEY COMPANY'S REPLY DISCOVERY STATUS REPORT AND STATUS REPORT ON THE DEPOSITION OF MICHAEL B. WOLK
_____

The Walt Disney Company ("TWDC") respectfully submits this Reply Discovery Status Report and Status Report on the Deposition of Michael B. Wolk.

Per this Court's order, TWDC served a subpoena on Plaintiff Stan Lee Media, Inc. ("SLMI"), which included requests for documents and information regarding SLMI's assets and amounts paid by or on behalf of SLMI to law firms in furtherance of litigation regarding the Marvel Characters. *See* Ex. 1. No such documents were produced by either Mr. Wolk or SLMI. *See* Docket Nos. 127, 129-130.

Michael B. Wolk appeared for his deposition on June 17, 2015. There he confirmed that his commercial litigation funding entity TAP-SLMI, LLC ("TAP-SLMI") has paid SLMI's legal fees in this proceeding. He also testified selectively regarding the arrangement between SLMI and TAP-SLMI. Thus, he was quick to say that, under the litigation funding agreement (which still has not been produced), TAP-SLMI was obligated to pay only "reasonable and necessary" legal fees owed by SLMI to its counsel – counsel that TAP-SLMI had to approve – and that

TAP-SLMI was not responsible for paying judgments entered against SLMI. He also testified that there was no cap on the amount that TAP-SLMI would pay on SLMI's behalf, and that he believed TAP-SLMI continued to expend funds on SLMI's behalf even after Judge Martinez's July 31, 2014 Order awarding TWDC its attorneys' fees in the amount of $239,940.90 – including paying SLMI's legal fees to appeal the fee motion and paying another law firm to file a petition of certiorari after the Ninth Circuit dismissed SLMI's claims regarding the Marvel Characters. However, Mr. Wolk refused to identify the investors in TAP-SLMI, the amount of the total investments in TAP-SLMI, or the other terms of the funding agreements between TAP-SLMI.

Rather than answer the questions put to him by TWDC's counsel, Mr. Wolk asserted that confidentiality requirements and an alleged "work product privilege" prevented him from testifying about these matters. Mr. Wolk was far less reticent when he spoke with Forbes magazine about the investments made by Elliot Management in TAP-SLMI, *see* Ex. 2, or when he spoke with Law360 and referred to himself as SLMI's General Counsel. *See* Ex. 3. Similarly, though Mr. Wolk personally reviewed and approved bills for these fees and caused TAP-SLMI to pay them, he failed to produce them, citing to TAP-SLMI's objections. *See* Exs. 4-5.

In short, Mr. Wolk conceded that he knew at the outset of this litigation that SLMI had no assets and contrived an arrangement for TAP-SLMI to enable SLMI to pursue litigation that both the Ninth Circuit and the Tenth Circuit have deemed to be "objectively unreasonable." Mr. Wolk should not now be allowed to prevent any discovery as to the source of SLMI's funding – TAP-SLMI's assets – or what happened to those funds, which could have been used to satisfy

TWDC's attorney's fees judgment, by asserting privilege and confidentiality.  If any such privilege existed, Mr. Wolk has undoubtedly waived it, and his confidentiality concerns can be assuaged by the protective order Your Honor entered in this matter.  *See* Docket No. 60.

Accordingly, at the conclusion of Mr. Wolk's deposition, TWDC personally served Mr. Wolk with a subpoena pursuant to Rule 45 for testimony and documents from TAP-SLMI.  *See* Ex. 6.  That subpoena requires that TAP-SLMI produce documents and designate a representative to appear for testimony on July 17, 2015 to provide information about, among other things, the source of assets expended on SLMI's behalf in the course of this litigation that Mr. Wolk contends are unavailable to pay judgments resulting from the litigation.

TWDC hereby respectfully requests that the Court schedule a telephonic status conference after July 17, 2015 or to require the parties to file additional status reports to determine whether any additional action is necessary in furtherance of the enforcement of the Court's July 31, 2014 judgment.

Finally, TWDC wishes to respond to SLMI's counsel's renewed request to withdraw as counsel.  On May 26, 2015, the Tenth Circuit held that TWDC was entitled to its attorneys' fees for defending against the SLMI merits appeal and remanded the matter for this Court to determine an award of reasonable fees.  TWDC accordingly filed its motion for attorneys' fees on June 11, 2015.  *See* Docket No. 132.  As there is a motion pending, TWDC respectfully requests that this Court deny SLMI's counsel's motion to withdraw at this juncture—especially since Mr. Wolk is now fully engaged in this matter and is available to resume his role as SLMI's principal litigation contact.  *See* Docket No. 129.

3

TWDC is available at the Court's convenience should there be any questions or wish to discuss this matter further.

DATED this 22nd day of June, 2015.　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP
　　　　　　　　　　　　　　　　　　　James W. Quinn
　　　　　　　　　　　　　　　　　　　Randi W. Singer
　　　　　　　　　　　　　　　　　　　767 Fifth Avenue
　　　　　　　　　　　　　　　　　　　New York, NY 10153
　　　　　　　　　　　　　　　　　　　Tel:  (212) 310-8000
　　　　　　　　　　　　　　　　　　　Fax: (212) 310-8007

　　　　　　　　　　　　　　　　　　　 /s/ Holly C. Ludwig
　　　　　　　　　　　　　　　　　　　Frederick J. Baumann
　　　　　　　　　　　　　　　　　　　Holly C. Ludwig
　　　　　　　　　　　　　　　　　　　LEWIS ROCA ROTHGERBER LLP
　　　　　　　　　　　　　　　　　　　One Tabor Center, Suite 3000
　　　　　　　　　　　　　　　　　　　1200 17th Street
　　　　　　　　　　　　　　　　　　　Denver, CO 80202-5855
　　　　　　　　　　　　　　　　　　　Tel: (303) 623-9000
　　　　　　　　　　　　　　　　　　　Fax: (303) 623-9222
　　　　　　　　　　　　　　　　　　　fbaumann@lrrlaw.com
　　　　　　　　　　　　　　　　　　　hludwig@lrrlaw.com

　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant The Walt Disney Company*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2015, I filed electronically the foregoing **THE WALT DISNEY COMPANY'S REPLY DISCOVERY STATUS REPORT AND STATUS REPORT ON THE DEPOSITION OF MICHAEL B. WOLK** with the Clerk of Court, using the CM/ECF system, which caused automatic electronic notification of such filing upon the following:

Robert S. Chapman
Sauer & Wagner LLP
1801 Century Park East
Suite 1150
Los Angeles, CA 90067
Telephone: (310) 712-8111
Email: rchapman@swattys.com

Jon-Jamison Hill
Theodora Oringher
1840 Century Park East
Suite 500
Los Angeles, CA 90067
Telephone: (310) 557-2009
jhill@tocounsel.com

Ted Millstein
Sacks Weston Millstein Diamond
1845 Walnut Street, Suite 1600
Philadelphia, Pennsylvania 19103
Telephone: (215) 925-8200
Email: tmillstein@swpdlaw.com

                                                      /s/ Holly C. Ludwig