# Exhibit 3



**Portfolio Media. Inc.** | 860 Broadway, 6th Floor | New York, NY 10003 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# 'Raging Bull' Ruling Invoked In Spider-Man Rights Battle

By **Bill Donahue**

Law360, New York (May 21, 2014, 7:52 PM ET) -- A day after the U.S. Supreme Court handed down its "Raging Bull" ruling on delayed copyright litigation, Stan Lee Media Inc. incorporated the decision Tuesday into its years-long quest to prove that it, rather than The Walt Disney Co., owns the rights to Spider-Man.

SLMI has long argued that it — not Disney's Marvel Comics — controls Spider-Man through an obscure 1998 agreement with Stan Lee himself, who isn't affiliated with the firm. Four different federal courts have rejected SLMI's claim, but that hasn't deterred the company thus far.

The latest chapter began late last year, after Disney sued Lancaster, Pa.-based American Music Theater for allegedly using Spider-Man and other Disney properties for a Broadway-themed stage production. AMT responded with **the claim that it had legally licensed** Spider-Man from SLMI and didn't need to do so from Disney, and SLMI **later filed an intervenor complaint** to argue the ownership claim.

Disney is **currently trying to boot those claims** from the case, arguing, among other things, that the ownership issue was time-barred because AMT and SLMI had known for years that Marvel considered itself the owner of Spider-Man. The court heard oral arguments last week.

Enter **Petrella v. Metro-Goldwyn-Mayer Inc.** On Monday, the high court said Paula Petrella — the daughter of "Raging Bull" author Frank Petrella — could sue MGM for infringement even after waiting for 19 years. More specifically, the justices said the equitable doctrine of laches, which bars suits filed after unreasonable delays, couldn't be applied to dismiss claims as long as they were filed within the Copyright Act's explicit three-year statute of limitations period.

The very next day, SLMI and AMT told the Pennsylvania federal judge overseeing their case that, under the new Petrella standard, he should reject Disney's bid to dismiss the case as time-barred. Just like Petrella was able to sue within three years of the latest infringement, SLMI and AMT said they should be able to sue within three years of the latest ownership controversy — in this case, Disney's complaint against AMT.

"By suing the AMT defendants, [Disney] effectively opened the door for SLMI and AMT to argue ownership of the Spider-Man copyright," the two companies told the judge in a letter Tuesday. "Thus, just as laches was held not to preclude adjudication of a damages claim brought within the three-year statute of limitations window, here too, AMT defendants' counterclaims and affirmative defenses should not be time-barred, as they were plainly brought within three years of accruing."

Attorneys for Disney declined to comment on the letter Wednesday.

What started out as a straightforward accusation from Disney that AMT's "Broadway: Now & Forever" had lifted songs and other aspects of Spider-Man, Mary Poppins and "The Lion King" turned complicated in November, when AMT said it had the legal right to use Spider-Man.

"Disney alleges that its [subsidiary] is the owner of various copyrights and trademarks regarding Spider-Man," the Lancaster, Pa., theater said in the filing. "However, according to publicly filed documents, the true facts indicated that Stan Lee Media Inc. … is the owner."

The root of SLMI's long-standing claim is that Lee transferred over his intellectual property to the company in a contract in 1998, just before Lee says he transferred the same property to Marvel. The problem is that courts have repeatedly found that wasn't the case, and that Marvel and parent company Disney have full control over Spider-Man, the X-Men, the Fantastic Four and the other highly profitable superheroes created by Lee.

Most recently, a Colorado federal judge in September bounced an infringement suit SLMI had lodged against Marvel and Disney in October 2012.

"Plaintiff has tried time and again to claim ownership of those copyrights; the litigation history arising out of the 1998 agreement stretches over more than a decade and at least six courts," the Sept. 5 order said. "Plaintiff is precluded from relitigating the issue of its ownership of copyrights based on the 1998 agreement."

In an email to Law360 on Wednesday, SLMI general counsel Michael B. Wolk said the Petrella ruling's effect would go beyond merely defeating Disney's current time-bar argument. The earlier rulings, including the Colorado decision, were all based on a 2010 ruling that found the ownership claim untimely, Wolk said. He believes the Petrella ruling invalidated that ruling, calling into question all those that came after.

"By virtue of the Supreme Court's Petrella decision, the [2010] decision can no longer be accorded any preclusive, prospective, res judicata effect regarding subsequent copyright positions based on subsequent conduct in lawsuits commenced within three years after the date of such subsequent conduct," Wolk said.

Disney is represented by Drinker Biddle & Reath LLP and Weil Gotshal & Manges LLP.

AMT is represented by Cozen O'Connor, Swartz Campbell LLC and Volpe & Koenig PC.

SLMI is represented by Aliza R. Karetnick, David E. Landau, Robert M. Palumbos and Jessica Priselac of Duane Morris LLP.

The case is Disney Enterprises Inc. v. Entertainment Theatre Group, case No. 5:13-cv-05570, in the U.S. District Court for the Eastern District of Pennsylvania.

--Editing by Kat Laskowski.

All Content © 2003-2015, Portfolio Media, Inc.