# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.

---

**OBJECTIONS FROM NON-PARTY TAP-SLMI, LLC TO DEFENDANT'S SUBPOENA**

---

    TAP-SLMI, LLC ("Non-Party TAP"), by and through its undersigned counsel, hereby submits the following objections to the Walt Disney Company's Rule 69 Subpoena.

    On May 8, 2015, Defendant served a post-judgment deposition subpoena seeking information and documents about Plaintiff's assets ("Subpoena"). Although the face of Defendant's Subpoena expressly targets Plaintiff, the contents within Defendant's Subpoena also improperly seek information and documents regarding the assets of Non-Party TAP. Pursuant to Rule 45 of the Federal Rules of Civil Procedure ("FRCP"), Non-Party TAP objects to Defendant's Subpoena on the grounds set forth below.

    1.    TAP is not a party to this action. TAP is not an officer, director or shareholder in Plaintiff. FRCP 69 provides that a post-judgment asset subpoena shall be governed by the laws of the State in which the federal district court is located - - here, Colorado. The Supreme Court of the State of Colorado has ruled that, as a matter of state sovereignty, the courts lack authority

1

to enforce a private party's subpoena seeking information and documents from a non-party.  See *Colorado Mills, LLC v. Sunopta Grains and Foods Inc.*, 269 P.3d 731 (Colo. 2012). Accordingly, TAP hereby objects to Defendant's Subpoena on the ground that legal authority to issue and/or enforce such Subpoena against a non-party does not exist.

   2. No money judgment has been issued in favor of Defendant against TAP. The United States Court of Appeals for the Tenth Circuit has indicated that it is typically improper for a litigant (here, Defendant) to seek information and documents regarding the assets of another person or entity (here, TAP) - - and information and documents regarding the assets of such other person or entity are typically irrelevant and not discoverable - - where (as here) no money judgment has been issued in favor of the litigant against such other person or entity.  See *Sanderson v. Winer*, 507 F.2d 477 (10th Cir. 1974), *cert. den.* 421 U.S. 914 (1975).  Accordingly, since no money judgment has been issued in favor of Defendant against TAP, TAP hereby objects to Defendant's Subpoena on the additional and independent ground that such Subpoena seeks irrelevant information and documents.

   3. TAP is a foreign limited liability company created and organized under the laws of the State of Delaware.  The Supreme Court of the State of Colorado has ruled that, as a matter of state sovereignty, whether to enforce a private party's subpoena demanding information and documents from a non-party is left to the State where the non-party resides, was created and organized, or may otherwise be deemed "located" for due process purposes.  See *Colorado Mills, LLC v. Sunopta Grains and Foods Inc.*, 269 P.3d 731 (Colo. 2012).  The Delaware courts have indicated that information and documents regarding the negotiation of and entry into a litigation funding relationship between a litigant and a third-party litigation funder - - such as the litigation funding agreement itself, as well as other information and documents reviewed by the third-party

litigation funder (or created by or on behalf of the third-party litigation funder) in determining whether to invest in and/or provide funds for pursuit of a litigation claim ("Confidential Third-Party Litigation Funder Information") - - should typically be treated as confidential and protected from disclosure, whether on the grounds of the work product privilege and/or the common interest doctrine ("Confidential Third-Party Litigation Funder Information").  See *Carlyle Investment Management L.L.C., et al. v. Moonmouth Company S.A., et al.*, Civil Action No. 7841-VCP, __ WL __ (Del. Ch. Feb. 24, 2015) (Parsons, Vice Chancellor).  Here, the litigation funding agreement itself between TAP (as third-party litigation funder) and Plaintiff - - as well as the Confidential Third-Party Litigation Funding Information - - provide that such information and documents are confidential and, pursuant thereto, TAP has an independent interest in maintaining and preserving the confidentiality of its litigation funding agreement (as well as the Confidential Third-Party Litigation Funder Information).  Accordingly, TAP hereby objects to Defendant's Subpoena on the additional and independent ground that such Subpoena seeks information and documents (such as the litigation funding agreement and the Confidential Litigation Funding Information) that are confidential and protected from disclosure, whether on the grounds of the work product privilege and/or the common interest doctrine.

DATED this 21st day of May, 2015

/s/ *Edward W. Millstein*
Edward W. Millstein, Esq.
SACKS WESTON MILLSTEIN DIAMOND, LLC
1845 Walnut Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 925-8200
Fax: (267) 639-5422
e-mail: tmillstein@swpdlaw.com

*Attorney for Michael B. Wolk and TAP-SLMI, LLC*