**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-2663-WJM-KMT

STAN LEE MEDIA, INC.,

      Plaintiff,

v.

THE WALT DISNEY COMPANY,

      Defendant.

---

### ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES

---

      This matter comes to the Court on remand from the Tenth Circuit, where Defendant The Walt Disney Company ("Defendant") prevailed in its appeal against Plaintiff Stan Lee Media, Inc. ("Plaintiff").  *See Stan Lee Media, Inc. v. The Walt Disney Co.*, 774 F.3d 1292 (10th Cir. 2014).  The Tenth Circuit also granted Defendant's motion for attorneys' fees under 17 U.S.C. § 505.  (ECF No. 126.)  However, the Tenth Circuit remanded to this Court "to determine an award of reasonable fees."  (*Id.* at 4.)

      Currently before the Court is Defendant's Motion for Attorneys' Fees.  (ECF No. 132.)  Defendant seeks a fee award of $123,619.65.  (*Id.* at 3.)  Plaintiff has filed no response to this motion.  For the reasons explained below, the Court grants the motion in part, awarding $81,962.50.

### I.  LEGAL STANDARD

      A party seeking an award of attorneys' fees must demonstrate that the fees it seeks are reasonable.  *See Dewey v. Hewlett Packard Co.*, 2007 WL 707462, at *1

(D. Colo. Mar. 5, 2007).  Therefore, counsel must make a good faith effort to exclude

hours or costs that are "excessive, redundant or otherwise unnecessary."  *Hensley v.

Eckerhart*, 461 U.S. 424, 434 (1983).  Generally, the starting point for any calculation of

a reasonable attorneys' fee is the "lodestar," that is, the number of hours reasonably

expended multiplied by a reasonable hourly rate.  *Id.* at 433; *Malloy v. Monahan*, 73

F.3d 1012, 1017–18 (10th Cir. 1996).  To determine the number of hours expended, the

Court reviews counsel's billing entries to ensure that counsel exercised proper billing

judgment.  *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998).

Once the Court determines the lodestar, it may "adjust the lodestar upward or

downward to account for the particularities" of the work performed.  *Phelps v. Hamilton*,

120 F.3d 1126, 1131 (10th Cir. 1997).  The Court is not required to reach a lodestar

determination in every instance, however, and may simply accept or reduce a fee

request within its discretion.  *Hensley*, 461 U.S. at 436–37.

As for the hourly rate, the Tenth Circuit has indicated that "the court must look to

'what the evidence shows the market commands for civil rights or analogous litigation.'"

*Burch v. La Petite Academy, Inc.*, 10 F. App'x 753, 755 (10th Cir. 2001) (quoting *Case*,

157 F.3d at 1255).  The "local market rate" is usually defined by the state or city in

which the case is litigated.  *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th

Cir. 1998) (looking at "the prevailing market rates in the relevant community", which was

Kansas City, Kansas); *Case*, 157 F.3d at 1256 (looking at fees charged by lawyers in

the area in which the litigation occurs).  The burden is on the party seeking fees to

provide evidence of the prevailing market rate for similar services by "lawyers of

2

reasonably comparable skill, experience, and reputation" in the relevant community. *Ellis*, 163 F.3d at 1203.

## II. ANALYSIS

Defendant asks for an award of $123,619.65, representing 224.5 hours of work for six attorneys (four partners and two associates). (*See* ECF No. 132-3 at 26–31, 38–40.)  Although all but one attorney practices in New York City, Defendant claims the full rate for all attorneys except one who normally bills close to $900 per hour. (*Id.* at 28–29.)  Relying on a survey of Denver-area fee rates that showed an upper bound of $725 per hour, Defendant calculated this attorney's fees as if he charged $725 per hour. (*Id.*)

Regardless of this adjustment, Defendant's overall claim amounts to an average of about $550 per hour ($123,619.65 / 224.5 = $550.64).  The Court finds that this is insupportable as a reasonable average rate in the Denver area.  Defendant's own research shows that prominent Denver-based firms bill out associates at between $175 and $425 per hour; and partners at between $305 and $725 per hour. (*Id.* at 18.)  The pure mathematical average of the highest and lowest rates is $450.  Moreover, given what should be the appropriate division of work between partners and associates in a matter such as this one, the weighted average should usually come out to something closer to $400 per hour.  Under the circumstances, the Court believes that $415 per hour is an appropriate average hourly figure.

Even so, the Court believes that the number of hours billed is excessive.  As this Court stated in a previous order granting fees, "Defendant's attorneys are sophisticated

litigators who have undoubtably filed similar motions, [and] the issues in this case

[have] been decided previously by three other courts." (ECF No. 84 at 7.)  This appears

to apply equally well to the arguments made on appeal.  On the other hand, the Tenth

Circuit required supplemental briefing, which naturally increased the overall cost of the

appeal.  (*See* ECF No. 132-3 at 27.)  Taking that into account, the Court nonetheless

believes that four partners and two associates is more than necessary to provide

high-quality legal representation in this matter.

The Court believes that the appropriate course here is to recalculate the total

hours as if one partner had been removed from the case.  The partners involved billed

7 hours, 40.9 hours, 58.9 hours, and 13.1 hours, respectively.  (*Id.* at 28–30.)  The

mathematical average of these figures is 29.975, but given the distribution, the Court

believes that the median, 27, is the better figure to work with.  The Court will subtract 27

hours from Defendant's overall claim of 224.5, leaving 197.5.  Multiplied by $415, the

total fee award will be $81,962.50.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Defendant's Motion for Attorneys' Fees (ECF No. 132) is GRANTED IN PART;
      and

2.    Defendant is AWARDED attorneys' fees of $81,962.50.

Dated this 28th day of July, 2015.

BY THE COURT:

_____

William J. Martinez
United States District Judge