IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02663–WJM–KMT


STAN LEE MEDIA, INC.,

      Plaintiff,

v.

THE WALT DISNEY COMPANY,

      Defendant.

---

## ORDER

---

This matter is before the court on TAP-SLMI, LLC's "Motion to Quash an Invasive Nonparty Subpoena Seeking Private Information that is Irrelevant to the Issue of Plaintiff's Executable Assets" [Doc. No. 143] filed July 2, 2015.   "The Walt Disney Company's Opposition to TAP-SLMI's Motion to Quash" [Doc. No. 145] was filed on July 27, 2015.

The Walt Disney Company ("TWDC") seeks documents and testimony from non-party TAP-SLMI, LLC ("TAP-SLMI") in connection with TWDC's execution of judgments rendered in this case against Plaintiff, Stan Lee Media, Inc. ("SLMI"), for the costs, including attorney's fees, associated with defending against SLMI's claims.   Both the Ninth Circuit and the Tenth Circuit, in awarding recoupment of attorney's fees and costs to TWDC, found that SMLI's ownership

claims to certain Marvel characters were implausible, at best.[1]   *See Stan Lee Media, Inc. v. Lee*,

585 F. App'x 597, 598 (9th Cir. 2014); *Stan Lee Media, Inc. v. The Walt Disney Co.*, 774 F.3d

1292, 1296 (10th Cir. 2014).   In this case, the District Court held that it was "objectively

unreasonable for [SLMI] to pursue its copyright claims" and dismissed the case based on the

issue-preclusive effect of a line of cases beginning with *Abadin v. Marvel Entm't, Inc.*, No. 09 Civ.

0715(PAC), 2010 WL 1257519 (S.D.N.Y. Mar. 31, 2010).   *Stan Lee Media, Inc. v. The Walt*

*Disney Co.*, No. 12–cv–2663–WJM–KMT, 2014 WL 3767191, at *2 (D. Colo. July 31, 2014)

The Tenth Circuit agreed stating

> Multiple courts, both before and after this appeal, have agreed that *Abadin I*—and
> cases relying on *Abadin I*—had preclusive effect. *See Disney Enters., Inc. v. Entm't
> Theatre Grp.*, No. 13–5570, 2014 WL 5483487, at *6 (E.D. Pa. Oct. 30, 2014)
> (agreeing "as to the *issue*-preclusive effect of [*Abadin I*]"); *Stan Lee Media Inc. v.
> Lee*, No. 2:07-cv-00225-SVW-SSx, 2012 WL 4048871, at *1–2, 7 (C.D. Cal. Aug.
> 23, 2012) (*Abadin II*) (noting same allegations and rejecting them on the basis of
> *Abadin I*'s *res judicata* effect); *Lee v. Marvel Enters.*, 765 F. Supp. 2d 440, 456
> (S.D.N.Y. 2011) (denying leave to file amended complaint in part because the
> "grounds upon which   [*Abadin I* rejected SLMI's claims] would be equally
> applicable" to the amended complaint). That alone casts doubt on the legal
> reasonableness of an appeal from yet another district court's issue-preclusion
> decision. Moreover, *Stan Lee Media* noted an independent infirmity in SLMI's
> claims—under 17 U.S.C. § 507(b), SLMI "should have brought any copyright
> infringement action within three years of January 30, 2001," which it did not. *Stan
> Lee Media*, 774 F.3d at 1300 n.4.

Order, Tenth Circuit Case No. 13-1407, Document 01019435815, May 26, 2015 [Doc. No. 126].

The Supreme Court denied SLMI's petition for certiorari in the Ninth Circuit matter .   *Stan Lee*

---

[1] The Tenth Circuit recently held that TWDC was entitled to its attorneys' fees for defending
against SLMI's "unreasonable" appeal: "That every court faced with the question has rejected
SLMI's claims of ownership made it factually unreasonable for SLMI to appeal yet another loss."
Order, *Stan Lee Media, Inc. v. The Walt Disney Co.*, No. 13-1407, at 3 (10th Cir. May 26, 2015).
The

*Media, Inc. v. Pow! Entm't Inc.*,135 S. Ct. 1723 (2015)(case below, 585 F. App'x 597 (9th Cir. 2014).)

On May 7, 2015, this court ordered Michael Wolk, the managing member of TAP-SLMI, LLC and the registered agent for SLMI, to appear for a deposition.   Mr. Wolk appeared and testified on June 17, 2015, however produced no documents.   During his deposition, Mr. Wolk testified that: TAP-SLMI knew at the outset of this Colorado litigation that SLMI had no assets (*See* [Doc. No. 145-2] "Wolk Dep."at 48:9-20); TAP-SLMI has no activities other than funding SLMI litigation, (*id.* 37:5-9); no other entity funded the SLMI litigation once TAP-SLMI took over, (*id.* at 118:22-119:2.3); TAP-SLMI essentially had the ability to direct and control SLMI litigation, (*id.* at 98:22-99:23); and, there is a litigation funding agreement between TAP-SLMI and SLMI and third-party payor agreements to which SLMI and TAP-SLMI are parties, *Id.* at 21:11-22:13; 58:23-59:25).   Mr. Wolk refused to produce any of the funding/payor agreements and would not identify the number, identity of, or amounts invested by TAP-SLMI's investors. Mr. Wolk claimed the terms of the funding agreements between TAP-SLMI and SLMI are protected by work product privilege and a confidentiality provision in an agreement with "the investors."   (*Id.* at 36:18-25; 51:16-24; 106:10-22.)

Rule 69 of the Fed. R. Civ. P. provides

Rule 69. Execution.
(a) In General.
. . .
(2) Obtaining Discovery. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery

> from any person--including the judgment debtor--as provided in these rules or by
> the procedure of the state where the court is located.

*Id.*   "The rules governing discovery in postjudgment execution proceedings are quite permissive."
*Republic of Argentina v. NML Capital, Ltd.*, 571 U.S. ____. 134 S. Ct. 2250, 2254 (2014).   The
general rule in the federal system is that subject to the district court's discretion, "[p]arties may
obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or
defense."  Fed. Rule Civ. Proc. 26(b)(1).   Combining the two Rules then, Rule 69 authorizes the
full panoply of discovery devices in aid of execution of a judgment; obviously, there must first be
a judgment for the Rule combination to be applicable.   So long as the discovery is in aid of
execution of a judgment, the majority of the case law requires only that the information sought be
relevant.   Similar to Rule 26(b)'s directive that "[r]elevant information need not be admissible at
the trial if the discovery appears reasonably calculated to lead to the discovery of admissible
evidence," relevant information pursuant to Rule 69(a)(2) must be such that it could possibly "lead
to executable assets."   *Republic of Argentina*, *id.*

   When a separate person or entity funds litigation costs, a number of courts have found that
the funding person or entity who also controls what is later found to be vexatious litigation can be
deemed a party for purposes of paying costs and attorney's fees.   *See e.g.*, *Abu–Ghazaleh v.
Chaul*, 36 So. 3d 691, 693-94 (Fla. Dist. Ct. App. 2009) (individual and corporation funding
litigation were "parties" to a civil theft lawsuit brought by shareholders and, thus, could be held
liable to pay attorney's fees and costs under the civil theft statute, even though they were not
named in the pleadings, because the individual and the corporation entered into an agreement with
the shareholders pursuant to which they paid litigation costs, approved counsel, had veto power

over the filing and manner of prosecution of the lawsuit, had the final say over any settlement agreements, and were entitled to 18.33% of any amount awarded to the shareholders); *Visoly v. Sec. Pac. Credit Corp.*, 768 So. 2d 482, 489 (Fla. Dist. Ct. App. 2000) (court found that Visolys used Plaintiff as "a shell to delay foreclosure of the mortgage through asserting positions which were 'plainly sham and frivolous' on the facts and law" and held that "[p]arties include, not only those whose names appear upon the record, but all others who participate in the litigation by employing counsel, or by contributing towards the expenses thereof, or who, in any manner, have such control thereof as to be entitled to direct the course of [the] proceedings . . . .") citing *Theller v. Hershey*, 89 F. 575 (C.C.N.D. Cal. 1898); *Lage v. Blanco*, 521 So. 2d 299, 300 (Fla. Dist. Ct. App. 1988) (attorneys deemed to be parties for purposes of paying attorney's fees resulting from frivolous lawsuit they filed without client's authority).

In this case, of course, the costs and attorney's fee judgments entered by District Judge Martínez are currently pending only against Plaintiff Stan Lee Media, Inc.   However, based on the aforementioned cases and the behavior of TAP-SLMI and SLMI in pursuing this litigation, TWDC can make a colorable argument that TAP-SLMI should be held to be a party to the underlying litigation and its assets should be available to satisfy the judgments in this case.[2]   In order to fully investigate whether a fully viable argument can be made that TAP-SLMI should be considered a "party" for the purposes of execution of the judgments wherein attorney's fees and costs were assessed because Plaintiff pursued, with funding from TAP-SLMI, implausible and objectively unreasonable copyright claims against TWDC, discovery has to be undertaken.

---

[2] This court does not by this reference state any opinion on the likelihood of success of this argument on its merits.

In an effort to narrow the issues for discovery given Mr. Wolk's resistence, TWDC prepared and filed its "Revised Notice of Deposition and Request for Documents to TAP-SLMI, LLC Pursuant to Rules 30(B)(6) and 45 of the Federal Rules of Civil Procedure" ("Revised Notice") [Doc. No. 145-3.]   This court therefore finds that Topics 1, 2, and 4 of Exhibit A (topics for Rule 30(b)(6) deposition) and Topics 1, 2, 3 and 4 of Exhibit B (topics for document production) attached to the Revised Notice (*id* at 3-6) all request relevant information that is calculated to lead to the discovery of evidence that could possibly lead to executable assets pursuant to Fed. R. Civ. P. 69(a)(2).

It is therefore **ORDERED**

TAP-SLMI, LLC's "Motion to Quash an Invasive Nonparty Subpoena Seeking Private Information that is Irrelevant to the Issue of Plaintiff's Executable Assets" [Doc. No. 140] is **DENIED**.   It is further **ORDERED**

2.       The Walt Disney Company will serve by U. S. Mail upon Edward W. Millstein**,** Sacks Weston Millstein Diamond, LLC, 1845 Walnut Street, Suite 1600, Philadelphia, PA 19103, a revised Subpoena to Testify at a Deposition in a Civil Action, with topics and document requests consistent with this Order and containing a date and time for the deposition not less than 21 days and not more than 60 days from the date of this Order.   Mr. Millstein will accept service by post on behalf of TAP-SLMI, LLC who was properly served with the original subpoena prior to the filing of the Motion to Quash.   The Walt Disney Company shall make every effort to coordinate the date for the deposition of TAP-SLMI, LLC with Mr. Millstein prior to issuance of the subpoena;

3.    The court finds and orders that the Protective Order issued in this case [Doc. No. 60, issued May 13, 2013] is sufficient to protect any confidential documents and information and TAP-SLMI, LLC is authorized to utilize the procedure set forth therein to the extent it deems appropriate in marking its documents.

4.    Documents subject to work product protection or to attorney-client privilege which are otherwise subject to production pursuant to the subpoena shall be listed on a privilege log which shall be produced to TWDC not less than 14 days prior to the date scheduled for the deposition.   TAP-SLMI shall, at the same time, submit both the privilege log and all unredacted documents listed on the privilege log to the court for *in camera* review.   Those documents shall be filed on the docket of this court with restriction Level 3, D.C.COLO.LCivR 7.2(b).

Dated this 8th day of September, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge