# Exhibit A

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| STAN LEE MEDIA, INC. *Plaintiff* v. THE WALT DISNEY COMPANY *Defendant* | ) ) ) Civil Action No. 1:12-cv-02663-WJM-KMT ) ) ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: TAP-SLMI, LLC by its Managing Member, Michael B. Wolk

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See attached Notice of Deposition

| Place: Weil, Gotshal & Manges LLP 767 Fifth Avenue New York, New York 10153 | Date and Time: 12/15/2015 9:30 am |
|---|---|

The deposition will be recorded by this method: Stenographer and Videographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Notice of Deposition

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/11/2015

_____  OR  _____
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

CLERK OF COURT

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant, The Walt Disney Company _____, who issues or requests this subpoena, are:
Weil, Gotshal & Manges LLP 767 Fifth Avenue, New York, NY 10153 Tel. (212) 310-8152 randi.singer@weil.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:12-cv-02663-WJM-KMT

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* TAP-SLMI, LLC by its Managing Member Michael B. Wolk on *(date)* 09/11/2015.

☑ I served the subpoena by delivering a copy to the named individual as follows: Service via U.S. mail upon Edward W. Millstein, Sacks Weston Millstein Diamond, LLC 1845 Walnut Street, Suite 1600, Philadelphia PA 19103 on *(date)* 09/11/2015; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 85.00

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

Jessica L. Falk, Attorney
*Printed name and title*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 19153

*Server's address*

Additional information regarding attempted service, etc.:

Check made payable to TAP-SLMI LLC for $85.00 for witness fee and mileage was previously delivered in-person to Michael Wolk, Managing Member of TAP-SLMI LLC on June 17, 2015

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

 Plaintiff,

v.

THE WALT DISNEY COMPANY,

 Defendant.

## NOTICE OF DEPOSITION AND REQUEST FOR DOCUMENTS TO TAP-SLMI, LLC PURSUANT TO RULES 30(B)(6) AND 45 OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO: **TAP-SLMI, LLC**, 570 Lexington Avenue, 16th Floor, New York, New York 10022

 PLEASE TAKE NOTICE that, pursuant the September 8, 2015 Order of the District Court of the District of Colorado (Docket No. 148) (the "Order"), and pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45, Defendant The Walt Disney Company ("TWDC"), by its counsel, will take the deposition upon oral examination of TAP-SLMI, LLC ("TAP-SLMI") through its Managing Member, Michael B. Wolk, with respect to the matters listed in the attached Exhibit A, commencing at **9:30 a.m. on December 15, 2015** at the office of Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153. Pursuant to the Order and Rule 30(b)(6) of the Federal Rules of Civil Procedure, TAP-SLMI is required to produce documents pertaining to the topics set forth in the attached Exhibit B **on or before September 25, 2015**.

 As indicated in the Order, any documents that TAP-SLMI claims are subject to work product protection or attorney-client privilege which are otherwise subject to product shall be

listed on a privilege log which shall be produced to TWDC **on or before September 25, 2015** and TAP-SLMI shall, at the same time, submit both the privilege log and all unredacted documents listed on the privilege log to the court for *in camera* review.

The deposition(s) will be conducted under oath by an officer authorized to take such testimony, will be recorded by videotape and/or stenographic means, and will continue from day to day until completed or adjourned.

DATED this 11th day of September, 2015.   Respectfully submitted,

                                           /s/ James W. Quinn

WEIL, GOTSHAL & MANGES LLP
James W. Quinn
Randi W. Singer
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

Frederick J. Baumann
Holly C. Ludwig
LEWIS ROCA ROTHGERBER LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202-5855
Tel: (303) 623-9000
Fax: (303) 623-9222
fbaumann@lrrlaw.com
hludwig@lrrlaw.com

*Attorneys for Defendant The Walt Disney Company*

## **EXHIBIT A**

## **TOPICS FOR RULE 30(b)(6) DEPOSITION**

1. All amounts paid by TAP-SLMI for cases involving SLMI and/or any of the Marvel Characters from January 1, 2012 to the present;

2. All agreements concerning the funding of litigation, including agreements regarding advancement or payment of legal or professional fees or reimbursement of legal or professional fees, by TAP-SLMI and/or by or on behalf of SLMI;

3. All communications concerning any motion, application, judgment or potential judgment for attorneys fees payable to TWDC or Marvel, including but not limited to Judge Martinez's July 31, 2014 Order Granting Defendants' Motion for Attorneys Fees in the Amount of $239,940.90 and the Tenth Circuit's May 26, 2015 Order awarding attorneys fees for the appeal and remanding to the district court to determine the amount; and

4. All of the investors in TAP-SLMI.

## EXHIBIT B

## TOPICS FOR DOCUMENT PRODUCTION

1. All documents concerning, relating to or reflecting amounts paid by TAP-SLMI for cases involving SLMI and/or any of the Marvel Characters from January 1, 2012 to the present;

2. All documents concerning the funding of litigation, including agreements regarding advancement or payment of legal or professional fees or reimbursement of legal or professional fees, by TAP-SLMI and/or by or on behalf of SLMI;

3. All communications concerning any motion, application, judgment or potential judgment for attorneys fees payable to TWDC or Marvel, including but not limited to Judge Martinez's July 31, 2014 Order Granting Defendants' Motion for Attorneys Fees in the Amount of $239,940.90 and the Tenth Circuit's May 26, 2015 Order awarding attorneys fees for the appeal and remanding to the district court to determine the amount; and

4. Documents sufficient to show all the investors in TAP-SLMI.