# Exhibit B

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| STAN LEE MEDIA, INC. *Plaintiff* v. THE WALT DISNEY COMPANY *Defendant* | Civil Action No. 1:12-cv-02663-WJM-KMT |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   JPMorgan Chase Bank, N.A.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
  See Exhibit A.

| Place: LEWIS ROCA ROTHGERBER LLP One Tabor Center, Suite 3000, 1200 17th Street Denver, Colorado 80202 | Date and Time: 11/23/2015 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

  The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  10/22/2015

*CLERK OF COURT*

_____     OR     *Frederick J. Baumann*
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Defendant,__
__The Walt Disney Company__, who issues or requests this subpoena, are:

Frederick Baumann, Lewis Roca Rothgerber LLP, One Tabor Center, Suite 3000, 1200 17th Street, Denver CO 80202. phone: 303-623-9000; email: fbaumann@lrrlaw.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1: 12-cv-02663-WJM-KMT

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* JPMorgan Chase Bank, N.A. _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-02663-WJM-KMT

STAN LEE MEDIA, INC.

    Plaintiff,

v.

THE WALT DISNEY COMPANY,

    Defendant.

## NOTICE OF SERVICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS TO JPMORGAN CHASE BANK, N.A.

TO:    **TAP-SLMI, LLC**, 570 Lexington Avenue, 16th Floor, New York, New York 10022

    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant The Walt Disney Company, will serve the attached subpoena requesting that documents be produced responsive to the Exhibit A attached hereto. The documents are requested to be produced by 5:00 p.m. on November 23, 2015, at the office of Lewis Roca Rothgerber LLP, One Tabor Center, Suite 3000, 1200 17th Street, Denver CO 80202.

DATED this 22nd day of October, 2015.    Respectfully submitted,

                                                            */s/ Frederick J. Baumann*
                                                             Frederick J. Baumann
                                                             Holly C. Ludwig
                                                            LEWIS ROCA ROTHGERBER LLP
                                                            One Tabor Center, Suite 3000
                                                            1200 17th Street
                                                           Denver, CO 80202-5855
                                                           Tel: (303) 623-9000
                                                          Fax: (303) 623-9222
                                                         fbaumann@lrrlaw.com
                                                         hludwig@lrrlaw.com

                WEIL, GOTSHAL & MANGES LLP
                James W. Quinn
                Randi W. Singer
                767 Fifth Avenue
                New York, NY 10153
                Tel: (212) 310-8000
                Fax: (212) 310-8007

                *Attorneys for Defendant The Walt Disney Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2015, I caused a true and correct copy of the foregoing Notice of Subpoena for Production of Documents to JPMorgan Chase Bank, N.A. to be served by first-class mail and email on the following counsel of record:

Ted Millstein
Sacks Weston Millstein Diamond
1845 Walnut Street. Suite 1600
Philadelphia, Pennsylvania 19103
Email: tmillstein@swpdlaw.com

*Attorney for Plaintiff*

/s/*Holly C. Ludwig, Esq.*
Holly C. Ludwig, Esq.

3

2005609933_1

# EXHIBIT A

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

## DEFINITIONS

These terms used herein shall have the following meanings:

1.  "Chase," "You," and "Your" shall mean JPMorgan Chase Bank, N.A., JP Morgan Chase & Co., and any person acting on its behalf, including any of its officers, directors, employees, partners, agents, representatives, corporate parent, subsidiaries, and affiliates, predecessors or successors.

2.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

3.  The term "Relevant Bank Account" shall refer to the bank account named:

    "TAP-SLMI LLC" with Debit Account # 781212238

4.  The term "Monthly Bank Account Statement" shall refer to the record sent to the account holder or its representative summarizing all transactions that occurred in the account during a given month. The Monthly Bank Account Statement includes the opening balance of the account at the beginning of the period, a list of all of the transactions debiting, crediting or depositing funds into the account and the provenance of the debit, credit, or deposit, and the closing balance of the account at the end of the period.

5.  "Document" or "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

6.  The word "including" means including but not limited to.

7.   The terms "all," "any," and "each" shall each be construed as encompassing any and all. The word "every" shall mean both each and every as appropriate in order to bring within the scope of a request Documents that might otherwise be beyond its scope.

8.   The use of the singular form of any word includes the plural and vice versa.

## GENERAL INSTRUCTIONS

The following General Instructions apply to each category listed below.

A.   Each category requires production of each responsive Document, in its entirety, without abbreviation or expurgation, including any and all exhibits, appendices, and attachments, and all drafts and non-identical copies of each Document.

B.   If one or more Documents requested below is withheld on the basis of any claim of privilege, work product or other immunity from disclosure, You shall submit at the time of production, in lieu of any such Document, a written statement identifying (a) the nature of the privilege (including work product) that is being claimed and, if the privilege is governed by state law, indicating the state's privilege rule being invoked; (b) the type of document (*e.g.*, email, letter or memorandum); (c) the general subject matter of the document; (d) the date of the Document; and (e) the author of the Document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

C.   If a portion of an otherwise responsive Document contains information subject to a claim of privilege, those portions of the Document subject to the claim of privilege shall be deleted or redacted from the Document, the instructions in the preceding paragraph shall be applicable, and the rest of the Document shall be produced.

2

D. All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories below to which they are responsive.

E. Each page of each responsive Document should be numbered consecutively. A responsive Document shall be deemed to include any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

F. Documents attached to each other (physically or via electronic mail) should not be separated.

G. You should produce all Documents that are within Your possession, custody, or control, including Documents in the possession of any of Your officers, directors, employees, agents, attorneys, investigators, accountants, or consultants and not merely such Documents in Your physical possession.

H. At a future date, The Walt Disney Company ("TWDC") may subpoena additional Documents not herein requested, including information revealed as a result of information produced pursuant to this subpoena or information revealed by other parties in discovery.

**RELEVANT TIME PERIOD**

The relevant time period for each of the following requests is from and including January 1, 2013 to October 22, 2015.

**CATEGORIES OF DOCUMENTS TO BE PRODUCED**

1. All Documents concerning Monthly Bank Account Statements issued to or concerning the Relevant Bank Account, detailing the available balance at the end of the

3

2005609933_1

respective month, and itemizing every debit, deposit, and credit made in the account, including the person or entity making the debit, deposit, or credit and the amount for which the debit, deposit, or credit was made.

2. All Documents concerning copies or receipts for wire transfers depositing or debiting money from the Relevant Bank Account, including the total amount transferred to or from the account and the entity or person to which the funds were transferred or came from.

3. All Documents concerning copies or receipts for transfers between the Relevant Bank Account and any other bank account at Your bank, including the total amount transferred to or from the Relevant Bank Account and the name of the other account to which the funds were transferred or came from.

4. All Documents relating to copies or receipts for checks debited from the Relevant Bank Account or deposited into the Relevant Bank Account.

5. All Documents concerning, relating to, or identifying the individuals authorized to access the Relevant Bank Account.